**THE BERKMAN LAW OFFICE, LLC**

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                                 Fax: (718) 855-4696

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/19

# MEMORANDUM ENDORSED

March 5, 2019

**BY ECF**
Hon. Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Shatsky, et al. v. Palestine Liberation Organization, et al.*
              Case no. 18-cv-12355 (GHW)

Dear Judge Woods:

      We represent the plaintiffs in the above-referenced action, and write to request that the Court adjourn *sine die* the initial conference scheduled for April 17, 2019 and stay all proceedings in this case pending the disposition of two parallel cases now pending in the District of Columbia.

      This is an action under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, arising from a 2002 suicide bombing in the Israeli town of Karnei Shomron. The plaintiffs are U.S. citizens who were injured and/or whose family members were murdered in the bombing. The defendants are the Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA").

      Plaintiffs originally filed their ATA suit against the PLO and PA in 2002, in the U.S. District Court for the District of Columbia. *Shatsky v. PLO*, Civ. No. 02-2280-RJL (D.D.C.) ("*Shatsky I*"). The PLO and PA moved to dismiss *Shatsky I* for lack of personal jurisdiction, but that motion was denied, and *Shatsky I* was ultimately dismissed on summary judgment. *Shatsky v. PLO*, 2017 WL 2666111 (D.D.C. June 20, 2017).

      Plaintiffs' appeal of the dismissal of *Shatsky I* is currently pending in the D.C. Circuit. *Shatsky v. PLO*, No. 17-7168 (DC Cir.). The PLO and PA are pressing their jurisdictional argument on appeal and seek (in the first instance) to have the D.C. Circuit dismiss *Shatsky I* for lack of personal jurisdiction. Brief of Defendants-Appellees in *Shatsky*, No. 17-7168 (D.C. Cir.), at 19-27.

      In the unlikely event that the D.C. Circuit finds that the *Shatsky I* district court lacked personal jurisdiction, it can (and plaintiffs believe should) still find personal jurisdiction over the

THE BERKMAN LAW OFFICE, LLC                         March 5, 2019
                                                    Page 2 of 4

PLO and PA, under the recently enacted Anti-Terrorism Clarification Act of 2018. Pub. L. 115-253 (Oct. 3, 2018) ("ATCA"). The ATCA deems certain activities by the PLO and PA after January 31, 2019, as consent to jurisdiction in ATA actions, regardless of the date of the underlying terror attack. The ATCA thus provides a way to obtain personal jurisdiction over the PLO and PA, in the improbable event that the D.C. Circuit finds that the *Shatsky I* court lacked such jurisdiction.[1]

For their part, defendants PLO and PA assert that the ATCA applies only to new actions filed after its enactment in 2018, and thus cannot provide personal jurisdiction in the original *Shatsky I* case. Brief of Defendants-Appellees in *Shatsky*, No. 17-7168, at 26. Plaintiffs disagree with the defendants' claim about the non-application of ATCA to pending cases. But if the defendants are correct on this point, plaintiffs' only recourse would be to prosecute a new ATA action against the defendants, basing jurisdiction on the ATCA.

The statute of limitations for ATA actions arising from attacks after September 11, 2001, expired on January 2, 2019.[2] Thus, if plaintiffs had awaited the outcome of the D.C. Circuit's disposition of defendants' personal jurisdiction arguments before filing a new action against the defendants, the limitations date would have passed. In such circumstances – *i.e.,* where a plaintiff faces jurisdictional challenges in one suit and the expiration of a statute of limitations which would (absent tolling) bar a new suit – the proper course is to file a "protective suit." *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir. 1986) ("Elementary prudence" requires a party "to file a protective suit" prior to the expiration of the statute of limitations, when personal jurisdiction is challenged in the first action); *Wager v. Frehner*, 2011 WL 971963, at *2 (D.S.D. Mar. 16, 2011) ("Frehner … filed a motion to dismiss for lack of jurisdiction … Plaintiff instituted a protective suit in the District of Nevada … against Frehner … to comply with the statute of limitations in that jurisdiction.").

Accordingly, plaintiffs filed two new "protective suits" under the ATA against the PLO and PA prior to the expiry of the statute of limitations to guard against the very distant prospect that the D.C. Circuit rules in favor of defendants on all personal jurisdiction questions and dismisses *Shatsky I* for lack of personal jurisdiction.

One of the two protective suits was filed in the U.S. District Court for the District of Columbia and is captioned *Shatsky v. PLO*, Civ. No. 18-3141 (D.D.C.) ("*Shatsky II*"). Upon filing,

---

[1] If the *Shatsky I* court lacked personal jurisdiction, then the summary judgment dismissal would have no preclusive effect, and plaintiffs would have the right to relitigate their claims against the PLO and PA, if they can obtain personal jurisdiction over them. *Computer Assocs. Int'l v. Altai*, 126 F.3d 365, 370 (2d Cir. 1997) (decision entered by court lacking personal jurisdiction lacks preclusive effect).

