# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                                                                   Fax: (718) 855-4696

May 20, 2019

**BY ECF**
Hon. Gregory H. Woods
U.S. District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Shatsky, et al. v. Palestine Liberation Organization, et al.*
               Case no. 18-cv-12355-GHW

Dear Judge Woods:

      We represent the plaintiffs in the above-referenced action, and we respectfully submit this status letter pursuant to the Court's Order of March 6, 2019 (DE 13).

      As discussed in our March 5, 2019, letter motion for a stay, this case was filed as a "protective action" in this Court, because of uncertainties relating to proper venue and/or personal jurisdiction over defendants Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO"), in plaintiffs' proceedings against defendants in the District of Columbia. (DE 12, *passim*).

      Plaintiffs are, respectfully, unable to consent to transfer of this action to the District of Columbia, and maintain that such a transfer would be not be proper, for the following reason:

      As noted in our motion, the special venue provision for actions under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2334, provides for venue "where any defendant resides or is served, or has an agent," and it is uncertain whether, following the closure of defendants' Washington, D.C. office in 2018, ATA venue can be laid in D.C. (DE 12 at n. 3). At the same time, there are cases holding that "an ATA plaintiff may only rely on a defendant's nationwide jurisdictional contacts when the plaintiff complies with the ATA's venue provision. Absent that, an ATA plaintiff must demonstrate that the defendant has sufficient jurisdictional contacts with the individual forum in which the ATA action was brought." *Kaplan v. Central Bank*, 2019 WL 2103424, at *2 (D.D.C. May 14, 2019) (citing *Wultz v. Islamic Republic of Iran*, 762 F. Supp. 2d 18 (D.D.C. 2011)).

THE BERKMAN LAW OFFICE, LLC

May 20, 2019
Page 2 of 3

Thus, under these cases, it appears that if plaintiffs' action against defendants is venued in a district that is not *statutorily* proper under ATA § 2334, they would be unable to base personal jurisdiction on defendants' nationwide contacts with the United States as a whole, and would be faced with the extremely difficult (if not impossible) task of showing that defendants have sufficient contacts with the specific forum in which the court sits. *Kaplan*, at *2 ("plaintiffs cannot rely on BSPLC's nationwide jurisdictional contacts, and must show sufficient jurisdictional contacts between BSPLC and the District of Columbia for venue to be proper in this Court.").[1]

Accordingly, plaintiffs respectfully cannot consent to transfer this case to the District of Columbia. Such a transfer might render venue statutorily improper under § 2334, which in turn could eliminate plaintiffs' ability to establish personal jurisdiction over defendants. By contrast, defendants still maintain an office and staff in New York, as part of their UN observer mission, which provide a basis for venue in this district under ATA § 2334. For the same reason – the risk of severe prejudice to the plaintiffs – transferring this case to the District of Columbia would not be "in the interest of justice," within the meaning of 28 U.S.C. § 1404(a).[2]

Therefore, and for the other reasons set forth in their motion (DE 12), plaintiffs respectfully request that this action continue to be stayed pending the appeal in *Shatsky* I (No. 17-7168 (D.C. Cir.)), and the disposition of the parallel action in *Shatsky* II (Civ. No. 18-3141 (D.D.C.)). Briefing in the *Shatsky* I appeal was completed on April 19, 2019, but a date for oral argument has not yet been set. *Shatsky* II has been stayed pending the disposition of the *Shatsky* I appeal. *See* Minute Order, 2/7/19 in Civ. No. 18-3141 (D.D.C.) ("all proceedings in this case shall be and hereby are stayed pending conclusion of the appeal in *Shatsky, et al., v. Palestine Liberation Organization, et al.*, No. 17-7168 (D.C. Cir. filed Dec. 11, 2017).").

Plaintiffs' counsel has conferred about this matter with counsel for defendants PA and PLO, Mitchell Berger, Esq. and Gassan Baloul, Esq., of Squire Patton Boggs. Defendants' counsel have authorized the undersigned to inform the Court that though they disagree with plaintiffs' presentation of the issue, *supra* and in plaintiffs' letter motion (DE 12), they do not oppose plaintiffs' request to stay this action pending the proceedings in the District of Columbia.

---

[1] Plaintiffs respectfully disagree with the holding in *Kaplan* and *Wultz*, but of course recognize the possibility that this construction of ATA § 2334 might eventually be endorsed by federal courts of appeals. Similarly, while plaintiffs maintain that a nationwide contacts analysis is irrelevant when jurisdiction is based on the Anti-Terrorism Clarification Act, Pub. L. 115-253 (Oct. 3, 2018), a court might disagree.

[2] Given the international nature of this case, the convenience factors referenced in § 1404(a) are irrelevant.

THE BERKMAN LAW OFFICE, LLC									May 20, 2019
												Page 3 of 3

We thank the Court for its your consideration.

                                                                               Respectfully,

                                                                               Robert J. Tolchin

Cc:    Mitchell Berger, Esq.
        Gassan Baloul, Esq.