**SQUIRE PATTON BOGGS**

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC  20037

O   202-457-6000
F   202-457-6315
squirepattonboggs.com

Gassan A. Baloul
T   202-457-6155
gassan.baloul@squirepb.com

**VIA ECF**

Hon. Mary Kay Vyskocil
United States District Judge, Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

**Re:**   *Shatsky v. PLO*, Case No. 1:18-cv-12355-MKV

Dear Judge Vyskocil:

      This law firm represents Defendants Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") in the above-referenced action.  Pursuant to Rule 4(A)(i) of the Court's Individual Rules of Practice in Civil Cases and the July 13, 2020 Order (Dkt. #37), we write to request a pre-motion conference.

      After 15 years of protracted litigation, Defendants obtained summary judgment in their favor on the same claims Plaintiffs raise in this duplicative lawsuit.[1]  *Shatsky v. PLO*, No. 02-cv-2280 (RJL), 2017 U.S. Dist. LEXIS 94946 (D.D.C. June 20, 2017), *vacated on other grounds*, *Shatsky v. PLO*, 955 F.3d 1016 (D.C. Cir. 2020) ("*Shatsky I*").  The district court found that Plaintiffs could not establish proximate cause, because they did not have admissible evidence linking Defendants to the bombing at issue.  *Id.*[2]  The D.C. Circuit vacated summary judgment, but only because it agreed with Defendants that they were not subject to personal jurisdiction.  955 F.3d at 1036-37.  The D.C. Circuit saw only one potential open issue: whether the Promoting Security and Justice for Victims of Terrorism Act of 2019, Pub. L. No. 116-94, §903, 133 Stat. 3082 (Dec. 20, 2019) ("PSJVTA"), might provide an alternative basis for personal jurisdiction,

---

[1] This case includes readily dismissed claims of three new Plaintiffs (Efrat Trattner, Hadassa Diner, and Yael Hillman) ("New Plaintiffs"), who were not present at the bombing but bring claims as siblings of Plaintiff Hillel Trattner, a plaintiff in the D.D.C. action who Plaintiffs allege was injured.  Plaintiffs also refiled and then voluntarily dismissed these same claims against the PA and PLO in the D.D.C. *Shatsky v. PLO*, No. 18-cv-3141-RJL (D.D.C.). The core group of Plaintiffs here also has brought several other lawsuits for their injuries.  *See, e.g.*, *Shatsky v. Syrian Arab Republic*, No. 08-cv-0496-RJL (D.D.C.); *Spetner v. Palestine Investment Bank*, No. 19-cv-0005 (E.D.N.Y.); *Coulter v. Arab Bank*, No. 05-cv-0365-BMC-PK (E.D.N.Y.).

[2] The district court also denied Plaintiffs' motion to alter or amend the judgment based on "new" hearsay evidence, which actually predated the summary judgment ruling by six months.  *See Shatsky v. PLO*, 292 F. Supp. 3d 188, 193 (D.D.C. 2017) (finding Plaintiffs' so called newly discovered evidence was not "newly discovered or previously unavailable *despite the exercise of due diligence*," and was, in any event, "clear[ly]…not admissible.") (internal quotation marks and citations omitted).  Notably, the district court repeatedly sanctioned Plaintiffs' discovery misconduct, which the Court described as "casual, if at times flagrant, disregard for the rules of federal procedure," "indifferen[t] to the dictates of common civility," "shoddy gamesmanship," "protracted recalcitrance," and "obduracy." *See Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 221, 227-28 (D.D.C. 2015).

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

and held that Plaintiffs were free to pursue jurisdiction under the PSJVTA in a "refile[d case] if new facts" arose implicating that statute. 955 F.3d at 1038.

Despite the D.C. Circuit's direction in *Shatsky I*, Plaintiffs in this duplicative and later case ("*Shatsky II*") do not allege any "new facts" implicating the PSJVTA and do not invoke the PSJVTA. In fact, Plaintiffs expressly declined to amend their complaint when Defendants asked during a meet-and-confer. Plaintiffs have the burden to allege a *prima facie* basis for personal jurisdiction, including in their complaint. *See JCorps Int'l, Inc. v. Charles and Lynn Schusterman Family Found.*, No. 19-3123, 2020 U.S.App.LEXIS 30898, *5 (2d Cir. Sept. 28, 2020) (affirming the district court's decision to dismiss the case for lack of jurisdiction and deny as futile plaintiff's request to amend its complaint, where "[t]he complaint failed to make a prima facie showing either that the court had jurisdiction under New York's long-arm statute or that the Defendants had sufficient minimum contacts with the state (or, in the case of the foreign Defendants, the country) to satisfy due process."); *see also Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184-86 (2d Cir. 1998) (plaintiffs must allege a *prima facie* case for personal jurisdiction, and "conclusory non-fact-specific jurisdictional allegations" are insufficient); *Jacubovich v. Israel*, 816 F. App'x 505, 511 (2d Cir. 2020) ("plaintiffs bear the burden of establishing personal jurisdiction and 'must make a prima facie showing that jurisdiction exists.'"). Accordingly, with Plaintiffs having eschewed the PSJVTA, Defendants propose to move to dismiss for lack of personal jurisdiction based on the D.C. Circuit decision rejecting all other bases for personal jurisdiction over them. The D.C. Circuit's decision binds Plaintiffs.[3] *See Krepps v. Reiner*, 588 F. Supp. 2d 471, 476 (S.D.N.Y. 2008) ("The doctrine of collateral estoppel precludes [a plaintiff] from relitigating the same personal jurisdiction issue raised" in a prior lawsuit.).

If, instead, the Court requires Plaintiffs to amend to allege the PSJVTA, then the Court may wish to defer briefing on PSJVTA issues, given that the Second Circuit has established a process for "determining the applicability of the PSJVTA" to these Defendants in *Sokolow (Waldman) v. PLO*, No. 1:04-cv-0397-GBD. There, following remand from the Supreme Court, the Second Circuit remanded to the district court "for the limited purposes of determining the applicability of the PSJVTA," immediately after which the case will be restored to the Court of Appeals for its own conclusive decision. *Sokolow*, Dkt. #1006 at 3-4.[4] In turn, Judge Daniels directed the plaintiffs to file a brief regarding the applicability of the PSJVTA by November 2,

---

[3] The jurisdictional bases alleged here are the same as in *Shatsky I*. *Compare* Compl., ¶¶ 22, 43-37, with *Shatsky I*, 955 F.3d at 1036-38. The D.C. Circuit's jurisdictional determinations in *Shatsky I* accord with the Second Circuit's decision in *Waldman (Sokolow) v. PLO*, 835 F.3d 317 (2d Cir. 2016), and the D.C. Circuit's decisions in *Livnat v. Palestinian Auth.*, 851 F.3d 45 (D.C. Cir. 2017), and *Klieman v. Palestinian Auth.*, 923 F.3d 1115 (D.C. Cir. 2019).

[4] Of note, the Second Circuit's remand order in *Waldman (Sokolow)* does not disturb its earlier decisions rejecting the plaintiffs' other jurisdictional theories under the Constitution and the Anti-Terrorism Clarification Act of 2018. *See Waldman (Sokolow) v. PLO*, 835 F.3d 317 (2d Cir. 2016) (vacating the judgment of the trial court for want of personal jurisdiction over Defendants), *cert denied sub nom*, *Sokolow v. PLO*, 138 S. Ct. 1438 (Apr. 2, 2018) (*Waldman I*); *Waldman v. PLO*, 925 F.3d 570 (2d Cir. 2019) (*Waldman II*) (denying Plaintiffs' motion to recall the mandate and holding that the Anti-Terrorism Clarification Act of 2018 did not provide for personal jurisdiction over Defendants).

2020, with Defendants' opposition due by December 15, 2020, and the plaintiffs' reply due by January 15, 2021. Dkt. #1011.[5]

Importantly, even if the PSJVTA supplied jurisdiction, Plaintiffs' federal claims should be subject to the immediate entry of summary judgment based on the previously-binding D.D.C. decision. Toward that end, the Court should order Plaintiffs to show cause why summary judgment should not be reinstated, even if personal jurisdiction could be exercised. This would "protect[] [d]efendant[s] from the time, expense, and prejudice that would necessarily result if [p]laintiff[s] were permitted to relitigate the case anew." *Daniels v. Jacobs,* 753 F. App'x. 748, 755 (11th Cir. 2018) (affirming district court's condition that any refiled case would resume at point where case left off, including enforcement of discovery deadline and preclusion of experts identified after expert disclosure deadline); *Pyles v. Boeing Co.,* 109 F. App'x. 291, 293-94 (10th Cir. 2004) (district court did not abuse discretion when it granted plaintiff's request to dismiss case without prejudice three weeks before trial on condition that if plaintiff refiled action, no additional discovery would be permitted; condition "simply maintained plaintiff's position vis-à-vis defendants should he refile suit"); *Parker v. Freightliner Corp.,* 940 F.2d 1019, 1025 (9th Cir. 1991) (no abuse of discretion where district court sanctioned plaintiff for failing to comply with discovery by barring him from offering expert testimony and then granted plaintiff's request to dismiss case without prejudice on condition that he would be barred from offering expert testimony in any refiled action).

Further, Plaintiffs' non-federal claims should be dismissed because the PA and PLO are "unincorporated associations that lack the capacity to be sued under New York law as to Plaintiffs' non-federal claims."[6] *See Sokolow v. PLO*, 60 F. Supp. 3d 509, 523-24 (S.D.N.Y. 2014); *Waldman I*, 835 F.3d at 332 (the PA and PLO "are unincorporated associations"). In *Shatsky I,* the D.D.C. reached the same conclusion under DC law, and Plaintiffs did not appeal that part of the district court's decision to the D.C. Circuit.[7] Alternatively, following summary judgment on Plaintiffs' federal claims, the Court can decline to exercise supplemental jurisdiction over those claims. *See Licci v. Lebanese Canadian Bank, SAL*, No. 08 Civ. 7253 (GBD), 2015 U.S. Dist. LEXIS 51512, *18-19 (S.D.N.Y Apr. 14, 2015), *aff'd in relevant part*, 659 F. App'x. 13 (2d Cir. 2016).

---

[5] Issues concerning the PSJVTA are pending in two additional cases as well. In *Fuld v. PLO*, No. 1:20-cv-3374-JMF (S.D.N.Y), the plaintiffs filed an amended complaint to include additional PSJVTA-related allegations, and Defendants' renewed motion to dismiss is due on November 9, 2020. *See* Dkt. #23. In *Klieman v. Palestinian Auth.*, No. 1:04-cv-1173-PLF (D.D.C.), following a remand from the Supreme Court, the D.C. Circuit reinstated its decision finding that Defendants were not subject to general or specific jurisdiction, and remanded to the district court "for further proceedings in light of the [PSJVTA]." Dkt. #295-1.

[6] The non-federal claims fail as a matter of law for a host of other reasons this Court need not reach, including the failure to allege but-for causation, as required under Israeli negligence law, and the failure to allege that Plaintiffs Michael Thaler and Isaac Thaler satisfy the "bystander requirements" for a negligent infliction of emotional distress claim under Florida law. Finally, having waited over 16 years to bring their lawsuit, the New Plaintiffs' non-federal claims must be dismissed under the applicable statutes of limitation.

[7] *Shatsky,* 2017 U.S. Dist. LEXIS 94946, at *32-36 (under District of Columbia law, the PA and the PLO are unincorporated associations that could not be sued in tort); *Shatsky,* 955 F.3d at 1025 n.2 (noting Plaintiffs "d[id] not appeal that portion of the district court's decision.").

Squire Patton Boggs (US) LLP

**VIA ECF**

Hon. Mary Kay Vyskocil
October 7, 2020

Very truly yours,

Squire Patton Boggs (US) LLP

*/s/ Gassan A. Baloul*

Gassan A. Baloul