

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Stephen M. Sinaiko
212 957 9756
ssinaiko@cohengresser.com

October 13, 2020

By Hand Delivery and CM/ECF Posting

The Honorable Mary Kay Vyskocil
United States District Court
500 Pearl Street, Room 2230
New York, New York  10007-1312

Re:   *Shatsky, et al. v. PLO, et al.*, Case No. 18 Civ. 12355 (MKV) (DCF)

Dear Judge Vyskocil:

    We write on behalf of Plaintiffs, pursuant to Rule 4(A)(i) of Your Honor's Individual Rules of Practice, to request a pre-motion conference regarding Plaintiffs' anticipated motion for leave to take targeted jurisdictional discovery prior to the briefing of the motion to dismiss for lack of personal jurisdiction that Defendants intend to make, as set forth in their October 7, 2020 letter.  (Dkt. No. 40).  We are advised that Defendants do not consent to this application.

    This action arises from a suicide bombing carried out inside a pizzeria at a shopping center in the Israeli town of Karnei Shomron on February 16, 2002 (the "2002 Suicide Bombing").  (Compl. ¶ 1).  Agents of Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") planned and executed the attack, and the PLO and PA provided material support to the U.S.-designated terrorist organization that carried it out.  (*Id*. ¶¶ 49, 61-63).  Plaintiffs in this action -- the estates of two teenaged United States citizens who were murdered in the attack, four other United States citizens who were injured, and members of the victims' immediate families -- seek redress under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, from the PLO and PA.  (*Id*. ¶¶ 6-18, 64-89).

    Plaintiffs commenced this action on December 31, 2018.  At that time, Plaintiffs were pursuing an appeal from a 2017 ruling by the United States District Court for the District of Columbia that granted summary judgment for the PLO and PA in a prior ATA suit arising from the 2002 Suicide Bombing, which Plaintiffs had commenced in 2002 (the "2002 Action").  At the parties' request, the Court stayed this action pending the disposition of the appeal.  (Dkt. Nos. 13, 17, 20, 22, 24).  On December 20, 2019, while the appeal was pending, Congress enacted the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA"), Pub. L. 116-94, div. J, tit. IX, § 903 (codified at 18 U.S.C. § 2334(e)), which expressly applies to the PLO and PA.  18 U.S.C. § 2334(e)(5).  The PSJVTA deems Defendants to have consented to personal jurisdiction in ATA actions if they engage in certain conduct after the statute took effect.  Specifically, the PSJVTA applies if Defendants have: (a) after April 18, 2020, paid designees of



The Honorable Mary Kay Vyskocil
October 13, 2020
Page 2

terrorists convicted of (or killed while) perpetrating terror attacks in which U.S. citizens were killed or injured; or (b) after January 4, 2020, either (i) established, procured, or continued to maintain one or more nonexempt facilities in the United States, or (ii) conducted nonexempt activities in the United States.  *Id*. § 2334(e)(1).

On April 14, 2020, the United States Court of Appeals for the District of Columbia Circuit vacated the district court's judgment and dismissed the 2002 Action without prejudice for lack of personal jurisdiction.  *See Shatsky v. PLO*, 955 F.3d 1016, 1022 (D.C. Cir. 2020).  The D.C. Circuit observed that the PSJVTA may "at some point create personal jurisdiction" over Defendants, noting in particular that the April 18, 2020 jurisdictional date had not yet occurred at the time of the decision, and thus neither the PLO nor the PA "can possibly have made any statutorily relevant payments before the jurisdictional trigger even takes effect."  *Id*. at 1038.  The court also held that the dismissal without prejudice "would, of course, leave [Plaintiffs] free to refile if new facts establish personal jurisdiction."  *Id.*  Following the D.C. Circuit's decision, by order dated July 13, 2020, Your Honor lifted the stay of this case.  (Dkt. No. 36).

Because Defendants contest personal jurisdiction, this Court's first order of business should be to determine whether Defendants have engaged in any of the three types of conduct that, under the PSJVTA, operate as a consent to jurisdiction.  The Second Circuit has "encouraged district courts to 'give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction' where necessary."  *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 149 (2d Cir. 2011)).  This Court has "considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction."  *Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 446 (2d Cir. 2019) (quotation omitted); *see APWU v. Potter,* 343 F.3d 619, 627 (2d Cir. 2003).  Thus, the Court may defer the filing of a motion to dismiss until "[a]fter limited jurisdictional discovery."  *See City of New York v. Permanent Mission of India*, 618 F.3d 172, 176 (2d Cir. 2010); *see also Prokos v. Haute Living, Inc.*, 2020 WL 4677375, at *1 (S.D.N.Y. Aug. 11, 2020) (directing "parties to conduct jurisdictional discovery and propose a briefing schedule" for requested motion to dismiss for lack of personal jurisdiction).

Plaintiffs have alleged in their Complaint that, even prior to the effective date of the PSJVTA, Defendants engaged in conduct that creates jurisdiction under the PSJVTA.  *See*, *e.g.*, Compl. ¶¶ 34, 60 (alleging "martyr" payments); *id*. ¶ 21 (alleging Defendants have offices and agents in the United States).  And Congress noted in 2018 "[t]he [PA's] practice of paying salaries to terrorists serving in Israeli prisons, as well as to the families of deceased terrorists." *See* 22 U.S.C. § 2378c-1 note.  There is good reason to believe that conduct continues today.

Defendants' recent public statements confirm that they have voluntarily continued "pay for slay" payments after the relevant statutory date of April 18, 2020.  For example, the Palestinian Prime Minister stated on June 8, 2020 that "we continued to pay the prisoners and the [families of] the martyrs" and "will remain committed to this until Judgment Day."  (Exh. A).



The Honorable Mary Kay Vyskocil
October 13, 2020
Page 3

Likewise, in July 2020, a Palestinian official "stated that the Finance Ministry had transferred all of the prisoners' allowances into their bank accounts" and sought to compel banks to pay them "until such time as the Dedicated Banking Institution for Prisoners and Martyrs is established." (Exh. B).  And also in July 2020, a Palestinian official stated that "[r]egarding the salaries [to prisoners], everything was fine" with recent payments.  (Exh. C).  Such payments constitute consent to personal jurisdiction under the PSJVTA, and targeted jurisdictional discovery will further develop proof of the existence and extent of such payments after April 18, 2020.

It also appears that Defendants have consented to jurisdiction under the PSJVTA by maintaining facilities and conducting activities in New York City and elsewhere in the United States other than "exclusively for the purpose of conducting official business of the United Nations."  18 U.S.C. §§ 2334(e)(3)(A), (B).  Defendants have long used a townhouse in Manhattan not only as a U.N. mission, but also for "activities not conducted in furtherance of the PLO's [U.N.] observer status."  *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 51-52 (2d Cir. 1991).  Likewise, Defendants maintain a network of agents in the United States who perform services of a "consular" nature and a permanent staff in New York City.  Certain activities by this staff -- including promotional activities -- have been recognized as non-U.N. activities cognizable for personal jurisdiction purposes under the ATA.  *See, e.g.*, *Klinghoffer v. S.N.C. Achille Lauro,* 795 F. Supp. 112, 114 (S.D.N.Y. 1992).  For example, on February 11, 2020, after the January 4 jurisdictional trigger, Defendants' President, Mahmoud Abbas, gave a press conference in New York City.  *See* https://www.youtube.com/watch?v=s4IYqLL5N4U.  Discovery will allow the Court to determine, on an appropriate record, the extent to which Defendants have engaged in such activities after the PSJVTA's jurisdictional trigger date.

For all of these reasons, we respectfully submit that the Court should set a briefing schedule for Plaintiffs' motion for leave to take targeted jurisdictional discovery regarding Defendants' jurisdiction-creating conduct under the PSJVTA, prior to briefing on Defendants' anticipated motion to dismiss.  Plaintiffs reserve the right to amend their complaint, as contemplated by Rule 4(C) of Your Honor's Individual Rules of Practice, in the event that Defendants in fact file their motion to dismiss.

Thank you for your consideration.

Respectfully submitted,

*/s/ Stephen M. Sinaiko*

Stephen M. Sinaiko
Ronald F. Wick

cc:  All Counsel (by CM/ECF Posting)

1892824.4