

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Stephen M. Sinaiko
212 957 9756
ssinaiko@cohengresser.com

October 13, 2020

By Hand Delivery and CM/ECF Posting

The Honorable Mary Kay Vyskocil
United States District Court
500 Pearl Street, Room 2230
New York, New York 10007-1312

   Re: <u>*Shatsky, et al. v. PLO, et al.*</u>, Case No. 18 Civ. 12355 (MKV) (DCF)

Dear Judge Vyskocil:

  We write on behalf of Plaintiffs, pursuant to Rule 4(A)(i) of Your Honor's Individual Rules of Practice, in response to Defendants' October 7, 2020 letter. (Dkt. No. 40).

  Remarkably, Defendants ignore the central threshold issue in this case: whether Defendants are subject to personal jurisdiction under the Promoting Security and Justice for Victims of Terrorism Act of 2019, Pub. L. 116-94 (codified at 18 U.S.C. § 2334(e)) (the "PSJVTA"). Defendants argued to the D.C. Circuit that "remand for factual development" of the PSJVTA question would be inappropriate, in part because the case before *this* Court is a "readily available . . . vehicle for Plaintiffs to advance their PSJVTA arguments." (Exh. A). Thus, the April 14, 2020 D.C. Circuit decision expressly left the PSJVTA's application to future litigation. *Shatsky v. PLO*, 955 F.3d 1016, 1038 (D.C. Cir. 2020) ("*Shatsky II*"). And we explicitly informed Defendants' counsel in July 2020 that Plaintiffs would be relying on the PSJVTA.

  But rather than address the *actual* threshold issue for decision, Defendants urge the Court to entertain a motion to dismiss *ignoring* the PSJVTA, on the ground that Plaintiffs did not amend their Complaint, after the PSJVTA took effect, to allege specific facts creating jurisdiction under the PSJVTA. But black letter law holds that plaintiffs need not plead the basis for personal jurisdiction over defendants. *See Stirling Homex Corp. v. Homasote Co.*, 437 F.2d 87, 88 (2d Cir. 1971) (reversing district court holding that required complaint to allege "that the district court had personal jurisdiction"); *Astor Chocolate Corp. v. Elite Gold Ltd.*, 2020 WL 2130680, at *7 n.3 (S.D.N.Y. May 5, 2020) ("[I]t is not the duty of the plaintiff to plead personal jurisdiction."); *Danaher Corp. v. Travelers Indem. Co.*, 2014 WL 1133472, at *5 (S.D.N.Y. Mar. 21, 2014) (same); 4 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1067.6 (4th ed.) (same). Indeed, the obligation "to make a prima facie showing of jurisdiction" arises "*[o]nly* once the defendant has contested personal jurisdiction." *Danaher*, 2014 WL 1133472, at *5 (emphasis added). The cases that Defendants cite on this point, all of which considered material outside the complaint in evaluating personal jurisdiction, did not hold otherwise.



The Honorable Mary Kay Vyskocil
October 13, 2020
Page 2

Tellingly, Defendants do not deny engaging in jurisdiction-creating conduct under the PSJVTA. In fact, public-source information indicates that they have engaged in precisely such conduct by: making payments, after April 18, 2020, to the designees and families of terrorists convicted of (or killed while) perpetrating terror attacks in which United States citizens were killed or injured; and engaging in activities or maintaining facilities in the United States (other than for the exclusive purpose of conducting official United Nations business) after January 4, 2020. Under the PSJVTA, such conduct operates as a consent to personal jurisdiction in actions -- like this one -- seeking redress under the Anti-Terrorism Act, 18 U.S.C. § 2333 (the "ATA"), for injuries suffered by U.S. citizens in terrorist attacks. *See* 18 U.S.C. § 2334(e)(1).

Among other things, that public-source information includes (i) Defendants' recent public statements boasting that they continue to make "all" monthly prisoner payments and (ii) other self-evident jurisdiction-creating conduct, including at least one press conference held in New York City. Plaintiffs have provided examples of this public-source information with their concurrently-filed letter seeking a pre-motion conference in connection with their anticipated motion for leave to conduct jurisdictional discovery. (Dkt. No. 41). Because personal jurisdiction is a threshold issue, and because the facts concerning personal jurisdiction are peculiarly within Defendants' knowledge, jurisdictional discovery is appropriate before any briefing on Defendants' motion proceeds.[1]

Defendants also raise two additional issues that are unrelated to the question of personal jurisdiction. Absent a complete evidentiary record on the threshold personal jurisdiction issue, these merits-based arguments are premature. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction"); *Mones v. Commercial Bank of Kuwait, S.A.K.*, 204 Fed. App'x 988, 989-90 (2d Cir. 2006) (reversing district court decision for failure to address personal jurisdiction challenge before reaching merits decision). They also are manifestly incorrect.

First, Defendants make the extraordinary argument that in the event they are found to be subject to personal jurisdiction under the PSJVTA, this Court should enter summary judgment pursuant to the *vacated* summary judgment decision in *Shatsky v. PLO*, 2017 WL 2666111 (D.D.C. June 20, 2017) ("*Shatsky I*").[2] But that decision and all other rulings of the D.C. district

---

[1] Defendants also suggest, without actually requesting it, that the Court "may wish to defer briefing on PSJVTA issues" pending developments in *Sokolow (Waldman) v. PLO*, Case No. 04 Civ. 397 (GBD), to which Plaintiffs are not parties. Defendants offer no reason why deferral would be appropriate. There is none. This Court should determine the applicability of the PSJVTA to this action.

[2] There is no basis for Defendants' implicit suggestion that, had they not sought vacatur of *Shatsky I* for lack of personal jurisdiction, the D.C. Circuit would have affirmed that decision on the merits. Just as Defendants argued to the D.C. Circuit (successfully) that the district court abused its discretion in rejecting their personal jurisdiction



court are nullities because that court lacked personal jurisdiction. *See, e.g.*, *De Curtis v. Ferrandina*, 529 Fed. App'x 85, 85 (2d Cir. 2013) ("A judgment is void where the court lacks personal jurisdiction over the defendant"). As the D.C. Circuit explained when it vacated the district court decision, vacatur for lack of personal jurisdiction deprives all aspects of the district court's decision -- favorable and unfavorable -- of any effect. *Shatsky II,* 955 F.3d at 1029; *see also, e.g.*, *United States v. Munsingwear, Inc.,* 340 U.S. 36, 40 (1950) (vacatur "clears the path for future relitigation of the issues between the parties"); *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 110 (2d Cir. 2001) ("A vacated judgment has no effect."). In the D.C. Circuit, rather than stand or fall on the merits, Defendants *themselves* elected to nullify the summary judgment decision (and all other orders in that case) by pressing their personal jurisdiction argument. Accordingly, Defendants may not now claim the benefit of the summary judgment decision, or any other rulings rendered along the way, by a court that lacked jurisdiction.[3]

Second, Defendants rely on *Sokolow v. PLO,* 60 F. Supp. 3d 509 (S.D.N.Y. 2014), to argue that Plaintiffs' non-federal claims should be dismissed on the ground that Defendants are unincorporated associations that lack the capacity to be sued under New York law. However, the *Sokolow* decision (which remains unreviewed on appeal because of the pending jurisdictional issue) depended on a finding of fact from many decades ago. In more recent years, Defendants have repeatedly conceded to the Second Circuit and other courts that they are government entities, which at minimum makes this an issue of fact to be determined on an evidentiary record, as government entities have the capacity to be sued. *See* CPLR 1023.

Thank you for your consideration.

---

defense, Plaintiffs demonstrated that the district court committed a number of fundamental and prejudicial errors, including repeated abuses of discretion in various evidentiary and discovery rulings. Among other things, the district court (i) failed to consider whether Defendants could be held secondarily liable under the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222 (2016); (ii) misapplied the ATA's proximate cause standard; (iii) excluded evidence that would have precluded summary judgment on the ground that the evidence was disclosed after the deadline in that case; (iv) issued "minute orders" denying important discovery requests without explanation or grounds -- including requests where Defendants' Rule 30(b)(6) witness actually described the existence of inculpatory documents regarding the bombing that Defendants refused to produce; (v) wrongly excluded Plaintiff's liability experts as a sanction for serving expert reports pursuant to a deadline extension that the court subsequently, retroactively, and without explanation held applicable to Defendants only; and (vi) wrongly refused to allow presentation of evidence created or obtained after the close of discovery. Final Opening Brief for Appellants, *Shatsky II,* 2019 WL 1754097. Those grounds, had the D.C. Circuit reached them -- rather than vacating for lack of personal jurisdiction at *Defendants'* insistence -- provided a substantial basis for reversal on the merits.

[3] The cases cited by Defendants as somehow supporting their claim that *Shatsky I* is binding, all of which involved voluntary dismissals by plaintiffs rather than dismissals for lack of personal jurisdiction, are not to the contrary. Separately, and apart from the D.C. Circuit's vacatur of *Shatsky I* for lack of personal jurisdiction, three plaintiffs in this action -- Hadassa Diner, Yael Hillman and Efrat Trattner -- were not parties to the D.C. action.



The Honorable Mary Kay Vyskocil
October 13, 2020
Page 4

                                                                                       Respectfully submitted,

                                                                                       */s/ Stephen M. Sinaiko*

                                                                                        Stephen M. Sinaiko
                                                                                        Ronald F. Wick

cc:  All Counsel (by CM/ECF Posting Only)