# EXHIBIT  A

Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

O  +1 202 457 6000
F  +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
gassan.baloul@squirepb.com



December 30, 2019

Mr. Mark Langer
Clerk of the Court
United States Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

> Re: *Shatsky et al. v. Palestine Liberation Org. et al.*, No. 17-7168, argued September 9, 2019.
>
> Response of the Palestine Liberation Organization and Palestinian Authority ("PA") to Plaintiffs' Fed. R. App. 28(j) Letter Dated December 26, 2019 (Doc. 1821532) concerning the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA"), Pub. L. 116-94.

Dear Mr. Langer:

Plaintiffs proffer no reason to believe that the PSJVTA could supply a new basis for personal jurisdiction over Defendants, beyond the two prior jurisdictional arguments that Plaintiffs summarily reserved.  *See* Plaintiffs' Reply Br. at 12 & n.2.

The PSJVTA provision Plaintiffs cite would not become operative if, as of April 18, 2020, Defendants do not make payments of the type specified in respect of attacks on U.S. nationals.  It is entirely speculative that Defendants would make any such payments four months from now.

Squire Patton Boggs (US) LLP

Nor should this Court remand to direct factual development of this question. Plaintiffs are pursuing these same claims through two other lawsuits, filed December 2018, as a vehicle to argue for jurisdiction on alternative bases beyond those that this Court has been considering. Those alternative jurisdictional bases include a precursor to the PSJVTA, the Anti-Terrorism Clarification Act of 2018 ("ATCA"). *See* Br. for Appellees at iv. Plaintiffs' two pending duplicative actions provide a readily available, and better, vehicle for Plaintiffs to advance their PSJVTA arguments.

The Second Circuit encountered this same scenario in *Waldman v. PLO*, 925 F.3d 570, 576 n.2 (2d Cir. 2019), and declined to remand for factual development on jurisdiction. Like Plaintiffs here, the *Waldman* plaintiffs re-filed their claims in district court at the same time they were pursuing an appellate remedy, there a motion to recall the mandate to argue for jurisdiction under ATCA. The Second Circuit denied the motion to recall the mandate, and declined to remand holding that the plaintiffs' re-filed action provided a better vehicle for development of new jurisdictional arguments. *Id.* The same approach would be appropriate here, if this Court holds that Defendants are not otherwise subject to personal jurisdiction.

Respectfully submitted,

Gassan A. Baloul

cc:    All Counsel by ECF

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.