

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC  20037

O    202-457-6000
F    202-457-6315
squirepattonboggs.com

Gassan A. Baloul
T    202-457-6155
gassan.baloul@squirepb.com

October 15, 2020

**VIA ECF**

Hon. Mary Kay Vyskocil
United States District Judge, Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

  **Re:** *Shatsky v. PLO*, **Case No. 1:18-cv-12355-MKV**

Dear Judge Vyskocil:

  On behalf of the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") and pursuant to Rule 4(A)(i) of Your Honor's Individual Rules, we respond to Plaintiffs' October 13, 2020 pre-motion conference letter seeking jurisdictional discovery (Dkt. #41).

  Plaintiffs expressly propose an end-run around the orderly process established by the Second Circuit in the parallel *Sokolow* case, and implemented by Judge Daniels,[1] to address the applicability of the Promoting Security and Justice for Victims of Terrorism Act of 2019, Pub. L. No. 116-94, §903, 133 Stat. 3082 (Dec. 20, 2019) ("PSJVTA"), to the PA and PLO.  *See* Dkt. #42 at 2 n.1.  In doing so, Plaintiffs rely on substantially the same materials proffered by the *Sokolow* plaintiffs to Judge Daniels in support of their request that he order jurisdictional discovery concerning PSJVTA issues, which Judge Daniels denied, ordering briefing instead.[2]  This Court should do the same.

  Plaintiffs' PSJVTA issues are not case-specific.  Dkt. #41, at 2-3.  Instead, again relying on substantially the same material as the *Sokolow* plaintiffs, Plaintiffs here allege that the PA and/or PLO engage generally in conduct as the government of Palestine that supports PSJVTA jurisdiction.  In other words, Plaintiffs here expressly seek to duplicate the effort that Judge Daniels

---

[1] *See Waldman v. PLO*, No. 15-3135 (2d Cir.), Order of Sept. 8, 2020 (Dkt. # 366); *Sokolow (Waldman) v. PLO*, No. 1:04-cv-0397-GBD ("*Sokolow*"), Order of Sept. 15, 2020 (Dkt. #1011).

[2] *Compare Shatsky* Dkt. #41 at 2-3, with *Sokolow*, Dkt. #1007 at 3-5.  Indeed, two of the three exhibits Plaintiffs appended to their letter were the same exhibits on which the *Sokolow* plaintiffs relied.  *Compare* Pls.' Exs. B (Dkt. #41-2) and C (Dkt. #41-3), with *Sokolow*, Dkt. #1007-1 at 5-12.

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP
VIA ECF

Hon. Mary Kay Vyskocil
October 15, 2020

has set in motion in *Sokolow* pursuant to the Second Circuit's direction, for which Judge Daniels did not consider jurisdictional discovery appropriate.

It is particularly important that *Sokolow* will immediately revert to the Second Circuit for a binding appellate decision on the applicability and constitutionality of the PSJVTA once Judge Daniels completes his consideration of the PSJVTA issues. *Sokolow*, Dkt. #1006. The competing, parallel-track PSJVTA process that Plaintiffs propose here inevitably and irrationally would interfere with the work of both Judge Daniels and the Second Circuit.

Plaintiffs bear the burden to establish a *prima facie* case for personal jurisdiction under the PSJVTA. *See* Dkt. #40, at 2. To allege a *prima facie* case, Plaintiffs must plead non-conclusory fact-specific allegations or evidence showing that activity providing a basis for PSJVTA jurisdiction has taken place. *Id.* Jurisdictional discovery is properly denied when, as here, Plaintiffs have not yet attempted to "ma[k]e out a *prima facie* case for jurisdiction." *Indelible Media Corp. v. Meat & Potatoes, Inc.*, No. 12-CV-0978 (GBD), 2012 U.S. Dist. LEXIS 128243, at * 7, 19 (S.D.N.Y. Sept. 6, 2012) (denying jurisdictional discovery where a plaintiff failed to make allegations that would make out a *prima facie* case for jurisdiction, noting that "[t]he plaintiff cannot rely merely on conclusory statements or allegations; rather, the prima facie showing must be 'factually supported.'") (quoting *Frontera Res. Azer. Corp. v. State Oil Co. of the Azer. Republic*, 582 F.3d 393, 401 (2d Cir. 2009), and citing *Melnick v. Adelson-Melnick*, 346 F. Supp. 2d 499, 501 (S.D.N.Y. 2004)); *see also Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d Cir. 1998) (affirming the district court's denial of jurisdictional discovery "since the [plaintiffs] did not establish a prima facie case" beyond offering "conclusory non-fact-specific jurisdictional allegations" that "the district court had jurisdiction over [the defendant].").

Plaintiffs acknowledge that the PA and PLO argued in the D.C. Circuit that Plaintiffs' re-filed cases—both this one, and Plaintiffs' now voluntarily-dismissed DDC action—provided an appropriate "vehicle for Plaintiffs to advance their PSJVTA <u>arguments</u>." Dkt. #42, at 1 (quoting Defs.' Dec. 30, 2019 FRAP 28(j) Letter) (emphasis added)). Those PSJVTA "arguments" do not require discovery to resolve, as Judge Daniels recognized. Further, the D.C. Circuit held Plaintiffs could pursue their PSJVTA arguments "<u>if new facts</u> establish personal jurisdiction." Dkt. #41, at 2 (quoting *Shatsky v. PLO*, 955 F.3d 1016, 1038 (D.C. Cir. 2020)) (emphasis added). It thus is incumbent on Plaintiffs to allege any such "new facts", but they have expressly declined to amend their Complaint to do so. They should be required to do so now, given that their two letters to the Court (Dkt. ## 41-42) already outline PSJVTA hypotheses that should be tested in pleading form.

Plaintiffs concede that "Defendants contest personal jurisdiction." Dkt. #41, at 2. As Plaintiffs' own cited cases acknowledge, this "contest" is the trigger for Plaintiffs' obligation to make a *prima facie* case for personal jurisdiction. *See* Dkt. #42, at 1, citing, e.g., *Astor Chocolate Corp. v. Elite Gold Ltd*., No. 18 Civ. 11913 (PAE), 2020 U.S. Dist. LEXIS 78862, at *19 n.3 (S.D.N.Y. May 5, 2020) (once a defendant objects to personal jurisdiction, it is "incumbent upon the plaintiff to make a *prima facie* showing of jurisdiction through its pleadings and affidavits"); *Danaher Corp. v. Travelers Indem. Co*., No. 10 Civ. 121 (JPO), 2014 U.S. Dist. LEXIS 39300, at *19 (S.D.N.Y. Mar. 21, 2014) (dismissing with leave to amend where the "sole allegation that would support personal jurisdiction … appears to be an unsupported afterthought"). Plaintiffs' other cases are either inapt or reinforce this Court's discretion to require amended pleadings for

Squire Patton Boggs (US) LLP

**VIA ECF**

Hon. Mary Kay Vyskocil
October 15, 2020

reasons of order and efficiency, especially when Plaintiffs ultimately bear the burden to allege a jurisdictional theory. Moreover, none of Plaintiffs' cases involve the unique circumstances at issue here, where the Second Circuit has already established a careful process for assessing PSJVTA issues. *See* Dkt. #41, at 2 citing, *e.g.*, *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) (affirming dismissal of FACTA claims for want of standing despite the lack of discovery on the issue); *Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 446-47 (2d Cir. 2019) (holding that the district court did not abuse its discretion in denying plaintiffs' jurisdictional discovery to assess whether a diplomat engaged in commercial or professional activity, after plaintiffs failed to make specific discovery requests in their opposition to the motion to dismiss as the district court instructed).

Plaintiffs' *Munsingwear* argument blinkers reality. *See* Dkt. #42, at 3. These Plaintiffs obtained full merits discovery on their claims in *Shatsky I*, and they lost on summary judgment for failure to raise a triable issue of causation. *See Shatsky v. PLO*, No. 02-cv-2280 (RJL), 2017 U.S. Dist. LEXIS 94946, *24-32 (D.D.C. June 20, 2017), *vacated on other grounds*, 955 F.3d 1016 (D.C. Cir. 2020).[3] That same discovery record is equally admissible in this lawsuit, and compels the same conclusion that Plaintiffs cannot establish causation—an element of both primary and secondary liability claims under the ATA. *See*, *e.g.*, *Montaner v. PAN AM*, No. 81 Civ. 7442-CLB, 1982 U.S. Dist. LEXIS 16801, at *1-2 (S.D.N.Y. Nov. 19, 1982) (applying "all of the extensive pre-trial discovery" from plaintiff's first unsuccessful employment discrimination case to plaintiff's second employment discrimination case); *Shatsky*, 2017 U.S. Dist. LEXIS 94946, at *22-23 (proximate cause requires proof that a defendant's conduct was "a substantial factor in the sequence of responsible causation, and if the injury is reasonably foreseeable or anticipated as a natural consequence of those actions.") (citing *Rothstein v. UBS AG*, 708 F.3d 82, 97 (2d Cir. 2013)); *see also Siegel v. HSBC N. Am. Holdings, Inc.*, 933 F.3d 217, 223 (2d Cir. 2019) (to recover for a JASTA aiding and abetting claim, a defendant must have "knowingly and substantially assist[ed] the principal violation," i.e., the "act of international terrorism" for which a plaintiff sues) (emphasis added) (quoting *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)); *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709-LTS-GWG, 2019 U.S. Dist. LEXIS 53134, at *35-37 (S.D.N.Y. Mar. 28, 2019) (JASTA conspiracy liability requires allegations that "'the secondary tortfeasors [conspired with] the principal tortfeasors in committing 'such an act of international terrorism'") (internal citations omitted).

It would be wasteful in the extreme to allow Plaintiffs here to detour this lawsuit into jurisdictional discovery when the ultimate outcome of the case is not only knowable, but already known. *See Mohamad v. Rajoub*, 767 F. App'x. 91, 93 (2d Cir. 2019) (affirming the district court's dismissal of claims against a Palestinian official on the doctrine of *res judicata*, and therefore "declin[ing] to reach" the question of whether "the district court could not lawfully exercise personal jurisdiction over him."). Plaintiffs' request for jurisdictional discovery therefore should be denied, and the Court should adopt the procedures requested in Defendants' pre-motion conference letter (Dkt. #40).

---

[3] The Court rejected Plaintiffs' untimely effort to overcome summary judgment when it denied Plaintiffs' motion to alter or amend the judgment based on "new" hearsay evidence, which actually predated the summary judgment ruling by six months. *See Shatsky v. PLO*, 292 F. Supp. 3d 188 (D.D.C. 2017) (finding Plaintiffs' so called newly discovered evidence was not "newly discovered or previously unavailable *despite the exercise of due diligence*," and was, in any event, "clear[ly]…not admissible.") (internal quotation marks and citations omitted).

Squire Patton Boggs (US) LLP

**VIA ECF**

Hon. Mary Kay Vyskocil
October 15, 2020

Respectfully submitted,

Squire Patton Boggs (US) LLP

Gassan A. Baloul