

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC  20037

O   202-457-6000
F   202-457-6315
squirepattonboggs.com

Gassan A. Baloul
T   202-457-6155
gassan.baloul@squirepb.com

**VIA ECF**

December 14, 2020

Hon. Mary Kay Vyskocil
United States District Judge, Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   *Shatsky v. PLO*, Case No. 18-cv-12355-MKV

Dear Judge Vyskocil:

On behalf of Defendants Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"), and pursuant to Rule 4(A)(i) of Your Honor's Individual Rules of Practice in Civil Cases, we write to request a pre-motion conference regarding Defendants' proposed motion to dismiss the First Amended Complaint ("FAC"), and for summary judgment.

Defendants challenge personal jurisdiction, which now depends exclusively on the Promoting Security and Justice for Victims of Terrorism Act of 2019, Pub. L. No. 116-94, §903, 133 Stat. 3082 (Dec. 20, 2019) ("PSJVTA"), as the Court recognized (Nov. 6, 2020 Tr. at 34:14-36:6), given the D.C. Circuit's rejection of all prior jurisdictional grounds Plaintiffs pursued. *Shatsky v. PLO*, 955 F.3d 1016 (D.C. Cir. 2020).  However, the FAC's PSJVTA allegations expressly duplicate those made in *Sokolow v. PLO*, No. 04-cv-0397 (GBD) (S.D.N.Y.).  *See* FAC ¶¶ 4-6, 40, 41, 43, 44, 46, 47, 50-54, 55, 57-90.  Judge Daniels will soon address those look-alike PSJVTA issues in *Sokolow*, and his decision will promptly revert to the Second Circuit for a binding appellate ruling (*Sokolow*, ECF 1006 at 3-4).[1]  For those reasons, Defendants respectfully submit that the Court, pursuant to Fed. R. Civ. P. 12(i), should defer briefing and a ruling on PSJVTA jurisdiction, and instead resolve Defendants' proposed Rule 12(b)(6) and summary judgment motions.  *See In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 (NRB), 2016 U.S. Dist. LEXIS 51190, at *112 n.8 (S.D.N.Y. Apr. 14, 2016) (Applying Rule 12(i) to hold that, "when the jurisdictional question is complex or difficult, a court simply may avoid

---

[1] Defendants' submission to Judge Daniels on the PSJVTA issue in *Sokolow* is due on January 8, 2021, *Sokolow*, ECF 1013, and Defendants will promptly provide it to Your Honor as well.  Defendants' most recent prior *Sokolow* brief, No. 15-3135, ECF 354 (2d Cir. July 17, 2020), makes a preliminary showing that the PSJVTA cannot provide personal jurisdiction over the PA and PLO, for both statutory construction and constitutional reasons, including, *inter alia*, (1) the PSJVTA cannot provide for jurisdiction based on Defendants' customary and "ancillary" UN Mission operations; (2) the PSJVTA cannot statutorily impose "deemed consent" to personal jurisdiction where the Constitution forbids it, or for conduct that post-dates the attack giving rise to Plaintiffs' claims.

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP                                          Hon. Mary Kay Vyskocil
**VIA ECF**                                                           December 14, 2020

the issue by resolving the suit on the merits when they clearly must be decided in favor of the party challenging jurisdiction") (quoting 4 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1067.6 (4th ed.)). Rule 12(i) deferral is particularly appropriate "when a related matter is pending in another tribunal"—such as *Sokolow*. 5 C. Wright & Miller, Fed. Prac. & Proc. §1373 (3d ed.). Alternatively, the Court might (as it previously considered (Tr. at 27:16-29:2) invoke hypothetical jurisdiction over Defendants to facilitate prompt adjudication of Defendants' "more obvious grounds" for disposition under Rules 12(b)(6) and 56. *Butcher v. Wendt*, 975 F.3d 236, 242-43 (2d Cir. 2020).

First, Defendants propose to seek dismissal of Plaintiffs' non-federal claims (counts 3-7) because Defendants are "unincorporated associations that lack the capacity to be sued under New York law as to Plaintiffs' non-federal claims." *Sokolow v. PLO,* 60 F. Supp. 3d 509, 523-24 (S.D.N.Y. 2014); *Waldman v. PLO,* 835 F.3d 317, 332 (2d Cir. 2016) (the PA and PLO "are unincorporated associations"). The D.C. court previously reached the same conclusion as to Plaintiffs' non-federal claims under D.C. law, and Plaintiffs did not appeal that part of the district court's decision. *Shatsky v. PLO*, No. 02-cv-2280 (RJL) (D.D.C. Nov. 18, 2002) ("*Shatsky I*"), 2017 U.S. Dist. LEXIS 94946, *32-36 (D.D.C. June 20, 2017); *Shatsky*, 955 F.3d 1016, 1025 n.2 (D.C. Cir. 2020) (noting Plaintiffs "d[id] not appeal that portion of the district court's decision.").[2]

Second, Plaintiffs' federal claims (counts 1 and 2) are ripe for summary judgment based on the full discovery taken in *Shatsky I*, on which the D.C. court originally entered summary judgment for Defendants. *Shatsky I* spanned more than 15 years. Full merits discovery was conducted on a schedule to which Plaintiffs agreed, yet was burdened by Plaintiffs' discovery misconduct and violations of discovery orders. *See, e.g., Shatsky I*, 312 F.R.D. 219 (D.D.C. 2015). Ultimately, the D.C. court granted summary for Defendants because Plaintiffs had not raised a triable issue that Defendants' actions were causally-linked to the attack at issue here. *See Shatsky I*, 2017 U.S. Dist. LEXIS 94946, *17-18.[3]

The *Shatsky I* discovery record equally compels summary judgment for Defendants in this successor action, which arises from the same set of operative facts. *Compare* FAC, ¶¶ 123-44, *with Shatsky I*, 2017 U.S. Dist. LEXIS 94946, *3-8, *23-32 (describing Plaintiffs' evidence and theory of recovery). Further discovery is not warranted because Plaintiffs received full discovery concerning the same underlying facts in *Shatsky I*. *See Sty-Lite Co. v. Eminent Sportswear Inc.*, No. 01 Civ 3320, 2002 U.S. Dist. LEXIS 119, at *6-8, 132 (S.D.N.Y. Jan. 7, 2002) (adopting the full and "extensive discovery" from an identical predecessor suit dismissed for lack of subject matter jurisdiction, rejecting the plaintiff's request for further discovery given that plaintiff "had ample opportunity to conduct full discovery in the identical prior action," and entering summary judgment in favor of defendants). To the extent Plaintiffs seek any further discovery, they would

---

[2] In addition, a number of Plaintiffs' non-federal claims are time-barred, and also fail as a matter of law for other reasons. Alternatively, following summary judgment on Plaintiffs' federal claims, the Court can decline to exercise supplemental jurisdiction over the non-federal claims. *See Licci v. Lebanese Canadian Bank, SAL,* No. 08 Civ. 7253, 2015 U.S. Dist. LEXIS 51512, *18-19 (S.D.N.Y Apr. 14, 2015), *aff'd in relevant part,* 659 F. App'x 13 (2d Cir. 2016).

[3] The D.C. Circuit vacated that decision, but only because Defendants were not subject to personal jurisdiction.

Squire Patton Boggs (US) LLP           Hon. Mary Kay Vyskocil
**VIA ECF**                            December 14, 2020

do so pursuant to Rule 56(d), following Defendants' summary judgment motion.  *See Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016) (holding that, under Rule 56(d), plaintiffs must show that "the material sought is germane to the defense, and that it is neither cumulative nor speculative, and a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient.").

Applying discovery from *Shatsky I*, Plaintiffs' federal claims are subject to summary judgment here on the same grounds the D.C. court reached. As the D.C. court held, Plaintiffs cannot create a triable issue of fact that Defendants' actions caused or facilitated the attack at issue, and thus "plaintiffs . . . lack sufficient admissible evidence that would permit them to establish causation under the ATA".  2017 U.S. Dist. LEXIS 94946, at *17-18.  The D.C. court correctly found that Plaintiffs' admissible "evidence" in support of their claims boils down to three things: (1) The PA paid a salary to Ra'ed Nazal; (2) the PLO paid rent for the PFLP office in Qalqilya; and (3) <u>after</u> the bombing, the PA made payments to the families of Ra'ed Nazal, Mohammad Wasef, Jamal Hindi, and Sadeq Hafez.  But because there is no admissible evidence that Nazal planned the bombing, "no reasonable jury could conclude that the PA proximately caused the bombing by paying Nazal a salary."  2017 U.S. Dist. LEXIS 94946, at *28.  Payments to the families of Nazal, Wasef, or Hindi also cannot show causation because "plaintiffs have not identified any admissible evidence linking Nazal, Wasef, or Hindi to the" bombing, *id.* at *31.  Nor can payments to Hafez's family show causation, because "plaintiffs have pointed to no evidence suggesting that Hafez knew his family would receive" such payments, "or that Hafez was motivated by the prospect of such payments."  *Id.* at *32.  And "no reasonable jury could find that the PLO's payment of rent for the [PFLP's] Qalqilya office 'caused' the bombing simply because that office is located in a place physically 'proximate' to the attack."  *Id.* at *30.

Just as Plaintiffs cannot create a triable issue that Defendants <u>proximately caused</u> the bombing (as required for Plaintiffs' ATA primary-liability claim, *Rothstein v. UBS AG*, 708 F.3d 82, 94-95 (2d Cir. 2013)), they cannot create a triable issue that Defendants "<u>knowingly and substantially assist[ed]</u> the principal violation"—the bombing—as required for Plaintiffs' aiding-and-abetting claim under the Justice Against Sponsors of Terrorism Act ("JASTA").  *See Linde v. Arab Bank, PLC*, 882 F.3d 314, 329 (2d Cir. 2018) (quoting *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)) (emphasis added).  Nor can Plaintiffs create a triable issue that Defendants were "aware" that they were playing a "role" in the bombing, as also required for a JASTA aiding-and-abetting claim.  *Id.* at 329 (quoting *Halberstam*, 705 F.2d at 477).  Finally, Plaintiffs cannot show that Defendants "conspire[d] directly with the person or entity"—here, Hafez—"that committed the act of international terrorism that injured the plaintiff," *Freeman v. HSBC Holdings PLC*, 413 F. Supp. 3d 67, 98 n.41 (E.D.N.Y. 2019), *appeal filed*, No. 19-3970 (2d Cir. Nov. 26, 2019),  or that Defendants conspired to commit an act of international terrorism, both as required for a JASTA conspiracy claim.  *Id.*

Pursuant to Your Honor's Individual Civil Rules of Practice in Civil Cases 4(A)(i) and 5(C), Defendants submit their proposed statement of undisputed facts, drawn from the *Shatsky I* record, on which summary judgment in Defendants' favor on Plaintiffs' federal claims is appropriate.

Squire Patton Boggs (US) LLP

**VIA ECF**

Hon. Mary Kay Vyskocil
December 14, 2020

Respectfully submitted,

Squire Patton Boggs (US) LLP

Gassan A. Baloul