COHEN & GRESSER LLP

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Stephen M. Sinaiko
212 957 9756
ssinaiko@cohengresser.com

December 17, 2020

By Electronic Mail and CM/ECF Posting

The Honorable Mary Kay Vyskocil
United States District Court
500 Pearl Street, Room 2230
New York, New York   10007-1312

Re:   *Shatsky, et al. v. PLO, et al.*, Case No. 18 Civ. 12355 (MKV) (DCF)

Dear Judge Vyskocil:

We write on behalf of Plaintiffs, pursuant to Rule 4(a)(i) of Your Honor's Individual Rules of Practice, in response to Defendants' December 14, 2020 letter ("Ltr."). (Dkt. No. 53). The Court should direct Defendants to respond to Plaintiffs' First Amended and Supplemental Complaint ("FASC") immediately and should hold Defendants' proposed summary judgment motion in abeyance because such a motion is wildly inappropriate at this juncture.

At the November 6 conference, Defendants claimed that they could not contest personal jurisdiction under the Promoting Security and Justice for Victims of Terrorism Act of 2019 (the "PSJVTA") unless Plaintiffs first amended their complaint. (Exh. A at 14-15, 19). Then, they sought an extension of time to respond to the FASC because it includes a "significant number" of new jurisdictional allegations. (Dkt. No. 51). Now, Defendants purport to "challenge personal jurisdiction" -- without responding to Plaintiffs' jurisdictional allegations -- but ask the Court to bypass that "challenge," forgo discovery and proceed immediately to summary judgment based on the vacated ruling of the D.C. District Court in *Shatsky v. PLO,* No. 02-cv-2280 ("*Shatsky I*").

Defendants cannot have it both ways. Having successfully appealed the exercise of personal jurisdiction over them in *Shatsky I*, they cannot now rely on summary judgment or other orders from that case, all of which were entered without jurisdiction. And having purported to "challenge" personal jurisdiction in this case on constitutional grounds (Ltr. at 1 n.1), they must either litigate that "challenge" or waive it before they may proceed to the merits.

None of Defendants' arguments justify ignoring in this case the principle that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp,* 549 U.S. 422, 430-31 (2007). The plain language of Fed. R. Civ. P. 12(i) -- which merely states that "any defense listed in Rule 12(b)(1)-(7)" may "be heard and decided before trial" -- is not to the contrary. And *In re Libor-Based Fin. Instruments Antitrust Litig.*, 2016 WL 1558504 (S.D.N.Y. Apr. 15, 2016), did not mention, let alone apply, Rule 12(i). Rather, the court in that case addressed a motion for leave to *add* a party who promised to challenge personal jurisdiction, and thus did not adjudicate the merits of a dispute without determining that it had jurisdiction over



the parties before it. *Id*. at \*9-\*10. Nor does the "hypothetical jurisdiction" doctrine help Defendants. Even before *Sinochem*, the Second Circuit made clear that "the Supreme Court has substantially ended [the] practice" of "occasionally assum[ing] the existence of jurisdiction and proceed[ing] to directly the merits." *Mones v. Commercial Bank of Kuwait, S.A.K.,* 204 Fed. App'x 988, 989 (2d Cir. 2006) (citation omitted). After *Sinochem*, the Second Circuit has observed that "repudiation of the so-called 'hypothetical jurisdiction' doctrine" requires a court to decide personal jurisdiction before the merits, unless it has "undisputed personal jurisdiction" over at least one defendant. *Chevron Corp. v. Naranjo*, 667 F.3d 232, 246 n.17 (2d Cir. 2012). To the extent the "hypothetical jurisdiction" doctrine has any remaining vitality, it does not apply where a party -- like Defendants here -- challenges personal jurisdiction on constitutional grounds. *Butcher v. Wendt,* 975 F.3d 236, 242 (2020); Ltr. at 1 n.1.

Defendants' merits arguments -- putting aside the inappropriateness of considering them without first deciding personal jurisdiction -- are unpersuasive. Relying principally on *Sokolow v. PLO,* 60 F. Supp. 3d 509 (S.D.N.Y. 2014), Defendants argue that they are unincorporated associations and therefore lack capacity to be sued on Plaintiffs' non-federal claims. (Ltr. at 2). But *Sokolow* -- which has never been reviewed on appeal because of the pending jurisdictional issue -- relied on a factual finding from many decades ago. More recently, Defendants have repeatedly conceded to the Second Circuit and other courts that they are government entities, which would mean that they *have* capacity to be sued as "public bodies" under CPLR 1023. Thus, at minimum, the capacity issue presents fact questions not susceptible of resolution by a motion to dismiss, without an evidentiary record.

Nor is there the slightest merit to Defendants' assertion that "Plaintiffs' federal claims . . . are ripe for summary judgment based on the full discovery taken in *Shatsky I*." (Ltr. at 2). To the contrary, Plaintiffs did not receive "full discovery" in *Shatsky I.* Rather, the District Court issued unexplained, erroneous and unfairly prejudicial "minute orders" that denied important discovery to Plaintiffs. For example, the District Court denied, without explanation, Plaintiffs' request for the full intelligence files that Defendant Palestinian Authority ("PA") compiled on Sadeq Hafez, the bomber, and Ra'ed Nazal, the PA officer who masterminded the bombing -- documents with obvious relevance given Plaintiffs' allegations that Hafez and Nazal acted as Defendants' agents. (*Shatsky I* Dkt. No. 202; FASC ¶¶ 141-43). Thus, Defendants' citation to *Sty-Lite Co. v. Eminent Sportswear Inc.*, 2002 WL 15650 (S.D.N.Y. 2002), is unavailing. While the plaintiff in *Sty-Lite* "never once suggested" that it required additional discovery to defend against a summary judgment motion, *id*. at \*5, Plaintiffs here were repeatedly denied discovery they sought in *Shatsky I* (albeit by subsequently-vacated orders).

Moreover, the District Court in *Shatsky I* -- in rulings that Plaintiffs appealed -- inappropriately limited the summary judgment record so that it included only documents disclosed as of September 2012 and excluded Plaintiffs' expert reports. But those rulings, too, are nullities given the D.C. Circuit's determination that the District Court made them without personal jurisdiction. Thus, Plaintiffs anticipate using in this case evidence that was not


considered in *Shatsky I*. Among other things, that evidence includes a report by the Israel Security Agency finding that Nazal, who concededly had a no-show job on the PA payroll, was the mastermind of the terrorist attack at issue in this case. (*See* FASC ¶¶ 128-30; Dkt. No. 53-1 ¶¶ 40-43). That document alone undermines the central conclusions in *Shatsky I* that no evidence linked either Defendants or Nazal to the attack. Plaintiffs also anticipate using expert testimony in this case, some of which is likely to rely on information that Plaintiffs have learned since discovery closed in *Shatsky I*. *See Owens v. Republic of Sudan*, 864 F.3d 751, 787 (D.C. Cir. 2017) ("The testimony of expert witnesses is of crucial importance in terrorism cases."), *rev'd on other grounds sub nom. Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020).

Against that backdrop, there is no reason to believe that Defendants' proposed summary judgment motion -- based on the summary judgment decision in *Shatsky I* and the orders leading up to it -- will succeed. Before the D.C. Circuit, Plaintiffs demonstrated that the orders in *Shatsky I* on which Defendants now rely were riddled with fundamental and prejudicial errors. Defendants' attempt to present those orders to this Court as a *fait accompli* is stunning in its audacity. Having made the strategic decision to challenge personal jurisdiction before the D.C. Circuit, and having thus prevented adjudication of Plaintiffs' appeal on its merits, Defendants cannot claim the benefit of *any* of the rulings that were vacated at their request. "Since the district court had no jurisdiction all proceedings taken in it were a nullity." *Debevoise v. Rutland Railway Corp.*, 291 F.2d 379, 381 (2d Cir. 1961); *see also* Dkt. No. 42 at 2-3. Rather than attempt to adjudicate a summary judgment motion based on the flawed record in *Shatsky I*, this Court should entertain such motions after the parties build an appropriate record in this case, including through fact and expert discovery under Rules 26 to 37.

Finally, a substantial portion of the discovery produced by Defendants in *Shatsky I* is subject to a protective order limiting its use to the litigation of that case. (*Shatsky I* Dkt. No. 157-2). As a result, the undersigned counsel -- who did not represent Plaintiffs in *Shatsky I* -- has had no access to those materials, which include sealed documents that Defendants cite in their Local Rule 56.1 statement. (Dkt. No. 53-1 ¶¶ 17, 43). After the November 6 conference, Plaintiffs requested that Defendants "promptly stipulate that documents produced and deposition testimony" provided in *Shatsky I* "may be used in this action." (Exh. B). Defendants initially declined to respond until after Plaintiffs filed their FASC. (Exh. C). Then, on December 4, Defendants advised that they would stipulate to the use of such discovery only "subject to the orders previously entered by the Shatsky I court, and the terms and conditions previously agreed by the parties." (Exh. D). Although Plaintiffs have requested that Defendants identify the "orders," "terms," and "conditions" pursuant to which they will agree to the use of *Shatsky I* discovery, Defendants have not yet done so. (Exh. E). Wholly apart from the prematurity of summary judgment, the Court should not require Plaintiffs to prepare a counter-statement under Local Rule 56.1 until they have had full access to all discovery from *Shatsky I*. Accordingly, if the Court would like Plaintiffs to prepare a counter-statement, it should permit them to do so a reasonable time after a protective order permitting them access to discovery materials is in place.



Thank you for your consideration.

Respectfully submitted,

*/s/ Stephen M. Sinaiko*

Stephen M. Sinaiko
Ronald F. Wick

Attachments

cc:  All Counsel
        (by CM/ECF posting only, w/ attachments)