# Exhibit D

| | |
|---|---|
| From: | Berger, Mitchell |
| To: | Stephen M. Sinaiko; Baloul, Gassan A. |
| Cc: | Ronald F. Wick |
| Subject: | RE: Shabtai Scott Shatsky, et al. v. The Palestine Liberation Organization, et al., Case No. 18 Civ. 12355 (MKV) (S.D.N.Y.) |
| Date: | Friday, December 04, 2020 10:01:20 AM |

Dear Steve,

I hope this note finds you and your colleagues well.

As we await the Court's "order with instructions about how we're going to proceed once we get an amended complaint" (Tr. (11/6/20) at 37:5-38:2), and per our emails of November 17, 2020, we would like Plaintiffs' consent to a reciprocal extension of three business days, until December 14, 2020, of Defendants' time to respond to Plaintiffs' First Amended Complaint. Naturally, we will follow the Court's directions once issued, but in the meantime consider it prudent to provide for this response date. Please confirm that Plaintiffs consent to the requested extension.

Separately, supplementing my email of November 23, 2020, we provide a further response below to your email of November 20, 2020, based on our initial review of Plaintiffs' First Amended Complaint.

*Initial Disclosures*. As you know, there was full discovery in the predecessor lawsuit preceding the district court's decision entering summary judgment for Defendants. *Shatsky v. PLO*, No. 02-cv-2280 (RJL), 2017 U.S. Dist. LEXIS 94946 (D.D.C. June 20, 2017), *vacated on other grounds*, *Shatsky v. PLO*, 955 F.3d 1016 (D.C. Cir. 2020) ("*Shatsky I*"). In light of that full discovery, and given that Plaintiffs' claims in this successor lawsuit arise from the same set of facts, we do not believe that there is a need for Rule 26(a)(1) initial disclosures.

*Subjects on Which Discovery May Be Necessary*.

a. <u>Discovery Taken in *Shatsky I*</u>. Defendants will stipulate that documents produced and deposition testimony provided in *Shatsky I* may be used in this action subject to the orders previously entered by the *Shatsky I* court, and the terms and conditions previously agreed by the parties, with respect to such discovery.

b. <u>Jurisdictional Discovery re the PSJVTA</u>. The PSJVTA-related allegations in Plaintiffs' First Amended Complaint rely either verbatim or substantively on the PSJVTA submissions made by the plaintiffs in the *Sokolow* litigation, and thus are not unique to this case. As directed by the Second Circuit, Judge Daniels will address all issues relating to the applicability of the PSJVTA to Defendants and, as you know, he denied the *Sokolow* plaintiffs' request for jurisdictional discovery. We believe that PSJVTA-related jurisdictional discovery likewise is unnecessary here, particularly given the extensive factual submissions concerning PSJVTA predicates made by the *Sokolow* plaintiffs, which the *Shatsky*

First Amended Complaint adopts wholesale. Further, as you know, Plaintiffs made an application to take PSJVTA-related jurisdictional discovery in this action, which Defendants opposed, and which the Court has taken under advisement. Accordingly, it is Defendants' position that Plaintiffs cannot unilaterally initiate PSJVTA-related jurisdictional discovery, notwithstanding your statements that "Plaintiffs intend to begin discovery immediately" on jurisdictional issues.

c.   Merits Discovery. Given that (i) there was full merits discovery in *Shatsky I*, (ii) Defendants are willing to stipulate to the use of such discovery in this action as stated above, and (iii) Defendants propose to proceed with a motion for summary judgment in this action based on the *Shatsky I* discovery record, it is Defendants' position that plenary merits discovery in this action is not "proportional to the needs of the case" under Rule 26(b). "Discovery is guided by the allegations raised in the complaint and the defenses asserted." *Haber v. ASN 50th St., LLC,* 272 F.R.D. 377, 380 (S.D.N.Y. 2011). The merits allegations of Plaintiffs' First Amended Complaint arise from the same set of facts alleged in *Shatsky I*, and accordingly the *Shatsky I* discovery provides discovery that is fully proportional to the needs of this case.

Further, in light of the full discovery taken in *Shatsky I*, which we agree may be used in this action as stated above, we believe that any further merits discovery should be sought by way of Rule 56(d) procedures following Defendants' motion for summary judgment. Under Rule 56(d), Plaintiffs must show that "the material sought is germane to the defense, and that it is neither cumulative nor speculative, and a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient." *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016).

Rule 56(d) "was designed to afford a non-moving party with a fair opportunity to engage in discovery before having to oppose a summary judgment motion." *DeRosier v. Czarny*, Civil Action No. 5:18-CV-0919 (GLS/DEP), 2019 U.S. Dist. LEXIS 88956, at *10 (N.D.N.Y. May 24, 2019). Specifically, Rule 56(d) would allow Plaintiffs to submit an affidavit to "include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." *Elliott v. Cartagena*, No. 19 Civ. 1998 (NRB), 2020 U.S. Dist. LEXIS 137088, at *8 (S.D.N.Y. July 31, 2020) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)).

It would be inefficient and fundamentally unfair to Defendants to allow Plaintiffs here to duplicate the *Shatsky I* discovery process, where the DC court oversaw full merits discovery in accordance with a schedule "to which [Plaintiffs] themselves had consented." *Shatsky I*, 312 F.R.D. 219, 221 (D.D.C. 2015). The DC court's discovery oversight was particularly rigorous given Plaintiffs' discovery tactics, which prejudiced both Defendants and the Court, *id.* at 226-28, and resulted in a number of sanctions against Plaintiffs, including the striking of their late-disclosed experts and documents, *id.* at 221-23.

Given the extensive and time-consuming discovery in *Shatsky I*, the Court has "discretion to prevent 'the plaintiff from burdening the defendants with a needless round of discovery.'" *210 E. 86th St. Corp. v. Combustion Eng'g, Inc.*, 821 F. Supp. 125, 144 (S.D.N.Y. 1993) (citing *Paul Kadair Inc. v. Sony Corp. of America,* 694 F.2d 1017, 1030 (5th Cir. 1983) (quoting *Contemporary Mission, Inc. v. U.S. Postal Service,* 648 F.2d at 105)); *Henry-Lee v. City of N.Y.*, 746 F. Supp. 2d 546, 575 (S.D.N.Y. 2010) ("Even if plaintiff had filed a proper 56(f) affidavit, I would still deny plaintiff additional discovery. The parties had a full and fair opportunity to conduct discovery, and it is too late for them to complain now.").

*Issues About Disclosure, Discovery or Preservation of Electronically Stored Information*.  Given the full discovery taken in *Shatsky I*, and Defendants' willingness to stipulate to the use of such discovery in this action as stated above, Defendants believe that this point is moot.

*Issues About Claims of Privilege or of Protection as Trial-Preparation Materials*.  Given the full discovery taken in *Shatsky I*, and Defendants' willingness to stipulate to the use of such discovery in this action as stated above, Defendants believe that this point is moot.

*Changes to Limitations on Discovery*.  Given the full discovery taken in *Shatsky I*, and Defendants' willingness to stipulate to the use of such discovery in this action as stated above, Defendants believe that this point is moot.

*Orders to be Issued Pursuant to Fed. R. Civ. P. 16(b)(3)*.  Given the full discovery taken in *Shatsky I*, Defendants' willingness to stipulate to the use of such discovery in this action as stated above, and Defendants' position that Plaintiffs should seek any further discovery pursuant to Rule 56(d), Defendants believe that this point is moot.  For the avoidance of doubt, Defendants do not consent in advance to any further amendment of Plaintiffs' First Amended Complaint, which would require leave of the Court pursuant to Rule 15(a).

Regards,

Mitch

**Mitchell R. Berger**
Partner
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

T  +1 202 457 5601
F  +1 202 457 6315

mitchell.berger@squirepb.com | squirepattonboggs.com

**From:** Berger, Mitchell
**Sent:** Monday, November 23, 2020 11:23 AM
**To:** 'Stephen M. Sinaiko' <SSinaiko@CohenGresser.com>; Baloul, Gassan A. <gassan.baloul@squirepb.com>
**Cc:** Ronald F. Wick <RWick@CohenGresser.com>
**Subject:** RE: Shabtai Scott Shatsky, et al. v. The Palestine Liberation Organization, et al., Case No. 18 Civ. 12355 (MKV) (S.D.N.Y.)

Dear Steve,

Thanks for your email, and we likewise hope that you and your colleagues are well.

As you know, we are awaiting receipt of Plaintiffs' amended complaint, for which you obtained an extension on consent until November 25.  Until we have an opportunity to review that amended complaint, it is premature to address the scope and nature of the merits discovery Plaintiffs may seek, and whether such discovery is "proportional to the needs of the case" under Rule 26(b), because "[d]iscovery is guided by the allegations raised in the complaint and the defenses asserted."  *Haber v. ASN 50th St., LLC,* 272 F.R.D. 377, 380 (S.D.N.Y. 2011).

As for jurisdictional discovery, Plaintiffs clearly recognize that the Court's advance approval is required, having filed a pre-motion conference letter seeking such authorization.  As you know, the Court took Plaintiffs' application for jurisdictional discovery under advisement during our pre-motion conference.  It is contrary to the Court's directions for you now to unilaterally announce instead that "Plaintiffs intend to begin discovery immediately" on jurisdictional issues.

Finally, as you also know, the Court advised the parties that it would "enter an order with instructions about how we're going to proceed once we get an amended complaint."  Tr. (11/6/20) at 37:5-38:2.

Accordingly, after we review Plaintiffs' amended complaint and the Court's anticipated order with instructions, we will respond more fully to each of the seven numbered points in your November 20 email.

Regards,

Mitch

**Mitchell R. Berger**
Partner
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

T  +1 202 457 5601
F  +1 202 457 6315

mitchell.berger@squirepb.com  |  squirepattonboggs.com

---

**From:** Stephen M. Sinaiko <SSinaiko@CohenGresser.com>
**Sent:** Friday, November 20, 2020 11:41 AM
**To:** Berger, Mitchell <mitchell.berger@squirepb.com>; Baloul, Gassan A. <gassan.baloul@squirepb.com>
**Cc:** Ronald F. Wick <RWick@CohenGresser.com>
**Subject:** [EXT] Shabtai Scott Shatsky, et al. v. The Palestine Liberation Organization, et al., Case No. 18 Civ. 12355 (MKV) (S.D.N.Y.)

Dear Mitch and Gassan:

I hope all is well with you and your families.

I am writing pursuant to Fed. R. Civ. P. 26(f), to provide Plaintiffs' views as to discovery and related issues, so that the parties can make the submission to Judge Vyskocil that Fed. R. Civ. P. 26(f)(2) requires.

1. *Possibilities for Promptly Settling or Resolving the Case*. Plaintiffs are willing to engage in good-faith settlement discussions with Defendants, so long as such discussions do not delay the litigation of the case. If Defendants are interested in participating in such discussions, please let us know.

2. *Initial Disclosures*. Plaintiffs see no need to alter the form or requirement for initial disclosures under Fed. R. Civ. P. 26(a)(1), except that we propose to defer until February 26, 2021 the initial disclosures concerning damages under Rule 26(a)(1)(A)(iii). Subject to that exception, Plaintiffs propose that the parties exchange their initial disclosures within 30 days from today (*i.e.*, on or before December 21, 2020).

3. *Subjects on Which Discovery May Be Necessary*. Plaintiffs believe that (a) the parties should promptly stipulate that documents produced and deposition testimony provided in the prior action before the District Court for the District of Columbia may be used in this action, (b) fact discovery will be necessary concerning personal jurisdiction under the Promoting Security and Justice for Victims of Terrorism Act, and (c) fact and expert discovery will be necessary on liability issues. Plaintiffs intend to begin discovery immediately on the subjects noted in the preceding sentence. Please let us know any subjects on which Defendants believe discovery may be necessary.

4. *Issues About Disclosure, Discovery or Preservation of Electronically Stored Information*. Plaintiffs see no particular issues on these topics. However, to the extent Plaintiffs' forthcoming discovery requests call for production of electronically-stored information, Plaintiffs expect that such information will be produced in both machine-readable and hard-copy form. Plaintiffs do not believe an order pursuant to Fed. R. Evid. 502 is necessary in this case.

5. *Issues About Claims of Privilege or of Protection as Trial-Preparation Materials.* Plaintiffs see no unusual issues as to privilege or work-product claims concerning documents and information called for by discovery requests in this case.  However, Plaintiffs expect that Defendants will comply with Fed. R. Civ. P. 26(b)(5)(A) by providing, contemporaneous with the required objections to any discovery request, a privilege log detailing any documents or information being withheld from production on the basis of a claim of privilege, work-product or otherwise.

6. *Changes to Limitations on Discovery*.  Plaintiffs believe that interrogatories will be an efficient method for obtaining discovery in this case, particularly as to personal jurisdiction issues.  Accordingly, Plaintiffs propose that Southern District Local Civil Rule 33.3(a) should not apply to jurisdictional discovery in this case.

7. *Orders to be Issued Pursuant to Fed. R. Civ. P. 16(b)(3)*.  We ask that you provide Defendants' view as to an appropriate cutoff date for fact discovery, in light of the subjects we identified above and any subjects on which Defendants believe discovery is necessary. We also ask that you clarify whether there are any exigencies that would prevent Defendants from complying with requests for production within the 30-day period under Fed. R. Civ. P. 34. Consistent with Judge Vyskocil's form of Civil Case Management Plan and Scheduling Order, Plaintiffs suggest that the deadline for further amendment to the pleadings and joinder of additional parties should be 30 days after Judge Vyskocil issues her initial scheduling order. However, in view of the exceptional circumstances of this case, which include the need for translations into English from two languages, as well as the need to work with and depose expert witnesses abroad, we believe the parties should request a period of 120 days after the completion of fact discovery to complete expert discovery.

Please let us know Defendants' positions on these issues promptly.

Best regards.

Steve


Stephen M Sinaiko

COHEN & GRESSER LLP

800 Third Avenue
New York, NY 10022
+1 212 957 9756
ssinaiko@cohengresser.com  |  view bio
www.cohengresser.com

New York  |  Paris  |  Washington DC  |  London     

CONFIDENTIALITY NOTICE: The information contained in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed initially by only the individual named above. If the reader of this e-mail is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by telephone and permanently delete this e-mail. Thank you.

*PRIVACY: A complete copy of our privacy policy can be viewed at: [https://www.cohengresser.com/privacy-policy.](https://www.cohengresser.com/privacy-policy.)*

---------------------------------------------------------------------
45 Offices in 20 Countries.

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes EU personal data that is subject to the requirements of the EU General Data Protection Regulation, please see our Privacy Notice regarding the processing of EU personal data about clients and other business contacts pursuant to the GDPR at [www.squirepattonboggs.com](www.squirepattonboggs.com).

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit [www.squirepattonboggs.com](www.squirepattonboggs.com) for more information.

#US
---------------------------------------------------------------------