| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 2/8/2021 |

SHABTAI SCOTT SHATSKY, *individually and as personal representative of the Estate of Keren Shatsky*, et al.,

                        Plaintiffs,

-v-

THE PALESTINE LIBERATION ORGANIZATION, and THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian Interim Self-Government Authority" and/or "The Palestinian National Authority),

                        Defendants.

No. 18-cv-12355 (MKV)
ORDER

MARY KAY VYSKOCIL, District Judge:

      For purposes of this Order, the Court assumes familiarity with the background facts and procedural history of this case. This case arises out of a suicide bombing in the Israeli West Bank in 2002. Plaintiffs are American victims and their families. In December 2018, the Court stayed this case pending resolution of a similar case in the District of Columbia ("*Shatsky I*"). The district court in *Shatsky I* ruled that it had jurisdiction over Defendants but granted them summary judgment on the ground that they did not proximately cause the terrorist attack. The D.C. Circuit reversed and vacated, holding that the district court should have dismissed for lack of personal jurisdiction. However, the D.C. Circuit explained that, although Plaintiffs brought the case under the Anti-Terrorism Act, Plaintiffs might be able to establish personal jurisdiction over Defendants under the newly-enacted Promoting Security and Justice for Victims of Terrorism Act of 2019 (the "PSJVTA"). *See Shatsky v. Palestine Liberation Org*., 955 F.3d 1016, 1037 (D.C. Cir. 2020).

Defendants here seek leave to file motions to dismiss for lack of personal jurisdiction and for summary judgment [ECF #53; *see also* ECF #40, 43].  Plaintiffs, who likewise initially brought this case under the Anti-Terrorism Act, request that the Court hold Defendants' contemplated motions in abeyance and grant Plaintiffs the opportunity to conduct jurisdictional discovery to establish personal jurisdiction over Defendants under the PSJVTA [ECF #54; *see also* ECF #41, 42].  Defendants also argue that Plaintiffs' claims are "ripe for summary judgment based on the full [merits-based] discovery" conducted in *Shatsky I*.  Plaintiffs argue that the D.C. district court denied them certain discovery.

The Court has carefully reviewed the parties' letters, heard argument at a conference, *see* Transcript of Proceedings Dated November 6, 2020 [ECF #46], and reviewed the First Amended Complaint invoking the PSJTVA [ECF #50].  Defendants invite the Court to "avoid" the "complex" jurisdictional question and proceed directly to the merits [ECF #53 (citing 4 Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1067.6 (4th ed.)].  The Court declines this invitation.  *See In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 267 (2d Cir. 2001) (explaining that personal jurisdiction is a threshold question); *Chevron Corp. v. Naranjo*, 667 F.3d 232, 247 n.17 (2d Cir. 2012) (explaining that it "may" be appropriate to avoid a complex jurisdictional question, and proceed to the merits, when a court "indisputably has personal jurisdiction" over at least some defendants).  However, the Court sees no need for other discovery.  This case was stayed for two years while the parties litigated in D.C., through the summary judgment stage, a claim based on the same facts at issue here.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' request to conduct jurisdictional discovery is GRANTED.  The deadline to complete jurisdictional discovery is April 9, 2021.  IT IS FURTHER ORDERED that Defendants shall file their contemplated dispositive motions by

April 30, 2021.  Plaintiffs shall respond by May 14, 2021.  Defendants shall reply by May 21, 2021.

**SO ORDERED.**

**Date:  February 8, 2021**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**