UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

| | |
|---|---|
| SHABTAI SCOTT SHATSKY, individually and as personal representative of the Estate of Keren Shatsky, JO ANNE SHATSKY, individually and as personal representative of the Estate of Keren Shatsky, TZIPPORA SHATSKY SCHWARZ, YOSEPH SHATSKY, SARA SHATSKY TZIMMERMAN, MIRIAM SHATSKY, DAVID RAPHAEL SHATSKY, GINETTE LANDO THALER, individually and as personal representative of the Estate of Rachel Thaler, MICHAEL THALER, individually and as personal representative of the Estate of Rachel Thaler, LEOR THALER, ZVI THALER, ISAAC THALER, HILLEL TRATTNER, RONIT TRATTNER, ARON S. TRATTNER, SHELLEY TRATTNER, EFRAT TRATTNER, HADASSA DINER, YAEL HILLMAN, STEVEN BRAUN, CHANA FRIEDMAN, ILAN FRIEDMAN, MIRIAM FRIEDMAN, YEHIEL FRIEDMAN, ZVI FRIEDMAN and BELLA FRIEDMAN, | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/11/2021___

Case No. 18 Civ. 12355 (MKV)

Superseding Stipulation and Order Concerning Production of Confidential Documents and Information

Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION and THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian Interim Self-Government Authority" and/or "The Palestinian National Authority"),

Defendants.

———————————————————— x

IT IS HEREBY STIPULATED AND AGREED by the parties to this Action (each a "Party" and, together, the "Parties"), through their undersigned attorneys, that the following procedures shall govern with respect to (a) Documents and Information of any kind produced or exchanged in discovery in this Action, and Testimony given in this Action, and (b) Documents and Information of any kind previously produced or exchanged in discovery, and

Testimony given, in a prior litigation entitled *Shabtai Scott Shatsky, et al. v. The Syrian Arab Republic, et al.*, Civ. A. No. 02-2280 (RJL) ("*Shatsky I*") and made available for use in this Action pursuant to a stipulation and order that the Court approved on February 4, 2021 (Dkt. No. 59) (collectively, "Discovery Material"):

1.      In this Stipulation and Order, the words set forth below shall have the following meanings:

a.      "Action" means the above-captioned action, *Shabtai Scott Shatsky, et al. v. The Palestinian Liberation Organization, et al.*, Case No. 18 Civ. 12355 (MKV) (S.D.N.Y.).

b.      "Court" means the honorable court and/or any judge to which this Action is now or may later be assigned, including Court staff participating in such proceedings.

c.      "Confidential Material" means any Document, Information, or Testimony (each as defined below) designated as "Confidential" pursuant to the provisions of this Stipulation and Order or previously designated as "Confidential" in *Shatsky I*.

d.      "Designating Party" means any Party or non-party which designates any Document, Information, or Testimony (each as defined below) as "Confidential" pursuant to the provisions of this Stipulation and Order.

e.      "Document" means (i) any writing or record (including but not limited to electronically stored information) which has been produced in discovery in this Action or *Shatsky I*, including but not limited to initial disclosures and answers to interrogatories (other than objections and assertions of a lack of knowledge); and (ii) any copies, reproductions, excerpts, or summaries of all or any part of the foregoing.

f.      "Information" means the content of Documents or Testimony.

g. "Producing Party" means any Party or non-party which produces or otherwise discloses, communicates, or makes available any Document, Information, or Testimony in this Action.

h. "Receiving Party" means any Party to whom any Document, Information, or Testimony is produced or otherwise disclosed, communicated, or made available in this Action.

i. "Testimony" means all depositions in this Action and *Shatsky I* (including transcripts thereof and exhibits thereto), affidavits, declarations, or other testimony taken or used in this Action.

2. Any Party or person producing or disclosing Discovery Material in this Action may designate portions of such Discovery Material, as Confidential Material if such producing Party or person reasonably and in good faith believes the Discovery Material consists of:

a. Trade secrets or other proprietary, commercial, or highly sensitive governmental information;

b. Personal private medical (including mental health) information and records;

c. Financial records or financial information that is personal and confidential to any Party or third-party;

d. Any other information of a personal or intimate nature regarding any individual; or

e. Any other category of information afforded confidential status by the Court after the date of this Stipulation and Order.

Information or Documents may not be designated as Confidential Material if the Information or Documents are publicly available prior to designation.

3.      Discovery Material that has been designated by any Party as Confidential in *Shatsky I* shall be deemed Confidential Material for purposes of this Action and treated as such under the terms of this Stipulation and Order.  Discovery Material that was not designated by any Party as Confidential in *Shatsky I* may not be deemed Confidential Material for purposes of this Action, or designated as such under the terms of this Stipulation and Order.

4.      Nothing contained in this Stipulation and Order shall affect or restrict the rights of any Party or person with respect to its own Documents, Information, or Testimony produced in this Action or in *Shatsky I*.

5.      With respect to any Discovery Material or portion thereof (other than deposition Testimony, transcripts thereof, and exhibits thereto) that a Producing Party or person seeks to designate as Confidential Material, the Producing Party or person, or counsel for such Producing Party or person, may designate the relevant portion of such Discovery Material as Confidential Material by stamping or otherwise clearly marking as "Confidential" the protected Discovery Material or portion in a manner that will not interfere with legibility or audibility, or by providing written notice of the designation to counsel for all Parties at the time of production. Discovery Material shall be designated as Confidential Material prior to, or contemporaneously with, the production or disclosure of the Documents or conveyance of the Information. Inadvertent production of Discovery Material in this Action without a "Confidential" marking pursuant to this paragraph shall not be deemed a waiver, in whole or in part, of the right to subsequently designate the Discovery Material as Confidential Material, as otherwise allowed by this Stipulation and Order.

6.      Portions of deposition Testimony in this Action or exhibits thereto shall be treated as Confidential Material if designated as such on the record during the deposition, or by

written notice delivered to counsel for all Parties within 15 business days after receipt of the final transcript of such deposition by counsel for all Parties.  Such designation shall be specific as to the portions of the transcript or exhibits to be protected.  During the deposition, and until 15 business days following receipt of the final transcript of the deposition by counsel for each of the Parties, all Parties will treat the entire deposition transcript as if it had been designated as Confidential Material, if so requested by any Party.  All deposition Testimony and exhibits designated as Confidential in *Shatsky I* shall be treated as Confidential Material under this Stipulation and Order.

7.     If, not later than 60 days before the final pretrial conference in this Action, a Producing Party or person realizes that it inadvertently produced Discovery Material in this Action without designating such material as Confidential Material, the Producing Party or person may so designate such material by notifying counsel for all Parties in writing.  Thereafter, all persons subject to this Stipulation and Order will treat such designated portion(s) of the Discovery Material as Confidential Material. In addition, the Producing Party or person shall provide each Party with replacement versions of such Discovery Material that bear the "Confidential" designation as soon as practicable upon providing such notice.

8.     Nothing contained in this Stipulation and Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence; or (d) precluding a Party or person from seeking to amend the terms of this Stipulation and Order, including seeking additional or fewer confidentiality protections.

9.      Where a Designating Party has designated Discovery Material as Confidential Material, other persons subject to this Stipulation and Order may disclose, summarize, describe, characterize, or otherwise communicate or make available such information only to the following persons:

a.   The Parties (including employees, officers, agents, and representatives of the Parties who are actually engaged in assisting in the preparation of this Action for trial or other proceedings herein and have been advised of their obligations hereunder);

b.   The Parties' counsel, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this Action;

c.   As to any Document, its author, its addressee, and any other person indicated on the face of the Document as having received a copy;

d.   Any non-party witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action;

e.   Any person a Party retains to serve as an expert witness, consultant, or investigator, or to otherwise provide specialized advice to counsel in connection with this Action;

f.   Outside vendors or service providers that counsel for a Party hire and assign to this Action;

g.   Officers before whom Testimony is taken in this Action, including stenographic reporters and any necessary secretarial, clerical, audio/visual support personnel, or other personnel of such officer;

h.   This Court, and any appellate court to which this Action is later appealed;

i.   Any mediator or arbitrator that the Parties engage or that the Court appoints in this Action; and

j.   Any other person the Producing Party who produced such Confidential Material agrees in writing may have access to such material.

Any disclosure permitted by this paragraph may be made only to the extent reasonably necessary to prosecute and defend this Action.

10.     Before disclosing any Confidential Material to any person referred to in subparagraphs 7(d), 7(e), 7(f), or 7(i) above, counsel must provide a copy of this Stipulation and Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Stipulation and Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement and, upon written request, produce it to counsel for all Parties before such person is permitted to testify (at deposition or trial).

11.     This Stipulation and Order binds the Parties and certain others to treat as Confidential Material any Discovery Material so designated, absent any order by the Court declining to afford confidential treatment to such material.  The Court has not, however, made any finding regarding the confidentiality of any Discovery Material, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential Material.  The Court also retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential Material and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12.     In the event a non-party has produced Documents or Information in response to a subpoena or request, any Party receiving such Documents or Information from the non-party shall ensure that all other Parties receive copies of the non-party's production within five business days of the receiving Party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the Party receiving such Documents or

Information from the non-party shall notify all other Parties of its receipt of such production within three business days, and shall provide copies of the non-party production to all other Parties as soon as practicable.

13.     In the event a non-party produces in discovery in this Action any Document, Information, or Testimony qualifying under this Stipulation and Order for designation as Confidential Material, any Party may so designate such Document, Information, or Testimony.  In the case of deposition Testimony, designation shall be made by using the procedure set forth in Paragraph 6.  For all other Discovery Material, designation shall be made by written notice to counsel for all Parties within 15 business days following receipt of such Discovery Material by counsel for the Party wishing to make such designation.  Prior to the expiration of such 15-business-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Discovery Material produced or given by any non-party to this Action shall be treated as Confidential Material.

14.     Any Party who objects to any designation of confidentiality may at any time before the trial of this Action serve upon counsel for the Designating Party or person a written notice stating the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 3.D of this Court's Individual Practices.  In connection with any such application to the Court under this paragraph, the burden of proving that Discovery Material should be treated as Confidential Material shall rest with the Designating Party asserting confidentiality.

15.     Confidential Material (or any copies, summaries, or abstracts thereof) designated in the course of this Action or *Shatsky I* may be used solely for the prosecution and

defense of this Action and any appeals thereto, and not for any business, commercial, or competitive purpose, or in any other litigation proceeding.

16.     Any Receiving Party or other person receiving Confidential Material shall not reveal or discuss the Confidential Material or any Information therein to or with any person not entitled to receive such Confidential Material or Information under the terms of this Stipulation and Order.

17.     A Party who seeks to file with the Court any Confidential Material, or any pleading, brief, memorandum, or other document that discloses Confidential Material, shall file the pleading, brief, memorandum or other document on the ECF system in redacted form (the "Redacted Filing") until the Court renders a decision on any motion to seal and shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court (by email to Chambers) with (i) a clean and unredacted version of the filing and (ii) a copy of the document highlighting the information that has been redacted in the ECF filing.  If the Designating Party or person does not to move to seal within seven days of the Redacted Filing, the Party making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.  If the Designating Party or person makes a timely motion to seal, and the motion is granted by order of the Court, the filing Party shall ensure that all documents that are the subject of the order are filed in accordance with the procedures that govern the filing of sealed documents on the ECF system.  If the Designating Party's or person's timely motion to seal is denied, then the Party making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

18.     Any Document, Information, or Testimony that may be produced or provided by a non-party to this Action may be designated by such non-party as Confidential Material under the terms of this Stipulation and Order.

19.     Nothing in this Stipulation and Order will prevent any Party from producing any Confidential Material in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party, unless prohibited by law or court order from doing so, gives written notice via electronic mail transmission, along with a copy of the subpoena or other process, to the counsel of record for the Designating Party within three business days of receiving the subpoena or other process.  Upon receiving such notice, the Designating Party or person will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Designating Party or person deems it appropriate to do so.  The Party receiving the subpoena or other process shall inform the person seeking the Confidential Material that such information is subject to this Stipulation and Order.  No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process.

20.     Each person who has access to Discovery Material designated as Confidential Material pursuant to this Stipulation and Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material or the existence of such material.

21.     The inadvertent production or other disclosure of any Document, Information, or Testimony that is subject to the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery is not a waiver of such privilege or

immunity from discovery in this Action or any other proceeding, and will not constitute, and may not be argued to constitute, a waiver of any applicable privileges or immunities from discovery.

22.     The Parties and their counsel do not intend by this Stipulation and Order to waive their rights to any protection or privilege, including but not limited to the attorney-client privilege and the attorney work product doctrine, all of which the Parties expressly reserve.

23.     Any Party or person, upon learning that it has inadvertently produced or otherwise disclosed in discovery in this Action attorney-client privileged information, attorney work product, or any other protected or privileged Document, Information, or Testimony, shall promptly give all counsel of record written notice of the production.   Upon receiving such written notice, the Receiving Party must either (a) promptly return and/or destroy the documents or information and all copies, make a good faith effort to destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or protected information, and notify the Producing Party when this is complete, or (b) sequester such material pending further order of the Court.

24.     If a Receiving Party disputes a claim that documents or information produced or disclosed to it are privileged or protected, or that the disclosure or production was inadvertent, the Receiving Party may make a motion to compel or other appropriate submission to the Court and, in papers supporting such motion or submission, disclose to the Court the documents or information at issue, so long as any such motion is accompanied by a request that the Court place such papers under seal.   The Parties also must follow the procedures for submitting discovery disputes to the Court, if applicable.

25.     Within 60 days after the final disposition of this Action, including all appeals, all recipients of Confidential Material must either return such material (including all copies thereof) to the Producing Party or person, or destroy such material (including all copies thereof).  In either event, by the 60-day deadline, and if so requested by the Producing Party or person, the recipient must certify its return or destruction by submitting a written certification to the Producing Party or person that affirms that it has not, except as otherwise permitted by this Stipulation and Order, retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, exhibits, or attorney work product, even if such materials contain Confidential Material.  Any such archival copies that contain or constitute Confidential Material remain subject to this Stipulation and Order.  Any such archival copies must be clearly marked to reflect that they contain information subject to this Stipulation and Order and maintained as such.

26.     This Stipulation and Order supersedes the Order that the Court entered on February 4, 2021 regarding access to Discovery Materials produced or exchanged in discovery in *Shatsky I.*  (Dkt. No. 59).

27.     This Stipulation and Order shall be subject to modification on the motion of any Party.  The Stipulation and Order shall not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

28.     This Stipulation and Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Material is produced or disclosed.

29.   ~~The Court will retain jurisdiction to the extent necessary to enforce any~~
~~obligations arising under this Stipulation and Order~~.

Dated:  March 10, 2021

Cohen & Gresser LLP

By: _____
           Mark S. Cohen
           Stephen M. Sinaiko

800 Third Avenue
New York, New York   10022
(212) 957-7600
mcohen@cohengresser.com
ssinaiko@cohengresser.com

Ronald F. Wick (admitted *pro hac vice*)
2001 Pennsylvania Avenue, N.W.
Washington, D.C.   20006
(202) 851-2072
rwick@cohengresser.com

*Attorneys for Plaintiffs*

Squire Patton Boggs (US) LLP

By: _____
           Gassan A. Baloul (GB-4473)
           Mitchell R. Berger (MB-4112)

mitchell.berger@squirepb.com
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
gassan.baloul@squirepb.com
mitchell.berger@squirepb.com

*Attorneys for Defendants*

SO ORDERED:

Dated:   __March 11__, 2021
New York, New York

Hon. Mary Kay Vyskocil
United States District Judge

- 13 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

SHABTAI SCOTT SHATSKY, individually            :
and as personal representative of the Estate of
Keren Shatsky, JO ANNE SHATSKY,                :
individually and as personal representative of
the Estate of Keren Shatsky, TZIPPORA          :
SHATSKY SCHWARZ, YOSEPH SHATSKY,
SARA SHATSKY TZIMMERMAN, MIRIAM                :
SHATSKY, DAVID RAPHAEL SHATSKY,
GINETTE LANDO THALER, individually and as      :      Case No. 18 Civ. 12355 (MKV)
personal representative of the Estate of Rachel
Thaler, MICHAEL THALER, individually and as    :
personal representative of the Estate of Rachel
Thaler, LEOR THALER, ZVI THALER, ISAAC         :      Non-Disclosure Agreement
THALER, HILLEL TRATTNER, RONIT
TRATTNER, ARON S. TRATTNER, SHELLEY            :
TRATTNER, EFRAT TRATTNER, HADASSA
DINER, YAEL HILLMAN, STEVEN BRAUN,             :
CHANA FRIEDMAN, ILAN FRIEDMAN,
MIRIAM FRIEDMAN, YEHIEL FRIEDMAN,              :
ZVI FRIEDMAN and BELLA FRIEDMAN,
                                               :
                 Plaintiffs,
                                               :
           - against -
                                               :
THE PALESTINE LIBERATION
ORGANIZATION and THE PALESTINIAN               :
AUTHORITY (a/k/a "The Palestinian Interim
Self-Government Authority" and/or "The         :
Palestinian National Authority"),
                                               :
                 Defendants.
———————————————————————— x


        I,_____ , acknowledge that I have read, understand, and will

abide by the Stipulation and Order Concerning Production of Confidential Documents

and Information (the "Stipulation and Order") in this Action, including the provisions

governing use and disclosure of Discovery Material that has been designated as Confidential Material.  I agree that I will not disclose such Confidential Material to anyone other than for purposes of this Action, and that at the conclusion of the Action, I will return all Discovery Material to the Party or attorney from whom I received it.  By acknowledging these obligations under the Stipulation and Order, I understand that I am submitting to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under the Stipulation and Order and that my willful violation of any term of the Stipulation and Order could subject me to punishment for contempt of Court.

Name:

Dated: