March 24, 2021

By CM/ECF Posting

The Honorable Mary Kay Vyskocil
United States District Court
500 Pearl Street, Room 2230
New York, New York   10007-1312

      Re:    <u>Shatsky v. The Palestine Liberation Org.</u>, Case No. 18 Civ. 12355 (MKV)

Dear Judge Vyskocil:

      Pursuant to Rule 3(D) of Your Honor's Individual Rules, undersigned counsel for the parties respectfully submit this joint letter to request an informal conference regarding a dispute respecting Plaintiffs' document requests ("DR") and interrogatories directed to both Defendants, and Defendants' responses and objections to those discovery requests. Plaintiffs served these discovery requests pursuant to Your Honor's February 8, 2021 order authorizing "jurisdictional discovery to establish personal jurisdiction over Defendants under the [Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA")]." (Dkt. No. 60 at 2). The relevant factual issues under the PSJVTA are whether Defendants either: made "any payment" to recipients defined in 18 U.S.C. § 2334(e)(1)(A)(i) or (ii), in relation to terrorist acts that injured or killed a U.S. national; or, maintained "any office" or other facility, or engaged in "any activity", "in the United States" that is not exempt under the PSJVTA. 18 U.S.C. § 2334(e)(1)(B) & (3).

      Plaintiffs served their document requests and interrogatories (together, the "Requests") on February 8 and 10, respectively. (Exhs. A-C). Defendants served written responses and objections to the Requests on March 11 and 18, and produced ten redacted pages in response to DR No. 4. (Exhs. D-G). Conferences between the parties on March 16 and 18 failed to resolve the dispute.

*Plaintiffs' Position*

      This action arises from a suicide bombing at a pizzeria in the Israeli town of Karnei Shomron, which killed two teenage girls and injured four other U.S. citizens. In response to Plaintiffs' request for documents relating to Defendants' "pay-for-slay" payments that constitute consent to jurisdiction under the PSJVTA, Defendants have produced just *ten* heavily redacted pages, all apparently print-outs from databases maintained by Defendant The Palestinian Authority ("PA"). Those few pages appear to reflect payments made on or after April 18, 2020 in relation to Sadeq Hafez, the terrorist who died committing the attack here and whom Defendants officially consider a "martyr" for his murderous act, and three individuals who appear to be the perpetrators of attacks at issue in another pending Anti-Terrorism Act case where jurisdictional discovery under the PSJVTA is in progress. But those pages do not establish that the payments they reflect meet the other elements under 18 U.S.C. § 2334(e)(1)(A), or that *both* Defendants made the payments, and Defendants refuse to either produce documents concerning those elements or stipulate to them. Defendants' further suggestion – that the fact

The Honorable Mary Kay Vyskocil
March 24, 2021
Page 2

that Plaintiffs have *some* evidence as to those elements somehow makes discovery unnecessary – is frivolous. Defendants also refuse to provide information about "pay-for-slay" payments in relation to any other individuals, let alone "martyr files," "prisoner files" or other documents showing whether such payments were made "by reason of" an individual's death while, or imprisonment for, committing an act of terrorism that injured or killed U.S. nationals, as the PSJVTA requires. 18 U.S.C. § 2334(e)(1)(A). While Defendants imply that the few records they have produced are "sufficient" to establish that they satisfy the PSJVTA's "pay-for-slay" prong, they stop carefully short of conceding this. In addition, the *extent* of such payments will establish, *inter alia*, the U.S. government's strong interest in deterring Defendants' systematic practice of compensating the families of terrorists who have murdered U.S. nationals – which is relevant to the due process challenges to the PSJVTA that Defendants asserted in *Sokolow* and will presumably assert here. Thus, Plaintiffs should be permitted discovery relating to *all* jurisdiction-triggering payments, not just those selected by Defendants.

Defendants' position as to the U.S. activities and facilities prongs of the PSJVTA consent provision, 18 U.S.C. § 2334(e)(1)(B), is even more extreme. Defendants claim that they need not produce *any documents or information at all* relevant to those prongs because (a) they have produced a few pages relating to the PSJVTA's "pay-for-slay" prong; (b) they may admit, in response to Plaintiffs' requests for admissions, that they engage in certain U.S. activities reflected on the public record; and (c) *all* of their activities in the U.S. purportedly constitute or are "ancillary" to official U.N. business and thus "exempt from PSJVTA jurisdiction" under 18 U.S.C. § 2334(e)(3). (*See*, *e.g.*, Exh. E at 17-21). Given Plaintiffs' allegations that Defendants have engaged publicly in U.S. activities that are *not* ancillary to official U.N. business, Defendants cannot simply expect Plaintiffs (and Your Honor) to accept their self-serving assurance that the exemption applies to *all* of their U.S. activities. (Dkt. No. 50 ¶¶ 70-83). And having argued in *Sokolow* – as they surely will here – that their activities reflected in the public record fall within the U.N. exemption, Defendants cannot reasonably contend that publicly available documents are an adequate substitute for discovery designed to test their argument and identify additional U.S. activities of Defendants that may *not* be in the public record.[1]

In short, Defendants' position is that (i) they need produce discovery regarding only one of the PSJVTA's factual predicates, (ii) they need produce discovery regarding only a single act that might satisfy such predicate, and (iii) *they* get to choose which PSJVTA prong to litigate, which act to produce discovery about, and which discovery to produce – without foreclosing their right to argue that such discovery is insufficient to prove the factual predicates for their consent to jurisdiction under the PSJVTA and that *each* PSJVTA prong is unconstitutional as applied to them. Defendants may not unilaterally dictate the scope of discovery in this manner.

---

[1] There is no merit to Defendants' suggestion that Plaintiffs' requests constitute an "improper intrusion" into their records. Defendants do not and cannot cite any authority permitting them to evade discovery regarding the applicability of the U.N. exemption simply by asserting that the exemption applies.

The Honorable Mary Kay Vyskocil
March 24, 2021
Page 3

Plaintiffs have worked diligently to complete jurisdictional discovery within the 60-day period provided by the Court. Defendants' meritless objections have wasted more than half of that period, and have frustrated Plaintiffs' ability to take the depositions they have noticed. (*See* Dkt. No. 66). Thus, Plaintiffs intend to request that the Court extend the briefing schedule for Defendants' dispositive motions to allow Plaintiffs sufficient time to review and translate any additional documents produced by Defendants, and to take the depositions they have timely noticed, prior to opposing Defendants' personal jurisdiction motion.

*Defendants' Position*

Jurisdictional discovery must "be limited to the essentials necessary to determining the preliminary question of jurisdiction". *In re Ski Train Fire in Kaprun, Aus.*, 230 F. Supp. 2d 392, 400 (S.D.N.Y. 2002); *see also Esso Expl. & Prod. Nig. v. Nigerian Nat'l Petro. Corp.*, No. 14-8445, 2017 U.S. Dist. LEXIS 90051, at *12 (S.D.N.Y. May 15, 2017) (jurisdictional discovery "requests must be narrowly tailored to cull only the 'specific facts crucial' to the [relevant] issue"). Consistent with those principles, this Court granted "Plaintiffs' request to conduct jurisdictional discovery" (ECF 60, at 2), after Plaintiffs represented they were "target[ing]…payments after April 18, 2020" or other "jurisdiction-creating conduct" under the PSJVTA. Pltfs.' Ltr., Oct. 13, 2020, ECF No. 41 at 2-3. The Court's Order followed its "review[] [of] the First Amended Complaint invoking the PSJVTA" (ECF 60, at 2), whose filing the Court directed to ensure a clear record of Plaintiffs' PSJVTA jurisdictional theory. Conf. Tr., Nov. 6, 2020 (ECF No. 46) at 34-36.

Under Plaintiffs' PSJVTA theory as alleged, Defendants have provided sufficient jurisdictional discovery. That is because Plaintiffs contend that "any payment" after April 18, 2020, falling within either disjunctive sub-part of 18 U.S.C. § 2334(e)(1)(A)(i) or (ii) alone provides "consent[] to personal jurisdiction" under the PSJVTA. Am. Compl. ¶ 40. That "***any*** payment" language forecloses Plaintiffs' new focus on "systematic practice" payments.

Defendants produced documents evidencing payments after April 18, 2020, to: survivors of Sadeq Hafez, who committed the Karnei Shomron "terrorist attack" that "killed … U.S. nationals" (*Shatsky v. PLO*, 292 F. Supp. 3d 188, 195 (D.D.C. 2017); *Shatsky v. PLO*, Case No. 02-2280 (RJL), 2017 U.S. Dist. LEXIS 94946, *2 (D.D.C. June 20, 2017)); *see* 18 U.S.C. § 2334(e)(1)(A)(i); and three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (Am. Complt., Exh. A (ECF #50-1, 5), (lines 17-19)), consistent with judicial findings that the Umm Safah "terrorist attack" killed "Esther Klieman, an American." *Est. of Klieman v. Palestinian Auth.*, 923 F.3d 1115, 1118-19 (D.C. Cir. 2019); *Est. of Klieman v. Palestinian Auth.*, 82 F. Supp. 3d 237, 239 (D.D.C. 2015); *see* 18 U.S.C. § 2334(e)(1)(A)(ii).

In addition, Plaintiffs have other evidence addressing the PSJVTA predicate that the Karnei Shomron attack was "an act of terrorism that injured or killed a national of the United

The Honorable Mary Kay Vyskocil
March 24, 2021
Page 4

States". *E.g.*, Lowell Declaration, ECF No. 330, *Shatsky v. PLO*, No. 02-2280 (RJL) (D.D.C.), and Exhibits 25 and 26 thereto (filed under seal).[2] Further, the produced documents show that the Hafez payments were made by the PA, whereas prisoner payments, like the *Klieman*-related ones, were made by the PLO (http://www.plo.ps/category/125/1/), addressing Plaintiffs' question whether "*both* Defendants made the payments." Further mooting that issue, Plaintiffs' Amended Complaint (¶¶ 47-48) cites the U.S. government's position that such payments are made by "the PA … through the PLO."

With evidence of these payments, the remaining PSJVTA issues are entirely ones of law, primarily whether due process barred Congress from changing, after-the-fact, the jurisdictional rules that required dismissal of the identical predecessor *Shatsky I* lawsuit. Those legal issues are previewed in Defendants' PSJVTA brief in *Sokolow v. PLO*, No. 04-cv-00397 (S.D.N.Y.) (GBD), ECF No. 1021, p. 10-20 (Jan. 8, 2021) (previously filed with this Court at ECF No. 56). Defendants will address them further in their dispositive motions due April 30, 2021. The factual record on PSJVTA predicates here is now more robust than the factual record on which Judge Daniels is considering the applicability of the PSJVTA to Defendants in *Sokolow*.

Plaintiffs provide no reason why jurisdictional discovery should go beyond establishing "any payment" under 18 U.S.C. § 2334(e)(1)(A), which their own amended complaint (¶40) alleges is sufficient to litigate whether the PSJVTA can provide jurisdiction over Defendants. Plaintiffs therefore must have some merits-related reason for pursuing cumulative jurisdictional discovery, which is contrary to Your Honor's determination that "the Court sees no need for other discovery." Order (ECF 60) at 2.

Regardless, Defendants offered during the meet-and-confer process to provide confirmation, subject to verifying quoted material, of multiple Requests for Admission (## 66-71, 74-91) that expressly track Plaintiffs' jurisdictional allegations (Am. Compl. ¶¶ 70-71, 75-78, 81) concerning the disjunctive PSJVTA predicate for activities "in the United States", 18 U.S.C. § 2334(e)(1)(B). While discovery concerning a disjunctive PSJVTA predicate is cumulative, these admissions will squarely address Plaintiffs' US-presence theory relating to Palestine's UN Mission, while avoiding improper intrusion into the Mission's records. *See* UN Repertory of Practice of UN Organs: Supp. 7, Vol. VI, Arts. 104-105, at 54 (1995-1999) (noting that a mission's protection includes "inviolability of papers and documents connected with their relations with the United Nations, including on their mission premises"). Plaintiffs also have noticed third-party depositions to explore still other US-presence allegations under this disjunctive predicate. No additional jurisdictional discovery is needed to establish a factual basis for the Court to adjudicate the legal question whether the PSJVTA can supply jurisdiction.

---

[2] Plaintiffs do not require additional discovery to establish that payments "were made 'by reason of' an individual's having committed an act of terrorism that injured or killed U.S. nationals." The PSJVTA requires only any payment made "by reason of" "such" individual's death or imprisonment, not that the payment was made because the individual injured or killed a U.S. national. 18 U.S.C. § 2334(e)(1)(A).

The Honorable Mary Kay Vyskocil
March 24, 2021
Page 5

\*     \*     \*     \*

Thank you for your consideration.

Respectfully submitted,

| | |
|---|---|
| Stephen M. Sinaiko | Gassan A. Baloul |
| Ronald F. Wick | Mitchell R. Berger |
| Cohen & Gresser LLP | Squire Patton Boggs (US) LLP |
| 800 Third Avenue | 2550 M Street, N.W. |
| New York, New York   10022 | Washington, D.C.   20037 |
| (212) 957-9756 | (202) 457-6000 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants Palestinian Authority and the Palestine Liberation Organization* |

Attachments

cc:  All Counsel (by CM/ECF Posting)