# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

SHABTAI SCOTT SHATSKY, individually
and as personal representative of the Estate of
Keren Shatsky, JO ANNE SHATSKY,
individually and as personal representative of
the Estate of Keren Shatsky, TZIPPORA
SHATSKY SCHWARZ, YOSEPH SHATSKY,
SARA SHATSKY TZIMMERMAN, MIRIAM
SHATSKY, DAVID RAPHAEL SHATSKY,
GINETTE LANDO THALER, individually and as
personal representative of the Estate of Rachel
Thaler, MICHAEL THALER, individually and as
personal representative of the Estate of Rachel
Thaler, LEOR THALER, ZVI THALER, ISAAC
THALER, HILLEL TRATTNER, RONIT
TRATTNER, ARON S. TRATTNER, SHELLEY
TRATTNER, EFRAT TRATTNER, HADASSA
DINER, YAEL HILLMAN, STEVEN BRAUN,
CHANA FRIEDMAN, ILAN FRIEDMAN,
MIRIAM FRIEDMAN, YEHIEL FRIEDMAN,
ZVI FRIEDMAN, and BELLA FRIEDMAN,

> Plaintiffs,

- against -

THE PALESTINE LIBERATION
ORGANIZATION and THE PALESTINIAN
AUTHORITY (a/k/a "The Palestinian Interim
Self-Government Authority" and/or "The
Palestinian National Authority"),

> Defendants.

———————————————————————— x

:
:
:
:
:
:   Case No. 18 Civ. 12355 (MKV)
:
:   Plaintiffs' First Set of Interrogatories to
:   The Palestinian Authority in Connection
:   with Jurisdictional Discovery
:
:
:
:
:
:
:
:
:
:

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 33 of the Federal Rules

of Civil Procedure (the "Federal Rules"), the Local Civil Rules of this Court (the "Local Rules"),

and the Court's Order dated February 8, 2021 (Dkt. No. 60), Plaintiffs request that Defendant

The Palestinian Authority answer in writing and under oath the following interrogatories

("Interrogatories"), within 30 days of service of these Interrogatories, in accordance with the

Federal Rules, the Local Rules, and the definitions and instructions set forth below.  Answers to these Interrogatories shall be supplied to Plaintiffs' attorneys Cohen & Gresser LLP, Att'n: Stephen M. Sinaiko, 800 Third Avenue, New York, New York 10022.

<u>Definitions</u>

      1.    The definitions set forth in Rule 26.3(c) of the Local Rules are incorporated herein by reference and apply to these Interrogatories.

      2.    "Benefit" means any tangible or intangible benefit of any kind to a person, including payments of money to or for the benefit of such person, delivery of securities or other property to or for the benefit of such person, providing employment to such person, and increasing such person's salary or rank.

      3.    "Defendant" means PLO and/or PA, and includes but is not limited to the Commission for Prisoners and Ex-Prisoners, Department of Diplomacy and Public Affairs, General Department of Prisoners and Ex-Prisoners, General Department of the Police, General Intelligence Service, Institute for the Care of the Injured and the Martyrs' Families a/k/a Foundation for the Care of the Families of Martyrs, or Foundation Care/Families of Martyrs & Wounded, Ministry of Education, Ministry of Finance, Ministry of Foreign Affairs, Ministry of the Interior and National Security, Ministry of Social Affairs, Ministry of Prisoners Affairs, Ministry for Prisoners and Ex-Prisoners, Mission to the United Nations, National Security Organization and Administration Institution, Palestine National Fund, Preventative Security Service, Public Security Administration, Public Security Organization and Administration Institution, Security Forces Organization and Administration Institution, and any predecessor or successor to any of the foregoing.

- 2 -

4.      "Designee" means any person designated by another person, including by a Prisoner, a Martyr, or a Defendant, to receive any payment or other Benefit.

5.      "FASC" means the First Amended and Supplemental Complaint that Plaintiffs filed in this action on November 25, 2020 (Dkt. No. 50).

6.      "Including" means "including without limitation."

7.      "Identify," when used in connection with an entity, institution, organization, agency, unincorporated association, fictitious entity, or any other legal entity, means to provide (a) the entity's legal name, as well as any "doing business as" or other trade names or aliases; (b) the address of its principal office; (c) the type of entity; and (d) the jurisdiction under whose laws the entity is or was organized.

8.      "Investigation File" means a document or set of documents concerning an investigation by or on behalf of a Defendant concerning an individual or an incident, and includes without limitation any document created or maintained by any branch of the Palestinian Security Forces, including the Preventative Security Service and the General Intelligence Service.

9.      "Martyr" means any individual (a) who died while committing, conspiring to commit, or participating in, any act or series of acts that injured or killed a National of the United States; or (b) whose death resulted from committing, conspiring to commit, or participating in the commission of any such act or series of acts.

10.      "Martyr File" means a collection of documents concerning an application by a family member, family, Designee, or other beneficiary of a Martyr for benefits or recognition in light of such individual's death, and includes documents concerning the consideration, processing, approval, or disapproval of such an application, including the

complete paper file from the PA's Ministry of Social Affairs and any predecessor or successor thereto.

11.    "Martyr Payment" refers to a provision of money or other Benefit by a Defendant, directly or indirectly, to a family member, the family, a Designee, or any other beneficiary of a Martyr, by reason of the Martyr's death.

12.    "National of the United States" has the meaning given such term in 18 U.S.C. § 2331(2).

13.    "PA," "you," and "your" means and refers to The Palestinian Authority a/k/a The Palestinian National Authority, and includes any administration, agency, association, authority, bureau, center, commission, council, department, directorate, division, establishment, foundation, institute, institution, instrumentality, ministry, mission, organization, office, organ, or unit of or controlled by or under common control with The Palestinian Authority; anyone acting on behalf of, or at the direction of, The Palestinian Authority; and any predecessor or successor in interest, agent, representative, employee, consultant, attorney, or entity acting under the direction or control of any of the foregoing.

14.    "PLO" means The Palestine Liberation Organization, and includes any administration, agency, association, authority, bureau, center, commission, council, department, directorate, division, establishment, foundation, institute, institution, instrumentality, ministry, mission, organization, office, organ, or unit of or controlled by or under common control with The Palestine Liberation Organization; anyone acting on behalf of, or at the direction of, The Palestine Liberation Organization; and any predecessor or successor in interest, agent, representative, employee, consultant, attorney, or entity acting under the direction or control of any of the foregoing.

- 4 -

15.     "Prisoner" means any living or deceased individual who has been imprisoned or detained for committing, conspiring to commit, or participating in any act or series of acts that injured or killed a National of the United States.

16.     "Prisoner File" means a collection of documents concerning an application by a Prisoner, or a family member, family, Designee, or other beneficiary of a Prisoner, for benefits or recognition in light of such Prisoner's imprisonment or former imprisonment, and includes without limitation documents concerning the consideration, processing, approval, or disapproval of such an application.

17.     "Prisoner Payment" means a payment of money or other Benefit by a Defendant, directly or indirectly, to a Prisoner or a family member, family, Designee, or other beneficiary of a Prisoner to receive such payment or other Benefit, pursuant to Palestinian Authority Law No. 14 and/or No. 19 of 2004, Palestinian Authority Government Decision No. 23 of 2020, or any successor or amendment, or any related provision of Palestinian law, regulation, policy, custom or practice.  The term "Prisoner Payment" includes (a) a payment of money or provision of a Benefit to a family member, family, Designee, or other beneficiary of a Prisoner who was imprisoned at the time of payment; (b) a payment for the use of a Prisoner, including a Benefit or expense relating to the Prisoner's imprisonment, regardless of whether such Prisoner is employed by a Defendant; (c) a payment of money or provision of a Benefit to an individual who was formerly imprisoned but is not currently imprisoned, whether styled as a "loan," "salary," or otherwise, if such payment or Benefit was approved by or in coordination with the Commission for Prisoners and Ex-Prisoners' Affairs or a related, affiliated, predecessor, or successor entity; (d) a payment of money or provision of a Benefit on behalf of a person who was formerly imprisoned or the family member or other Designee of an individual who was

imprisoned at the time of payment, such as the payment of any debt or obligation for benefits

such as tuition or health care; (e) a payment of money or provision of a Benefit to any former

prisoner who is or was an employee of a Defendant and who receives any credit, such as

increased rank, seniority, or salary, due to his or her time in prison; and (f) any Benefit provided

by or through or in coordination with the Commission for Prisoners and Ex-Prisoners' Affairs or

a related, affiliated, predecessor, or successor entity.

<u>Instructions</u>

1.      The rules of construction set forth in Rule 26.3(d) of the Local Rules are

incorporated herein by reference and apply to these Interrogatories.

2.      In your written response to these Interrogatories, please restate each

Interrogatory immediately prior to your response thereto.

3.      Each of the following Interrogatories shall be answered separately and

fully in writing.   The answers shall be signed and verified by the person making them.

Objections, if any, shall be signed by the attorney making them.

4.      In responding to these Interrogatories, you shall produce all responsive

information in your possession, custody, or control, or in the possession, custody, or control of

your agents, attorneys, employees, consultants, or other representatives.

5.      Although some of the Interrogatories may overlap, each Interrogatory

shall be construed independently, and no Interrogatory should be read as limiting any other

Interrogatory.

6.      If, in responding to these Interrogatories, you claim any ambiguity in

interpreting an Interrogatory or a Definition or Instruction applicable thereto, you should not rely

on such claim of ambiguity as a basis for refusing to respond, but you shall set forth, as part of

your response to such Interrogatory, the language you claim to be ambiguous and the interpretation chosen in responding to the Interrogatory.

7.      For the purpose of reading, interpreting, and construing the scope of these Interrogatories, terms not specifically defined shall be given their most expansive and inclusive interpretation.

8.      These Interrogatories shall not be construed as a waiver or abridgment of, and are not intended to waive or abridge, any of Plaintiffs' claims or arguments, or any objection to any discovery requests Defendants may serve, nor shall these Interrogatories be construed as an admission of fact or any legal concession.

9.      Where an Interrogatory requests specific information, if the precise information is unknown to you, approximate the requested information as precisely as you are reasonably capable of doing, and indicate that you have done so.

10.     When, after a reasonable and thorough investigation, you are unable to answer any Interrogatory, or any part thereof, because of a lack of information available to you, specify in full and complete detail the reason the information is not available to you and what has been done to locate such information.  In addition, specify what knowledge or belief you have concerning any unanswered portion of the Interrogatory and set forth the facts upon which such knowledge is based.

11.     Where an Interrogatory does not specifically request particular facts, but such facts are necessary to make the answer to the Interrogatory understandable, complete, and/or not misleading, you shall include all such facts as part of the answer, and the Interrogatory shall be deemed to request all such facts.

- 7 -

12.     Your obligation to respond to these Interrogatories is continuing in nature. If, subsequent to serving your responses to these Interrogatories, you locate, find, acquire, create, or become aware of additional responsive information, you must promptly supplement your responses with such additional information, as required by Rule 26(e) of the Federal Rules.

<u>Interrogatories</u>

1.     Identify each financial institution or intermediary that played any role in processing, transferring, depositing, distributing, accepting, holding, or making any Martyr Payment or Prisoner Payment on or after April 18, 2020, and any such institution with a branch or office in the United States through which the Martyr Payment or Prisoner Payment was made.

2.     For each of the individuals listed on Exhibit A to the FASC as "Individuals who died participating in terror attacks that killed or injured U.S. nationals":

(a)     State the amount, date, recipient, and method of each Martyr Payment concerning such individual made on or after April 18, 2020; and

(b)     If you dispute that such individual died while committing an act of international terrorism, within the meaning of the Antiterrorism Act, 18 U.S.C. § 2331, *et seq*., state all bases for your contention.

3.     For each of the individuals listed on Exhibit A to the FASC as "Individuals who were convicted of participating [in] terror attacks that killed or injured U.S. nationals":

(a)     State the amount, date, recipient, and method of each Prisoner Payment related to such individual made on or after April 18, 2020;

(b)     If you dispute that such individual was imprisoned for committing any act of international terrorism, within the meaning of the Antiterrorism Act, 18 U.S.C. § 2331, *et seq*., state all bases for your contention; and

(c)     If you dispute that such individual was so imprisoned after being fairly tried, state all bases for your contention.

4.     For each of the individuals listed on Exhibit A to the FASC as "Individuals who pled guilty to participating in terror attacks that killed or injured U.S. nationals":

(a)     State the amount, date, recipient, and method of each Prisoner Payment related to such individual made on or after April 18, 2020;

(b)     If you dispute that such individual was imprisoned for committing any act of international terrorism, within the meaning of the Antiterrorism Act, 18 U.S.C. § 2331, *et seq*., state each and every basis for your contention; and

(c)     If you dispute that such individual was so imprisoned after pleading guilty, state all bases for your contention.

5.     Identify each person to whom you sent, directly or indirectly, a Martyr Payment or Prisoner Payment on or after April 18, 2020.

6.     Identify each person who, on or after January 4, 2020:

(a)     Provided labor or services to you or on your behalf while physically present in the United States;

(b)     Conducted any activity on behalf of or in conjunction with you, for your benefit, or under your control while physically present in the United States; or

(c)     Was paid or reimbursed by you for any reason in connection with travel to the United States, or activities in the United States.

7.     Identify each person responsible for the administration, management, or posting of content on any website or social media account maintained on your behalf on or after January 4, 2020 while such person was physically present in the United States, including the website palestineun.org, the Twitter account @Palestine_UN, and the Facebook account @Palestine.at.un.

8.     Identify each person with knowledge of any activity conducted on your behalf or in conjunction with you, for your benefit, or under your control on or after January 4, 2020, by any individual while physically present in the United States.

Dated: New York, New York
       February 10, 2021

Cohen & Gresser LLP

By: _____ */s/ Stephen M. Sinaiko* _____
         Stephen M. Sinaiko
800 Third Avenue
New York, New York   10022
(212) 957-7600
*ssinaiko@cohengresser.com*

Ronald F. Wick (Admitted *Pro Hac Vice*)
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC   20006
(202) 851-2070
*rwick@cohengresser.com*

*Attorneys for Plaintiffs*

- 10 -