# Exhibit D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____
                      )

SHABTAI SCOTT SHATSKY, *et al*.,  )
                      )

         Plaintiffs,   )        Case No. 18-cv-12355 (MKV)

                      )

      v.             )

                      )

THE PALESTINE LIBERATION    )
ORGANIZATION and          )
THE PALESTINIAN AUTHORITY,  )

                      )

         Defendants.  )
_____ )

## DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS IN CONNECTION WITH JURISDICTIONAL DISCOVERY

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") (together, "Defendants"), by and through their undersigned counsel, hereby serve the following Amended Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents, Electronically Stored Information and Things in Connection with Jurisdictional Discovery (the "Requests").

## GENERAL OBJECTIONS

1.     The Court's February 8, 2021, Order (ECF No. 60) granted Plaintiffs' request for "targeted jurisdictional discovery" on the factual predicates of the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA"), (Plaintiffs' Letter, Oct. 13, 2020, ECF No. 41 at 1), consistent with "the 'limited jurisdictional discovery'" allowed in this Circuit (*id*. at 2, quoting *City of New York v. Permanent Mission of India*, 618 F.3d 172, 176 (2d Cir. 2010)).  *See*

*also In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-01570, 2020 U.S. Dist. LEXIS 247190, at *358 (S.D.N.Y. Jan. 3, 2020) (Netburn, U.S.M.J.) (courts have an "obligation to conduct jurisdictional discovery narrowly"); *Esso Expl. & Prod. Nig. v. Nigerian Nat'l Petro. Corp.*, No. 14-8445, 2017 U.S. Dist. LEXIS 90051, at *12 (S.D.N.Y. May 15, 2017) (in jurisdictional discovery "requests must be narrowly tailored to cull only the 'specific facts crucial' to the [relevant] issue").  At the same time, the Court's February 8, 2021, Order provided: "However, the Court sees no need for other discovery."  ECF No. 60, at 2.  Defendants accordingly object to the Requests to the extent that they exceed the scope of jurisdictional discovery targeted at the factual predicates of the PSJVTA and thereby necessarily fall within the scope of other discovery that the Court disallowed.

2.      The Court granted PSJVTA-related jurisdictional discovery (ECF No. 60) based on Plaintiffs' representations that they needed to examine "the existence" of "payments after April 18, 2020" (ECF No. 41 at 2), and to review alleged "jurisdiction-creating conduct" (*id*. at 3), within the scope of the PSJVTA.  *See also Estate of Klieman v. Palestinian Auth*., No, 04-1173, Memo. Op. and Order, DE-298 (D.D.C. Dec. 2, 2020) (allowing jurisdictional discovery in a look-alike case "so long as it is narrowly tailored" to "the narrow issues encapsulated in the predicates established by the PSJVTA").  Plaintiffs argued that the PSJVTA's factual predicates would be fulfilled by any such payment after April 18, 2020 (*id*. at 2-3).

3.      Discovery targeted at resolving the PSJVTA's factual predicates is limited to only what is "essential" or "necessary."  *See In re Ski Train Fire in Kaprun, Aus*., 230 F. Supp. 2d 392, 400 (S.D.N.Y. 2002) (jurisdictional discovery must "be limited to the essentials necessary to determining the preliminary question of jurisdiction" and "target[] information pertinent to the well-established factors involved in a jurisdictional inquiry" (quotation marks and citations

removed)); *see also Chong v. Healthtronics, Inc.*, No. 06-1287, 2007 U.S. Dist. LEXIS 45956, at *25 (E.D.N.Y. June 20, 2007) (granting jurisdictional discovery "limited to the facts necessary to establish general jurisdiction under a 'mere department' theory"); *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 599 (S.D.N.Y. 2017) (rejecting plaintiffs' "attempt to gain broad discovery that goes as much to the heart of plaintiffs' claims on the merits as it does the jurisdictional issues."); *Friedman v. SThree PLC*, No. 14-0378, 2015 U.S. Dist. LEXIS 192930, at *13 (D. Conn. July 1, 2015) ("Friedman's discovery will be limited to facts necessary for resolving jurisdictional issues.").

4.     The applicability of the PSJVTA to Defendants in this action is primarily a legal question, as demonstrated by Defendants' brief regarding the applicability of the PSJVTA in *Sokolow v. PLO*, No. 04-cv-00397 (S.D.N.Y.) (GBD), ECF No. 1021, p. 10-20 (Jan. 8, 2021) ("Defendants' *Sokolow* Brief") (previously filed with this Court at ECF No. 56).  Defendants accordingly object to jurisdictional discovery that seeks factual information in excess of what is necessary to litigate applicability of the factual predicates of the PSJVTA to Defendants, on the ground that such discovery is broader than necessary to accomplish that purpose and is therefore not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).  *See Jenkins v. Miller*, No. 12-184, 2014 U.S. Dist. LEXIS 203475, at *8 (D. Vt. Mar. 19, 2014) (interrogatory asking for "any communication" was overly broad because jurisdictional discovery was limited to facts that could actually create personal jurisdiction).

5.     The Requests are focused on merits discovery and in excess of what is necessary to litigate the PSJVTA, and they improperly seek information apparently to support claims in unrelated litigation, including information concerning over 175 individuals and families identified by Plaintiffs allegedly associated with terrorist attacks dating back to the 1960s that are unrelated

to the one attack at issue in this litigation and that pre-date the effective date of the PSJVTA.

6.      Plaintiffs already are in possession of documents responsive to some of the Requests as a result of the merits discovery taken in *Shatsky v. PLO*, No. 02-2280 (RJL) (D.D.C.) ("*Shatsky I*").

7.      The Requests ask for decades of sensitive security records and financial files, and as such are not proportional to the needs of this case, particularly in light of the defined factual predicates for jurisdiction under the PSJVTA.  *See, e.g., Greer v. Carlson*, No. 20-05484, 2020 U.S. Dist. LEXIS 190499, at *15 (S.D.N.Y. Oct. 14, 2020) ("In determining the scope of the limited jurisdictional discovery to permit, the Court is mindful of the need for proportionality; that is, the discovery permitted must be proportional to the current needs of the case.") (citing *Carl v. Edward*s, No. 16-cv-03863, 2017 U.S. Dist. LEXIS 156378 (E.D.N.Y. Sept. 25, 2017) (court has "duty to ensure, in accordance with Rule 26(b)(1) that the discovery sought by Plaintiff—even in the limited jurisdictional context—is both relevant and proportional in light of the particular facts and circumstances of this case")).

8.      The Requests improperly seek Palestinian General Intelligence Service ("GIS") files regarding hundreds of individuals associated with attacks going back to the 1960s.  Those files are protected by the state secrets privilege, because they contain sensitive law enforcement information, intelligence-gathering methods and capabilities, and other top-secret intelligence information that is critical to the security and safety of Israel and Palestine and Israel.  In *Gilmore v. Palestinian Interim Self-Government. Auth*., the district court denied production of similar GIS files because they were not relevant, not admissible, and would undermine important Palestinian security interests.  *See Gilmore*, No. 01-cv-00853, Dkt. 314, ¶¶ 1-3 (D.D.C. Jan. 6, 2013).  After balancing the *Societe Nationale* factors, the court concluded that the harms caused by disclosure

of GIS files were "exactly the harms that the state secrets privilege seeks to protect against." *Gilmore*, Amended Order, Dkt. 350, ¶ 1-2 (D.D.C. Nov. 27, 2013) (discussing *Societe Nationale Industreille Aeropastiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522 (1987)); *see also Gilmore*, 8 F. Supp. 3d 1, 8 (D.D.C. 2014) (holding *Societe Nationale* analysis is equally available to "foreign litigants" and "foreign states"). The D.C. Circuit affirmed that conclusion on appeal. *Gilmore*, 843 F.3d 958, 968 (D.C. Cir. 2016) (affirming the district court's analysis).

9.     The Requests exceed the scope of jurisdictional discovery by seeking virtually every document, financial and otherwise, created or reviewed by the PLO's UN Mission since July 1, 2019.

10.     The Requests improperly seek documents concerning Defendants' activities in the United States that do not support jurisdiction under the PSJVTA, including documents related to: (i) any office used, or activity conducted, in the United States "exclusively for the purpose of conducting official business of the United Nations"; (ii) any "activity undertaken exclusively for the purpose of meetings with officials of the United States or other foreign governments"; and (iii) any "personal or official activities" conducted "ancillary" to diplomatic activities. *See* Defendants' *Sokolow* Brief at 10-20. Because the PSJVTA expressly provides that such activities do *not* constitute a basis for jurisdiction over Defendants, these Requests are not narrowly tailored to establishing the factual predicates for jurisdiction under the Act.

11.     The Requests improperly seek documents from the PLO's Mission to the United Nations that are protected by diplomatic and UN Mission privileges. *See, e.g., Waldman v. PLO,* 925 F.3d 570, 574-75 (2019) ("The Observer Mission is not considered to be within the jurisdiction of the United States. … Nothing in *Klinghoffer* suggests that the PLO's engaging in activities unrelated to its observer status transforms the PLO's Observer Mission into an office or other

facility for the PLO "'within the jurisdiction of the United States.'") (citation omitted).  Various treaties provide for the inviolability of the records of UN missions, yet the Requests seek every financial document from the PLO's UN Mission (including salary information, lunch receipts, and Uber bills), in addition to, for example under Document Request #28, all internal documents surrounding President Abbas' visit to the Security Council to discuss President Trump's proposed peace plan.

12.     The Requests improperly use definitions that are inconsistent with the predicates for jurisdiction stated in the PSJVTA.  The Requests that rely on those definitions exceed the "narrowly tailored" jurisdictional discovery authorized by the Court, which was limited to that necessary to litigate the factual predicates of the PSJVTA to this action.  Defendants accordingly object to the following definitions:

a.     Defendants object to Definition 2 ("Defendant" and "You"), which purports to include within the PA and/or the PLO individuals and entities that are not agents or subsidiaries of, or otherwise under the control of, the PA or the PLO.

b.     Defendants object to Definition 5 ("Foreign Terrorist Organization"), and particularly the phrase "designated by the United States of America under United States law as a foreign terrorist organization," which is ambiguous, overbroad, and does not include temporal limitations, and thus purports to apply even before an organization is so designated.

c.     Defendants object to Definition 8 ("Martyr"), and particularly the phrases "directly or indirectly," "committing, or conspiring to commit, or participating in," and "any intentional act," because it goes far beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  The definition is overbroad and renders the Requests not proportional to the needs of the case in that it purports to include within its scope

individuals or payments not within the scope of 18 U.S.C. § 2334.  While the PSJVTA requires martyrs to have "commit[ed] <u>an act of terrorism,</u>" Plaintiffs' define Martyrs only as individuals who have "committed" or "conspire[ed] to commit" "an intentional act."

d.     Defendants object to Definition 10 ("Martyr Payment"), and particularly the phrase "or tangible benefit," because it is not limited to the areas specified in the PSJVTA as required by the Court.  The PSJVTA addresses only "payment[s]" made "by reason of the death of such individual."  *See* 18 U.S.C. § 2334.  The Requests define "Martyr Payment" in a manner that is inconsistent with the narrow scope of the PSJVTA in two primary ways: first, the Requests define Martyr Payments to include "any payment *or tangible benefit,*" while the PSJVTA is limited to "payments"; and second, the Requests define "Martyr Payment" to include "any payment or tangible benefit" provided for any reason, while the PSJVTA specifically requires a "payment" linked to an act of terrorism harming a U.S. national.

e.     Defendants object to Definition 13 ("Prisoner"), and particularly the phrases "committing, or conspiring to commit" and "any intentional act," because it improperly goes well beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  While the PSJVTA requires prisoners to have committed an act of terrorism, the Requests define Prisoners as those who "committed" or "conspire[d] to commit" "an intentional act."  The Requests also expand Prisoners to include any individual "who has been imprisoned or detained," removing the PSJVTA's requirement that a prisoner must be "fairly tried" or have "[pled] guilty."  Definition 13 is thus overbroad and not proportional to the limited nature of jurisdictional discovery in that it purports to include within its scope individuals or payments not within the scope of 18 U.S.C. § 2334.

7

f.     Defendants object to Definition 15 ("Prisoner Payments"), and particularly the phrases "or tangible benefit" and "any other tangible benefit," because it is beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  The PSJVTA addresses only "payments" made "by reason of such imprisonment."  *See* 18 U.S.C. § 2334(e)(1)(A).  The Requests impermissibly broaden the definition of "Prisoner Payments" to include "any payment *or tangible benefit*" made *for any reason*.  Definition 15 is overbroad and not proportional to the needs of the case in that it purports to include within its scope "payments or tangible benefits" that are not within the scope of 18 U.S.C. § 2334.

g.     Defendants object to Definition 19 ("United Nations Headquarters") as used in the document requests, because it implies that the PSJVTA requires that all of the PLO UN Mission's official UN business, and its activities ancillary to that business, must occur at that location.

13.    The Requests are focused on merits discovery, irrelevant, and not narrowly tailored to the factual predicates for jurisdiction under the PSJVTA.  Responding to the Requests with decades of security files and financial information for so many people would be unduly burdensome on Defendants and would interfere with Defendants' privileged diplomatic activities.

14.    The Requests improperly seek financial records and other documents that are personal and confidential to third-parties, which would violate Palestinian privacy law and discourage Palestinians from utilizing the banking system.  *See, e.g.,* Decree No. 10 of 2018 on Cybercrime, Art. 22 (forbidding "arbitrary" "interference with the privacy of any person or the affairs of his family, home or correspondence").  The Requests also seek documents covered by the deliberative process privilege.  In any case, any production of documents must be made subject to an appropriate confidentiality order that states, among other things, that the parties are

precluded from using the documents and information other than in this litigation.

15.     Defendants object to the Requests to the extent they seek information covered by the bank examination privilege and the Palestinian bank secrecy act (Palestinian Monetary Authority Banking Law No. 2, Art. 26).

16.     Defendants object to the Requests insofar as they seek documents protected from disclosure by the attorney-client privilege and the attorney work product doctrine.  While many of the Requests are so broadly and ambiguously written that they could be read as seeking such privileged documents, Defendants will assume for purposes of these responses that Plaintiffs do not intend to improperly seek privileged documents.

17.     Defendants object to the Requests insofar as they ask Defendants to produce many documents that are not within their possession, custody, or control.

18.     Defendants object to the Requests insofar as they seek documents that (i) are already in Plaintiffs' possession, including through discovery in *Shatsky I*; (ii) cannot be located by Defendants after reasonably diligent inquiry; (iii) are readily available from public sources; or (iv) are available to Plaintiffs from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

19.     Defendants object to Plaintiffs' Instruction that Defendants produce a privilege log at this time because the Requests are so overbroad as to have not been made in good faith and are objectionable on numerous non-privileged grounds.

20.     Defendants' responses to the Requests are made subject to, and without waiver of, their rights to: (i) contest the admissibility of any evidence disclosed in these responses or in any production of documents, including at any hearing or trial; (ii) object to any other subsequent discovery requests which may or may not relate to these responses or any production of

documents; and (iii) to use documents or information later discovered, and/or to supplement and/or amend their responses to the Requests in the event additional responsive material is discovered.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:**

Documents, including any charts or tables, sufficient to establish the hierarchical and/or organizational structure of the PA and the PLO at all times on and after January 1, 2019.

**Response to Request No. 1:**

Subject to the foregoing General objections, Defendants object because this Request seeks documents that are not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied. The "hierarchical and/or organizational" documents called for in this Request will not reveal information relevant to the PSJVTA's factual predicates and go well beyond the narrow issues encapsulated in the predicates established by the PSJVTA. For that same reason, this Request is focused on merits discovery, unduly burdensome, and not proportional or even relevant to the needs of the jurisdictional discovery as determined by the Court.

Defendants object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by the production of documents regarding payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Request is not limited to such documents, it far exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action and is not proportional to the limited nature of jurisdictional discovery and the order of the Court in this case.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to

documents that will be produced in this action pursuant to Document Request #4.

**Request No. 2:**

All documents concerning any decision by a Defendant to cease, halt, defer, suspend, block, postpone, reroute, prevent, freeze, terminate, alter, or otherwise not make any Prisoner Payment or Martyr Payment on or after October 17, 2019.

**Response to Request No. 2:**

Subject to the foregoing General objections, Defendants object because this Request seeks documents that are not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  Documents about any decision "to cease, halt, defer, suspend, block, postpone, reroute, prevent, freeze, terminate, alter, or otherwise" not make payments, as called for in this Request, do not address the predicates established by the PSJVTA and would not prove anything relevant under the PSJVTA.  For that same reason, this Request is focused on merits discovery, unduly burdensome, and not proportional or even relevant to the needs of the jurisdictional discovery as determined by the Court.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by the production of documents regarding payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Request is not limited to such documents, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action.  Accordingly, this Request is not proportional to the limited nature of jurisdictional discovery and the order of the Court in this case.  This Request also calls for documents that may be protected by the deliberative process privilege and improperly seeks information apparently intended for use in other litigation.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 3:**

All documents concerning any complaint after October 17, 2019, that any Prisoner Payment or Martyr Payment was not made.

**Response to Request No. 3:**

Subject to the foregoing General objections, Defendants object because this Request seeks documents that are not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  Any documents regarding complaints about payments that were not made, as called for in this Request, do not address the predicates established by the PSJVTA.  For that same reason, this Request is focused on merits discovery, unduly burdensome, and not proportional or even relevant to the needs of the jurisdictional discovery as determined by the Court.  This Request is also overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents relating to potentially over 175 individuals and families identified by Plaintiffs and allegedly associated with attacks unrelated to this action, which date back to the 1960s.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by the production of documents regarding payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Request is not limited to such documents, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court in this case.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 4:**

All documents concerning any Martyr Payment or Prisoner Payment made on or after April 18, 2020, including any Martyr Payment or Prisoner Payment concerning any person listed on Exhibit A to the FASC.

**Response to Request No. 4:**

Subject to the foregoing general objections, Defendants object to the definitions of "Martyr," "Prisoner," "Martyr Payment," and "Prisoner Payment" which render this Request vague and ambiguous, and which go far beyond the narrow issues encapsulated in the predicates established by the PSJVTA. Those definitions render this Request not proportional to the needs of the case in that it purports to include within its scope many individuals or payments not within the scope of 18 U.S.C. § 2334. This Request is also overbroad, unduly burdensome, and not proportional to the needs of the case in that it purports to seek documents relating to potentially over 175 individuals and families identified by Plaintiffs and allegedly associated with attacks unrelated to this action, which date back to the 1960s.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by the production of documents regarding payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Request is not limited to such documents, it far exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Defendants further object because this Request also seeks documents protected by the state secrets privilege, including documents containing sensitive law enforcement information and intelligence-gathering methods and capabilities critical to the security and safety of Israel and Palestine.  Defendants also object because this Request seeks information that is personal or confidential to third-parties, the disclosure of which would violate Palestinian privacy laws. Defendants have important and compelling interests in maintaining the health and security of the Palestinian banking system that would be harmed by the disclosure of third-parties' private banking and financial information as apparently called for by this Request.

Subject to and without waiving the foregoing objections, and subject to the Superseding Stipulation and Order Concerning Production of Confidential Documents and Information (Dkt. #64), Defendants have produced records reflecting payments made on or after April 18, 2020, Bates-stamped as Shatsky-JD00001 through Shatsky-JD00005, and are now producing additional records reflecting payments made on or after April 18, 2020, Bates-stamped as Shatsky-JD00006 through Shatsky-JD000010.

**Request No. 5:**

All Martyr Files and Prisoner Files concerning any person listed on Exhibit A to the FASC.

**Response to Request No. 5:**

Subject to the foregoing General objections, Defendants object because this Request seeks law enforcement and intelligence files that are not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  It calls for information beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  This Request is also overbroad, unduly burdensome, and not proportional to the needs of the case in that it purports to seek documents regarding potentially over 175 people or families identified by Plaintiffs allegedly associated to

attacks unrelated to this action, which date back to the 1960s. This Request also includes no temporal limitation and thus goes beyond the purview of jurisdictional discovery under the PSJVTA.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by the production of documents regarding payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Request is not limited to such documents, it far exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Defendants also object because this Request seeks information regarding potentially over 175 individuals and families identified by Plaintiffs that is personal or confidential to them, the disclosure of which would violate Palestinian privacy laws. This Request therefore exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court in this case. This Request seeks documents protected by the state secrets privilege, including documents containing sensitive law enforcement information and intelligence-gathering methods and capabilities critical to the security and safety of Israel and Palestine.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 6:**

All documents created on or after April 18, 2020 concerning any person, alive or deceased, listed on Exhibit A to the FASC, including documents concerning the employment, promotion or

advancement of such person and/or any payment or other Benefit conferred on such person.

**Response to Request No. 6:**

Subject to the foregoing General objections, Defendants object because this Request seeks documents that are not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  It calls for information beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  This Request is also overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case in that it purports to seek all documents regarding potentially over 175 people or families identified by Plaintiffs relating to events unrelated to this action that date back as far as the 1960s.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by the production of documents regarding payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Request is not limited to such documents, it far exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Defendants also object because this Request seeks information regarding many individuals and families that is personal or confidential to them, the disclosure of which would violate Palestinian privacy laws.  This Request therefore exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court in this case.  This Request also seeks documents protected by the state secrets privilege, including documents containing sensitive law enforcement information and intelligence-gathering methods and capabilities critical to the

security and safety of Israel and Palestine, and the deliberative process privilege.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 7:**

All Investigation Files concerning any incident or person listed on Exhibit A to the FASC.

**Response to Request No. 7:**

Subject to the foregoing General objections, Defendants object because this Request seeks law enforcement and intelligence files that are not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  It calls for information beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  This Request also includes no temporal limitation and thus goes beyond the purview of jurisdictional discovery under the PSJVTA.  This Request is also overbroad, unduly burdensome, and not proportional to the needs of the case in that it purports to seek documents regarding potentially over 175 people or families identified by Plaintiffs relating to events unrelated to this action, which date back to the 1960s.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by the production of documents regarding payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Request is not limited to such documents, it far exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Defendants also object because this Request seeks information regarding many individuals and families that is personal or confidential to them, the disclosure of which would violate

Palestinian privacy laws.  This Request therefore exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court in this case.  This Request seeks documents protected by the state secrets privilege, including documents containing sensitive law enforcement information and intelligence-gathering methods and capabilities critical to the security and safety of Israel and Palestine.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 8:**

All documents, including rosters, organization charts, and directories, reflecting the identities of any person who, on or after January 4, 2020, while physically present in the United States, was employed by, or provided labor or services to or on behalf of, any Defendant.

**Response to Request No. 8:**

Subject to the foregoing General objections, Defendants object because this Request is focused on merits discovery and in effect seeks nearly all "documents" in the PLO's UN Mission in that it broadly asks for all documents that contain the name of any person in the UN Mission. It therefore calls for information not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  Such communications will not reveal information relevant to the PSJVTA's factual predicates and go well beyond the narrow issues encapsulated in the predicates established by the PSJVTA.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by the production of documents regarding payments on or after April 18, 2020 regarding Sadeq Hafez,

the attacker relevant to this case.  To the extent this Request is not limited to such documents, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendants also object because this Request also involves confidential and sensitive information regarding third-parties, the disclosure of which would violate Palestinian privacy laws, and documents that are protected by diplomatic and United Nations privileges.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 9:**

All documents, including all calendars and schedules, concerning any activities of each person who, on or after January 4, 2020:

    (a)    Was employed by, or provided labor or services to or on behalf of, a Defendant while physically present in the United States;

    (b)    Conducted any activity on behalf of, in conjunction with, for the benefit of, or under the control of a Defendant while physically present in the United States; or

    (c)    Was paid or reimbursed by a Defendant for any reason while physically in the United States or in connection with any activity while physically present in the United States.

**Response to Request No. 9:**

Subject to the foregoing General objections, Defendants object because this Request is focused on merits discovery as it seeks all documents in the PLO's UN Mission regarding all activities that occurred "while physically present in the United States."  It therefore calls for information beyond the narrow issues encapsulated in the predicates established by the PSJVTA.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by the production of documents regarding payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Request is not limited to such documents, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendants also object because this Request also involves confidential and sensitive information regarding third-parties, the disclosure of which would violate Palestinian privacy laws, and seeks documents that are protected by diplomatic and United Nations privileges.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 10:**

All documents concerning any instructions given by or on behalf of a Defendant on or after July 1, 2018 to any person to limit or alter his or her activities while physically present in the United States.

**Response to Request No. 10:**

Subject to the foregoing General objections, Defendants object because this Request is focused on merits discovery and calls for documents regarding instructions to employees which goes beyond the narrow issues encapsulated in the predicates established by the PSJVTA, which are not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  Such documents will not reveal information relevant to the PSJVTA's factual predicates. Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by the

production of documents regarding payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Request is not limited to such documents, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, including because this Request asks for documents back to 2018, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendants also object because this Request seeks documents that are protected by diplomatic and United Nations privileges, and the deliberative process privilege.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 11:**

All records of any transfer of money or any other thing of value made on or after July 1, 2019 to, from, on behalf of, or for the benefit of any Defendant to any person in the United States, including payroll records, bank records, reimbursement records, gift records, invoices, checks, electronic payment records, accounting records, receipts, correspondence concerning gifts, and any document concerning any payment of any kind.

**Response to Request No. 11:**

Subject to the foregoing General objections, Defendants object because this Request is overbroad and seeks essentially all financial documents for the PLO's UN Mission.  It calls for documents far beyond the narrow issues encapsulated in the predicates established by the PSJVTA. This Request is focused on merits discovery, unduly burdensome, irrelevant to the PSJVTA, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3). Accordingly, the Request seeks documents and information beyond the limited issues relevant to

the PSJVTA authorized by the district court for jurisdictional discovery, including because this Request seeks documents that predate the PSJVTA's effective date.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Request is not limited to such documents, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendants also object because this Request also involves confidential and sensitive information regarding third-parties, the disclosure of which would violate Palestinian privacy laws, and seeks documents that are protected by diplomatic and United Nations privileges.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 12:**

All records of any payment made on or after July 1, 2019 by, to, from, on behalf of, or for the benefit of a Defendant involving a United States financial institution or any financial institution with a branch or office in the United States.

**Response to Request No. 12:**

Subject to the foregoing General objections, Defendants object because this Request is overbroad and effectively seeks records of each and every transaction involving the PLO's UN

Mission.  Such documents are far beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  This Request is focused on merits discovery, unduly burdensome, irrelevant to the PSJVTA, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3).  Accordingly, the Request seeks documents and information beyond the PSJVTA as ordered by the district court, including because this Request seeks documents that predate the PSJVTA's effective date.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Request is not limited to such documents, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendants also object because this Request also seeks confidential and sensitive information regarding third-parties, the disclosure of which would violate Palestinian privacy laws, and seeks documents that are protected by diplomatic and United Nations privileges.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 13:**

All records of all wire transfers made by, to, from, on behalf of, or for the benefit of a

Defendant and denominated in U.S. dollars on or after July 1, 2019.

**Response to Request No. 13:**

Subject to the foregoing General objections, Defendants object because this Request is overbroad and seeks any wire transfers for the PLO's UN Mission.  Such documents are not relevant to the narrow issues encapsulated in the predicates established by the PSJVTA.  This Request is focused on merits discovery, unduly burdensome, irrelevant to the PSJVTA, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3). Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery, including because this Request seeks documents that predate the PSJVTA's effective date.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Request is not limited to such documents, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, including because this Request asks for documents back to 2018, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendants also object because this Request seeks documents that are protected by diplomatic and United Nations privileges.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to

24

documents that will be produced in this action pursuant to Document Request #4.

**Request No. 14:**

        Documents sufficient to identify:

        (a)      Any person physically present in the United States who received any Martyr Payment or Prisoner Payment made by, on behalf of, or for the benefit of a Defendant on or after April 18, 2020;

        (b)      Any United States financial institution, or other financial institution with a branch or office in the United States, to or through which a Defendant made any Martyr Payment or Prisoner Payment on or after April 18, 2020; and

        (c)      The Martyr or Prisoner in respect of whose death or imprisonment a Martyr Payment or Prisoner Payment encompassed in Request 13(a) or Request 13(b) was received or made.

**Response to Request No. 14:**

        Subject to the foregoing General objections, Defendants object because this Request is over broad and seeks documents that are not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied. It calls for information beyond the narrow issues encapsulated in the predicates established by the PSJVTA, and which is duplicative of other requests to the extent it seeks relevant documents. This Request is also overbroad, unduly burdensome, and not proportional to the needs of the case because it asks about all Martyr and Prisoner Payments, which Plaintiffs have defined as including potentially over 175 people or families identified by Plaintiffs regarding events unrelated to this action, which date back to the 1960s. This Request is also ambiguous because it references Request #13(a) and Request #13(b), when Document Request #13 does not have any subparts.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Request is not limited to such documents, it far exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendants also object because this Request seeks information regarding individuals and families that is personal or confidential to them, the disclosure of which would violate Palestinian privacy laws. This Request therefore exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 15:**

All documents concerning or constituting communications on or after January 4, 2020 to or from any person in the United States by, on behalf of, or for the benefit of a Defendant, including letters, cables, emails, text messages, communications of any kind on social media, call logs, draft communications, and any other form of communication, electronic or otherwise.

**Response to Request No. 15:**

Subject to the foregoing General objections, Defendants object because this Request is overbroad and seeks all communications between Defendants and the PLO's UN Mission, and indeed all communications with anyone in the United States. Such documents are not relevant to

the narrow issues encapsulated in the predicates established by the PSJVTA. This Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3). Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case., Defendants also object because this Request also involves confidential and sensitive information regarding third-parties, the disclosure of which would violate Palestinian privacy laws, seeks documents that are protected by diplomatic, state secrets, and United Nations privileges, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 16:**

All documents concerning or constituting communications with the government and/or with officials of the United States by, on behalf of, or for the benefit of a Defendant about any and all incidents or persons listed on Exhibit A to the FASC, including letters, cables, emails, call logs, draft communications, and any other form of communication, electronic or otherwise.

**Response to Request No. 16:**

Subject to the foregoing General objections, Defendants object because this Request is overbroad because it seeks all communications between Defendants and the U.S. government that even mentions any of over a hundred attacks, going back more than 50 years.  Such documents are not relevant to the narrow issues encapsulated in the predicates established by the PSJVTA.  This Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3).  Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  Defendants also object because this Request seeks documents that are protected by diplomatic, state secrets, and United Nations privileges, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 17:**

All documents, without regard to when such documents were dated, created or came into

your possession, custody or control, that concern or constitute communications with the government and/or with officials of the United States by, or on behalf of, or for the benefit of a Defendant regarding any incident in which any National of the United States was killed or injured and in connection with which a Defendant made any Martyr Payment or Prisoner Payment on or after April 18, 2020.

**Response to Request No. 17:**

Subject to the foregoing General objections, Defendants object because this Request is overbroad because it seeks communications between Defendants and the U.S. government regarding attacks going back more than 50 years. This Request is also vague and ambiguous. The Request seeks documents that are not relevant to the narrow issues encapsulated in the predicates established by the PSJVTA. This Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions in 18 U.S.C. 2334(e)(3). Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. Defendants also object because this Request seeks documents that are protected by diplomatic, state secrets, and United Nations privileges, and is not proportional to the limited nature of jurisdictional discovery

and the order of the Court.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 18:**

All documents concerning or constituting communications with any financial institution by, on behalf of, or for the benefit of a Defendant on or after November 1, 2019, concerning the financial institution's refusal or potential refusal to process a Prisoner Payment or Martyr Payment, including communications concerning (a) any decision by a Defendant to make a Prisoner Payment or Martyr Payment in advance of the financial institution's refusal or potential refusal to process a Prisoner Payment or Martyr Payment, and (b) any efforts by a Defendant to coerce, compel, demand, induce, persuade, or pressure the financial institution to continue accepting, distributing, or processing a Prisoner Payment or Martyr Payment.

**Response to Request No. 18:**

Subject to the foregoing General objections, Defendants object because this Request seeks all communications with financial institutions regarding the processing of payments, which communications are not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied. Such communications will not reveal anything related to the PSJVTA and go well beyond the narrow issues encapsulated in the predicates established by the PSJVTA. For that same reason, this Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of the jurisdictional discovery as determined by the Court.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of

"payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General

Objection No. 2.  Defendants accordingly are producing documents concerning payments on or

after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  Defendants object

because this Request purports to include within its scope documents that predate the PSJVTA's

effective date, and because it is not proportional to the limited nature of jurisdictional discovery

and the order of the Court.  Defendants also object because this Request calls for documents or

information protected by the bank examination privilege, and improperly seeks information

apparently intended for use in other litigation.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to

documents that will be produced in this action pursuant to Document Request #4.

**Request No. 19:**

All documents dated, created or that came into your possession on or after November 1,

2019 concerning the creation of any financial institution or other entity by, on behalf of, or for the

benefit of a Defendant for the purpose of processing Prisoner Payments or Martyr Payments.

**Response to Request No. 19:**

Subject to the foregoing General objections, Defendants object because this Request seeks

documents regarding the creation of financial institutions, which is not relevant to the question of

whether the factual predicates set forth by the PSJVTA are satisfied.  Such documents will not

reveal information relevant to the PSJVTA's factual predicates and go well beyond the narrow

issues encapsulated in the predicates established by the PSJVTA.  For that same reason, this

Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of

the jurisdictional discovery as determined by the Court.

Defendants further object because sufficient information to litigate the factual predicates

of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  Defendants further object because this Request purports to include within its scope documents that predate the PSJVTA's effective date, as well as documents the fall under the deliberative process privilege, improperly seeks information apparently intended for use in other litigation, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 20:**

All documents concerning any office, headquarters, premises, facility, physical establishment, or property located in the United States that has been maintained, established, procured, purchased, rented, or leased by a Defendant on or after January 4, 2020, including real estate purchase agreements, leasing records, property maintenance records, and tax records, and any documents concerning the purpose and activities for which any such properties have been used.

**Response to Request No. 20:**

Subject to the foregoing General objections, Defendants object because this Request is overbroad because it seeks all documents regarding the PLO's UN Mission, including all documents regarding the activities in the mission and regarding the physical building itself.  Such documents are not relevant to the narrow issues encapsulated in the predicates established by the

PSJVTA.  This Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3).  Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  Defendants also object because this Request seeks documents that are protected by diplomatic, state secrets, and United Nations privileges, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 21:**

All documents, calendars, agendas, and meeting notes created, modified, sent, received, or viewed by a person acting on behalf of, or for the benefit of a Defendant while physically present in the United States on or after January 4, 2020.

**Response to Request No. 21:**

Subject to the foregoing General objections, Defendants object because this Request is focused on merits discovery in that it effectively seeks every single document ("all documents")

33

created or reviewed in the PLO's UN Mission since January 2020.  That broad request for documents is not relevant to the narrow issues encapsulated in the predicates established by the PSJVTA.  This Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3).  Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  Defendants also object because this Request seeks documents that are protected by diplomatic, state secrets, and United Nations privileges, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 22:**

All documents concerning any notarial, consular, or similar services conducted, performed, authorized, approved, or ratified by any employee, agent or representative of a Defendant in the United States on or after January 4, 2020, including documents concerning the authentication of birth and death certificates and other forms, or company registration in the PA.

**Response to Request No. 22:**

Subject to the foregoing General objections, Defendants object because this Request is focused on merits discovery and not relevant to the narrow issues encapsulated in the predicates established by the PSJVTA.  Nor does this Request account for the exceptions set forth in 18 U.S.C. 2334(e)(3).  Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery, nor is the Request proportional to the limited nature of jurisdictional discovery and the order of the Court.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 23:**

All invoices or bills for any mobile device, telephone (including any land-line telephone), electronic device, internet service, or cable service paid for by, on behalf of, or for the benefit of a Defendant and used by any person while physically present in the United States during any period on or after January 4, 2020.

**Response to Request No. 23:**

Subject to the foregoing General objections, Defendants object because this Request seeks documents irrelevant to the factual predicates of the PSJVTA and beyond the narrow issues

35

encapsulated in the predicates established by the PSJVTA.  This Request is focused on merits discovery, unduly burdensome, not relevant to the PSJVTA, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3).  Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  Defendants also object because this Request seeks documents that are protected by diplomatic and United Nations privileges, improperly seeks information apparently intended for use in other litigation, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court in this case.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**<u>Request No. 24:</u>**

All documents dated, created or that came into your possession on or after January 4, 2020 concerning:

(a)     Any social media account or web feed identified with the Mission;

(b)     Any website, social media account, or web feed accessed, modified, managed, or changed by a person acting, while physically present in the United States, on behalf

of, or for the benefit of, a Defendant;

(c)      Any website, social media account, or web feed hosted in the United States on which a Defendant or any person acting on behalf of or for the benefit of a Defendant posted any content, including "palestineun.org";

(d)      Any computer or computer server physically present in the United States and accessed, modified, managed, or changed by any person, wherever located, on behalf of, or for the benefit of, any Defendant; or

(e)      Communications with any media outlet by any person on behalf of or for the benefit of a Defendant while physically present in the United States.

**Response to Request No. 24:**

Subject to the foregoing General objections, Defendants object because this Request seeks documents that cannot create jurisdiction under the PSJVTA, including all documents on all computers in the UN Mission.  It calls for documents far beyond the narrow issues encapsulated in the predicates established by the PSJVTA, and documents irrelevant to the PSJVTA.  This Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because the Request does not take into account 18 U.S.C. § 2334(e)(3).  Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or

after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  Defendants also object because this Request also involves confidential and sensitive information of third-parties, the disclosure of which would violate Palestinian privacy laws, and seeks documents that are protected by diplomatic, state secrets, and United Nations privileges, improperly seeks information apparently intended for use in other litigation, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court in this case.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 25:**

All bank statements for all bank accounts maintained or used by any person acting on behalf of or for the benefit of a Defendant while physically present in the United States on or after January 4, 2020.

**Response to Request No. 25:**

Subject to the foregoing General objections, Defendants object because this Request is overbroad because it calls for documents far beyond the narrow issues encapsulated in the predicates established by the PSJVTA, and which are irrelevant to the predicates.  This Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3).  Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by

Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Request is not limited to such documents, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendants also object because this Request seeks documents that are protected by diplomatic and United Nations privileges.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request for No. 26:**

All documents concerning any expenses paid or reimbursed by, on behalf of, or for the benefit of a Defendant in connection with any travel by any person to or from the United States on or after January 4, 2020.

**Response to Request No. 26:**

Subject to the foregoing General objections, Defendants object because this Request is overbroad and calls for documents far beyond the narrow issues encapsulated in the predicates established by the PSJVTA and which are irrelevant to the predicates. This Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3). Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Request is not limited to such documents, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendants also object because this Request seeks documents that are protected by diplomatic and United Nations privileges.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 27:**

All documents concerning any expenses paid or reimbursed by, on behalf of, or for the benefit of a Defendant in connection with activities in the United States on or after January 4, 2020.

**Response to Request No. 27:**

Subject to the foregoing General objections, Defendants object because this Request is overbroad and calls for documents beyond the narrow issues encapsulated in the predicates established by the PSJVTA. This Request is focused on merits discovery, unduly burdensome, irrelevant, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334 and does not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3). Accordingly, the Request seeks documents and information beyond the limited issues

relevant to the PSJVTA authorized by the district court for jurisdictional discovery.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Request is not limited to such documents, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendants also object because this Request seeks documents that are protected by diplomatic and United Nations privileges.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 28:**

All documents concerning:

(a)     Any activity conducted by a Defendant, or any person acting on behalf of or for the benefit of a Defendant, in connection with the Third International Meeting for Science in Palestine held at the Massachusetts Institute of Technology from January 10 to 12, 2020;

(b)     Any activity conducted by Mahmoud Abbas while physically present in the United States on or after January 4, 2020, including documents concerning the press conference held by Mr. Abbas at the United Nations Headquarters and Mr. Abbas' meeting with Ehud Olmert, both on February 11, 2020;

(c)     any meeting, communication or appearance (including public or virtual appearances) by Riyad Mansour on or after January 4, 2020, while he was physically present in the United States and outside the United Nations Headquarters;

(d)     any meeting, communication or appearance (including public or virtual appearances) by Feda Abdelhandy-Nasser on or after January 4, 2020, while she was physically present in the United States and outside the United Nations Headquarters;

(e)     any meeting, communication or appearance (including public or virtual appearances) by Nadya Rasheed on or after January 4, 2020, while she was physically present in the United States and outside the United Nations Headquarters;

(f)     any meeting, communication or appearance (including public or virtual appearances) by Majed Bamya on or after January 4, 2020, while he was physically present in the United States and outside the United Nations Headquarters;

(g)     any meeting, communication or appearance (including public or virtual appearances) by Abdallah Abushawesh on or after January 4, 2020, while he was physically present in the United States and outside the United Nations Headquarters;

(h)     any meeting, communication or appearance (including public or virtual appearances) by Nada Tarbush on or after January 4, 2020, while she was physically present in the United States and outside the United Nations Headquarters;

42

(i)     any meeting, communication or appearance (including public or virtual appearances) by Saher Salam on or after January 4, 2020, while he was physically present in the United States and outside the United Nations Headquarters; and

(j)     any meeting, communication or appearance (including public or virtual appearances) by Nadia Ghannam on or after January 4, 2020, while she was physically present in the United States and outside the United Nations Headquarters.

## Response to Request No. 28:

(a)

Subject to the foregoing General objections, Defendants object because this Request seeks documents with no discernable relationship to the factual predicates of the PSJVTA.  It calls for documents beyond the narrow issues encapsulated in the predicates established by the PSJVTA. This Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because the Request is far broader than the language in 18 U.S.C. 2334.  Accordingly, the Request seeks documents and information beyond the limited issues relevant to the PSJVTA authorized by the district court for jurisdictional discovery.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  Defendants also object because this Request improperly seeks information apparently intended for use in other

litigation and is not proportional to the limited nature of jurisdictional discovery and the order of the Court in this case.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

(b)-(j)

Subject to the foregoing General objections, Defendants object because these Requests seek documents regarding all meetings and communications of the personnel of the UN Mission and regarding President Abbas' visit to the United Nations. These Requests are focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because they are far broader than the language in 18 U.S.C. 2334 and do not incorporate the exceptions set forth in 18 U.S.C. 2334(e)(3). The Requests go well beyond the narrow issues encapsulated in the predicates established by the PSJVTA, and purport to seek documents outside the PSJVTA's factual predicates. The Requests are also not proportional to the limited nature of jurisdictional discovery and the order of the Court in this case.

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. Defendants also object because these Requests also involves confidential and sensitive information of third-parties, the disclosure of which would violate Palestinian privacy laws, and seeks documents that are protected by diplomatic, state secrets, and United Nations privileges.

44

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Request No. 29:**

All documents concerning communications made by, on behalf of, or for the benefit of a Defendant with any of the following persons on or after October 1, 2019:

(a)     George Saba, of Michigan;

(b)     Ahmad Alahmad, of California;

(c)     Ghassan Barakat, of Illinois;

(d)     Yousif Marei, of Illinois;

(e)     Awni Abu Hdba, of New Jersey;

(f)     Samir J. Farhat, of Florida;

(g)     Areej Barghouthi, of Illinois;

(h)     Sadeddin A. Malley, of Illinois;

(i)     Fuad Ateyeh, of California; or

(j)     Hesham Mohd, of Louisiana.

**Response to Request No. 29:**

Subject to the foregoing General objections, Defendants object because this Request seeks documents that are not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  It calls for documents beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  This Request is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because it seeks communications between Defendants a list of people, seeking documents and information outside the PSJVTA's factual predicates.

45

Defendants further object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Request is not limited to such information, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

Respectfully Submitted,

March 18, 2021

**SQUIRE PATTON BOGGS (US) LLP**

/s/ *Gassan A. Baloul*
Gassan A. Baloul (DC Bar 1034245)
gassan.baloul@squirepb.com
Mitchell R. Berger (DC Bar 385467)
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2021, a true and correct copy of the foregoing Amended

Objections and Responses to Plaintiffs' First Request for Production of Documents and

Electronically Stored Information regarding Jurisdictional Discovery was served via electronic

mail on the following counsel:

COHEN & GRESSER LLP
Mark Stewart Cohen
mcohen@cohengresser.com
Stephen M. Sinaiko
ssinaiko@cohengresser.com
800 Third Avenue
New York, New York 10022
Telephone: 212-957-7600
Telefax:     212-957-4514

Ronald F. Wick
rwick@cohengresser.com
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Telephone: 202-851-2070
Telefax:     202-851-2081

THE BERKMAN LAW OFFICE, LLC
Robert Joseph Tolchin
rtolchin@berkmanlaw.com
111 Livingston Street, Suite 1928
Brooklyn, NY 11201
Telephone: 718-855-3627

/s/ *Gassan A. Baloul*
Gassan A. Baloul