# Exhibit F

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____
                                        )
SHABTAI SCOTT SHATSKY, *et al*.,        )
                                        )
                    Plaintiffs,         )        Case No. 18-cv-12355 (MKV)
                                        )
            v.                          )
                                        )
THE PALESTINE LIBERATION                )
ORGANIZATION and                        )
THE PALESTINIAN AUTHORITY,              )
                                        )
                    Defendants.         )
_____ )

### DEFENDANT PALESTINIAN AUTHORITY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THE PALESTINIAN AUTHORITY IN CONNECTION WITH JURISDICTIONAL DISCOVERY

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Palestinian Authority ("PA" or "Defendant"), by and through its undersigned counsel, hereby serves the following Objections and Responses to Plaintiffs' First Set of Interrogatories to The Palestinian Authority in Connection with Jurisdictional Discovery (the "Interrogatories").

### GENERAL OBJECTIONS

1.      The Court's February 8, 2021, Order (ECF No. 60) granted Plaintiffs' request for "targeted jurisdictional discovery" on the factual predicates of the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA"), (Plaintiffs' Letter, Oct. 13, 2020, ECF No. 41 at 1), consistent with "the 'limited jurisdictional discovery'" allowed in this Circuit (*id*. at 2, quoting *City of New York v. Permanent Mission of India*, 618 F.3d 172, 176 (2d Cir. 2010)). *See also In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-01570, 2020 U.S. Dist. LEXIS 247190, at *358 (S.D.N.Y. Jan. 3, 2020) (Netburn, U.S.M.J.) (courts have an "obligation to

conduct jurisdictional discovery narrowly"); *Esso Expl. & Prod. Nig. v. Nigerian Nat'l Petro. Corp.*, No. 14-8445, 2017 U.S. Dist. LEXIS 90051, at *12 (S.D.N.Y. May 15, 2017) (in jurisdictional discovery "requests must be narrowly tailored to cull only the 'specific facts crucial' to the [relevant] issue").  At the same time, the Court's February 8, 2021, Order provided: "However, the Court sees no need for other discovery."  ECF No. 60, at 2.  Defendant accordingly objects to the Interrogatories to the extent that they exceed the scope of jurisdictional discovery targeted at the factual predicates of the PSJVTA and thereby necessarily fall within the scope of other discovery that the Court disallowed.

2.     The Court granted PSJVTA-related jurisdictional discovery (ECF No. 60) based on Plaintiffs' representations that they needed to examine "the existence" of "payments after April 18, 2020" (ECF No. 41 at 2), and to review alleged "jurisdiction-creating conduct" (*id*. at 3), within the scope of the PSJVTA.  *See also Estate of Klieman v. Palestinian Auth.*, No, 04-1173, Memo. Op. and Order, DE-298 (D.D.C. Dec. 2, 2020) (allowing jurisdictional discovery in a look-alike case "so long as it is narrowly tailored" to "the narrow issues encapsulated in the predicates established by the PSJVTA").  Plaintiffs argued that the PSJVTA's factual predicates would be fulfilled by any such payment after April 18, 2020 (*id*. at 2-3).

3.     Discovery targeted at resolving the PSJVTA's factual predicates is limited to only what is "essential" or "necessary."  *See In re Ski Train Fire in Kaprun, Aus*., 230 F. Supp. 2d 392, 400 (S.D.N.Y. 2002) (jurisdictional discovery must "be limited to the essentials necessary to determining the preliminary question of jurisdiction" and "target[] information pertinent to the well-established factors involved in a jurisdictional inquiry" (quotation marks and citations removed); *see also Chong v. Healthtronics, Inc*., No. 06-1287, 2007 U.S. Dist. LEXIS 45956, at *25 (E.D.N.Y. June 20, 2007) (granting jurisdictional discovery "limited to the facts necessary to

establish general jurisdiction under a 'mere department' theory"); *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 599 (S.D.N.Y. 2017) (rejecting plaintiffs' "attempt to gain broad discovery that goes as much to the heart of plaintiffs' claims on the merits as it does the jurisdictional issues."); *Friedman v. SThree PLC*, No. 14-0378, 2015 U.S. Dist. LEXIS 192930, at *13 (D. Conn. July 1, 2015) ("Friedman's discovery will be limited to facts necessary for resolving jurisdictional issues.").

4.      The applicability of the PSJVTA to Defendants in this action is primarily a legal question, as demonstrated by Defendants' brief regarding the applicability of the PSJVTA in *Sokolow v. PLO*, No. 04-cv-00397 (S.D.N.Y.) (GBD), ECF No. 1021, p. 10-20 (Jan. 8, 2021) ("Defendants' *Sokolow* Brief") (previously filed with the Court at ECF No. 56).   Defendant accordingly objects to jurisdictional discovery that seeks factual information in excess of what is necessary to litigate the applicability of the factual predicates of the PSJVTA to Defendants, on the ground that such discovery is broader than necessary to accomplish that purpose and is therefore not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).  *See Jenkins v. Miller*, No. 12-0184, 2014 U.S. Dist. LEXIS 203475, at *8 (D. Vt. Mar. 19, 2014) (interrogatory asking for "any communication" was overly broad because jurisdictional discovery was limited to facts that could actually create personal jurisdiction).

5.      Plaintiffs already are in possession of documents responsive to some of the Interrogatories as a result of the merits discovery taken in *Shatsky v. PLO*, No. 02-2280 (RJL) (D.D.C.) ("*Shatsky I*").

6.      The Interrogatories violate Local Rule 33.3 by seeking information that could be conveyed far more efficiently and effectively through the production of documents.

7.      The Interrogatories improperly seek information to support claims in unrelated

litigation, including information concerning over 175 individuals that were implicated in terrorist attacks dating back to the 1960s that are unrelated to the one attack at issue in this litigation and that pre-date the effective date of the PSJVTA.

8.      The Interrogatories exceed the scope of jurisdictional discovery concerning the PLO's UN Mission by seeking information regarding persons engaging in activities that do not support jurisdiction under the PSJVTA.  Among other things, the PSVJTA states that the following do not support jurisdiction:  (i) activities conducted "exclusively for the purpose of conducting official business of the United Nations"; (ii) activities "undertaken exclusively for the purpose of meetings with officials of the United States or other foreign governments"; and (iii) "personal or official activities" conducted "ancillary" to United Nations or diplomatic activities.  *See* Defendants' *Sokolow* Brief at 10-20.  Many of the Interrogatories are not narrowly tailored to establishing the factual predicates for jurisdiction under the PSJVTA because they ignore the limitations within the PSVJTA itself.

9.      The Interrogatories improperly use definitions that are inconsistent with the predicates for jurisdiction stated in the PSJVTA.  The Interrogatories that rely on those definitions exceed the "narrowly tailored" jurisdictional discovery authorized by the Court, which was limited to that necessary to litigate the factual predicates of the PSJVTA to this action.  Defendant accordingly objects to the following definitions:

a.      Defendant objects to Definition 3 ("Defendant" and "You"), which purports to include within the PA individuals and entities that are not agents or subsidiaries of, or otherwise under the control of, the PA.

b.      Defendant objects to Definition 9 ("Martyr"), and particularly the phrases "committing, or conspiring to commit, or participating in," because it goes beyond the issues encapsulated

in the predicates established by the PSJVTA.  The definition is overbroad and renders the Interrogatories not proportional to the needs of the case in that it purports to include within its scope individuals not within the scope of 18 U.S.C. § 2334.  While the PSJVTA requires martyrs to have "commit[ed] <u>an act of terrorism</u>," Plaintiffs' define Martyrs to include individuals who "conspir[ed] to commit" "any act or series of acts."

c.    Defendant objects to Definition 11 ("Martyr Payment"), and particularly the phrase "or other Benefit" (and the corresponding broad definition of Benefit) because it does not correspond to the factual predicates of the PSJVTA.  The PSJVTA addresses only a "payment" linked to an act of terrorism harming a U.S. national, while Plaintiffs include any "Benefit" "by reason of the Martyr's death."

d.    Defendant objects to Definition 15 ("Prisoner"), and particularly the phrases "imprisoned or detained," "committing, conspiring to commit, or participating," and "any act or series of acts that injured or killed a National of the United States."  This broad definition goes far beyond the narrow definition in the PSJVTA, which only applies to prisoners that were "fairly tried" or who "pl[ed] guilty" and were "imprisoned for committing any act of terrorism that injured or killed a national of the United States."  Definition 15 is overbroad and not proportional to the limited nature of jurisdictional discovery in that it purports to include within its scope individuals who are not within the scope of 18 U.S.C. § 2334.

e.    Defendant objects to Definition 17 ("Prisoner Payments") as the PSJVTA addresses only "payments" made "by reason of such imprisonment."   18 U.S.C. § 2334(e)(1)(A).  Definition 17, on the other hand, includes any kind of "Benefit," including those given indirectly, given to a broad range of people, *regardless of the reason the payment or Benefit is given*.  Definition 15 is far overbroad and not proportional to the needs of the case in that

most of its scope covers items not included under the PSJVTA.

10.    The Interrogatories are focused on merits discovery, irrelevant, not narrowly tailored to the factual predicates for jurisdiction under the PSJVTA, and would interfere with Defendants' privileged diplomatic activities.  Responding to Interrogatories for over 175 people unrelated to this case would be unduly burdensome on Defendant.

11.    The Interrogatories improperly seek financial information that is personal and confidential to third-parties, which would violate Palestinian privacy law and discourage Palestinians from utilizing the banking system.  *See, e.g.,* Decree No. 10 of 2018 on Cybercrime, Art. 22 (forbidding "arbitrary" "interference with the privacy of any person or the affairs of his family, home or correspondence").  In any case, no documents will be produced in this case without the entry of a confidentiality order such as was previously agreed in *Shatsky v. PLO,* No. 02-CV-2280 (RJL) (D.D.C.).

12.    Defendant objects to the Interrogatories insofar as they seek documents protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Defendant will assume for purposes of these responses that Plaintiffs do not intend to improperly seek privileged documents.

13.    Defendant objects to the Interrogatories insofar as they ask for information not within Defendant's possession, custody, or control.

14.    Defendant objects to the Interrogatories insofar as they seek information that (i) is already in Plaintiffs' possession, including through discovery in *Shatsky I*; (ii) cannot be located by Defendant after reasonably diligent inquiry; (iii) is readily available from public sources; or (iv) is available to Plaintiffs from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

15.     Defendant's responses to the Interrogatories are made subject to, and without waiver of, its rights to: (i) contest the admissibility of any evidence disclosed in these responses or in any production of documents, including at any hearing or trial; (ii) object to any other subsequent discovery requests which may or may not relate to these responses or any production of documents; and (iii) to use documents or information later discovered, and/or to supplement and/or amend its responses to the Interrogatories in the event additional responsive material is discovered.

## SPECIFIC OBJECTIONS AND RESPONSES

### Interrogatory No. 1:

Identify each financial institution or intermediary that played any role in processing, transferring, depositing, distributing, accepting, holding, or making any Martyr Payment or Prisoner Payment on or after April 18, 2020, and any such institution with a branch or office in the United States through which the Martyr Payment or Prisoner Payment was made.

### Answer to Interrogatory No. 1:

Subject to the foregoing general objections, Defendant objects because this Interrogatory seeks information about financial institutions and intermediaries that is not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  It calls for information beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  This Interrogatory is also focused on merits discovery, unduly burdensome, and not proportional to the needs of the case in that it purports to seek information relating to financial institutions processing payments to individuals that are associated with attacks dating back to the 1960s which are unrelated to this action.

Defendant further objects because sufficient information to litigate the factual predicates

of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Interrogatory is not limited to such information, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action and is not proportional to the limited nature of jurisdictional discovery and the order of the Court in this case. Defendant further objects because the definitions of "Prisoner Payment" and "Martyr Payment" are not limited to payments made "by reason of such imprisonment" or payments made "by reason of the death of such individual," as defined in the PSJVTA. This Interrogatory is therefore overbroad and not proportional to the needs of the case in that it purports to include payments not within the scope of 18 U.S.C. § 2334(e)(1)(A). Defendant objects because this Interrogatory also improperly seeks information about the identity of financial institutions that is likely intended for use in other litigation.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) Defendant refers Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Interrogatory No. 2:**

For each of the individuals listed on Exhibit A to the FASC as "Individuals who died participating in terror attacks that killed or injured U.S. nationals":

    (a)    State the amount, date, recipient, and method of each Martyr Payment concerning such individual made on or after April 18, 2020; and

(b)     If you dispute that such individual died while committing an act of international terrorism, within the meaning of the Antiterrorism Act, 18 U.S.C. § 2331, et seq., state all bases for your contention.

**Answer to Interrogatory No. 2:**

(a)

Subject to the foregoing general objections, Defendant objects to the defined terms "Martyr" and "Martyr Payment" as used in this Interrogatory, and particularly the phrases "committing, or conspiring to commit" and "or other Benefit" in the definitions of those terms. As explained above, those terms do not correspond to the factual predicates of the PSJVTA and take this Interrogatory well beyond the issues encapsulated in the predicates established by the PSJVTA because it purports to include within its scope individuals or payments not within the scope of 18 U.S.C. § 2334.  This Interrogatory is also focused on merits discovery, unduly burdensome, and not proportional to the needs of the case in that it seeks documents relating to many individuals and families associated with attacks unrelated to this action, which date back to the 1970s.

Defendant further objects because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Interrogatory is not limited to such information, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) Defendant refers Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

(b)

Subject to the foregoing general objections, Defendant objects because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Interrogatory is not limited to such information, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action. Defendant further objects that this Interrogatory calls for a legal conclusion regarding the phrase "act of terrorism" within both the ATA and the PSJVTA. This Interrogatory is also focused on merits discovery, unduly burdensome, and not proportional to the needs of the case in that it seeks documents relating to many individuals and families associated with attacks unrelated to this action, which date back to the 1970s.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) Defendant refers Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Interrogatory No. 3:**

For each of the individuals listed on Exhibit A to the FASC as "Individuals who were convicted of participating [in] terror attacks that killed or injured U.S. nationals":

(a)      State the amount, date, recipient, and method of each Prisoner Payment related to such individual made on or after April 18, 2020;

(b)      If you dispute that such individual was imprisoned for committing any act of international terrorism, within the meaning of the Antiterrorism Act, 18 U.S.C. § 2331, et seq., state all bases for your contention; and

(c)      If you dispute that such individual was so imprisoned after being fairly tried, state all bases for your contention.

**Answer to Interrogatory No. 3:**

(a)

Subject to the foregoing general objections, Defendant objects to the defined term "Prisoner Payment" as used in this Interrogatory, and particularly the phrases "or other Benefit," "imprisoned or detailed," "committing, conspiring to commit, or participating," and "any act or series of acts" in the definitions of that term. As explained above, this term does not correspond to the factual predicates of the PSJVTA, and as a result this Interrogatory is focused on merits discovery and not proportional to the needs of the case in that it goes well beyond the issues encapsulated in the predicates established by the PSJVTA, because it purports to include within its scope individuals or payments not within the scope of 18 U.S.C. § 2334. This Interrogatory is also overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents relating to many individuals and families associated with attacks unrelated to this action, which date back to the 1960s.

Defendant furthers object because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of

"payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General

Objection No. 2.  Defendants accordingly are producing documents concerning payments on or

after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this

Interrogatory is not limited to such information, it exceeds what is necessary to litigate the factual

predicates of the PSJVTA to Defendants in this action.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) Defendant

refers Plaintiffs to documents that will be produced in this action pursuant to Document Request

#4.

(b)

Subject to the foregoing general objections, Defendant objects because sufficient

information to litigate the factual predicates of the PSJVTA to Defendants in this action can be

provided most effectively and efficiently by Defendants' production of documents responsive to

Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the

PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing

documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker

relevant to this case.  To the extent this Interrogatory is not limited to such information, it exceeds

what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action.

Defendant further objects that this Interrogatory calls for a legal conclusion regarding the

phrase "act of international terrorism" under the ATA and the PSJVTA.  This Interrogatory is also

focused on merits discovery, unduly burdensome, and not proportional to the needs of the case in

that it seeks documents relating to many individuals and families associated with attacks unrelated

to this action, which date back to the 1960s.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) Defendant

refs Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

(c)

Subject to the foregoing general objections, Defendant objects because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Interrogatory is not limited to such information, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action. Defendant further objects that this Interrogatory calls for a legal conclusion regarding the phrase "fairly tried" under the PSJVTA. This Interrogatory is also focused on merits discovery, unduly burdensome, and not proportional to the needs of the case in that it seeks documents relating to many individuals and families associated with attacks unrelated to this action, which date back to the 1960s.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) Defendant refs Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Interrogatory No. 4:**

For each of the individuals listed on Exhibit A to the FASC as "Individuals who pled guilty to participating in terror attacks that killed or injured U.S. nationals":

(a)    State the amount, date, recipient, and method of each Prisoner Payment related to

13

such individual made on or after April 18, 2020;

(b)     If you dispute that such individual was imprisoned for committing any act of international terrorism, within the meaning of the Antiterrorism Act, 18 U.S.C. § 2331, et seq., state each and every basis for your contention; and

(c)     If you dispute that such individual was so imprisoned after pleading guilty, state all bases for your contention.

**Answer to Interrogatory No. 4:**

(a)

Subject to the foregoing general objections, Defendant objects to the defined term "Prisoner Payment" as used in this Interrogatory, and particularly the phrases "or other Benefit," "imprisoned or detailed," "committing, conspiring to commit, or participating," and "any act or series of acts" in the definitions of that term.  As explained above, this term does not correspond to the factual predicates of the PSJVTA, and as a result this Interrogatory is focused on merits discovery and not proportional to the needs of the case in that it goes well beyond the issues encapsulated in the predicates established by the PSJVTA because it purports to include within its scope individuals or payments not within the scope of 18 U.S.C. § 2334.

Defendant further objects because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Interrogatory is not limited to such information, it exceeds what is necessary to litigate the factual

predicates of the PSJVTA to Defendants in this action.  This Interrogatory is also focused on merits

discovery, unduly burdensome, and not proportional to the needs of the case in that it seeks

documents relating to many individuals associated with attacks unrelated to this action.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) Defendant

refers Plaintiffs to documents that will be produced in this action pursuant to Document Request

#4.

(b)

Subject to the foregoing general objections, Defendant objects because sufficient

information to litigate the factual predicates of the PSJVTA to Defendants in this action can be

provided most effectively and efficiently by Defendants' production of documents responsive to

Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the

PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing

documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker

relevant to this case.  To the extent this Interrogatory is not limited to such information, it exceeds

what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action.

Defendant further objects that this Interrogatory calls for a legal conclusion regarding the phrase

"act of international terrorism" under the ATA and the PSJVTA.  This Interrogatory is also focused

on merits discovery, unduly burdensome, and not proportional to the needs of the case in that it

seeks documents relating to many individuals associated with attacks unrelated to this action.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) Defendant

refers Plaintiffs to documents that will be produced in this action pursuant to Document Request

#4.

(c)

Subject to the foregoing general objections, Defendant objects because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Interrogatory is not limited to such information, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action.  Defendant further objects that this Interrogatory calls for a legal conclusion regarding the phrase "plead guilty" under the PSJVTA.  This Interrogatory is also focused on merits discovery, unduly burdensome, and not proportional to the needs of the case in that it seeks documents relating to many individuals associated with attacks unrelated to this action.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) Defendant refers Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Interrogatory No. 5:**

Identify each person to whom you sent, directly or indirectly, a Martyr Payment or Prisoner Payment on or after April 18, 2020.

**Answer to Interrogatory No. 5:**

Subject to the foregoing general objections, Defendant objects to the defined terms "Martyr," "Martyr Payment," "Prisoner," and "Prisoner Payment" as used in this Interrogatory, and particularly the phrases "committing, or conspiring to commit," "or other Benefit," "imprisoned or detailed," "participating," and "any act or series of acts" in the definitions of those

16

terms. As explained above, those terms do not correspond to the factual predicates of the PSJVTA and take this Interrogatory is focused on merits discovery and not proportional to the needs of the case in that it goes well beyond the issues encapsulated in the predicates established by the PSJVTA because it purports to include within its scope individuals or payments not within the scope of 18 U.S.C. § 2334.

Defendant further objects because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case. To the extent this Interrogatory is not limited to such information, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action. This Interrogatory is also overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents relating to many individuals and families associated with attacks unrelated to this action, which date back to the 1960s.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) Defendant refers Plaintiffs to documents that will be produced in this action pursuant to Document Request #4.

**Interrogatory No. 6:**

Identify each person who, on or after January 4, 2020:

(a)     Provided labor or services to you or on your behalf while physically present in the United States;

(b)     Conducted any activity on behalf of or in conjunction with you, for your benefit, or under your control while physically present in the United States; or

(c)     Was paid or reimbursed by you for any reason in connection with travel to the United States, or activities in the United States.

**Answer to Interrogatory No. 6:**

Subject to the foregoing General objections, Defendant objects because this Interrogatory seeks information that is not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  It calls for information beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  This Interrogatory is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because the Interrogatory asks for information regarding activities that cannot create jurisdiction under the PSJVTA and the Interrogatory ignores § 18 U.S.C. 2334(e)(3) and seeks information outside the issues ordered for jurisdictional discovery by the district court.

Defendant further objects because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Interrogatory is not limited to such information, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action.

Subject to and without waiving the foregoing objections, Defendants' activities in the United States are exempt from PSJVTA jurisdiction pursuant to 18 U.S.C. § 2334(e)(3) as

explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Interrogatory No. 7:**

Identify each person responsible for the administration, management, or posting of content on any website or social media account maintained on your behalf on or after January 4, 2020 while such person was physically present in the United States, including the website palestineun.org, the Twitter account @Palestine_UN, and the Facebook account @Palestine.at.un.

**Answer to Interrogatory No. 7:**

Subject to the foregoing General objections, Defendant objects because this Interrogatory seeks information that is not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  It calls for information beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  This Interrogatory is focused on merits discovery, unduly burdensome, and not proportional to the needs of the case because the Interrogatory asks for information regarding activities that cannot create jurisdiction under the PSJVTA and the Interrogatory ignores § 18 U.S.C. 2334(e)(3) and seeks information outside the issues ordered for jurisdictional discovery by the district court.

Defendant further objects because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this Interrogatory is not limited to such information, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action.

Subject to and without waiving the foregoing objections, Defendants' activities in the United States are exempt from PSJVTA jurisdiction pursuant to 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Interrogatory No. 8:**

Identify each person with knowledge of any activity conducted on your behalf or in conjunction with you, for your benefit, or under your control on or after January 4, 2020, by any individual while physically present in the United States.

**Answer to Interrogatory No. 8:**

Subject to the foregoing General objections, Defendant objects because this Interrogatory seeks information that is not relevant to the question of whether the factual predicates set forth by the PSJVTA are satisfied.  It calls for information beyond the narrow issues encapsulated in the predicates established by the PSJVTA.  This Interrogatory is extremely overbroad, unduly burdensome, and not proportional to the needs of the case because the Interrogatory asks for information regarding many people (anyone with any knowledge of the activities of the PLO's UN Mission, which includes thousands of UN personnel) regarding activities that cannot create jurisdiction under the PSJVTA and the Interrogatory ignores § 18 U.S.C. 2334(e)(3).  Accordingly, it purports to seek information outside the issues ordered for jurisdictional discovery by the district court.

Defendant further objects because sufficient information to litigate the factual predicates of the PSJVTA to Defendants in this action can be provided most effectively and efficiently by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly are producing documents concerning payments on or

after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case.  To the extent this

Interrogatory is not limited to such information, it exceeds what is necessary to litigate the factual

predicates of the PSJVTA to Defendants in this action.  This Interrogatory also seeks information

that is personal or confidential to third parties, the disclosure of which could violate Palestinian

law.

Subject to and without waiving the foregoing objections, Defendants' activities in the

United States are exempt from PSJVTA jurisdiction pursuant to 18 U.S.C. § 2334(e)(3) as

explained in pages 10-20 of Defendants' *Sokolow* Brief.


                                        Respectfully Submitted,

March 10, 2021

                                        **SQUIRE PATTON BOGGS (US) LLP**

                                        <u>/s/ *Gassan A. Baloul*</u>
                                        Gassan A. Baloul (DC Bar 1034245)
                                        gassan.baloul@squirepb.com
                                        Mitchell R. Berger (DC Bar 385467)
                                        mitchell.berger@squirepb.com
                                        2550 M Street, N.W.
                                        Washington, D.C. 20037
                                        Telephone: (202) 457-6000
                                        Facsimile:  (202) 457-6315

                                        *Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 10, 2021, a true and correct copy of the foregoing Objections

and Responses to Plaintiffs' First Set of Interrogatories to The Palestinian Authority in Connection

with Jurisdictional Discovery was served via electronic mail on the following counsel:

COHEN & GRESSER LLP
Mark Stewart Cohen
mcohen@cohengresser.com
Stephen M. Sinaiko
ssinaiko@cohengresser.com
800 Third Avenue
New York, New York 10022
Telephone: 212-957-7600
Telefax:    212-957-4514

Ronald F. Wick
rwick@cohengresser.com
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Telephone: 202-851-2070
Telefax:     202-851-2081

<u>/s/ *Gassan A. Baloul*</u>
Gassan A. Baloul