March 24, 2021

By CM/ECF Posting

The Honorable Mary Kay Vyskocil
United States District Court
500 Pearl Street, Room 2230
New York, New York   10007-1312

Re: *Shatsky v. The Palestine Liberation Org.*, Case No. 18 Civ. 12355 (MKV)

Dear Judge Vyskocil:

Pursuant to Rule 3(D) of Your Honor's Individual Rules, undersigned counsel for the parties respectfully submit this joint letter to request an informal conference regarding a dispute respecting a deposition notice (the "Notice") that Plaintiffs served pursuant to Your Honor's February 8, 2021 order authorizing "jurisdictional discovery to establish personal jurisdiction over Defendants under the [Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA")]." (Dkt. No. 60 at 2). The relevant factual issues under the PSJVTA are whether Defendants either: made "any payment" to recipients defined in 18 U.S.C. § 2334(e)(1)(A)(i) or (ii), in relation to terrorist acts that injured or killed a U.S. national; or, maintained "any office" or other facility, or engaged in "any activity", "in the United States" that is not exempt under the PSJVTA. 18 U.S.C. § 2334(e)(1)(B) & (3).

Plaintiffs served the Notice on March 5, 2021, seeking to depose five of Defendants' representatives during the weeks of March 29 and April 5. (Exh. A). Defendants object to the Notice. Conferences between the parties on March 16 and 18, 2021, failed to resolve the dispute.

*Plaintiffs' Position*

All five deponents have knowledge of facts directly relevant to determining whether Defendants have engaged in conduct that, under the PSJVTA, constitutes consent to personal jurisdiction. One deponent, Qadri Abu Bakr, is chairman of the agency that administers Defendants' "prisoner" and "martyr" payments. Plaintiffs allege that, subsequent to the PSJVTA's trigger date, Mr. Bakr has repeatedly boasted in public that Defendants have continued to pay designees of individuals imprisoned or killed while perpetrating terror attacks. (*See* Dkt. No. 50 ¶¶ 55(c), 55(f), 55(g), 55(i)). Mr. Bakr's demonstrated knowledge of Defendants' practices is thus directly relevant to the applicability of the PSJVTA "pay-for-slay" prong. The remaining four deponents – all agents of Defendants who reside in the U.S. and are affiliated with Defendants' U.N. Observer Mission in New York – themselves conduct activities on Defendants' behalf in the U.S. Accordingly, they have unique knowledge of Defendants' activities and facilities in the United States, including the extent (if any) to which these activities are related to official U.N. business. Defendants' objections to these depositions are baseless.

*First,* Defendants wrongly claim that depositions are unnecessary because they have produced a handful of documents concerning the "pay-for-slay" prong of the PSJVTA and because they may admit, in response to Plaintiffs' requests for admissions, that they engage in certain U.S. activities that are reflected in the public record. But Defendants have argued in the

1973323.3

The Honorable Mary Kay Vyskocil
March 24, 2021
Page 2

*Sokolow* case that their U.S. activities reflected in the public record are, or are "ancillary" to, "official business of the United Nations," and thus cannot constitute consent to jurisdiction under the PSJVTA.  *See* 18 U.S.C. § 2334(e)(3).  Plaintiffs should be permitted to test factually Defendants' *Sokolow* argument and obtain information concerning Defendants' "pay-for-slay" payments and U.S. activities and facilities that is *not* reflected in either the public record or the few pages of documents they have produced.  Defendants do not "possess the unilateral ability to dictate the scope of discovery based on their own view of . . . the case." *Xchange Telecom Corp. v. Sprint Spectrum L.P.*, 2015 WL 773752, at *3 (N.D.N.Y. Feb. 24, 2015).

*Second*, the "high-ranking official" doctrine does not apply to the noticed witnesses. Defendants are not a sovereign state recognized by the United States and thus do not have high-ranking government officials.  Members of Defendants' leadership, including former Palestinian Authority Prime Minister Salam Fayyad and PLO Executive Committee members, have been deposed in similar cases.  *See, e.g.*, *Saperstein v. Palestinian Auth.*, 2009 WL 10667908, at *7 (S.D. Fla. Dec. 31, 2009).  So has the head of Defendants' U.N. observer mission – the same position held by Riyad Mansour, one of the deponents here.  *See Klinghoffer v. S.N.C. Achille Lauro,* 937 F.2d 44, 52 & n.8 (2d Cir. 1991) (noting deposition taken in connection with "the PLO's non-UN activities").  But even if any of these witnesses was a high-ranking "government official," Plaintiffs are entitled to take their depositions due to their direct, personal knowledge. *See, e.g.*, *Lederman v. NYC Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013) (permitting depositions of high-ranking officials with "unique first-hand knowledge" related to claims); *In re Terrorist Attacks on Sept. 11, 2001*, 2020 WL 8611024, at *14 (S.D.N.Y. Aug. 27, 2020) (same for Saudi Arabia's Minister of State who oversaw work relevant to claims).

*Finally*, neither the U.N. Headquarters Agreement ("UNHQA") nor the Convention on the Privileges and Immunities of the United Nations ("CPIUN") allows Defendants to avoid producing their agents for deposition.  The court in *Ungar v. Palestinian Auth.*, 228 F. Supp. 2d 40 (D.R.I. 2002), rejected Defendants' claim of immunity under the UNHQA, reasoning: "The fact that neither the PA nor the PLO is a Member of the United Nations bears enormous significance.  Simply put, Members enjoy diplomatic immunity, Permanent Observers do not." *Id*. at 49; *accord Klinghoffer,* 937 F.2d at 48.  The CPIUN likewise affords limited immunity only to "Representatives of *Members*."  CPIUN Art. IV (emphasis added).[1]  Moreover, the State Department has determined that, to qualify for immunity under Article V of the UNHQA, a diplomatic envoy must be "a national of the member state."  U.S. Diplom. Note (Jan. 19, 2005).[2] Putting aside that neither Defendant is a "member state," Defendants make no effort to establish that any of the deponents meets that criterion, and Plaintiffs understand that Mr. Mansour is a U.S. citizen.  As one court has noted: "granting the immunities defendants seek would in fact conflict with declared United States public policy regarding defendants . . . . [I]t is a matter of public record that the United States affirmatively opposes the notion that a sovereign Palestine

---

[1] Available at https://www.un.org/en/ethics/assets/pdfs/Convention%20of%20Privileges-Immunities%20of%20the%20UN.pdf.
[2] Available at https://usun.usmission.gov/wp-content/uploads/sites/296/218047.pdf.

1973323.3

The Honorable Mary Kay Vyskocil
March 24, 2021
Page 3

presently exists." *Knox v. Palestine Liberation Org.*, 306 F. Supp. 2d 424, 446 (S.D.N.Y. 2004).[3]

*Defendants' Position*

The Court should prohibit depositions of five senior Palestinian officials noticed by Plaintiffs, which are needlessly cumulative of written discovery, will provide no "unique" knowledge, and burdensomely interfere with their official duties. *See In re Papandreou*, 139 F.3d 247, 253-54 (1998) (explaining that a foreign minister should not be deposed without "exceptional need", and where Plaintiffs had other means of acquiring the information, and noting that "[p]rinciples of comity dictate that we accord the same respect to foreign officials as we do to our own."); *In re Terrorist Attacks on September 11, 2001*, 2020 U.S. Dist. LEXIS 166886, *236-37 (S.D.N.Y. Aug. 27, 2020) (barring deposition of one minister while allowing another because the latter had "unique first-hand knowledge"). Defendants separately have explained why their document production, offered admissions, other evidence from the *Shatsky I* lawsuit, and third-party depositions noticed by Plaintiffs provide an ample factual basis to litigate whether the PSJVTA can provide jurisdiction over Defendants.

Plaintiffs seek the deposition of Qadri Abu Bakr, Chairman of the PLO's Detainees and Ex-Detainees Affairs Commission—a cabinet-level official—concerning "Defendants' 'prisoner' and 'martyr' payments," which fall within two of the disjunctive PSJVTA predicates in 18 U.S.C. § 2334(e)(1)(A)(i) and (ii). Defendants have produced documents that sufficiently address those two "any payment" predicates, rendering this deposition needlessly cumulative, and demonstrating that Chairman Abu Bakr does not have "unique knowledge."

Plaintiffs seek the depositions of Palestine's UN Ambassador, Deputy Ambassador, and other senior UN Mission staff concerning whether they engage in activities "in the United States" under 18 U.S.C. § 2334(e)(1)(B) that are not expressly exempt from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3)(A-F). These depositions are improper. First, depositions on the disjunctive PSJVTA predicate concerning U.S.-presence are needlessly cumulative in light of the discovery already provided on the disjunctive PSJVTA payment prongs. Second, depositions of high-ranking UN-accredited diplomats is unnecessarily burdensome given Defendants' offer to confirm, subject to verifying quoted material, public statements – many by these same officials – recited in Requests for Admission (## 66-71, 74-91) that expressly track Plaintiffs' jurisdictional allegations concerning the PSJVTA's U.S.-activities predicate (FASC ¶¶ 70-71, 75-78, 81). Third, Plaintiffs have not shown that these senior government officials have "unique knowledge"

---

[3] Defendants mischaracterize several cases as standing for the proposition that their agents are immune from testifying under the UNHQA and the CPIUN. For example, *van Aggelen v. UN*, 311 F. App'x 407 (2d Cir. 2009) involved immunity *from suit* of *a United Nations agency* – not non-member United Nations observers such as Defendants. And *U.S. v. Palestine Liberation Org.*, 695 F. Supp. 1456, 1461 (S.D.N.Y. 1988), concerned a request to shut down entirely the PLO's observer mission to the U.N. Defendants cite *no* authority stating that, having been sued in a U.S. court, they may refuse to produce their agents to testify concerning personal jurisdiction.

1973323.3

The Honorable Mary Kay Vyskocil
March 24, 2021
Page 4

of the same issues on which written discovery already has been sought and produced, and which Plaintiffs will explore in third-party depositions from persons not affiliated with the PLO's UN Mission.  <u>Finally</u>, depositions of Palestine's UN Ambassador, Deputy Ambassador, and other senior UN Mission staff—all accredited by the UN Protocol and Liaison Service, https://bluebook.unmeetings.org/—concerning their activities and use of Palestine's UN Mission would invade their functional immunities under the UNHQA, UN Charter Article 105, and CPIUN.  Because Palestine is an "invited entity" to the United Nations,[4] its UN diplomats benefit from "widely accepted" "functional privileges and immunities [that] flow by necessary intendment from the Charter of the United Nations and the Headquarters Agreement, without which the invited entity would not be in a position to carry out its functions"; and, those "[f]unctional privileges and immunities certainly extend to immunity from legal process in respect of words spoken and written or any act performed in the exercise of the observer functions." United Nations Juridical Yearbook, Chapter V, Section A(13) (2000).  As a result, "[a]ny measure which might impede the maintenance of facilities" or "its ability to discharge its official functions" would "contravene" the UN Charter, the UNHQA, and "various General Assembly resolutions." *Id.*; *see also United States v. Palestine Liberation Org.*, 695 F. Supp. 1456, 1471 (S.D.N.Y. 1988) ("The PLO Mission to the United Nations is an invitee of the United Nations under the Headquarters Agreement ***and its status is protected by that agreement***.")  (emphasis added).  The issue is whether the United Nations has accredited these diplomats such that they have immunity that this Court is obliged to enforce under the UNHQA, the UN Charter, and CPIUN.  *van Aggelen v. UN*, 311 F. App'x 407, 409 (2d Cir. 2009) (affirming functional immunity under UN Charter and CPIUN); *Ahmed v. Hoque*, Case No. 01-7224, 2002 U.S. Dist. LEXIS 14852, at *15 (S.D.N.Y. Aug. 14, 2002) ("[U]nder the Headquarters Agreement, individuals such as defendants[, the economic minister of a permanent mission to the UN and his wife,] are entitled to full diplomatic immunity while employees are entitled only to functional immunity, or immunity while acting within the scope of their employment."); U.S. Stat. of Interest, *Ungar v. Palestinian Auth.*, No. 18-0302, at 25 (S.D.N.Y. Sept. 12, 2005) (urging court to follow the UN's interpretation of the UNHQA to avoid a "political and legal quagmire").[5]

---

[4] "In accordance with paragraph 2 of resolution 67/19, Palestine has been treated as a non-member observer State by the Secretariat since the adoption of the resolution. Accordingly, the publication on permanent missions prepared by the Protocol and Liaison Service entitled "Permanent Missions to the United Nations" (the Blue Book) now lists Palestine under category II as a Non-member State having received a standing invitation to participate as observer in the sessions and the work of the General Assembly and maintaining permanent observer mission at Headquarters". https://www.un.org/unispal/document/auto-insert-182149/#:~:text=Accordingly%2C%20the%20publication%20on%20permanent,the%20sessions%20and%20the%20work

[5] Plaintiffs' cases are not to the contrary. *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 48 (2d Cir. 1991), only determined that the UNHQA did not make the PA and PLO immune from suit; it did not address immunities of UN diplomats. *Ungar v. Palestinian Auth.*, 228 F. Supp. 2d 40, 49 (D.R.I. 2002), referenced "diplomatic immunity," but addressed only whether Palestine had *sovereign* immunity from suit. *Knox v. PLO*, 306 F. Supp. 2d 424, 446 (S.D.N.Y. 2004) (only holding that Defendants could not invoke sovereign immunity under the ATA or the FSIA).

The Honorable Mary Kay Vyskocil
March 24, 2021
Page 5

*   *   *   *

Thank you for your consideration.

Respectfully submitted,

| | |
|---|---|
| Stephen M. Sinaiko | Gassan A. Baloul |
| Ronald F. Wick | Mitchell R. Berger |
| Cohen & Gresser LLP | Squire Patton Boggs (US) LLP |
| 800 Third Avenue | 2550 M Street, N.W. |
| New York, New York   10022 | Washington, D.C.   20037 |
| (212) 957-9756 | (202) 457-6000 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants Palestinian Authority and the Palestine Liberation Organization* |

Attachment

cc:  All Counsel (by CM/ECF Posting)

1973323.3