

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O    +1 202 457 6000
F    +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T    +1 202 457 6155
gassan.baloul@squirepb.com

**VIA ECF**

April 8, 2021

Hon. Mary Kay Vyskocil
United States District Judge, Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007-1312

**Re:  *Shatsky v. PLO*, Case No. 18-cv-12355-MKV**

Dear Judge Vyskocil:

On behalf of Defendants Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"), we write in response to Plaintiffs' letter of April 6, 2021 (ECF 69), requesting that Your Honor "adjourn the jurisdictional discovery cutoff and briefing deadlines set forth" in the Court's February 8, 2021 Order (ECF 60).  As explained below and in Defendants' prior discovery position statements (ECF 65, at 3-4; ECF 66, at 3-4), sufficient jurisdictional discovery already has occurred, and there accordingly is no need to adjourn these deadlines.

Defendants have provided sufficient jurisdictional discovery regarding the factual predicates for PSJVTA jurisdiction alleged by Plaintiffs.  Plaintiffs have received Defendants' responses and objections to Plaintiffs' document requests, interrogatories, and their nearly 200 requests for admissions (97 directed to the PA, and 97 directed to the PLO, respectively).  Defendants have produced documents evidencing payments after April 18, 2020, in relation to: (1) the sole attacker at issue in this lawsuit (18 U.S.C. § 2334(e)(1)(A)(ii)); and, (2) three incarcerated individuals whom Plaintiffs have alleged pled guilty to participating in a separate terror attack that killed or injured a U.S. national (18 U.S.C. § 2334(e)(1)(A)(i)).  *See* ECF 65 at 3-4.  Plaintiffs have alleged that <u>any</u> payment of either of these two types would satisfy either of the two disjunctive factual predicates for PSJVTA jurisdiction in 18 U.S.C. § 2334(e)(1)(A).  *See* First Amended and Supplemental Complaint ("Am. Compl."), ECF 50, at ¶ 40.

Defendants also, without waiver of their objections, have admitted a number of Plaintiffs' requests for admissions concerning yet another disjunctive factual predicate for PSJVTA jurisdiction, concerning activities "in the United States." ECF 65, at 4.  These admissions provide additional, and entirely cumulative, jurisdictional discovery, given the discovery Defendants have provided concerning the PSJVTA's other disjunctive factual predicates.  Nonetheless, these

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP                                          Hon. Mary Kay Vyskocil
**VIA ECF**                                                           April 8, 2021

admissions squarely address Plaintiffs' U.S.-presence theory relating to Palestine's UN Mission. *Id.* Still further, Plaintiffs now have taken depositions of two non-party individuals whom Plaintiffs allege engaged in activities "in the United States" as agents or representatives of Defendants. *See* ECF 66 at 3-4; *see also* Am. Compl., at ¶¶ 67-69 (alleging Defendants, "through agents located in the United States," have provided so-called "consular services.").

Taken together, and as set forth in Defendants' earlier discovery-position statements (ECF 65, at 3-4; ECF 66, at 3-4), Plaintiffs have obtained sufficient discovery to address all of the PSJVTA's factual predicates, and to allow the parties to move on to briefing the substantial constitutional and other legal issues concerning application of the PSJVTA to Defendants. Plaintiffs can now only be pursuing additional discovery for ulterior reasons unrelated to the PSJVTA's factual predicates, which is the sole purpose for which this Court ordered jurisdictional discovery. Your Honor already has held that "the Court sees no need for other discovery" in connection with Defendants' forthcoming dispositive motions. Order of Feb. 8, 2021, ECF 60 at 2.

For these reasons, Plaintiffs' requested adjournment of the jurisdictional discovery completion, and dispositive motions briefing, deadlines should be denied.

Respectfully submitted,

Squire Patton Boggs (US) LLP

*/s/ Gassan A. Baloul*

Gassan A. Baloul