April 9, 2021

By CM/ECF Posting

The Honorable Mary Kay Vyskocil
United States District Court
500 Pearl Street, Room 2230
New York, New York  10007-1312

      Re:    *Shatsky v. The Palestine Liberation Org.*, Case No. 18 Civ. 12355 (MKV)

Dear Judge Vyskocil:

    Pursuant to Rule 3(D) of Your Honor's Individual Rules, undersigned counsel for the parties respectfully submit this joint letter to request an informal conference regarding a dispute respecting Plaintiffs' requests for admission ("RFAs") directed to Defendants, and Defendants' responses and objections to those RFAs.  Plaintiffs served their RFAs pursuant to Your Honor's February 8, 2021 order authorizing "jurisdictional discovery to establish personal jurisdiction over Defendants under the [Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA")]."  (Dkt. No. 60 at 2).  The relevant factual issues under the PSJVTA are whether Defendants either: made "any payment" to recipients defined in 18 U.S.C. § 2334(e)(1)(A), in relation to terrorist acts that injured or killed a U.S. national; or, maintained "any office" or other facility, or engaged in "any activity," "in the United States" that is not exempt under the PSJVTA.  18 U.S.C. §§ 2334(e)(1)(B) & (e)(3).

    On March 4, 2021, Plaintiffs served their RFAs separately on Defendant The Palestine Liberation Organization ("PLO") and Defendant The Palestinian Authority ("PA").  (Exhs. A-B).  Each Defendant served written responses and objections to the RFAs on April 5, and served amended responses and objections on April 7.  (Exhs. C-F).  A telephone conference between the parties on April 7 failed to resolve the dispute.

*Plaintiffs' Position*

    Defendants continue to flout the Court's February 8 order and refuse to provide any meaningful jurisdictional discovery.  Plaintiffs have previously apprised the Court of Defendants' heavily redacted *ten-page* document production, their refusal to provide *any* information about their U.S. activities and facilities, and their refusal to produce any of their agents or employees for deposition.  (Dkt. No. 65, 66).  The latest iteration of Defendants' improper strategy is their responses to the mirror-image sets of RFAs that Plaintiffs served.

    The obligations of a party responding to requests for admission are clear: "If a matter is not admitted, the answer must *specifically deny* it or state *in detail* why the answering party *cannot* truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants' responses to RFAs 1-27, 39-41, 48-64, 72-73, and 92-97 ignore this requirement, instead either referring impermissibly to their deficient document production, improperly qualifying their denials, or offering compound denials that do not address the matter sought to be admitted.

The Honorable Mary Kay Vyskocil
April 9, 2021
Page 2

For example, Defendants' original responses to a series of 27 RFAs seeking admissions regarding Defendants' "pay-for-slay" payments stated a series of objections and then purported to "respond" to those RFAs by simply (and improperly) referring to their ten-page production of a handful of payment records. (Exhs. C-D, Resps. to RFAs 1-27). Plaintiffs immediately demanded a meet-and-confer, and pointed out that obvious deficiency. (Exh. G). Two days later, without conferring, Defendants served amended responses and objections that, as to those 27 RFAs, are identical but for purporting to "deny" the requests "except to the extent shown in the documents produced." (Exhs. E-F, Resps. to RFAs 1-27). Aside from their untimeliness, these are "evasive denials" that fail to meet the substance of Plaintiffs' requests and are improper under Fed. R. Civ. P. 36(a)(4). *See, e.g., Wiwa v. Royal Dutch Petro. Co.*, 2009 WL 1457142, at *6 (S.D.N.Y. May 26, 2009) (rejecting RFA denials with "vague and open-ended qualifications" that "[did] not 'provide clarity and lucidity to the genuineness of the issue'"); *Herrera v. Scully,* 143 F.R.D. 545, 549 (S.D.N.Y. 1992) ("[a] response to [an RFA] is inadequate when the respondent . . . makes an evasive denial (*i.e.,* one that does not specifically deny the matter)"). Defendants may not qualify the denial of an RFA by requiring Plaintiffs to divine whether anything in Defendants' document production contradicts it. Defendants' general reference to their document production is also improper. Rule 33(d), which permits a party to respond to an *interrogatory* by reference to records, does not apply to RFAs. *See, e.g., In re Heritage Bond Litig.*, 220 F.R.D. 624, 626 (N.D. Cal. 2004). The *Heritage* court also held that a defendant who responded to RFAs by referring to its own documents had "inferentially admitt[ed] that had it conducted a reasonable inquiry, it would have found the information to respond to the requests for admissions," and thus deemed the RFAs admitted. *Id.* That same logic applies here.

Regarding their activities and facilities in the United States, Defendants -- in both their original and amended responses and objections -- avoid admissions they do not wish to make by simply changing the RFAs to something they can deny. This game begins at RFA 39, which asks Defendants to "[a]dmit that, after January 4, 2020, at least one person has provided labor or services to or on behalf of [either Defendant] while physically present in the United States." (Exhs. A-B, RFA 39). Defendants' response, following a litany of objections: "Defendant denies that anyone provided labor or services on behalf of Defendant while physically present in the United States *other than those specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3)* as explained in pages 10-20 of Defendants' *Sokolow* Brief." (Exhs. C-F, Resp. to RFA 39) (emphasis added). This response, or a variation of it, continues through request after request. (*Id.*, Resps. to RFAs 39-41, 48-64, 72-73, 92-97). An RFA regarding whether Defendants own an identified building in New York is met with "Defendant denies that it owns and maintains any facility in the United States *other than as specifically exempted from PSJVTA jurisdiction*." (*Id.,* Resp. to RFA 50) (emphasis added). An RFA regarding whether Defendants have provided "consular services" is met with "Defendant denies that any individuals have performed any activities on its behalf while physically located in the United States *other than as specifically exempted from PSJVTA jurisdiction*." (*Id.,* Resp. to RFA 54) (emphasis added). In response to an RFA regarding whether Defendants have maintained a website on a U.S.-based server, using a U.S.-based service provider, Defendants merely deny that they have maintained

The Honorable Mary Kay Vyskocil
April 9, 2021
Page 3

the website "in any way that is not specifically exempted from PSJVTA jurisdiction." (*Id.*, Resp. to RFA 72). Repeatedly, rather than admit to conduct raised in an RFA so that the parties can litigate and the Court can decide whether that conduct falls within a PSJVTA exemption, Defendants ignore the substance of the RFA and respond with a conclusory assertion that their conduct has not exceeded the scope of the applicable PSJVTA exemption. Such responses fall far short of the specific denials Rule 36 requires.

In response to Plaintiffs' efforts to conduct jurisdictional discovery, Defendants have produced *ten* redacted pages of documents, *no* substantive interrogatory responses, *no* witnesses for deposition, and a smattering of admissions regarding *only* public statements and documents. The Court should not tolerate their flagrant disregard for the discovery process. Instead, RFAs 1-27, 39-41, 48-64, 72-73, and 92-97 should be deemed admitted. In the alternative, Defendants should be directed to provide the RFA responses that Rule 36 requires.

*Defendants' Position*

The parties have conducted jurisdictional discovery pursuant to this Court's February 8, 2021 Order, which granted "Plaintiffs' request to conduct jurisdictional discovery" for the limited purpose of "establish[ing] personal jurisdiction over Defendants under the PSJVTA," but held that there is "no need for other discovery". ECF 60, at 2. As set forth in the parties' previous joint letters (ECF 65, 66), Defendants have produced documents more than sufficient to address Plaintiffs' PSJVTA theory, which contends that "any payment" after April 18, 2020, falling within either <u>disjunctive</u> sub-part of 18 U.S.C. § 2334(e)(1)(A), <u>alone</u> provides "consent[] to personal jurisdiction" under the PSJVTA. Am. Compl. ¶ 40. Defendants also have provided numerous admissions concerning yet another disjunctive factual predicate for PSJVTA jurisdiction, for activities "in the United States." *See* ECF 70, at 1. Still further, Plaintiffs have deposed two third-party witnesses concerning other aspects of their US-activities allegations. This evidence, combined with information already in Plaintiffs' possession, is more than enough to address the PSJVTA's factual predicates and permit the parties to litigate the legal questions regarding whether the PSJVTA can provide jurisdiction over Defendants.

RFAs are "not properly speaking a discovery device, rather [they are] 'a procedure for obtaining admissions for the record of facts already known' by the seeker." *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2253 (1970)); *T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997) (an RFA is "not a discovery device"). As such, RFAs should be confined to matters not in dispute. *See Rep. of Turkey v. Christie's Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (RFAs "'are used to establish admission of facts about which there is no real dispute'") (quoting 7 Moore's Fed. Practice § 36.02[1] (3d ed. 2013)).

Nonetheless, Plaintiffs have served **<u>nearly 200</u>** RFAs—97 to the PA, and 97 to the PLO. The disputed RFAs are riddled with argumentative assertions that quote or paraphrase elements of

The Honorable Mary Kay Vyskocil
April 9, 2021
Page 4

the PSJVTA in an improper effort to force Defendants to concede PSJVTA jurisdiction. RFAs cannot be used in this way: "[W]here requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit, or are unduly burdensome, a court may excuse a party from responding to the requests." *Rep. of Turkey*, 326 F.R.D. at 399.

Even so, Defendants have responded by serving objections and responses to each of the 194 RFAs, including, subject to Defendants' objections, an admission or denial of every Request. These include admissions to part or all of more than 70 RFAs, primarily relating to Plaintiffs' US-activities theory. Defendants' objections and responses also refer to the already-produced payment records, which, as described above, suffice to address Plaintiffs' "payments" theory.

In responding to an RFA, "the answering party may admit or deny a request or 'state in detail why the answering party cannot truthfully admit or deny it.'" *Rep. of Turkey*, 326 F.R.D. at 399 (quoting Fed. R. Civ. P. 36(a)(4)). A responding party may qualify a denial if "the statement [in the RFA], although containing some truth, standing alone out of context of the whole truth conveys unwarranted unfair references." *Henry v. Champlain Enters.*, 212 F.R.D. 73, 77-78 (N.D.N.Y. 2003) (internal citations and alterations omitted); *Wiwa v. Royal Dutch Petro. Co.*, 2009 U.S. Dist. LEXIS 45621, at *16-17 (S.D.N.Y. May 21, 2009) (noting that "a responding party may, in good faith, qualify its answer or deny only part of a matter") (citing 7 Moore's Fed. Practice § 36.11[5][b]). "Qualifying a response may be particularly appropriate if the request is sweeping, multi-part, involves sharply contested issues, or goes to the heart of a defendant's liability." *Wiwa*, 2009 U.S. Dist. LEXIS 45621, at *17 (collecting cases) (emphasis added). Moreover, "the bar for a qualified denial should not be set too high[, and] [a] response should be deemed sufficient if it reasonably informs the requesting party what is being admitted or denied." *Id.* at *18 (citation omitted).

Defendants have properly asserted objections to, and qualified some responses to, the RFAs because, among other reasons, the RFAs demand a concession to PSJVTA jurisdiction, or are overbroad, unduly burdensome, and not proportional to the needs of the case. For example, the RFAs improperly seek information concerning over 175 individuals purportedly implicated in terror attacks unrelated to this action and dating back to the 1960s, long before the PSJVTA's effective date. Many of the RFAs also seek information concerning purported activities of the PLO's UN Mission that do not support jurisdiction under the PSJVTA. Further, Plaintiffs' RFAs improperly call for Defendants to admit the truth of legal conclusions regarding the PSJVTA, and incorporate definitions of terms such as "Martyr," "Martyr Payment," "Prisoner," and "Prisoner Payment" that are inconsistent with the PSJVTA's factual predicates.

Defendants' objections and responses fully comply with Fed. R. Civ. P. 36, and the jurisdictional discovery already taken is more than sufficient to permit the parties to litigate the remaining legal issues regarding application of the PSJVTA to Defendants in this action. Plaintiffs' request for relief should be denied.

The Honorable Mary Kay Vyskocil
April 9, 2021
Page 5

*     *     *     *

Thank you for your consideration.

Respectfully submitted,

| | |
|---|---|
| Stephen M. Sinaiko | Gassan A. Baloul |
| Ronald F. Wick | Mitchell R. Berger |
| Cohen & Gresser LLP | Squire Patton Boggs (US) LLP |
| 800 Third Avenue | 2550 M Street, N.W. |
| New York, New York  10022 | Washington, D.C.  20037 |
| (212) 957-9756 | (202) 457-6000 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants Palestinian Authority and the Palestine Liberation Organization* |

Attachments

cc:  All Counsel (by CM/ECF Posting)