# Exhibit F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ | ) | |
| SHABTAI SCOTT SHATSKY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 18-cv-12355 (MKV) |
| | ) | |
| v. | ) | |
| | ) | |
| THE PALESTINE LIBERATION | ) | |
| ORGANIZATION and | ) | |
| THE PALESTINIAN AUTHORITY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANT PALESTINIAN AUTHORITY'S AMENDED OBJECTIONS
AND ANSWERS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION
TO THE PALESTINIAN AUTHORITY IN CONNECTION WITH
JURISDICTIONAL DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant Palestinian Authority ("Defendant"), by and through its undersigned counsel, hereby serves the following Objections and Answers to Plaintiffs' First Requests for Admission to The Palestinian Authority in Connection with Jurisdictional Discovery.

**GENERAL OBJECTIONS**

1.      The Court's February 8, 2021 Order (ECF No. 60) granted Plaintiffs' request for "targeted jurisdictional discovery" on the factual predicates of the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA") (Plaintiffs' Letter, Oct. 13, 2020, ECF No. 41 at 1), consistent with "the 'limited jurisdictional discovery'" allowed in this Circuit (*id.* at 2, quoting *City of New York v. Permanent Mission of India*, 618 F.3d 172, 176 (2d Cir. 2010)).  *See also In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-01570, 2020 U.S. Dist. LEXIS

247190, at *358 (S.D.N.Y. Jan. 3, 2020) (Netburn, U.S.M.J.) (courts have an "obligation to conduct jurisdictional discovery narrowly"); *Esso Expl. & Prod. Nig. v. Nigerian Nat'l Petro. Corp.*, No. 14-8445, 2017 U.S. Dist. LEXIS 90051, at *12 (S.D.N.Y. May 15, 2017) (in jurisdictional discovery "requests must be narrowly tailored to cull only the 'specific facts crucial' to the [relevant] issue"). At the same time, the Court's February 8, 2021 Order provided: "However, the Court sees no need for other discovery." ECF No. 60, at 2. Defendant accordingly objects to the Requests to the extent that they exceed the scope of jurisdictional discovery targeted at the factual predicates of the PSJVTA and thereby necessarily fall within the scope of "other discovery" that the Court disallowed.

2.      The Court granted PSJVTA-related jurisdictional discovery (ECF No. 60) based on Plaintiffs' representations that they needed to examine "the existence" of "payments after April 18, 2020" (ECF No. 41 at 2), and to review alleged "jurisdiction-creating conduct" (*id*. at 3), within the scope of the PSJVTA. *See also Estate of Klieman v. Palestinian Auth.*, No, 04-1173, Memo. Op. and Order, DE-298 (D.D.C. Dec. 2, 2020) (allowing jurisdictional discovery in a look-alike case "so long as it is narrowly tailored" to "the narrow issues encapsulated in the predicates established by the PSJVTA"). Plaintiffs argued that the PSJVTA's factual predicates would be fulfilled by any such payment after April 18, 2020 (*id*. at 2-3).

3.      Discovery targeted at resolving the PSJVTA's factual predicates is limited to only what is "essential" or "necessary." *See In re Ski Train Fire in Kaprun, Aus*., 230 F. Supp. 2d 392, 400 (S.D.N.Y. 2002) (jurisdictional discovery must "be limited to the essentials necessary to determining the preliminary question of jurisdiction" and "target[] information pertinent to the well-established factors involved in a jurisdictional inquiry" (quotation marks and citations removed); *see also Chong v. Healthtronics, Inc*., No. 06-1287, 2007 U.S. Dist. LEXIS 45956, at

*25 (E.D.N.Y. June 20, 2007) (granting jurisdictional discovery "limited to the facts necessary to establish general jurisdiction under a 'mere department' theory"); *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 599 (S.D.N.Y. 2017) (rejecting plaintiffs' "attempt to gain broad discovery that goes as much to the heart of plaintiffs' claims on the merits as it does the jurisdictional issues"); *Friedman v. SThree PLC*, No. 14-0378, 2015 U.S. Dist. LEXIS 192930, at *13 (D. Conn. July 1, 2015) ("Friedman's discovery will be limited to facts necessary for resolving jurisdictional issues.").

4.      The applicability of the PSJVTA to Defendants in this action is primarily a legal question, as demonstrated by Defendants' brief regarding the applicability of the PSJVTA in *Sokolow v. PLO*, No. 04-cv-00397 (S.D.N.Y.) (GBD), ECF No. 1021, p. 10-20 (Jan. 8, 2021) ("Defendants' *Sokolow* Brief") (previously filed with the Court at ECF No. 56).   Defendant accordingly objects to jurisdictional discovery that seeks factual information in excess of what is necessary to litigate the applicability of the factual predicates of the PSJVTA to Defendants, on the ground that such discovery is broader than necessary to accomplish that purpose and is therefore not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).  *See Jenkins v. Miller*, No. 12-0184, 2014 U.S. Dist. LEXIS 203475, at *8 (D. Vt. Mar. 19, 2014) (interrogatory asking for "any communication" was overly broad because jurisdictional discovery was limited to facts that could actually create personal jurisdiction).   Defendant further objects to Plaintiffs' Requests that call for Defendant to admit the truth of a legal conclusion regarding the PSJVTA.  *See Carver v. Bank of N.Y. Mellon,* No. 15-CV-10180 (JPO) (JLC), 2018 U.S. Dist. LEXIS 164400, at *5 (S.D.N.Y. Sep. 25, 2018) ("a request for admission cannot be used to require a party to admit the truth of a legal conclusion") (citing *Disability Rights Council v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006)); *Morgan Art Found. Ltd. v. McKenzie*, No. 18-

cv-4438 (AT) (BCM), 2020 U.S. Dist. LEXIS 93308, at *6 (S.D.N.Y. May 27, 2020) (same).

5.      Plaintiffs already are in possession of information responsive to some of the Requests for Admission ("Requests") as a result of the prior discovery responses and the discovery taken in *Shatsky v. PLO*, No. 02-2280 (RJL) (D.D.C.) ("*Shatsky I*").  Much of the information sought here can be conveyed far more efficiently and effectively through the production of documents.

6.      The Requests improperly seek information to support claims in unrelated litigation, including information concerning over 175 individuals that were implicated in terrorist attacks dating back to the 1960s that are unrelated to the one attack at issue in this litigation and that pre-date the effective date of the PSJVTA.

7.      The Requests exceed the scope of jurisdictional discovery concerning the PLO's UN Mission by seeking information regarding persons engaging in activities that do not support jurisdiction under the PSJVTA.  Among other things, the PSVJTA states that the following do not support jurisdiction:  (i) activities conducted "exclusively for the purpose of conducting official business of the United Nations"; (ii) activities "undertaken exclusively for the purpose of meetings with officials of the United States or other foreign governments"; and (iii) "personal or official activities" conducted "ancillary" to United Nations or diplomatic activities.  *See* Defendants' *Sokolow* Brief at 10-20.  Many of the Requests are not narrowly tailored to establishing the factual predicates for jurisdiction under the PSJVTA because they ignore the limitations within the PSVJTA itself.

8.      The Requests also improperly invade privileges and immunities of the PLO's UN Mission.  Because Palestine is an "invited entity" to the United Nations,[1] the PLO's UN Mission

---

[1] "In accordance with paragraph 2 of resolution 67/19, Palestine has been treated as a non-member observer State by the Secretariat since the adoption of the resolution. Accordingly, the publication on permanent missions prepared by

and UN diplomats benefit from "widely accepted" "functional privileges and immunities [that] flow by necessary intendment from the Charter of the United Nations and the Headquarters Agreement, without which the invited entity would not be in a position to carry out its functions"; and, those "[f]unctional privileges and immunities certainly extend to immunity from legal process in respect of words spoken and written or any act performed in the exercise of the observer functions." United Nations Juridical Yearbook, Chapter V, Section A(13) (2000). As a result, "[a]ny measure which might impede the maintenance of facilities" or "its ability to discharge its official functions" would "contravene" the UN Charter, the UNHQA, and "various General Assembly resolutions." *Id.*; *see also United States v. Palestine Liberation Org.*, 695 F. Supp. 1456, 1471 (S.D.N.Y. 1988) ("The PLO Mission to the United Nations is an invitee of the United Nations under the Headquarters Agreement and its status is protected by that agreement.").

9.     The Requests improperly use definitions that are inconsistent with the factual predicates for jurisdiction stated in the PSJVTA. Requests that rely on those definitions exceed the "narrowly tailored" jurisdictional discovery authorized by the Court, which was limited to that necessary to litigate the factual predicates of the PSJVTA to this action. Defendant accordingly objects to the following definitions:

a.     Defendant objects to Definition 3 ("Defendant") which purports to include within the Defendant individuals and entities that are not agents or subsidiaries of, or otherwise under the control of, the Defendant.

b.     Defendant objects to Definition 8 ("Martyr"), and particularly the phrases "committing, or

---

the Protocol and Liaison Service entitled "Permanent Missions to the United Nations" (the Blue Book) now lists Palestine under category II as a Non-member State having received a standing invitation to participate as observer in the sessions and the work of the General Assembly and maintaining permanent observer mission at Headquarters". https://www.un.org/unispal/document/auto-insert-182192/#:~:text=Accordingly%2C%20the%20publication%20on%20permanent,the%20sessions%20and%20the%20work

conspiring to commit, or participating in, any act or series of acts" because it goes beyond the issues encapsulated in the factual predicates established by the PSJVTA.  The definition is overbroad and renders the Requests not proportional to the needs of the case in that it purports to include within its scope individuals not within the scope of 18 U.S.C. § 2334. While the PSJVTA requires martyrs to have "commit[ed] an act of terrorism," Plaintiffs define Martyrs to include any individual who "conspir[ed] to commit" "any act or series of acts" regardless of whether it was terrorism.

c.     Defendant objects to Definition 9 ("Martyr Payment"), and particularly the phrases "directly or indirectly" or "other Benefit" (and the corresponding broad definition of Benefit) because it does not correspond to the factual predicates of the PSJVTA.  The PSJVTA addresses only a "payment" linked to an act of terrorism harming a U.S. national, while Plaintiffs include any "Benefit" "by reason of the Martyr's death."

d.     Defendant objects to Definition 13 ("Prisoner"), and particularly the phrases "imprisoned or detailed," "committing, conspiring to commit, or participating," and "any act or series of acts that injured or killed a National of the United States."  This broad definition goes far beyond the narrow definition in the PSJVTA, which only applies to prisoners that were "fairly tried" or who "pl[ed] guilty" and were "imprisoned for committing any act of terrorism that injured or killed a national of the United States."  Definition 13 is overbroad and not proportional to the limited nature of jurisdictional discovery in that it purports to include within its scope individuals who are not within the scope of 18 U.S.C. § 2334.

e.     Defendant objects to Definition 14 ("Prisoner Payments") as the PSJVTA addresses only "payments" made "by reason of such imprisonment."   18 U.S.C. § 2334(e)(1)(A). Definition 14, on the other hand, includes any kind of "Benefit," including those given

indirectly, given to a broad range of people, *regardless of the reason the payment or Benefit is given*.  This definition is far overbroad and not proportional to the needs of the case in that most of its scope covers items not included under the PSJVTA.

10.     The Requests are focused on merits discovery, irrelevant, not narrowly tailored to the factual predicates for jurisdiction under the PSJVTA.

11.     Defendant objects to the Requests insofar as they seek information protected from disclosure by the attorney-client privilege and the attorney work product doctrine.  Defendant will assume for purposes of these responses that Plaintiffs do not intend to improperly seek privileged documents.

12.     Defendant objects to the Requests insofar as they ask for information not within Defendant's possession, custody, or control.

13.     Defendant objects to the Requests insofar as they seek information that (i) is already in Plaintiffs' possession, including through discovery in *Shatsky I*; (ii) cannot be located by Defendant after reasonably diligent inquiry; (iii) is readily available from public sources; or (iv) is available to Plaintiffs from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

14.     Defendant's answers to the Requests are made subject to, and without waiver of, its rights to: (i) contest the admissibility of any evidence disclosed in these responses or in any production of documents, including at any hearing or trial; (ii) object to any other subsequent discovery requests which may or may not relate to these responses or any production of documents; and (iii) to use information later discovered, and/or to supplement and/or amend its responses to the Requests in the event additional responsive material is discovered.

## SPECIFIC OBJECTIONS AND ANSWERS

### Request for Admission No. 1:

Admit that the attacks listed on Exhibit A to the FASC were "act[s] of terrorism that injured or killed a national of the United States" within the meaning of the PSJVTA.

### Answer to Request for Admission No. 1:

Subject to the foregoing General Objections, Defendant objects to this Request because it asks for admissions regarding over 100 individual attacks going back to the 1960s and is not proportional to the limited nature of jurisdictional discovery and the Court's order. This Request is also asking about attacks carried out by third-parties, in many different places, over whom Defendant had no control. Defendant also objects because this Request is both compound, asking about many different attacks, and is also asking regarding attacks about which Defendant has no personal knowledge. Defendant objects because this Request calls for Defendant to admit legal conclusions regarding the definitions of terms under the PSJVA.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature

of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 2:**

Admit that the persons whose names appear on Exhibit A to the FASC, under the heading "Individuals Who Died Perpetrating Attack," died while committing "act[s] of terrorism that injured or killed a national of the United States" within the meaning of the PSJVTA.

**Answer to Request for Admission No. 2:**

Subject to the foregoing General Objections, Defendant objects to this Request because it asks for admissions regarding over 100 individual attacks going back to the 1960s and is not proportional to the limited nature of jurisdictional discovery and the Court's order.  This Request is also asking about attacks carried out by third-parties, in many different places, over whom Defendant had no control.  Defendant also objects because this Request is both compound, asking about many different attacks, and is also asking regarding attacks about which Defendant has no personal knowledge.  Defendant objects because this Request calls for Defendant to admit legal conclusions regarding the definitions of terms under the PSJVA.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No.

2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 3:**

Admit that the persons whose names appear on Exhibit A to the FASC, under the heading "Individuals Who Pled Guilty," pled guilty to committing "act[s] of terrorism that injured or killed a national of the United States" within the meaning of the PSJVTA.

**Answer to Request for Admission No. 3:**

Subject to the foregoing General Objections, Defendant objects to this Request because it asks for admissions regarding over 100 individual attacks going back to the 1960s and is not proportional to the limited nature of jurisdictional discovery and the Court's order.  This Request improperly asks for a legal conclusion, including whether military tribunals in Israel would be recognized as fair legal process under the PSJVTA.  This Request also improperly asks for admissions regarding attacks carried out by third-parties, in many different places, over whom

Defendant had no control.  Defendant also objects because this both a compound request, asking many different attacks, and regarding attacks about which Defendant has no personal knowledge. Defendant objects because this Request calls for Defendant to admit legal conclusions regarding the definitions of terms under the PSJVA.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 4:**

Admit that the persons whose names appear on Exhibit A to the FASC, under the heading "Individuals Who Pled Guilty," after pleading guilty, were "imprisoned for committing any act of

terrorism that injured or killed a national of the United States" within the meaning of the PSJVTA.

**Answer to Request for Admission No. 4:**

Subject to the foregoing General Objections, Defendant objects to this Request because it asks for admissions regarding over 100 individual attacks going back to the 1960s and is not proportional to the limited nature of jurisdictional discovery and the Court's order. This Request improperly asks for a legal conclusion, including whether military tribunals in Israel would be recognized as fair legal process under the PSJVTA. This Request also improperly asks for admissions regarding attacks carried out by third-parties, in many different places, over whom Defendant had no control. Defendant also objects because this both a compound request, asking many different attacks, and regarding attacks about which Defendant has no personal knowledge. Defendant objects because this Request calls for Defendant to admit legal conclusions regarding the definitions of terms under the PSJVA.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 5:**

Admit that the persons whose names appear on Exhibit A to the FASC, under the heading "Convicted Individual," were convicted of committing "act[s] of terrorism that injured or killed a national of the United States" within the meaning of the PSJVTA.

**Answer to Request for Admission No. 5:**

Subject to the foregoing General Objections, Defendant objects to this Request because it asks for admissions regarding over 100 individual attacks going back to the 1960s and is not proportional to the limited nature of jurisdictional discovery and the Court's order. This Request improperly asks for a legal conclusion, including whether military tribunals in Israel would be recognized as fair legal process under the PSJVTA. This Request also improperly asks for admissions regarding attacks carried out by third-parties, in many different places, over whom Defendant had no control. Defendant also objects because this both a compound request, asking many different attacks, and regarding attacks about which Defendant has no personal knowledge. Defendant objects because this Request calls for Defendant to admit legal conclusions regarding the definitions of terms under the PSJVA.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after

April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 6:**

Admit that the persons whose names appear on Exhibit A to the FASC, under the heading "Convicted Individual," after being fairly tried, were convicted of committing "act[s] of terrorism that injured or killed a national of the United States" within the meaning of the PSJVTA.

**Answer to Request for Admission No. 6:**

Subject to the foregoing General Objections, Defendant objects to this Request because it asks for admissions regarding over 100 individual attacks going back to the 1960s and is not proportional to the limited nature of jurisdictional discovery and the Court's order.  This Request improperly asks for a legal conclusion, including whether military tribunals in Israel would be recognized as fair legal process under the PSJVTA.  This Request also improperly asks for

admissions regarding attacks carried out by third-parties, in many different places, over whom Defendant had no control.  Defendant also objects because this both a compound request, asking many different attacks, and regarding attacks about which Defendant has no personal knowledge. Defendant objects because this Request calls for Defendant to admit legal conclusions regarding the definitions of terms under the PSJVA.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 7:**

Admit that the persons whose names appear on Exhibit A to the FASC, under the heading

"Convicted Individual," after being fairly tried, were convicted of and imprisoned for committing "act[s] of terrorism that injured or killed a national of the United States" within the meaning of the PSJVTA.

**Answer to Request for Admission No. 7:**

Subject to the foregoing General Objections, Defendant objects to this Request because it asks for admissions regarding over 100 individual attacks going back to the 1960s and is not proportional to the limited nature of jurisdictional discovery and the Court's order. This Request improperly asks for a legal conclusion, including whether military tribunals in Israel would be recognized as fair legal process under the PSJVTA. This Request also improperly asks for admissions regarding attacks carried out by third-parties, in many different places, over whom Defendant had no control. Defendant also objects because this both a compound request, asking many different attacks, and regarding attacks about which Defendant has no personal knowledge. Defendant objects because this Request calls for Defendant to admit legal conclusions regarding the definitions of terms under the PSJVA.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual

predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 8:**

Admit that, after April 18, 2020, the PA has made at least one Martyr Payment to a family member of a Martyr.

**Answer to Request for Admission No. 8:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definitions of "Martyr" and "Martyr Payment" go well beyond the scope of the PSJVTA. In particular, the phrases "committing, conspiring to commit, or participating in, any act or series of acts," and "other Benefit" (and the corresponding broad definition of Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA. Those overbroad definitions render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334. The PSJVTA requires martyrs to have "commit[ed] an act of terrorism," but Plaintiffs define Martyrs to include any individual who "conspir[ed] to commit" "any act or series of acts" regardless of whether it was terrorism. The PSJVTA also addresses only a "payment" linked to an act of terrorism harming a U.S. national, while Plaintiffs include any "Benefit" "by reason of the Martyr's death."

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 9:**

Admit that, after April 18, 2020, the PA has made at least 20 Martyr Payments to family members of Martyrs.

**Answer to Request for Admission No. 9:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definitions of "Martyr" and "Martyr Payment" go well beyond the scope of the PSJVTA. In particular, the phrases "committing, conspiring to commit, or participating in, any act or series of

acts," and "other Benefit" (and the corresponding broad definition of Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA.  Those overbroad definitions render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  The PSJVTA requires martyrs to have "commit[ed] an act of terrorism," but Plaintiffs define Martyrs to include any individual who "conspir[ed] to commit" "any act or series of acts" regardless of whether it was terrorism.  The PSJVTA also addresses only a "payment" linked to an act of terrorism harming a U.S. national, while Plaintiffs include any "Benefit" "by reason of the Martyr's death."

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant

denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 10:**

Admit that, after April 18, 2020, the PA has made at least 50 Martyr Payments to family members of Martyrs.

**Answer to Request for Admission No. 10:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definitions of "Martyr" and "Martyr Payment" go well beyond the scope of the PSJVTA. In particular, the phrases "committing, conspiring to commit, or participating in, any act or series of acts," and "other Benefit" (and the corresponding broad definition of Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA. Those overbroad definitions render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334. The PSJVTA requires martyrs to have "commit[ed] an act of terrorism," but Plaintiffs define Martyrs to include any individual who "conspir[ed] to commit" "any act or series of acts" regardless of whether it was terrorism. The PSJVTA also addresses only a "payment" linked to an act of terrorism harming a U.S. national, while Plaintiffs include any "Benefit" "by reason of the Martyr's death."

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18,

2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 11:**

Admit that, after April 18, 2020, the PA has made at least 100 Martyr Payments to family members of Martyrs.

**Answer to Request for Admission No. 11:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definitions of "Martyr" and "Martyr Payment" go well beyond the scope of the PSJVTA. In particular, the phrases "committing, conspiring to commit, or participating in, any act or series of acts," and "other Benefit" (and the corresponding broad definition of Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA. Those overbroad definitions render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334. The PSJVTA requires martyrs to have "commit[ed] an act of terrorism," but

Plaintiffs define Martyrs to include any individual who "conspir[ed] to commit" "any act or series of acts" regardless of whether it was terrorism.  The PSJVTA also addresses only a "payment" linked to an act of terrorism harming a U.S. national, while Plaintiffs include any "Benefit" "by reason of the Martyr's death."

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 12:**

Admit that, after April 18, 2020, the PA has made at least one Prisoner Payment.

**<u>Answer to Request for Admission No. 12:</u>**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Prisoner Payment" goes well beyond the scope of the PSJVTA.  In particular, the phrases "committing, conspiring to commit, or participating in, any act or series of acts," and "other Benefit" (and the corresponding definitions of Prisoner and Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA.  Those overbroad definitions render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  By contrast, the PSJVTA only applies to prisoners that were "fairly tried" or who "pl[ed] guilty" and were "imprisoned for committing any act of terrorism that injured or killed a national of the United States" and payments that are made "by reason of such imprisonment."  Plaintiffs' definitions include indirect "benefits" given to a broad range of people regardless of the reason the payment or benefit was given.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature

23

of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 13:**

Admit that, after April 18, 2020, the PA has made at least 20 Prisoner Payments.

**Answer to Request for Admission No. 13:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Prisoner Payment" goes well beyond the scope of the PSJVTA.  In particular, the phrases "committing, conspiring to commit, or participating in, any act or series of acts," and "other Benefit" (and the corresponding definitions of Prisoner and Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA.  Those overbroad definitions render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  By contrast, the PSJVTA only applies to prisoners that were "fairly tried" or who "pl[ed] guilty" and were "imprisoned for committing any act of terrorism that injured or killed a national of the United States" and payments that are made "by reason of such imprisonment."  Plaintiffs' definitions include indirect "benefits" given to a broad range of people regardless of the reason the payment or benefit was given.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants'

production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 14:**

Admit that, after April 18, 2020, the PA has made at least 50 Prisoner Payments.

**Answer to Request for Admission No. 14:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Prisoner Payment" goes well beyond the scope of the PSJVTA. In particular, the phrases "committing, conspiring to commit, or participating in, any act or series of acts," and "other Benefit" (and the corresponding definitions of Prisoner and Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA. Those overbroad definitions render the Requests not proportional to the needs of the case in that this

25

Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  By contrast, the PSJVTA only applies to prisoners that were "fairly tried" or who "pl[ed] guilty" and were "imprisoned for committing any act of terrorism that injured or killed a national of the United States" and payments that are made "by reason of such imprisonment."  Plaintiffs' definitions include indirect "benefits" given to a broad range of people regardless of the reason the payment or benefit was given.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 15:**

Admit that, after April 18, 2020, the PA has made at least 100 Prisoner Payments.

**Answer to Request for Admission No. 15:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Prisoner Payment" goes well beyond the scope of the PSJVTA.  In particular, the phrases "committing, conspiring to commit, or participating in, any act or series of acts," and "other Benefit" (and the corresponding definitions of Prisoner and Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA.  Those overbroad definitions render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  By contrast, the PSJVTA only applies to prisoners that were "fairly tried" or who "pl[ed] guilty" and were "imprisoned for committing any act of terrorism that injured or killed a national of the United States" and payments that are made "by reason of such imprisonment."  Plaintiffs' definitions include indirect "benefits" given to a broad range of people regardless of the reason the payment or benefit was given.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the

extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 16:**

Admit that, after April 18, 2020, the PA has made Prisoner Payments to the persons whose names appear on Exhibit A to the FASC under the headings "Individuals Who Pled Guilty" and/or "Convicted Individuals," or to Designees of those persons.

**Answer to Request for Admission No. 16:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Prisoner Payment" goes well beyond the scope of the PSJVTA. In particular, the phrases "committing, conspiring to commit, or participating in, any act or series of acts," and "other Benefit" (and the corresponding definitions of Prisoner and Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA. Those overbroad definitions render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334. By contrast, the PSJVTA only applies to prisoners that were "fairly tried" or who "pl[ed] guilty" and were "imprisoned for committing any act of terrorism that injured or killed a national of the United States" and payments that are made "by reason of such imprisonment." Plaintiffs'

28

definitions include indirect "benefits" given to a broad range of people regardless of the reason the payment or benefit was given.

Defendant further objects because this Request improperly asks for admissions regarding third-parties over whom Defendant has no control, who were involved in attacks about which Defendant has no personal knowledge.  Defendant also objects because this both a compound request asking many different persons in many different circumstances.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 17:**

Admit that, after April 18, 2020, the PA has made Martyr Payments to family members of the persons whose names appear on Exhibit A to the FASC under the heading "Individuals Who Died Perpetrating Attack."

**Answer to Request for Admission No. 17:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definitions of "Martyr" and "Martyr Payment" go well beyond the scope of the PSJVTA.  In particular, the phrases "committing, conspiring to commit, or participating in, any act or series of acts," and "other Benefit" (and the corresponding broad definition of Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA.  Those overbroad definitions render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  The PSJVTA requires martyrs to have "commit[ed] an act of terrorism," but Plaintiffs define Martyrs to include any individual who "conspir[ed] to commit" "any act or series of acts" regardless of whether it was terrorism.  The PSJVTA also addresses only a "payment" linked to an act of terrorism harming a U.S. national, while Plaintiffs include any "Benefit" "by reason of the Martyr's death."

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after

30

April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 18:**

Admit that, after April 18, 2020, the PA has provided funds to the PLO with the knowledge that the PLO would make one or more Martyr Payments or Prisoner Payments.

**Answer to Request for Admission No. 18:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definitions of "Martyr Payment" and "Prisoner Payment" go well beyond the scope of the PSJVTA.  In particular, the phrases "committing, or conspiring to commit, or participating in, any act or series of acts" and "other Benefit" (and the corresponding broad definition of Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA.  Those overbroad definitions render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  The PSJVTA requires martyrs to have "commit[ed] an act of terrorism," but Plaintiffs define Martyrs to include any individual who "conspir[ed] to commit" "any act or series

31

of acts" regardless of whether it was terrorism.  The PSJVTA also addresses only a "payment" linked to an act of terrorism harming a U.S. national, while Plaintiffs include any "Benefit" "by reason of the Martyr's death."  Similarly, the PSJVTA only applies to prisoners that were "fairly tried" or who "pl[ed] guilty" and were "imprisoned for committing any act of terrorism that injured or killed a national of the United States" and payments that are made "by reason of such imprisonment."  Plaintiffs' definitions include indirect "benefits" given to a broad range of people regardless of the reason the payment or benefit is given.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 19:**

Admit that, after April 18, 2020, the PA has provided funds to the PLO with the intent that the PLO would make one or more Martyr Payments or Prisoner Payments.

**Answer to Request for Admission No. 19:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definitions of "Martyr Payment" and "Prisoner Payment" go well beyond the scope of the PSJVTA.  In particular, the phrases "committing, or conspiring to commit, or participating in, any act or series of acts" and "other Benefit" (and the corresponding broad definition of Benefit) are overbroad because they go beyond the issues encapsulated in the factual predicates established by the PSJVTA.  Those overbroad definitions render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  The PSJVTA requires martyrs to have "commit[ed] an act of terrorism," but Plaintiffs define Martyrs to include any individual who "conspir[ed] to commit" "any act or series of acts" regardless of whether it was terrorism.  The PSJVTA also addresses only a "payment" linked to an act of terrorism harming a U.S. national, while Plaintiffs include any "Benefit" "by reason of the Martyr's death."  Similarly, the PSJVTA only applies to prisoners that were "fairly tried" or who "pl[ed] guilty" and were "imprisoned for committing any act of terrorism that injured or killed a national of the United States" and payments that are made "by reason of such imprisonment."  Plaintiffs' definitions include indirect "benefits" given to a broad range of people regardless of the reason the payment or benefit is given.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after

April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No.
2.  Defendants accordingly have produced documents concerning payments on or after April 18,
2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after
April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating
in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the
extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual
predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature
of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to
documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant
denies this Request except to the extent shown in the documents produced pursuant to Document
Request #4.

**Request for Admission No. 20:**

Admit that, since at least 2014, it has been the practice of the PA to provide Benefits to
family members, Designees, or other beneficiaries of individuals currently or formerly imprisoned
or detained for committing, conspiring to commit, or participating in attacks against Israeli and
Jewish targets.

**Answer to Request for Admission No. 20:**

Subject to the foregoing General Objections, Defendant objects to this Request because the
definition of "Benefits" and the broad scope of the request goes well beyond the scope of the
PSJVTA.  That overbroad definition renders the Requests not proportional to the needs of the case
in that this Request includes within its scope individuals and payments not within the scope of 18

U.S.C. § 2334.  Plaintiffs' definitions include indirect "Benefits" given to a broad range of people regardless of the reason the payment or benefit is given.   The PSJVTA also only requires payments to be made by reason of death or imprisonment, not by reason of participation in attacks against "Israeli and Jewish targets."

Defendant also objects to this Request because it is not relevant to the PSJVTA at all because it asks about people "conspiring to commit" or attacks against "Israeli and Jewish targets," while the PSJVTA is only concerned with actual attacks that harmed American citizens. Defendant objects because this is a compound request asking about many individuals in different circumstances, many or all of whom are irrelevant to the PSJVTA.  This Request asks for an admission regarding events that are outside of the temporal limitations of the PSJVTA.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 21:**

Admit that, since at least 2014, it has been the practice of the PA to provide Benefits to family members, Designees, or other beneficiaries of individuals currently or formerly imprisoned or detained for committing, conspiring to commit, or participating in attacks against Israeli and Jewish targets, which are provided solely by reason of the individuals' imprisonment for committing, conspiring to commit, or participating in such attacks.

**Answer to Request for Admission No. 21:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Benefits" and the broad scope of the request goes well beyond the scope of the PSJVTA.  That overbroad definition renders the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  Plaintiffs' definitions include indirect "Benefits" given to a broad range of people regardless of the reason the payment or benefit is given.   The PSJVTA also only requires payments to be made by reason of death or imprisonment, not by reason of participation in attacks against "Israeli and Jewish targets."

Defendant also objects to this Request because it is not relevant to the PSJVTA at all because it asks about people "conspiring to commit" or attacks against "Israeli and Jewish targets," while the PSJVTA is only concerned with actual attacks that harmed American citizens. Defendant objects because this is a compound request asking about many individuals in different circumstances, many or all of whom are irrelevant to the PSJVTA.  This Request asks for an

36

admission regarding events that are outside of the temporal limitations of the PSJVTA.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 22:**

Admit that, since at least 2014, it has been the practice of the PA to provide Benefits to family members of individuals killed in attacks against Israeli and Jewish targets.

**Answer to Request for Admission No. 22:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Benefits" and the broad scope of the request goes well beyond the scope of the

PSJVTA.  That overbroad definition render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  Plaintiffs' definitions include indirect "Benefits" given to a broad range of people regardless of the reason the payment or benefit is given.  The PSJVTA also only requires payments to be made by reason of death or imprisonment, not by reason of participation in attacks against "Israeli and Jewish targets."

Defendant also objects to this Request because it is not relevant to the PSJVTA at all because it asks about attacks against "Israeli and Jewish targets" while the PSJVTA is only concerned with actual attacks that harmed American citizens.  Defendant objects because this is a compound request asking about many individuals in different circumstances, many or all of whom are irrelevant to the PSJVTA.  This Request asks for an admission regarding events that are outside of the temporal limitations of the PSJVTA.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 23:**

Admit that, since at least 2014, it has been the practice of the PA to provide Benefits to family members of individuals killed while participating in attacks against Israeli and Jewish targets, which are provided solely by reason of the individuals' death while participating in such attacks.

**Answer to Request for Admission No. 23:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Benefits" and the broad scope of the request goes well beyond the scope of the PSJVTA.  That overbroad definition render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  Plaintiffs' definitions include indirect "Benefits" given to a broad range of people regardless of the reason the payment or benefit is given.   The PSJVTA also only requires payments to be made by reason of death or imprisonment, not by reason of participation in attacks against "Israeli and Jewish targets."

Defendant also objects to this Request because it is not relevant to the PSJVTA at all because it asks about attacks against "Israeli and Jewish targets" while the PSJVTA is only concerned with actual attacks that harmed American citizens.  Defendant objects because this is a compound request asking about many individuals in different circumstances, many or all of whom

are irrelevant to the PSJVTA.  This Request asks for an admission regarding events that are outside of the temporal limitations of the PSJVTA.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

## Request for Admission No. 24:

Admit that, after December 19, 2019, the PA has not materially altered its practices with respect to the provision of Benefits to family members, Designees, or other beneficiaries of individuals currently or formerly imprisoned or detained for committing, conspiring to commit, or participating in attacks against Israeli and Jewish targets.

**Answer to Request for Admission No. 24:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Benefits" and the broad scope of the request goes well beyond the scope of the PSJVTA.  That overbroad definition render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  Plaintiffs' definitions include indirect "Benefits" given to a broad range of people regardless of the reason the payment or benefit is given.  The PSJVTA also only requires payments to be made by reason of death or imprisonment, not by reason of participation in attacks against "Israeli and Jewish targets."

Defendant also objects to this Request because it is not relevant to the PSJVTA at all because it asks about attacks against "Israeli and Jewish targets" while the PSJVTA is only concerned with actual attacks that harmed American citizens.  Defendant objects because this is a compound request asking about many individuals in different circumstances, many or all of whom are irrelevant to the PSJVTA.  This Request asks for an admission regarding events that are outside of the temporal limitations of the PSJVTA.  This Request also improperly asks for a legal conclusion regarding what constitutes a "material" alteration in payment practices.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating

41

in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 25:**

Admit that, after December 19, 2019, the PA has not materially altered its practices with respect to the provision of Benefits to family members of individuals killed while participating in attacks against Israeli and Jewish targets.

**Answer to Request for Admission No. 25:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Benefits" and the broad scope of the request goes well beyond the scope of the PSJVTA.  That overbroad definition render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334.  Plaintiffs' definitions include indirect "Benefits" given to a broad range of people regardless of the reason the payment or benefit is given.  The PSJVTA also only requires payments to be made by reason of death or imprisonment, not by reason of participation in attacks against "Israeli and Jewish targets."

Defendant also objects to this Request because it is not relevant to the PSJVTA at all

because it asks about attacks against "Israeli and Jewish targets" while the PSJVTA is only concerned with actual attacks that harmed American citizens. Defendant objects because this is a compound request asking about many individuals in different circumstances, many or all of whom are irrelevant to the PSJVTA. This Request asks for an admission regarding events that are outside of the temporal limitations of the PSJVTA. This Request also improperly asks for a legal conclusion regarding what constitutes a "material" alteration in payment practices.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 26:**

Admit that, since 2014, the PA has not materially altered its practices concerning the provision of Benefits to family members, Designees, or other beneficiaries of individuals currently or formerly imprisoned or detained for committing, conspiring to commit, or participating in attacks against Israeli and Jewish targets.

**Answer to Request for Admission No. 26:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Benefits" and the broad scope of the request goes well beyond the scope of the PSJVTA. That overbroad definition render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18 U.S.C. § 2334. Plaintiffs' definitions include indirect "Benefits" given to a broad range of people regardless of the reason the payment or benefit is given. The PSJVTA also only requires payments to be made by reason of death or imprisonment, not by reason of participation in attacks against "Israeli and Jewish targets."

Defendant also objects to this Request because it is not relevant to the PSJVTA at all because it asks about attacks against "Israeli and Jewish targets" while the PSJVTA is only concerned with actual attacks that harmed American citizens. Defendant objects because this is a compound request asking about many individuals in different circumstances, many or all of whom are irrelevant to the PSJVTA. This Request asks for an admission regarding events that are outside of the temporal limitations of the PSJVTA. This Request also improperly asks for a legal conclusion regarding what constitutes a "material" alteration in payment practices.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants'

production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 27:**

Admit that, since 2014, the PA has not materially altered its practices concerning the provision of Benefits to family members of individuals killed in attacks against Israeli and Jewish targets.

**Answer to Request for Admission No. 27:**

Subject to the foregoing General Objections, Defendant objects to this Request because the definition of "Benefits" and the broad scope of the request goes well beyond the scope of the PSJVTA.  That overbroad definition render the Requests not proportional to the needs of the case in that this Request includes within its scope individuals and payments not within the scope of 18

U.S.C. § 2334.  Plaintiffs' definitions include indirect "Benefits" given to a broad range of people regardless of the reason the payment or benefit is given.   The PSJVTA also only requires payments to be made by reason of death or imprisonment, not by reason of participation in attacks against "Israeli and Jewish targets."

Defendant also objects to this Request because it is not relevant to the PSJVTA at all because it asks about attacks against "Israeli and Jewish targets" while the PSJVTA is only concerned with actual attacks that harmed American citizens.  Defendant objects because this is a compound request asking about many individuals in different circumstances, many or all of whom are irrelevant to the PSJVTA.  This Request asks for an admission regarding events that are outside of the temporal limitations of the PSJVTA.  This Request also improperly asks for a legal conclusion regarding what constitutes a "material" alteration in payment practices.

Defendant further objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to

documents that have been produced in this action pursuant to Document Request #4.

For the reasons stated above, including in Defendants' General Objections, Defendant denies this Request except to the extent shown in the documents produced pursuant to Document Request #4.

**Request for Admission No. 28:**

Admit that, on or about April 16, 2020, Mahmoud Abbas, Chairman of the PLO and President of the PA, stated that "[t]he issue of the prisoners will remain our first priority despite all the difficulties we are facing. This is to preserve the just, inalienable rights of our people."

**Answer to Request for Admission No. 28:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states: Admitted.

**Request for Admission No. 29:**

Admit that, on or about May 8, 2020, Ibrahim Milham, an official spokesman of the PA, stated: "The government confirms that it refuses to bow to Israeli pressure, will remain loyal to the prisoners and the martyrs, and will preserve their rights, regardless of how much pressure is applied."

**Answer to Request for Admission No. 29:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states: Admitted.

**Request for Admission No. 30:**

Admit that, on or about May 19, 2020, Mahmoud Abbas, the Chairman of the PLO and President of the PA, stated in a speech: "We vow to our honorable martyrs and heroic prisoners (just now, the Israelis has asked the banks not to pay the prisoners, but we shall keep paying

48

them, no matter how much the [Israelis] scream) . . . ."

**Answer to Request for Admission No. 30:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states: Admitted.

**Request for Admission No. 31:**

Admit that, on or about June 1, 2020, Qadri Abu Bakr, Chairman of the PA's Prisoners and Ex-Prisoners Commission, stated that "the banks would continue paying the salaries of prisoners and of martyrs' families until a dedicated banking institution is set up for them."

**Answer to Request for Admission No. 31:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs'

focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant denies that the Prisoners and Ex-Prisoners Commission is part of the PA.  Further, Defendant but admits that Minister Abu Bakr made the statement attributed to him.

**Request for Admission No. 32:**

Admit that, on or about June 8, 2020, in response to an order from the Israel Defense Forces that banks which continued to administer terrorist prisoners' accounts would be in violation of Israeli law, PA Prime Minister Mohammad Shtayyeh stated:

The Israelis said: "You have to close 40,000 bank accounts that belong to prisoners." Some banks were afraid and all that, but we said to these banks: "That is a political decision. It is forbidden for Israel to expand its military rule to the Palestinian lands. Stay steadfast on this issue!" The Israelis backtracked. Just as they backtracked on this, on that, and on other things when [we] were steadfast and we persevered, I believe that on July 1 we will be in a different position.

**Answer to Request for Admission No. 32:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Admitted.

**Request for Admission No. 33:**

Admit that, on or about June 8, 2020, PA Prime Minister Mohammad Shtayyeh, during a television interview, stated: "we continued to pay the prisoners and the shahids in full," and "[w]e will remain committed to this until Judgment Day, until we are victorious, until the bloodbath stops, and until the prisons are closed. This is one issue to which we remain committed."

**Answer to Request for Admission No. 33:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs'

focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Admitted.

**Request for Admission No. 34:**

Admit that, on or about July 5, 2020, WAFA, the PA's official news agency, carried a press release from Qadri Abu Bakr, Chairman of the PA's Prisoners and Ex-Prisoners Commission, announcing that four banks had failed to transfer salaries to approximately 150 relatives of prisoners and stating:

Abu Bakr demanded that all banks commit to paying the prisoners' allowances and refrain from closing any of the accounts, or cancelling any of the ATM cards, considering that failing to pay the prisoners' allowances would violate the directives of the [Palestine] Monetary Authority and the government, and that it would violate the agreement that had previously been concluded.

**Answer to Request for Admission No. 34:**

Subject to the foregoing General Objections, Defendant objects to this Request insofar as it characterizes the Palestinian News and Information Agency, also known as WAFA, as an agent

or mouthpiece of Defendant.  *See* https://english.wafa.ps/Home/AboutUs (describing WAFA as a state-sponsored but independent news agency).

Defendant also objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant denies that the Prisoners and Ex-Prisoners Commission is part of the PA.  Defendant further admits that WAFA published an article reporting the announcement and statements as indicated in the Request.

**Request for Admission No. 35:**

Admit that, on or about July 9, 2020, Qadri Abu Bakr, Chairman of the PA's Prisoners and Ex-Prisoners Commission, stated in an interview: "Regarding the salaries, everything was fine. On Wednesday [July 8], obviously, after having discussions with some of the banks that were disbursement stations, almost all of the prisoners . . . we didn't receive almost any phone call from any prisoner."

**Answer to Request for Admission No. 35:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant denies that the Prisoners and Ex-Prisoners Commission is part of the PA. Defendant further admits that Minister Abu Bakr generally made the statement attributed to him but that the English translation of that statement in this Request is somewhat inaccurate.

**Request for Admission No. 36:**

Admit that, on or about July 27, 2020, WAFA, the PA's official news agency, announced that the PA's General Intelligence Service had provided more than 30 special grants to families of prisoners and shahids from the town of Jenin, and that the payments were made "to implement what Mahmoud Abbas had repeatedly stated – that if we were left with just one penny, it would be given to the families of martyrs and prisoners."

**Answer to Request for Admission No. 36:**

Subject to the foregoing General Objections, Defendant objects to this Request insofar as it characterizes the Palestinian News and Information Agency, also known as WAFA, as an agent or mouthpiece of Defendant.  *See* https://english.wafa.ps/Home/AboutUs (describing WAFA as a state-sponsored but independent news agency).

Defendant also objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant admits that WAFA published an article reporting the news as indicated in the Request.

**Request for Admission No. 37:**

Admit that, on or about September 7, 2020, Qadri Abu Bakr, Chairman of the PA's Prisoners and Ex-Prisoners Commission, gave a televised interview in which the following exchange occurred:

Question: . . . you've said you'd submit your resignation, and then came the

55

responses and the discussion, and conversations on the topic [of payments to prisoners] . . .

Abu Bakr: I mean, look, we're under tremendous pressure.

Question: Yes. From whom?

Abu Bakr: From the people, of course. The prisoners' families. From incarcerated prisoners. From ex-prisoners. We have an enormous amount of requests that we're unable of [sic] handle. . . . And as you've said, everyone is suffering from this situation, but the prisoners are especially suffering. As for myself, I personally feel that not enough is being done, in general, and in regard to us as well. We're the ones not doing enough.

Question: Ok. This failure, I mean, prisoner affairs should be a priority for everyone, including the payment of financial allowances to them. Mr. Qadri, do you believe that there is negligence, that the prisoners' issue is being neglected, and that it isn't one of the priorities concerning financial allocations?

Abu Bakr: No. I don't think so. That's because when the Israelis blocked the clearinghouse, a full salary was paid to them. One hundred percent was paid to the prisoners, and fifty percent was paid to the employees.

**Answer to Request for Admission No. 37:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents

concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant denies that the Prisoners and Ex-Prisoners Commission is part of the PA. Defendant further admits that Minister Abu Bakr made the statement attributed to him.

**Request for Admission No. 38:**

Admit that, on or about September 28, 2020, WAFA, the PA's official news agency, stated as follows regarding Palestinian Prime Minister Mohammed Shtayyeh: "The Prime Minister explained that 350,000 salaries are paid every month, which go to military and civilian personnel, the needy families who amount to 120,000, including 81,000 families in the Gaza Strip, 140,000 employees in the West Bank and Gaza, in addition to 75,000 retired military and civilian personnel in the West Bank and Gaza, as well as the families of prisoners and martyrs at home and in the Diaspora."

**Answer to Request for Admission No. 38:**

Subject to the foregoing General Objections, Defendant objects to this Request insofar as it characterizes the Palestinian News and Information Agency, also known as WAFA, as an agent or mouthpiece of Defendant. *See* https://english.wafa.ps/Home/AboutUs (describing WAFA as a state-sponsored but independent news agency).

Defendant also objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant admits that WAFA published an article reporting the news as indicated in the Request.

**Request for Admission No. 39:**

Admit that, after January 4, 2020, at least one person has provided labor or services to or on behalf of the PA while physically present in the United States.

**Answer to Request for Admission No. 39:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to

this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendant also objects because this Request seeks information that is protected by the diplomatic and treaty-based privileges enjoyed by the PLO's UN Mission.  Defendant further objects because the terms "labor or services" are unclear, especially given the exceptions for certain activities under the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that anyone provided labor or services on behalf of Defendant while physically present in the United States other than those specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 40:**

Admit that, after January 4, 2020, at least one person has provided labor or services to or on behalf of the PA while at the East 65th Street Facility.

**Answer to Request for Admission No. 40:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to

this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant also objects because this Request seeks information that is protected by the diplomatic and treaty-based privileges enjoyed by the PLO's UN Mission. Defendant further objects because the terms "labor or services" are unclear, especially given the exceptions for certain activities under the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that anyone provided labor or services on behalf of Defendant while physically present in the United States other than those specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 41:**

Admit that, after January 4, 2020, at least one person has provided labor or services to or on behalf of the PA while physically present in the United States and outside the United Nations Headquarters.

**Answer to Request for Admission No. 41:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents

concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant also objects because this Request seeks information that is protected by the diplomatic and treaty-based privileges enjoyed by the PLO's UN Mission. Defendant further objects because the terms "labor or services" are unclear, especially given the exceptions for certain activities under the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that anyone provided labor or services on behalf of Defendant while physically present in the United States other than those specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 42:**

Admit that, after January 4, 2020, at least one person has conducted an activity on behalf of the PA that is not covered by an exception under 18 U.S.C. § 2334(e)(3) while physically present in the United States.

**Answer to Request for Admission No. 42:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF

No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents

concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to

this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom

Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or

injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it

exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this

action, and is not proportional to the limited nature of jurisdictional discovery and the order of the

Court. This Request improperly asks for legal conclusions, including whether activities are

covered under the exemptions in the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that anyone

conducted an activity on behalf of Defendant while physically present in the United States other

than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as

explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 43:**

Admit that, after January 4, 2020, at least one person has conducted an activity on behalf

of the PA that is not covered by an exception under 18 U.S.C. § 2334(e)(3) while at the East 65th

Street Facility.

**Answer to Request for Admission No. 43:**

Subject to the foregoing General Objections, Defendant objects because sufficient

information to litigate the application of the factual predicates of the PSJVTA to Defendants in

this action has been provided by Defendants' production of documents responsive to Plaintiffs'

focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF

No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents

concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. This Request improperly asks for legal conclusions, including whether activities are covered under the exemptions in the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that anyone conducted an activity on behalf of Defendant while physically present in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 44:**

Admit that, after January 4, 2020, at least one person has conducted an activity on behalf of the PA that is not covered by an exception under 18 U.S.C. § 2334(e)(3) while physically present in the United States and outside the United Nations Headquarters.

**Answer to Request for Admission No. 44:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to

this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. This Request improperly asks for legal conclusions, including whether activities are covered under the exemptions in the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that anyone conducted an activity on behalf of Defendant while physically present in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 45:**

Admit that, after January 4, 2020, the PA has reimbursed the expenses of at least one person in connection with activity such person conducted that is not covered by an exception under 18 U.S.C. § 2334(e)(3) while physically present in the United States.

**Answer to Request for Admission No. 45:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom

Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. This Request improperly asks for legal conclusions, including whether activities are covered under the exemptions in the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that it has reimbursed the expenses of any person in connection with an activity conducted by such person while physically present in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 46:**

Admit that, after January 4, 2020, the PA has reimbursed the expenses of at least one person in connection with activity such person conducted that is not covered by an exception under 18 U.S.C. § 2334(e)(3) while at the East 65th Street Facility.

**Answer to Request for Admission No. 46:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom

Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  This Request improperly asks for legal conclusions, including whether activities are covered under the exemptions in the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that it has reimbursed the expenses of any person in connection with an activity conducted by such person while physically present in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 47:**

Admit that, after January 4, 2020, the PA has reimbursed the expenses of at least one person in connection with activity such person conducted that is not covered by an exception under 18 U.S.C. § 2334(e)(3) while physically present in the United States and outside the United Nations Headquarters.

**Answer to Request for Admission No. 47:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to

this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  This Request improperly asks for legal conclusions, including whether activities are covered under the exemptions in the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that it has reimbursed the expenses of any person in connection with an activity conducted by such person while physically present in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

## Request for Admission No. 48:

Admit that, after January 4, 2020, the PA has continued to maintain at least one office, headquarters, premises, or other facility or establishment in the United States that is not used exclusively for the purpose of conducting official business of the United Nations.

## Answer to Request for Admission No. 48:

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to

this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendant further objects because the Request asks for legal conclusions regarding whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that it has maintained any office, headquarters, premises, or other facility or establishment in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 49:**

Admit that, after January 4, 2020, the PA has established or procured an office, headquarters, premises, or other facility or establishment in the United States that is not used exclusively for the purpose of conducting official business of the United Nations.

**Answer to Request for Admission No. 49:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom

Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because the Request asks for legal conclusions regarding whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that it has established or procured any office, headquarters, premises, or other facility or establishment in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 50:**

Admit that the PA owns and maintains the East 65th Street Facility.

**Answer to Request for Admission No. 50:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this

action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant denies that it owns and maintains any facility in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 51:**

Admit that, after January 4, 2020, agents, officers, and/or employees of the PA have used the East 65th Street Facility in New York City.

**Answer to Request for Admission No. 51:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant denies that its agents,

officers, or employees have established or procured any office, headquarters, premises, or other facility or establishment in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 52:**

Admit that, after January 4, 2020, agents, officers, and/or employees of the PA have used the East 65th Street Facility for purposes in addition to conducting official business of the United Nations.

**Answer to Request for Admission No. 52:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because the Request asks for legal conclusions regarding whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that its agents,

officers, or employees used the premises of the PLO's UN Mission for any purposes other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 53:**

Admit that, after January 4, 2020, one or more individuals have provided "consular services," such as the authentication of birth and death certificates and other forms, on behalf of the PA while physically located in the United States.

**Answer to Request for Admission No. 53:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendant further objects because the Request asks for legal conclusions regarding what constitutes "consular services" and whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have performed any activities on its behalf while physically located in the United States

other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 54:**

Admit that, after January 4, 2020, one or more individuals have provided "consular services," such as the authentication of birth and death certificates and other forms, on behalf of the PA while at the East 65th Street Facility.

**Answer to Request for Admission No. 54:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because the Request asks for legal conclusions regarding what constitutes "consular services" and whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have performed any activities on its behalf while physically located in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as

explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 55:**

Admit that, after January 4, 2020, one or more individuals have provided "consular services," such as the authentication of birth and death certificates and other forms, on behalf of the PA while physically present in the United States and outside the United Nations Headquarters.

**Answer to Request for Admission No. 55:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because the Request asks for legal conclusions regarding what constitutes "consular services" and whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have performed any activities on its behalf while physically located in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 56:**

Admit that, after January 4, 2020, one or more individuals have, on behalf of the PA and while physically located in the United States, participated in the authentication and/or consideration for authentication of birth certificates, death certificates or other documents.

**Answer to Request for Admission No. 56:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendant further objects because the Request asks for legal conclusions regarding what constitutes "consular services" and whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have performed any activities on its behalf while physically located in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 57:**

Admit that, after January 4, 2020, one or more individuals have, on behalf of the PA and while at the East 65th Street Facility, participated in the authentication and/or consideration for authentication of birth certificates, death certificates or other documents.

**Answer to Request for Admission No. 57:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because the Request asks for legal conclusions regarding what constitutes "consular services" and whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have performed any activities on its behalf while physically located in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 58:**

Admit that, after January 4, 2020, one or more individuals have, on behalf of the PA and while physically present in the United States and outside the United Nations Headquarters, participated in the authentication and/or consideration for authentication of birth certificates, death certificates or other documents.

**Answer to Request for Admission No. 58:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because the Request asks for legal conclusions regarding what constitutes "consular services" and whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have performed any activities on its behalf while physically located in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 59:**

Admit that, after January 4, 2020, one or more individuals, while physically located in the United States, have conducted press conferences on behalf of the PA.

**Answer to Request for Admission No. 59:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have conducted any press conferences on behalf of Defendant while physically located in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 60:**

Admit that, after January 4, 2020, one or more individuals, while at the East 65th Street Facility, have conducted press conferences on behalf of the PA.

**Answer to Request for Admission No. 60:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have conducted press conferences at the PLO's UN Mission other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 61:**

Admit that, after January 4, 2020, one or more individuals, while physically present in the United States and outside the United Nations Headquarters, have conducted press conferences on behalf of the PA.

**Answer to Request for Admission No. 61:**

Subject to the foregoing General Objections, Defendant objects because sufficient

information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendant further objects because the Request asks for legal conclusions regarding what constitutes the United Nations Headquarters for purposes of the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have conducted press conferences while physically present in the United States and outside the United Nations Headquarters other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 62:**

Admit that, after January 4, 2020, one or more individuals, while physically located in the United States, have created and distributed informational materials on behalf of the PA.

**Answer to Request for Admission No. 62:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in

this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendant further objects because the Request asks for legal conclusions regarding what constitutes "informational materials" and whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have created or distributed informational material on Defendant's behalf while physically present in the United States other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 63:**

Admit that, after January 4, 2020, one or more individuals, while at the East 65th Street Facility, have created and distributed informational materials on behalf of the PA.

**Answer to Request for Admission No. 63:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in

this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendant further objects because the Request asks for legal conclusions regarding what constitutes "informational materials" and whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have created and distributed informational materials while at the PLO's UN Mission on Defendant's behalf other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 64:**

Admit that, after January 4, 2020, one or more individuals, while physically present in the United States and outside the United Nations Headquarters, have created and distributed informational materials on behalf of the PA.

**Answer to Request for Admission No. 64:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in

this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because the Request asks for legal conclusions regarding what constitutes "informational materials" and whether certain activities fall under the PSJVTA's exceptions.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals have created and distributed informational materials on Defendant's behalf while physically present in the United States and outside the United Nations Headquarters other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 65:**

Admit that, on or about February 11, 2020, Mahmoud Abbas, Chairman of the PLO and President of the PA, held a press conference with former Prime Minister of Israel Ehud Olmert in New York City, during which Abbas made the following statement regarding a United States-proposed Israel-Palestine Peace Plan: "A few days ago, the so called deal of the century was introduced by America and totally went against international law and does not make way for a

two-state solution. This cannot be a basis for any future negotiations as it will not make way for a joint peace."

**Answer to Request for Admission No. 65:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states: Admitted.

**Request for Admission No. 66:**

Admit that, on or about November 19, 2020, Riyad Mansour, Permanent Observer of the State of Palestine to the United Nations, spoke about the Middle East Peace Plan at Seton Hall University.

**Answer to Request for Admission No. 66:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in

this action has been provided by Defendants' production of documents responsive to Plaintiffs'

focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF

No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents

concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to

this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom

Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or

injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it

exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this

action, and is not proportional to the limited nature of jurisdictional discovery and the order of the

Court.

Subject to and without waiving the foregoing objections, Defendant admits that

Ambassador Mansour spoke at Seton Hall University's School of Diplomacy and International

Relations through a video conference, but denies that he was physically present at Seton Hall

University.  Defendant further denies that Ambassador Mansour took any actions that were not

specifically exempt under the PSJVTA pursuant to 18 U.S.C. § 2334(e)(3) as explained in pages

10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 67:**

Admit that Exhibit A to these Requests is a true and accurate copy of an announcement of

a November 19, 2020 event on the Middle East peace process with Riyad Mansour, Permanent

Observer of the State of Palestine to the United Nations.

**Answer to Request for Admission No. 67:**

Subject to the foregoing General Objections, Defendant objects because sufficient

information to litigate the application of the factual predicates of the PSJVTA to Defendants in

this action has been provided by Defendants' production of documents responsive to Plaintiffs'

focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF

No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents

concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to

this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom

Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or

injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it

exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this

action, and is not proportional to the limited nature of jurisdictional discovery and the order of the

Court.

Subject to and without waiving the foregoing objections, Defendant states: Admitted.

**Request for Admission No. 68:**

Admit that, on or about October 22, 2020, Riyad Mansour, Permanent Observer of the State

of Palestine to the United Nations, participated in an interview on Facebook Watch hosted by the

American-Arab Anti-Discrimination Committee while physically located in the United States.

**Answer to Request for Admission No. 68:**

Subject to the foregoing General Objections, Defendant objects because sufficient

information to litigate the application of the factual predicates of the PSJVTA to Defendants in

this action has been provided by Defendants' production of documents responsive to Plaintiffs'

focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF

No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents

concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to

this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom

Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant admits that Ambassador Mansour participated in a video conference interview on Facebook Watch hosted by the American-Arab Anti-Discrimination Committee on October 22, 2020.  Defendant further denies that Ambassador Mansour took any actions that were not specifically exempt under the PSJVTA pursuant to 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 69:**

Admit that, on or about October 22, 2020, Riyad Mansour, Permanent Observer of the State of Palestine to the United Nations, participated in an interview on Facebook Watch hosted by the American-Arab Anti-Discrimination Committee while at the East 65th Street Facility.

**Answer to Request for Admission No. 69:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom

Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant admits that Ambassador Mansour participated in a video conference interview on Facebook Watch hosted by the American-Arab Anti-Discrimination Committee on October 22, 2020.  Defendant further denies that Ambassador Mansour took any actions that were not specifically exempt under the PSJVTA pursuant to 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 70:**

Admit that, on or about October 22, 2020, Riyad Mansour, Permanent Observer of the State of Palestine to the United Nations, participated in an interview on Facebook Watch hosted by the American-Arab Anti-Discrimination Committee while physically present in the United States and outside the United Nations Headquarters.

**Answer to Request for Admission No. 70:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to

this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant admits that Ambassador Mansour participated in a video conference interview on Facebook Watch hosted by the American-Arab Anti-Discrimination Committee on October 22, 2020. Defendant further denies that Ambassador Mansour took any actions that were not specifically exempt under the PSJVTA pursuant to 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 71:**

Admit that, after January 4, 2020, the PA has maintained and updated a website in the name of the State of Palestine, with the URL "palestineun.org."

**Answer to Request for Admission No. 71:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom

Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states: Denied.

**Request for Admission No. 72:**

Admit that, after January 4, 2020, the PA has maintained and updated a website in the name of the State of Palestine, with the URL "palestineun.org," which is maintained on a server physically located in the United States.

**Answer to Request for Admission No. 72:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because this Request asks regarding information that both

requires a legal conclusion and is not relevant to the factual predicates of the PSJVTA.

Defendant denies that it has maintained or updated the website "palestineun.org" in any way that is not specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' Sokolow Brief.

**Request for Admission No. 73:**

Admit that, after January 4, 2020, the PA has maintained and updated a website in the name of the State of Palestine, with the URL "palestineun.org," which is maintained on a server physically located in the United States maintained by a service provider physically located in the United States.

**Answer to Request for Admission No. 73:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because this Request asks regarding information that both requires a legal conclusion and is not relevant to the factual predicates of the PSJVTA.

Defendant denies that it has maintained or updated the website "palestineun.org" in any way that is not specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' Sokolow Brief.

**Request for Admission No. 74:**

Admit that Exhibit B to these Requests is a true and correct copy of a letter the PA published on "palestineun.org" on or about January 10, 2020.

**Answer to Request for Admission No. 74:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 75:**

Admit that Exhibit C to these Requests is a true and correct copy of a letter the PA published on "palestineun.org" on or about February 14, 2020.

**Answer to Request for Admission No. 75:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states: Denied.

**Request for Admission No. 76:**

Admit that Exhibit D to these Requests is a true and correct copy of a letter the PA published on "palestineun.org" on or about February 20, 2020.

**Answer to Request for Admission No. 76:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents

concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 77:**

Admit that Exhibit E to these Requests is a true and correct copy of a letter the PA published on "palestineun.org" on or about February 26, 2020.

**Answer to Request for Admission No. 77:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the

94

Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 78:**

Admit that Exhibit F to these Requests is a true and correct copy of a letter the PA published on "palestineun.org" on or about March 13, 2020.

**Answer to Request for Admission No. 78:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 79:**

Admit that Exhibit G to these Requests is a true and correct copy of a letter the PA published on "palestineun.org" on or about April 2, 2020.

95

**Answer to Request for Admission No. 79:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states: Denied.

**Request for Admission No. 80:**

Admit that Exhibit H to these Requests is a true and correct copy of a letter the PA published on "palestineun.org" on or about April 15, 2020.

**Answer to Request for Admission No. 80:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents

concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 81:**

Admit that Exhibit I to these Requests is a true and correct copy of a statement the PA published on "palestineun.org" on or about April 29, 2020.

**Answer to Request for Admission No. 81:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the

Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 82:**

Admit that Exhibit J to these Requests is a true and correct copy of a letter the PA published on "palestineun.org" on or about May 13, 2020.

**Answer to Request for Admission No. 82:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 83:**

Admit that Exhibit K to these Requests is a true and correct copy of a letter the PA published on "palestineun.org" on or about June 4, 2020.

**Answer to Request for Admission No. 83:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 84:**

Admit that Exhibit L to these Requests is a true and correct copy of a letter the PA published on "palestineun.org" on or about July 24, 2020.

**Answer to Request for Admission No. 84:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents

concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 85:**

Admit that Exhibit M to these Requests is a true and correct copy of a letter the PA published on "palestineun.org", on or about August 6, 2020.

**Answer to Request for Admission No. 85:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the

Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 86:**

Admit that Exhibit N to these Requests is a true and correct copy of a letter the PA published on "palestineun.org", on or about August 17, 2020.

**Answer to Request for Admission No. 86:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 87:**

Admit that Exhibit O to these Requests is a true and correct copy of an English translation of a speech given at the United Nations by Mahmoud Abbas, Chairman of the PLO and President of the PA, that the PA published on "palestineun.org" on or about February 11, 2020.

101

**Answer to Request for Admission No. 87:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 88:**

Admit that Exhibit P to these Requests is an English translation of a speech given at the United Nations by a Riyad Mansour, Permanent Observer of the State of Palestine to the United Nations, that the PA published on "palestineun.org" on or about April 23, 2020.

**Answer to Request for Admission No. 88:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF

No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 89:**

Admit that Exhibit Q to these Requests is an English translation of a speech given at the United Nations by Riyad Mansour, Permanent Observer of the State of Palestine to the United Nations, that the PA published on "palestineun.org" on or about May 27, 2020.

**Answer to Request for Admission No. 89:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it

exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 90:**

Admit that Exhibit R to these Requests is an English translation of a speech given at the United Nations by Raid Malki, Minister of Foreign Affairs of the State of Palestine, that the PA published on "palestineun.org" on or about June 24, 2020.

**Answer to Request for Admission No. 90:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 91:**

Admit that Exhibit S to these Requests is an English translation of a speech given at the United Nations by Riyad Mansour, Permanent Observer of the State of Palestine to the United Nations, that the PA published on "palestineun.org" on or about July 21, 2020.

**Answer to Request for Admission No. 91:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.

Subject to and without waiving the foregoing objections, Defendant states:  Denied.

**Request for Admission No. 92:**

Admit that, after January 4, 2020, one or more individuals have maintained or updated a Twitter account in the name of the State of Palestine on behalf of the PA while physically located in the United States.

**Answer to Request for Admission No. 92:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because this Request asks regarding information that both requires a legal conclusion and is not relevant to the factual predicates of the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals physically located inside the United States have posted to the PLO's UN Mission Twitter account other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 93:**

Admit that, after January 4, 2020, one or more individuals have maintained or updated a Twitter account in the name of the State of Palestine on behalf of the PA while at the East 65th Street Facility.

**Answer to Request for Admission No. 93:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2).  *See* General Objection No. 2.  Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5).  To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court.  Defendant further objects because this Request asks regarding information that both requires a legal conclusion and is not relevant to the factual predicates of the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals physically located inside the United States have posted to the PLO's UN Mission Twitter account other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 94:**

Admit that, after January 4, 2020, one or more individuals have maintained or updated a Twitter account in the name of the State of Palestine on behalf of the PA while physically present in the United States and outside the United Nations Headquarters.

**Answer to Request for Admission No. 94:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because this Request asks regarding information that both requires a legal conclusion and is not relevant to the factual predicates of the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals physically located inside the United States have posted to the PLO's UN Mission Twitter account other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 95:**

Admit that, after January 4, 2020, one or more individuals have maintained or updated a Facebook account in the name of the State of Palestine on behalf of the PA while physically located in the United States.

**Answer to Request for Admission No. 95:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because this Request asks regarding information that both requires a legal conclusion and is not relevant to the factual predicates of the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals physically located inside the United States have posted to the UN Mission's Facebook account other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 96:**

Admit that, after January 4, 2020, one or more individuals have maintained or updated a Facebook account in the name of the State of Palestine on behalf of the PA while at the East 65th Street Facility.

**Answer to Request for Admission No. 96:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because this Request asks regarding information that both requires a legal conclusion and is not relevant to the factual predicates of the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals physically located inside the United States have posted to the UN Mission's Facebook account other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

**Request for Admission No. 97:**

Admit that, after January 4, 2020, one or more individuals have maintained or updated a Facebook account in the name of the State of Palestine on behalf of the PA while physically present in the United States and outside the United Nations Headquarters.

**Answer to Request for Admission No. 97:**

Subject to the foregoing General Objections, Defendant objects because sufficient information to litigate the application of the factual predicates of the PSJVTA to Defendants in this action has been provided by Defendants' production of documents responsive to Plaintiffs' focus on "the existence" of "payments after April 18, 2020" within the scope of the PSJVTA (ECF No. 41 at 2). *See* General Objection No. 2. Defendants accordingly have produced documents concerning payments on or after April 18, 2020 regarding Sadeq Hafez, the attacker relevant to this case, as well as payments on or after April 18, 2020 to three incarcerated individuals whom Plaintiffs allege "pled guilty to participating in [the Umm Safah] terror attack[] that killed or injured U.S. nationals" (ECF #50-1 at 5). To the extent this Request is not limited to that issue, it exceeds what is necessary to litigate the factual predicates of the PSJVTA to Defendants in this action, and is not proportional to the limited nature of jurisdictional discovery and the order of the Court. Defendant further objects because this Request asks regarding information that both requires a legal conclusion and is not relevant to the factual predicates of the PSJVTA.

Subject to and without waiving the foregoing objections, Defendant denies that any individuals physically located inside the United States have posted to the UN Mission's Facebook account other than as specifically exempted from PSJVTA jurisdiction under 18 U.S.C. § 2334(e)(3) as explained in pages 10-20 of Defendants' *Sokolow* Brief.

Respectfully Submitted,

April 7, 2021

**SQUIRE PATTON BOGGS (US) LLP**

<u>/s/ *Gassan A. Baloul*</u>
Gassan A. Baloul (DC Bar 1034245)
gassan.baloul@squirepb.com
Mitchell R. Berger (DC Bar 385467)
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

*Attorneys for Defendants*

112

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2021, a true and correct copy of the foregoing Amended

Objections and Answers to Plaintiffs' First Requests for Admission to The Palestinian Authority

in Connection with Jurisdictional Discovery was served via electronic mail on the following

counsel:

COHEN & GRESSER LLP
Mark Stewart Cohen
mcohen@cohengresser.com
Stephen M. Sinaiko
ssinaiko@cohengresser.com
800 Third Avenue
New York, New York 10022
Telephone: 212-957-7600
Telefax:    212-957-4514

Ronald F. Wick
rwick@cohengresser.com
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Telephone: 202-851-2070
Telefax:    202-851-2081

/s/ *Gassan A. Baloul*
Gassan A. Baloul