

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O    +1 202 457 6000
F    +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T    +1 202 457 6155
gassan.baloul@squirepb.com

**VIA ECF**

April 26, 2021

Hon. Mary Kay Vyskocil
United States District Court Judge, Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007-1312

**Re:  *Shatsky v. PLO*, Case No. 18-cv-12355-MKV**

Dear Judge Vyskocil:

On behalf of Defendants Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"), we write in response to Plaintiffs' letter submitted to this Court on April 23, 2021 (ECF 76).  Defendants object to Plaintiffs' premature request that this Court address "the timing of their anticipated request for discovery pursuant to Fed. R. Civ. P. 56(d)," ECF 76, at 2, which improperly seeks to circumvent Rule 56.

First, the request is premature because Defendants have not yet filed their summary judgment motion.  Rule 56(d) requires a "nonmovant" to show by "affidavit or declaration" "specified reasons" why "it cannot present facts essential to justify its opposition" to a summary judgment motion without taking further discovery.  Fed. R. Civ. P. 56(d) (emphasis added). Plaintiffs cannot possibly give "specified reasons" why additional discovery is necessary when they have not yet even seen Defendants' summary judgment papers, due April 30.  *See Khaldei v. Kaspiev*, No. 10 Civ. 8328, 2013 U.S. Dist. LEXIS 171707, at *5 (S.D.N.Y. Dec. 5, 2013) ("This Court set a briefing schedule whereby Plaintiff would make her motion and Defendant could either respond substantively or attempt a showing that consideration of the motion would be premature under Rule 56(d) of the Federal Rules of Civil Procedure."); *see also Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir. 1988) (Rule 56(f) request should be "served with the response to the motion"); *Mass. Sch. of Law v. ABA*, 142 F.3d 26, 44 (1st Cir. 1998) ("a Rule 56(f) motion must be made within a reasonable time following the receipt of a motion for summary judgment.") (emphasis added).[1]

---

[1] Precedent applying former Rule 56(f) applies with equal force to its successor, the current Rule 56(d).  *Gene Codes Forensics, Inc. v. City of New York*, 812 F. Supp. 2d 295, 297 n.1, 305 n.8 (S.D.N.Y. 2011) ("The 2010 Amendments carried forward Rule 56(f) and redesignated it, without significant change, as Rule 56(d).").

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Second, Plaintiffs' premature request seeks to avoid their burden under Rule 56(d) to show by affidavit "specified reasons" why, if at all, the Court should grant them discovery or additional time. Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.") (emphasis added). Indeed, failure to submit such an affidavit "is fatal" to any Rule 56(d) request. *See Gurary v. Winehouse*, 190 F.3d 37, 43-44 (2d Cir. 1999) (nonmoving party requesting additional discovery "must submit an affidavit" and failure to do so "is fatal"); *Papazian v. Sony Entm't*, No. 16-cv-07911 (RJS), 2017 U.S. Dist. LEXIS 164217, at *17-18 (S.D.N.Y. Sep. 28, 2017) (failure to file affidavit is "sufficient to deny [a Rule 56(d)] request."). Plaintiffs obviously do not qualify as "nonmovants," as Defendants have yet to move for summary judgment.

Third, Plaintiffs' citation to earlier discussion of Rule 56(d) discovery (ECF 76, at 2) misleadingly omits this Court's subsequent determination that "the Court sees no need for other discovery," even after considering "Plaintiffs['] argu[ment] that the D.C. District Court denied them certain discovery." Order (Feb. 8, 2021) (ECF 60, at 2). Further, Defendants have consistently argued that Plaintiffs received full merits discovery in *Shatsky I*, and do not need additional merits discovery in this duplicative lawsuit. *See* ECF 55, at 11 ("It would be inefficient and fundamentally unfair to Defendants to allow Plaintiffs here to duplicate the *Shatsky I* discovery process, where the DC court oversaw full merits discovery in accordance with a schedule 'to which [Plaintiffs] themselves had consented.'"). Defendants thus do not anticipate that Plaintiffs could make a sufficient Rule 56(d) showing for additional discovery. *See Henry-Lee v. City of N.Y.*, 746 F. Supp. 2d 546, 575 (S.D.N.Y. 2010) ("Even if plaintiff had filed a proper 56(f) affidavit, I would still deny plaintiff additional discovery. The parties had a full and fair opportunity to conduct discovery, and it is too late for them to complain now.").

For the foregoing reasons, there is no reason for the Court to entertain Plaintiffs' premature request to address Rule 56(d) issues during the upcoming conference.

Very truly yours,

Squire Patton Boggs (US) LLP

Gassan A. Baloul