Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Your Honor,

I respectfully submit to you a motion to intervene in the case of Shatsky v. Palestine Liberation Organization. The documents at issue have been presented to Judge Daniels in *Sokolow* (ECF No. 1039 in Sokolow, attached) and the documents will likely be filed again in the Shatsky case when the parties brief the jurisdiction issue starting August 20, according to the schedule ordered by the court on June 25 (ECF No. 92 in Shatsky, attached). My motion to intervene is attached in PDF form to this email, per requirements.

The document at issue, a sealed deposition given by Mr. Riyad Mansour, Palestinian envoy to the United Nations, is a "judicial document" presumptively available for public scrutiny and should be unsealed and made available in complete, non-redacted form. This motion to intervene on behalf of my media outlet, i24NEWS, is made with interest in the global and political issues being litigated in your Court. I respectfully submit that the public's right of access to judicial records in a case of such profound public concern – and where the presumption of public access is, under well-established precedent, strongest – should not, and as a matter of law cannot, be denied without a judicial determination on the record, that extraordinary circumstances justify the sealing of documents filed with the court. The defendant's claim that diplomatic immunity equates with the need for confidentiality in the filing of this deposition simply does not comport with established law.

There is nothing in the public record which indicates that such a finding has been or could be made here. Given the nature of the litigation and the documents involved, there is substantial reason to believe that the information contained in the Mansour deposition would reveal a system established and organized by the defendant to reward families of suicide bombers and other attackers in a well-documented "suicide-murder for hire" scheme that has led to directly-related legislation by the U.S. Congress and caused a deterioration in relations between the United States government and the defendant.

The scheme presents on ongoing danger to the public, regardless of nationality and location, that extends far beyond the immediate interests the plaintiffs in this matter seek to vindicate. Please note that worthwhile to note that similar issues were at hand in widely followed case decided by jurors in the Eastern District of New York and entitled, Linde v. Arab Bank, 04-CV-2799, which revealed that money was used to reward Palestinian terrorists and their families after attacks on Israelis and U.S. nationals visiting Israel between 2000 and 2005.

For these reasons, I respectfully request that the Court order the sealed documents of record unsealed as well as the disclosure of redacted content which bears on issue of grave, immediate and ongoing concern and which – as a matter law – are not entitled to judicial protection from public scrutiny.

Respectfully,
s/Michael Wagenheim
Mike Wagenheim

Senior U.S. Correspondent
i24NEWS
1 State St.
25th Fl.
New York, NY 10004
(215) 873-5871