# LAW OFFICE OF
# JEFFREY FLEISCHMANN, P.C.
150 Broadway, Suite 900
New York, New York 10038

Telephone: (646) 657-9623
Facsimile: (646) 351-0694

___

August 18, 2021

**BY ECF**

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *Shatsky et al. v. Palestine Liberation Organization et al.*
              No. 18 Civ. 12355 (MKV)

Dear Judge Vyskocil:

    This firm represents the plaintiffs in *Fuld v. Palestine Liberation Organization*, No. 20 Civ. 3374 (JMF). I write to ask the Court to modify the existing protective order to allow the *Fuld* plaintiffs to access and use in *Fuld* the confidential jurisdictional discovery materials produced in this case, as follows

    30. Notwithstanding anything to the contrary in this Stipulation and Order, Confidential Material may also be provided to counsel for the plaintiffs in *Fuld v. Palestine Liberation Organization*, No. 20 Civ. 3374 (JMF) (the *Fuld* Action), on the same terms and with the same restrictions as counsel for the Parties in this case, subject to the following restrictions: (1) counsel for plaintiffs in the *Fuld* Action may use such Confidential Material solely to prosecute the *Fuld* Action; (2) counsel for the defendants in the *Fuld* Action may use such Confidential Material to defend the *Fuld* Action; and (3) prior to any disclosure of Confidential Material to any person other than the *Fuld* Court, the *Fuld* plaintiffs shall provide the producing Party or person seven days' advanced notice to seek additional protections from the Court. Except to the extent provided in the foregoing sentence, counsel for the parties in the *Fuld* Action shall be bound to comply with all provisions of this Stipulation and Order.

### Position of the Parties—No Objection

    The plaintiff takes no position as to the relief requested herein. The Defendants have informed me that they are "still considering their position" but would consider agreeing if I did not challenge their confidentiality designations—which I of course, cannot agree to, having not seen them.

**Background**

This request arises out of three cases pending in this District against the same defendants in which members of this Court are all considering the application of the Promoting Security and Justice for Victims of Terrorism Act of 2019 (the "PSJVTA") to defendants' U.S. activities. *See* 18 U.S.C. § 2334(e)(1)(B).

**1. Jurisdictional Discovery in *Shatsky*.** In February 2021, this Court granted plaintiffs' request for jurisdictional discovery. *See* Order dated Feb. 8, 2021 (D.E. 60). In March, the Court entered a "Superseding Stipulation and Order Concerning Production of Confidential Documents and Information." (D.E. 64). The parties have conducted jurisdictional discovery, including non-party depositions at which exhibits were marked.

**2. The *Fuld* Case.** Also pending in this District is *Fuld v. Palestine Liberation Organization*, No. 20 Civ. 3374 (JMF). On June 7, 2021, the defendants moved to dismiss *Fuld* for lack of personal jurisdiction. *Fuld* D.E. 42. Among other things, they argued that the activities of the non-party deponents do not meet the U.S. activities prong of the PSJVTA. Defendants filed two deposition transcripts from the *Shatsky* case on the docket in *Fuld*. *Fuld* D.E. 42-1, 42-2.

**3. The *Sokolow* Case.** The *Sokolow* case is pending on remand from the Second Circuit for the purpose of determining the applicability of the PSJVTA. This Court granted the *Sokolow* plaintiffs access to the Confidential Materials, and some of those materials have been filed under seal in the *Sokolow* case without objection from defendants.

**Discussion**

**A. Intervention.** "[P]ermissive intervention is the proper method for a nonparty to seek a modification of a protective order." *AT & T Corp. v. Sprint Corp.,* 407 F.3d 560, 562 (2d Cir. 2005); *see* 8A Fed. Prac. & Proc. Civ. § 2044.1 (3d ed.) ("Procedurally, the common manner by which these nonlitigants seek modification is to move for intervention under Rule 24(b).").

**B. Modification.** Modification is appropriate "where an intervening party involved in bona fide collateral litigation seeks access to protected discovery materials. In that case, the court can accommodate [confidentiality] interests 'by placing the intervening party under the same use and disclosure restrictions contained in the original order.'" *Dorsett v. County of Nassau*, 289 F.R.D. 54, 74 (E.D.N.Y. 2012) (quoting *In re EPDM Antitrust Litig.,* 255 F.R.D. 308, 318 (D. Conn. 2009)).

In this Circuit, the modification is proper unless a party or deponent reasonably relied on the protective order being immutable, with the following factors being relevant: (1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order." *EPDM*, 255 F.R.D. at 318–19; *accord Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901 (JFK), 2016 WL 3951181, at *2 (S.D.N.Y. July 20, 2016); *Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 120 (S.D.N.Y. 2015); *Charter Oak Fire Ins. Co. v. Electroluc Home Prods., Inc.*, 287 F.R.D. 130, 132 (E.D.N.Y. 2012).

**1. Scope.** "A blanket protective order is more likely to be subject to modification than a more specific, targeted order because it is more difficult to show a party reasonably relied on a blanket order in producing documents or submitting to a deposition." *EPDM*, 266 F.R.D. at 320.

Hon. Mary Kay Vyskocil
August 18, 2021
Page 3

"Although such blanket protective orders may be useful in expediting the flow of pretrial discovery materials, they are by nature overinclusive and are, therefore, peculiarly subject to later modification. Stipulated blanket orders are even less resistant to a reasonable request for modification." *Id.* (quotation marks and citations omitted). The protective order here is a blanket protective order, granting parties and non-parties broad latitude to self-designate materials; such orders—while useful to facilitate discovery—do not warrant reliance because they have been held to be "excessively pervasive." *Id.* (quoting *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 147 (2d Cir. 1987)).

  **2. Language of the Order.** "Express provisions of an order permitting non-parties to seek access to the protected materials will diminish the reasonableness of reliance a party claims to place on the order's permanent secrecy." *Id.* at 320. Here, the order provides that "[n]othing contained in this Stipulation and Order will be construed as … precluding a Party or person from seeking to amend the terms of this Stipulation and Order," ¶ 8 (D.E. 64), and that "[t]his Stipulation and Order shall be subject to modification on the motion of any Party," *id.* ¶ 27. The Order also confirms that the Court has not made "any finding regarding the confidentiality of any Discovery Material, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential Material." *Id.* ¶ 11. Where the parties "acknowledge the possibility of future modification," the language of the order "does not lend itself to reasonable reliance that it afford permanent secrecy." *EPDM*, 255 F.R.D. at 321.

  **3. Level of Inquiry by the Court Prior to Granting the Order.** "A protective order granted on the basis of a stipulation by the parties carries less weight than a protective order granted after a hearing to show good cause." *Id.* (citing *Agent Orange,* 821 F.2d at 147-48, and *Fournier v. McCann Erickson,* 242 F.Supp.2d 318, 341 (S.D.N.Y.2003)). Here, the parties made no "good cause" showing before the Court signed the Order. Instead, the Court granted the Order upon the parties' stipulation. Such orders are "necessary to expedite the discovery process" in certain cases, but do not provide a basis to keep documents sealed "indefinitely." *Id.* (quoting *Fournier*, 242 F. Supp. 2d at 343-44).

  **4. Nature of the Reliance.** Where a protective order has been granted "primarily to assuage the defendants' concern for keeping their trade secrets and other proprietary information … out of the hands of the public or their competitors," any reliance concerns may be "alleviated by requiring the non-party applicant] to abide by the protective order's use and disclosure requirements and to submit to this court's personal jurisdiction for any enforcement problems." *Id.* Here, Arnold & Porter agrees to abide by this Court's *Shatsky* protective order and is subject to this Court's personal jurisdiction.

              Respectfully submitted,

              /s/ Jeffrey Fleischmann
              Jeffrey Fleischmann

cc: ECF Counsel