

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com


Gassan A. Baloul
T   +1 202 457 6155
gassan.baloul@squirepb.com


**VIA ECF**

August 19, 2021

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312


**Re:**     *Shatsky v. PLO*, **No. 18-cv-12355 (MKV) (DF)**

Dear Judge Vyskocil:

We write on behalf of Defendants Palestinian Authority and Palestine Liberation Organization ("Defendants") in response to the letter-motion filed in this action by Jeffrey Fleischmann of Law Office of Jeffrey Fleischmann, P.C., counsel for Plaintiffs in *Fuld v. Palestine Liberation Organization*, No. 20-cv-3374 (JMF) (ECF 106).  Mr. Fleischmann's letter-motion requests that the Court modify the existing confidentiality order (ECF 64) ("Confidentiality Order") to permit counsel for the *Fuld* plaintiffs to access and use in *Fuld* the confidential jurisdictional-discovery materials produced in this action (the "Confidential Materials").

Arnold & Porter, counsel for Plaintiffs in *Sokolow v. Palestine Liberation Organization*, No. 04-cv-394 (GBD), previously filed a substantially identical letter-motion seeking a modification of the Confidentiality Order in order to allow Arnold & Porter access to the Confidential Materials for use in *Sokolow* (ECF 94).[1]  Defendants <u>did not oppose</u> Arnold & Porter's request, which this Court granted on July 2, 2021 (ECF 95).  However, there are pending disputes over Arnold & Porter's challenges to Defendants' confidentiality designations concerning some of the Confidential Materials (ECF 101, 105, 108).

Defendants <u>do oppose</u> Mr. Fleischmann's request here because, unlike in *Sokolow*, there is no confidentiality order in place in *Fuld*, and the *Fuld* Plaintiffs have declined Defendants' request

---

[1] Indeed, nearly the entirety of Mr. Fleischmann's letter is copied verbatim from the Arnold & Porter letter, including an apparently inadvertent reference to "Arnold & Porter," rather than Mr. Fleischmann's firm, in the last sentence of his letter.  (ECF 106 at 3.)

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP								Hon. Mary Kay Vyskocil
											August 19, 2021

that they abide by Defendants' confidentiality designations concerning the Confidential Materials (*see* ECF 106, at 1). Moreover, one of the few changes Mr. Fleischmann made to his letter-motion from Arnold & Porter's version confirms that he anticipates filing the Confidential Materials with the *Fuld* Court.² Accordingly, Defendants object, and cannot agree, to Mr. Fleischmann's firm having access to the Confidential Materials until such time as a protective order is executed and so-ordered in *Fuld*.

There is no urgent need for the *Fuld* Plaintiffs to have immediate access to the Confidential Materials. Defendants' Rule 12 motions remain pending in *Fuld*, and Judge Furman has not ordered any jurisdictional discovery in that action. Mr. Fleischmann's letter-motion should be denied without prejudice to refiling upon entry of a confidentiality order in *Fuld*.

								Respectfully submitted,


								/s/ *Gassan A. Baloul*
								Gassan A. Baloul


cc:	All Counsel (via ECF)

---

² The Arnold & Porter letter-motion—which was granted by this Court—sought to modify the Confidentiality Order by adding paragraph 29, which provided, *inter alia*, that "prior to any disclosure of Confidential Material <u>to any person</u>, Arnold & Porter shall provide the producing Party or person seven days' advanced notice to seek additional protections from the Court." (ECF 95, at 1) (emphasis added). Mr. Fleischmann's letter-motion modifies this phrase to "any person <u>other than the *Fuld* Court</u>" (emphasis added), making clear that he wishes to file Confidential Materials in *Fuld* <u>without</u> advance notice to Defendants. Defendants further object to the letter-motion for this reason.