

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T   +1 202 457 6155
gassan.baloul@squirepb.com

**VIA ECF**

August 20, 2021

Hon. Debra Freeman
Chief U.S. Magistrate Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**Re:**   *Shatsky v. PLO*, No. 18-cv-12355 (MKV) (DF)

Dear Judge Freeman:

On behalf of Defendants Palestine Liberation Organization and Palestinian Authority, we submit this letter in opposition to the letter motion filed by Michael Wagenheim on Aug. 17, 2021 [ECF 104], seeking intervention for the purpose of challenging the confidentiality of the jurisdictional discovery deposition of Ambassador Riyad Mansour, Chief of Mission of the Permanent Observer Mission of the State of Palestine to the United Nations.  Mr. Wagenheim's motion should be denied because Ambassador Mansour's deposition: (i) is not a "judicial document" to which there is a presumptive right of public access; (ii) discusses "highly sensitive government information" entitled to confidential treatment under the protective order in this action [ECF 64, ¶2]; and, (iii) does not discuss any "reward" "scheme" as speculated by Mr. Wagenheim.

*1. The deposition is not a "judicial document" and the presumption of access does not apply.*  Under Second Circuit precedent "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995).  If the deposition is "deemed non-judicial, then there is no presumption of public access." *Ello v. Singh*, 531 F. Supp. 2d 552, 583 (S.D.N.Y. 2007).  A document is a "judicial document" only if it plays a role in a court's decision-making process.  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  Thus a document that plays "a negligible role in the performance of Article III duties" creates "little weight" for the presumption of access, while documents "that play no role" in a court's decisions are entirely "beyond the presumption."  *Id*.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP                                           Judge Freeman
                                                                        August 20, 2021

Ambassador Mansour's deposition does not qualify as a judicial document in this action, as it has not played any role in this Court's decisions. Nor will Defendants make Ambassador Mansour's deposition a judicial document in this action, because they will not rely on it in their forthcoming dispositive motions. Finally, Ambassador Mansour's deposition did not become a judicial document when the *Sokolow* Plaintiffs filed it in that separate litigation <u>without invitation by, or leave from, Judge Daniels, and only after briefing and argument on PSJVTA jurisdiction issues had long been completed there</u>.

Notably, Ambassador Mansour's deposition was taken in connection with jurisdictional discovery—and documents created during jurisdictional discovery are least susceptible to any claim of public access. As explained in *Alcon Vision, LLC v. Lens.com*, 2020 U.S. Dist. LEXIS 118670, at *34-35 (E.D.N.Y. July 7, 2020), "the public has no overriding interest in disclosure of [documents] which were submitted only for purposes of demonstrating that this Court has personal jurisdiction ... those exhibits may remain under seal as they are unrelated to determining the parties' substantive rights." Logically, that is because jurisdictional discovery information is wholly unrelated to the merits, and is particularly unfair when a court may conclude that it lacks jurisdiction to proceed to the merits. Even outside the jurisdictional discovery context, the public has "no presumptive right of access to pretrial depositions at common law." *Haidon v. Town of Bloomfield*, No. 3:19-119, 2021 U.S. Dist. LEXIS 137498, *9 (D. Conn. July 23, 2021).

2. *Defendants easily demonstrate confidentiality, but those challenging an existing designation must show a "compelling" need.* This Court faces two issues: (a) Is the deposition highly sensitive government information under the protective order [ECF 64]?; and, (b) Are outside interests sufficiently compelling to overturn that confidentiality? On the first, there can be little doubt. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020), counsels courts to consider "the degree to which the subject matter is traditionally considered private rather than public." The thoughts of a UN Ambassador are traditionally among the most private and sensitive of government information. *In re Terrorist Attacks on September 11, 2001*, 2019 U.S. Dist. LEXIS 121935, at *241 (S.D.N.Y. July 22, 2019) ("[C]onsulates and diplomatic missions have a strong interest in maintaining the confidentiality of their records."). Long before Ambassador Mansour gave his deposition, Defendants and Plaintiffs here had agreed that a confidentiality order should issue, knowing that Plaintiffs would pursue discovery concerning the inner workings of Palestine's UN Mission. Defendants designated Ambassador Mansour's deposition (and related documents, like his calendar) as confidential under that protective order because Plaintiffs examined him about the Mission's non-public diplomatic strategy and rationale for various actions, including internal, private, and public meetings. No court has ever found that the intentions and discussions of accredited UN Ambassadors lack confidentiality. Defendants have met their initial burden of showing that the depositions and exhibits thereto are confidential.

The remaining issue, whether *outside interests outweigh Defendants' interest in confidentiality*, requires a showing of a "compelling interest" in public disclosure, because Defendants relied on confidentiality to produce internal Mission calendars (which are now deposition exhibits) and to allow the Mission's leadership to answer questions about their intentions and purposes. The Second Circuit holds that any presumption of public access *reverses*

Squire Patton Boggs (US) LLP                                                              Judge Freeman
                                                                                           August 20, 2021

when a party has relied on protective orders because it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *SEC v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001). When a deponent "reasonably relie[s] on a [protective order] in providing testimony" "there is a strong presumption against modification of that order." *Scanlan v. Town of Greenwich*, No. 3:18-1322, 2021 U.S. Dist. LEXIS 70126, at *17-18 (D. Conn. Apr. 12, 2021) (determining whether it would be "presumptively unfair for the Court to remove [] confidentiality designations" from deposition transcripts) (cleaned up); *see also Ceglia v. Zuckerberg*, No. 10-569, 2011 U.S. Dist. LEXIS 90280, at *6-7 (W.D.N.Y. Aug. 12, 2011) (rejecting attempt to de-designate confidential items on privilege log where designating party "could have entertained a reasonable belief" as to their confidential nature as required by the court's protective order).

> 3. *Ambassador Mansour's deposition does not discuss any payment "scheme"*. Mr. Wagenheim's motion is based on the false premise that Ambassador Mansour's deposition "would reveal" payments that present "ongoing danger to the public, regardless of nationality and location." That inflammatory characterization notwithstanding, Ambassador Mansour was not asked, and did not testify, about either of the types of payments that are a predicate to PSJVTA jurisdiction.

Mr. Wagenheim's intervention application should be denied because it is contrary to law and based on a false factual premise.

                                                              Respectfully submitted,


                                                              /s/ *Gassan A. Baloul*
                                                              Gassan A. Baloul


cc:     All Counsel