[2] *See* National Defense Authorization Act for Fiscal Year 2013, Pub. L. No. 112-239, § 1251(c) (Jan. 2, 2013) (set out as a note to 18 U.S.C. § 2333 (Special Rule Relating to Certain Acts of International Terrorism)) (extending until January 2, 2019, the statute of limitations on ATA claims arising from terrorist attacks that occurred after September 11, 2001).

THE BERKMAN LAW OFFICE, LLC                                      March 5, 2019
                                                                  Page 3 of 4

plaintiffs identified *Shatsky II* as related to *Shatsky I*, and accordingly *Shatsky II* has been assigned to Senior U.S. District Judge Richard J. Leon, who presided over *Shatsky I*.

The second protective suit, identical to *Shatsky II*, is this action. Plaintiffs have filed this action in addition to *Shatsky II* because of current uncertainties relating to the proper venue for an ATA action against the PLO and PA.[3]

Because *Shatsky II* is very likely to be essentially mooted by the disposition of the appeal in *Shatsky I*, plaintiffs moved to stay *Shatsky II* pending the outcome of that appeal. Judge Leon granted that motion on February 7, 2019, directing that "all proceedings in this case shall be and hereby are stayed pending conclusion of the appeal in *Shatsky, et al., v. Palestine Liberation Organization, et al.*, No. 17-7168 (D.C. Cir. filed Dec. 11, 2017)." *See* Minute Order, 2/7/19 in *Shatsky*, Civ. No. 18-3141 (D.D.C.).

Similarly, this case should be stayed pending both the outcome of the appeal in *Shatsky I* and the disposition of *Shatsky II*. Unless the Court of Appeals dismisses *Shatsky I* for lack of personal jurisdiction, which as explained above appears farfetched, *and* Judge Leon dismisses *Shatsky II* for improper venue, this protective suit will be moot. It would clearly be a waste of judicial and party resources to litigate claims which are highly likely to be obviated.[4]

Plaintiffs therefore respectfully request that this action be stayed pending both the conclusion of the appeal in *Shatsky I* (*i.e.*, *Shatsky v. PLO.*, No. 17-7168 (D.C. Cir.)) and the disposition of the parallel *Shatsky II* action (*i.e.*, *Shatsky v. PLO*, Civ. No. 18-3141 (D.D.C.).

If the Court for any reason does not stay this action as requested, plaintiffs nevertheless respectfully request the initial conference scheduled for April 17, 2019 be rescheduled, primarily

---

[3] Venue in ATA actions is proper in any federal district "where any defendant resides or is served, or has an agent." 18 U.S.C. § 2334. Until recently, the PLO and PA had an office and a staff in the District of Columbia. However, that office was closed in 2018. Plaintiffs believe that venue in the District of Columbia remains proper under § 2334, because defendants still have registered agents in that district. However, to guard against the risk of an improper venue challenge in *Shatsky II*, the plaintiffs have filed the instant action in this district, where the defendants have their own office and staff.

[4] We note that three additional U.S. citizens, Efrat Trattner, Hadassa Diner and Yael Hillman, who were not part of *Shatsky I*, have brought claims in *Shatsky II* and in this case. These plaintiffs are the sisters of plaintiff Hillel Trattner, who was severely maimed and partially blinded in the bombing. Because of the inefficiencies involved in proceeding on the claims of these new plaintiffs in *Shatsky II* while the appeal in *Shatsky I* is pending, plaintiffs successfully moved Judge Leon to stay their claims as well, as part of the general stay of *Shatsky II*. Likewise, since the claims of these new plaintiffs are also asserted in *Shatsky II*, there is no reason to proceed with those claims in this Court unless *Shatsky II* is dismissed for improper venue, and those claims should therefore be stayed along with the rest of this case.

THE BERKMAN LAW OFFICE, LLC

March 5, 2019
Page 4 of 4

because the undersigned expects to be traveling with his family for the Passover holiday on that date, and also because service of process on defendants has not yet been made.

We thank the Court for its consideration.

Respectfully yours,

Robert J. Tolchin

Application granted in part. This case is stayed through May 31, 2019. The initial pretrial conference scheduled for April 17, 2019 is adjourned *sine die*. The Court directs the parties to submit a joint status letter no later than May 20, 2019. That letter should update the Court on the status of the related cases, and should also address whether the parties consent to transferring this case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(b). The joint status letter should also provide the parties' views on whether the interests of justice and other applicable factors favor transfer of this action to the District of Columbia pursuant to 28 U.S.C. § 1404.

SO ORDERED.

Dated: March 6, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge