# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:02cv02280 (RJL) |
| | ) | |
| THE SYRIAN ARAB REPUBLIC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS THE PALESTINIAN AUTHORITY
## AND THE PALESTINE LIBERATION ORGANIZATION

Defendants The Palestinian Authority ("PA") and The Palestine Liberation Organization ("PLO") (collectively, "Defendants"), by counsel, and pursuant to FED. R. CIV. P. 8 and 12(a), submit the following Answer to the Plaintiffs' Complaint (the "Complaint") in the above-captioned action and state as follows:

### FIRST AFFIRMATIVE DEFENSE

This Court lacks subject-matter jurisdiction over this action or, alternatively, subject-matter jurisdiction should be abated.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter and/or supplemental jurisdiction over Count I (Wrongful Death), Count II (Pain and Suffering), Count IV (Battery), Count V (Assault), Count VI (Loss of Consortium and Solatium), Count VII (Negligence), Count VIII (Intentional Infliction of Emotional Distress), Count IX (Negligent Infliction of Emotional Distress), Count X (Civil Conspiracy), Count XI (Aiding and Abetting), Count XII (Inducement) and Count XIII (Vicarious Liability/Respondeat Superior).

802953.1

## THIRD AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Defendants with respect to this action.

## FOURTH AFFIRMATIVE DEFENSE

Defendants lack the capacity to be sued in this Court with respect to the Count I (Wrongful Death), Count II (Pain and Suffering), Count IV (Battery), Count V (Assault), Count VI (Loss of Consortium and Solatium), Count VII (Negligence), Count VIII (Intentional Infliction of Emotional Distress), Count IX (Negligent Infliction of Emotional Distress), Count X (Civil Conspiracy), Count XI (Aiding and Abetting), Count XII (Inducement) and Count XIII (Vicarious Liability/Respondeat Superior).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim on which relief may be granted against Defendants, and, therefore, this action should be dismissed as to the Defendants pursuant to FED. R. CIV. P. 12(b)(6).

## SIXTH AFFIRMATIVE DEFENSE

This Court is not a proper venue for this action and should be dismissed; alternatively, this action should be dismissed or transferred under the doctrine of *forum non conveniens*.

## SEVENTH AFFIRMATIVE DEFENSE

This action should be dismissed as non-justiciable, including, without limitation, under the political question doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f).

802953.1

## NINTH AFFIRMATIVE DEFENSE

Defendants are immune from suit in the United States under the doctrine of Sovereign Immunity.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have suffered any legally-cognizable harm or damages under the legal theories alleged in the Complaint, which Defendants deny, such harm or damages are the proximate result of actions or omissions of third parties for which Defendants were not and are not legally responsible and which also constitute superseding or intervening causes.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part for failure to join and/or for voluntary dismissal of necessary and indispensable parties.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have suffered any legally-cognizable harm or damages under the legal theories alleged in the Complaint, which Defendants deny, Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the applicable statute of limitations and/or the doctrine of laches.

## FOURTHEENTH AFFIRMATIVE DEFENSE

With respect to the individual allegations in the Complaint, Defendants respond as follows:

802953.1

## Introduction

1.     Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants state, on information and belief, that, on or about February 16, 2002, a bombing occurred at a pizzeria in the town of Karnei Shomron, which is located in the West Bank; deny that Defendants "caused and carried out" the bombing; and deny any remaining factually allegations contained in paragraph 1 of the Complaint.

## Jurisdiction

2.     The allegations in paragraph 2 of the Complaint do not relate to Defendants and Defendants are not required to respond. Paragraph 2 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations contained in paragraph 2 of the Complaint.

3.     Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, non-specific and non-particular allegations of "John Does 1-99" and failure to make sufficient allegations relating to time and place, which are deemed material and essential pursuant to FED. R. CIV. P. 9(f). Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 3 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 3 of the Complaint that relate to Defendants. To the extent a response is required, the Palestinian Authority and Palestine Liberation Organization deny that the Court has jurisdiction over this matter and Defendants.

802953.1

## Venue

4.      Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity.  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 4 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 4 of the Complaint that relate to Defendants, including, but not limited to, the allegation that the Palestinian Authority maintains an office and agent in the District of Columbia and is "resident" in the District of Columbia.  Defendants acknowledge that the PLO Mission to the United States has an office in the District of Columbia.

## The Parties

5.      Paragraph 5 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 5 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that Keren Shatsky died as a result of a bombing that occurred on or about February 16, 2002 at a pizzeria in the town of Karnei Shomron, which is located in the West Bank.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 5 of the Complaint and, therefore, deny the same.

6.      Paragraph 6 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a

5

response is required, Defendants lack sufficient knowledge or information to admit or deny the factual allegations contained in paragraph 6 of the Complaint and, therefore, deny the same.

7.      Paragraph 7 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any factual allegations contained in paragraph 7 of the Complaint that relate to Defendants. Defendants state, on information and belief, that Rachel Thaler died as a result of a bombing that occurred on or about February 16, 2002 at a pizzeria in the town of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 7 of the Complaint and, therefore, deny the same.

8.      Paragraph 8 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the factual allegations contained in paragraph 8 of the Complaint and, therefore, deny the same.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any factual allegations contained in paragraph 9 of the Complaint that relate to Defendants. Defendants state, on information and belief, that plaintiff Hillel Trattner was injured during a bombing that occurred on or about February 16, 2002 at a pizzeria in the town of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 9 of the Complaint and, therefore, deny the same.

802953.1

10.     Paragraph 10 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any factual allegations contained in paragraph 10 of the Complaint that relate to Defendants. Defendants state, on information and belief, that plaintiff Ronit Trattner was injured during a bombing that occurred on or about February 16, 2002 at a pizzeria in the town of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 10 of the Complaint and, therefore, deny the same.

11.     Paragraph 11 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the factual allegations contained in paragraph 11 of the Complaint and, therefore, deny the same.

12.     Paragraph 12 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any factual allegations contained in paragraph 12 of the Complaint that relate to Defendants. Defendants state, on information and belief, that plaintiff Steven Braun was injured during a bombing that occurred on or about February 16, 2002 at a pizzeria in the town of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 12 of the Complaint and, therefore, deny the same.

13.     Paragraph 13 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any factual allegations contained in paragraph 13 of the

802953.1

Complaint that relate to Defendants. Defendants state, on information and belief, that plaintiff Chana Friedman was injured during a bombing that occurred on or about February 16, 2002 at a pizzeria in the town of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 13 of the Complaint and, therefore, deny the same.

14.     Paragraph 14 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the factual allegations contained in paragraph 14 of the Complaint and, therefore, deny the same.

15.     Paragraph 15 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the factual allegations contained in paragraph 15 of the Complaint and, therefore, deny the same.

16.     The allegations in paragraph 16 of the Complaint do not relate to Defendants, and Defendants are not required to respond to the allegations in paragraph 16 of the Complaint. Paragraph 16 also contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any allegations that relate to Defendants, and Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 16 of the Complaint and, therefore, deny the same.

17.     The allegations in paragraph 17 of the Complaint do not relate to Defendants, and Defendants are not required to respond to the allegations in paragraph 17 of the Complaint. Paragraph 17 also contains legal conclusions to which no response is required, including, without

802953.1

limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any allegations that relate to Defendants, and Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 17 of the Complaint and, therefore, deny the same.

18. The allegations in paragraph 18 of the Complaint do not relate to Defendants, and Defendants are not required to respond to the allegations in paragraph 18 of the Complaint. Paragraph 18 also contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any allegations that relate to Defendants, and Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 18 of the Complaint and, therefore, deny the same.

19. The allegations in paragraph 19 of the Complaint do not relate to Defendants, and Defendants are not required to respond to the allegations in paragraph 19 of the Complaint. Paragraph 19 also contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any allegations that relate to Defendants, and Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 19 of the Complaint and, therefore, deny the same.

20. The allegations in paragraph 20 of the Complaint do not relate to Defendants, and Defendants are not required to respond to the allegations in paragraph 20 of the Complaint. Paragraph 20 also contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any allegations that relate to Defendants, and Defendants lack sufficient

802953.1

knowledge or information to admit or deny any remaining factual allegations contained in
paragraph 20 of the Complaint and, therefore, deny the same.

21.     The allegations in paragraph 21 of the Complaint do not relate to Defendants, and
Defendants are not required to respond to the allegations in paragraph 21 of the Complaint.
Paragraph 21 also contains legal conclusions to which no response is required, including, without
limitation, the phrase "at all times relevant hereto." To the extent a response is required,
Defendants deny any allegations that relate to Defendants, and Defendants lack sufficient
knowledge or information to admit or deny any remaining factual allegations contained in
paragraph 21 of the Complaint and, therefore, deny the same.

22.     The allegations in paragraph 19 of the Complaint do not relate to Defendants, and
Defendants are not required to respond to the allegations in paragraph 22 of the Complaint.
Paragraph 22 also contains legal conclusions to which no response is required, including, without
limitation, the phrase "at all times relevant hereto." To the extent a response is required,
Defendants deny any allegations that relate to Defendants, and Defendants lack sufficient
knowledge or information to admit or deny any remaining factual allegations contained in
paragraph 22 of the Complaint and, therefore, deny the same.

23.     The allegations in paragraph 23 of the Complaint do not relate to Defendants, and
Defendants are not required to respond to the allegations in paragraph 23 of the Complaint.
Paragraph 23 also contains legal conclusions to which no response is required, including, without
limitation, the phrase "at all times relevant hereto." To the extent a response is required,
Defendants deny any allegations that relate to Defendants, and Defendants lack sufficient
knowledge or information to admit or deny any remaining factual allegations contained in
paragraph 23 of the Complaint and, therefore, deny the same.

802953.1

24.     The allegations in paragraph 24 of the Complaint do not relate to Defendants, and Defendants are not required to respond to the allegations in paragraph 24 of the Complaint. Paragraph 24 also contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any allegations that relate to Defendants, and Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 24 of the Complaint and, therefore, deny the same.

25.     The first sentence in paragraph 25 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny as phrased any and all factual allegations contained in the first sentence in paragraph 25 of the Complaint and state that the PLO was founded in 1964 by Egypt and the Arab League and was recognized as the representative of the Palestinian people by Israel as part of the Oslo Accords. Defendants deny the allegations contained in the second sentence in paragraph 25 of the Complaint.

26.     The first sentence in paragraph 26 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny as phrased any and all factual allegations contained in the first sentence in paragraph 26 of the Complaint and state that the PA was established by the Oslo Accords to serve as the governing authority for the Occupied Palestinian Territories in the West Bank and Gaza Strip. Defendants deny the allegations contained in the second sentence in paragraph 26 of the Complaint.

27.     Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims

11

with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 27 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 27 of the Complaint that relate to Defendants.

### Statement of Facts

28.     Paragraph 28 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 28 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 28 of the Complaint that relate to Defendants.

29.     Paragraph 29 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual

802953.1

allegations contained in paragraph 29 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 29 of the Complaint that relate to Defendants.

30.    Paragraph 30 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 30 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 30 of the Complaint that relate to Defendants.

31.    Defendants lack sufficient knowledge or information to admit or deny the factual allegations contained in paragraph 31 of the Complaint and, therefore, deny the same.

32.    Paragraph 32 contains legal conclusions to which no response is required, including, without limitation, the phrase "during the period relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 32 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.

802953.1

Defendants further deny any factual allegations contained in paragraph 32 of the Complaint that relate to Defendants.

33.     Paragraph 33 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 33 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 33 of the Complaint that relate to Defendants.

34.     Paragraph 34 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 34 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 34 of the Complaint that relate to Defendants.

802953.1

35.    Paragraph 35 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 35 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 35 of the Complaint that relate to Defendants.

36.    Paragraph 36 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 36 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 36 of the Complaint that relate to Defendants.

37.    Paragraph 37 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite

802953.1

specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 37 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 37 of the Complaint that relate to Defendants.

38. Paragraph 38 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 38 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 38 of the Complaint that relate to Defendants.

39. Paragraph 39 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or

802953.1

deny any and all factual allegations contained in paragraph 39 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 39 of the Complaint that relate to Defendants.

40.     With respect to the allegations contained in paragraph 40 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of regarding unspecified "acts" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 40 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 40 of the Complaint that relate to Defendants.

41.     Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of regarding unspecified "acts" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 41 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 41 of the Complaint that relate to Defendants.

17

802953.1

42.     Paragraph 42 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 42 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 42 of the Complaint that relate to Defendants.

43.     With respect to the allegations contained in paragraph 43 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of regarding unspecified "acts" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 43 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 43 of the Complaint that relate to Defendants.

44.     Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of regarding unspecified "acts" and allegations relating to time and place which are deemed

802953.1

material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient
knowledge or information to admit or deny any and all factual allegations contained in paragraph
44 of the Complaint that assume, relate to or depend on such unspecified allegations and,
therefore, deny the same. Defendants further deny any factual allegations contained in paragraph
44 of the Complaint that relate to Defendants.

45. Paragraph 45 contains legal conclusions to which no response is required,
including, without limitation, the phrase "during the period relevant hereto." To the extent a
response is required, Defendants state that Plaintiffs have failed to allege their claims with the
requisite specificity and particularity, including, without limitation, allegations of "John Does 1-
99" and allegations relating to time and place which are deemed material and essential pursuant
to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to
admit or deny any and all factual allegations contained in paragraph 45 of the Complaint that
assume, relate to or depend on such unspecified allegations and, therefore, deny the same.
Defendants further deny any factual allegations contained in paragraph 45 of the Complaint that
relate to Defendants.

46. Paragraph 46 contains legal conclusions to which no response is required,
including, without limitation, the phrase "at all times relevant hereto." To the extent a response
is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite
specificity and particularity, including, without limitation, allegations of "John Does 1-99" and
allegations relating to time and place which are deemed material and essential pursuant to FED.
R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or
deny any and all factual allegations contained in paragraph 46 of the Complaint that assume,
relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants

19

further deny any factual allegations contained in paragraph 46 of the Complaint that relate to Defendants.

47. Paragraph 47 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 47 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 47 of the Complaint that relate to Defendants.

48. Paragraph 48 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 48 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 48 of the Complaint that relate to Defendants.

802953.1

49.     Paragraph 49 contains legal conclusions to which no response is required, including, without limitation, the phrase "during the period relevant hereto."  To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 49 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 49 of the Complaint that relate to Defendants.

50.     Paragraph 50 contains legal conclusions to which no response is required, including, without limitation, the phrase "during the period relevant hereto."  To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 50 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 50 of the Complaint that relate to Defendants.

51.     Paragraph 51 contains legal conclusions to which no response is required, including, without limitation, the phrase "during the period relevant hereto."  To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the

802953.1

requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 51 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 51 of the Complaint that relate to Defendants.

52.     With respect to the allegations contained in paragraph 52 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 52 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 52 of the Complaint that relate to Defendants.

53.     With respect to the allegations contained in paragraph 53 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 53 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 53 of the Complaint that relate to Defendants.

802953.1

Case 1:18-cv-12355-MKV-DCF Document 120 Filed 08/10/21 Page 24 of 43
Case 1:02-cv-02280-RJL Document 128 Filed 07/20/11 Page 23 of 42

54.     With respect to the allegations contained in paragraph 54 of the Complaint,
Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and
particularity, including, without limitation, allegations of unspecified "officials, agents and
employees," allegations "John Does 1-99" and allegations relating to time and place which are
deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack
sufficient knowledge or information to admit or deny any and all factual allegations contained in
paragraph 54 of the Complaint that assume, relate to or depend on such unspecified allegations
and, therefore, deny the same.  Defendants further deny any factual allegations contained in
paragraph 54 of the Complaint that relate to Defendants.

55.     With respect to the allegations contained in paragraph 55 of the Complaint,
Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and
particularity, including, without limitation, allegations of unspecified "PLO spokesmen,"
unspecified allegations of "officials, agents and employees," allegations unspecified public
"demands" and allegations relating to time and place which are deemed material and essential
pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or
information to admit or deny any and all factual allegations contained in paragraph 55 of the
Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny
the same.  Defendants further deny any factual allegations contained in paragraph 55 of the
Complaint that relate to Defendants.

56.     With respect to the allegations contained in paragraph 56 of the Complaint,
Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and
particularity, including, without limitation, allegations of unspecified acts, allegations of "John
Does 1-99" and allegations relating to time and place which are deemed material and essential

802953.1

pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 56 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 56 of the Complaint that relate to Defendants.

57.     With respect to the allegations contained in paragraph 57 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of unspecified "prior decision and threats," allegations of unspecified acts, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 57 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants further deny any factual allegations contained in paragraph 57 of the Complaint that relate to Defendants.

58.     Defendants lack sufficient knowledge or information to admit or deny the factual allegations contained in paragraph 58 of the Complaint and, therefore, deny the same.

59.     Defendants lack sufficient knowledge or information to admit or deny the factual allegations contained in paragraph 59 of the Complaint and, therefore, deny the same.

60.     With respect to the allegations contained in paragraph 60 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and

802953.1

all factual allegations contained in paragraph 60 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants state, on information and belief, that, on or about February 16, 2002, a bombing occurred at a pizzeria in the town of Karnei Shomron, which is located in the West Bank, but Defendants deny any factual allegations contained in paragraph 60 of the Complaint that relate to Defendants.

61.     Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 61 of the Complaint relating to Rachel Thaler, Leor Thaler and Chana Friedman and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 61 of the Complaint that relate to Defendants.

62.     Defendants admit, on information and belief, that Keren Shatsky and Rachel Thaler died as a result of a bombing that occurred on or about February 16, 2002 at a pizzeria in the town of Karnei Shomron, which is located in the West Bank. Defendant lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 62 of the Complaint and, therefore, deny the same.

63.     With respect to the allegations contained in paragraph 63 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 63 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants state, on information and belief, that, on or about February 16, 2002, a bombing occurred at a pizzeria in

802953.1

the town of Karnei Shomron, which is located in the West Bank, but Defendants deny any factual allegations contained in paragraph 63 of the Complaint that relate to Defendants.

64.     With respect to the allegations contained in paragraph 64 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 64 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants state, on information and belief, that, on or about February 16, 2002, a bombing occurred at a pizzeria in the town of Karnei Shomron, which is located in the West Bank, but Defendants deny any factual allegations contained in paragraph 64 of the Complaint that relate to Defendants.

65.     With respect to the allegations contained in paragraph 65 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to FED. R. CIV. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 65 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same. Defendants state, on information and belief, that, on or about February 16, 2002, a bombing occurred at a pizzeria in the town of Karnei Shomron, which is located in the West Bank, but Defendants deny any factual allegations contained in paragraph 65 of the Complaint that relate to Defendants.

802953.1

## First Count -- All Defendants
### (Wrongful Death)

66.     Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-65 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint to the extent they relate to Defendants.

68.     Paragraph 68 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 68 of the Complaint that relate to Defendants.

69.     Paragraph 69 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 69 of the Complaint that relate to Defendants.

70.     Paragraph 70 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 70 of the Complaint that relate to Defendants.

71.     Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 71 of the Complaint and, therefore, deny the same.

72.     Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 72 of the Complaint and, therefore, deny the same.

73.     Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 73 of the Complaint and, therefore, deny the same.

74.     Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 74 of the Complaint and, therefore, deny the same.

802953.1

75. Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations contained in paragraph 75 of the Complaint that relate to Defendants.

76. Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations contained in paragraph 76 of the Complaint that relate to Defendants.

**Second Count -- All Defendants**
**(Pain and Suffering)**

77. Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-76 of the Complaint.

78. Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 78 of the Complaint relating to Keren Shatsky and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 78 of the Complaint that relate to Defendants.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations contained in paragraph 79 of the Complaint that relate to Defendants.

80. Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 80 of the Complaint relating to Rachel Thaler and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 80 of the Complaint that relate to Defendants.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations contained in paragraph 81 of the Complaint that relate to Defendants.

802953.1

82.     Paragraph 82 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 82 of the Complaint that relate to Defendants.

### Third Count -- PA, PLO, John Does 1-99
### (International Terrorism -- 18 U.S.C. § 2333)

83.     Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-82 of the Complaint.

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Paragraph 87 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Paragraph 88 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Paragraph 90 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 90 of the Complaint.

802953.1

91.     Paragraph 91 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 91 of the Complaint.

### Fourth Count -- All Defendants
**(Battery)**

92.     Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-91 of the Complaint.

93.     Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 93 of the Complaint relating to Leor Thaler, Hillel Trattner, Ronit Trattner, Steve Braun and Chana Friedman and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 93 of the Complaint that relate to Defendants.

94.     Paragraph 94 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 94 of the Complaint that relate to Defendants.

95.     Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 95 of the Complaint relating to Leor Thaler, Hillel Trattner, Ronit Trattner, Steve Braun and Chana Friedman and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 95 of the Complaint that relate to Defendants.

96.     Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 96 of the Complaint relating to Leor Thaler, Hillel Trattner, Ronit Trattner, Steve Braun and Chana Friedman and, therefore, deny the same.  Defendants deny any

802953.1

remaining factual allegations contained in paragraph 96 of the Complaint that relate to
Defendants.

97.     Paragraph 97 contains legal conclusions to which no response is required.  To the
extent a response is required, Defendants deny any allegations contained in paragraph 97 of the
Complaint that relate to Defendants.

98.     Paragraph 98 contains legal conclusions to which no response is required.  To the
extent a response is required, Defendants deny any allegations contained in paragraph 98 of the
Complaint that relate to Defendants.

99.     Paragraph 99 contains legal conclusions to which no response is required.  To the
extent a response is required, Defendants deny any allegations contained in paragraph 99 of the
Complaint that relate to Defendants.

100.    Paragraph 100 contains legal conclusions to which no response is required.  To
the extent a response is required, Defendants deny any allegations contained in paragraph 100 of
the Complaint that relate to Defendants.

## Fifth Count -- All Defendants
### (Assault)

101.    Defendants incorporate by reference, as if fully set forth herein, their responses to
paragraphs 1-100 of the Complaint.

102.    Defendant lack sufficient knowledge or information to admit or deny the
allegations in paragraph 102 of the Complaint relating to Leor Thaler, Hillel Trattner, Ronit
Trattner, Steve Braun and Chana Friedman and, therefore, deny the same.  Defendants deny any
remaining factual allegations contained in paragraph 102 of the Complaint that relate to
Defendants.

802953.1

103.     Defendant lack sufficient knowledge or information to admit or deny the
allegations in paragraph 103 of the Complaint relating to Leor Thaler, Hillel Trattner, Ronit
Trattner, Steve Braun and Chana Friedman and, therefore, deny the same.  Defendants deny any
remaining factual allegations contained in paragraph 103 of the Complaint that relate to
Defendants.

104.     Paragraph 104 contains legal conclusions to which no response is required.  To
the extent a response is required, Defendants deny any allegations contained in paragraph 104 of
the Complaint that relate to Defendants.

105.     Paragraph 105 contains legal conclusions to which no response is required.  To
the extent a response is required, Defendants deny any allegations contained in paragraph 105 of
the Complaint that relate to Defendants.

### Sixth Count -- All Defendants
#### (Loss of Consortium and Solatium)

106.     Defendants incorporate by reference, as if fully set forth herein, their responses to
paragraphs 1-105 of the Complaint.

107.     Defendant lack sufficient knowledge or information to admit or deny the
allegations in paragraph 107 of the Complaint relating to the named plaintiffs and, therefore,
deny the same.  Defendants deny any remaining factual allegations contained in paragraph 107
of the Complaint that relate to Defendants.

108.     Defendant lack sufficient knowledge or information to admit or deny the
allegations in paragraph 108 of the Complaint relating to the named plaintiffs and, therefore,
deny the same.  Defendants deny any remaining factual allegations contained in paragraph 108
of the Complaint that relate to Defendants.

802953.1

109. Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 109 of the Complaint relating to the named plaintiffs and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 109 of the Complaint that relate to Defendants.

110. Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 110 of the Complaint relating to the named plaintiffs and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 110 of the Complaint that relate to Defendants.

111. Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 111 of the Complaint relating to the named plaintiffs and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 111 of the Complaint that relate to Defendants.

112. Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 112 of the Complaint relating to the named plaintiffs and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 112 of the Complaint that relate to Defendants.

113. Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 113 of the Complaint relating to the named plaintiffs and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 113 of the Complaint that relate to Defendants.

114. Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 114 of the Complaint relating to the named plaintiffs and, therefore,

802953.1

deny the same. Defendants deny any remaining factual allegations contained in paragraph 114 of the Complaint that relate to Defendants.

115.    Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 115 of the Complaint relating to the named plaintiffs and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 115 of the Complaint that relate to Defendants.

116.    Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 116 of the Complaint relating to the named plaintiffs and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 116 of the Complaint that relate to Defendants.

117.    Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 117 of the Complaint relating to the named plaintiffs and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 117 of the Complaint that relate to Defendants.

118.    Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 118 of the Complaint relating to the named plaintiffs and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 118 of the Complaint that relate to Defendants.

119.    Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 119 of the Complaint relating to the named plaintiffs and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 119 of the Complaint that relate to Defendants.

802953.1

120.     Paragraph 120 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 120 of the Complaint that relate to Defendants.

121.     Paragraph 121 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 121 of the Complaint that relate to Defendants.

## Seventh Count -- All Defendants
### (Negligence)

122.     Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-121 of the Complaint.

123.     Defendants deny any allegations contained in paragraph 123 of the Complaint that relate to Defendants.

124.     Defendant lack sufficient knowledge or information to admit or deny the allegations in paragraph 124 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 124 of the Complaint that relate to Defendants.

125.     Paragraph 125 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 125 of the Complaint that relate to Defendants.

126.     Paragraph 126 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 126 of the Complaint that relate to Defendants.

802953.1

**Eighth Count -- All Defendants**
**(Intentional Infliction of Emotional Distress)**

127.   Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-126 of the Complaint.

128.   Paragraph 128 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 128 of the Complaint that relate to Defendants.

129.   Defendants deny any allegations contained in paragraph 129 of the Complaint that relate to Defendants.

130.   Paragraph 130 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 130 of the Complaint that relate to Defendants.

131.   Paragraph 131 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 131 of the Complaint that relate to Defendants.

**Ninth Count -- All Defendants**
**(Negligent Infliction of Emotional Distress)**

132.   Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-131 of the Complaint.

133.   Paragraph 133 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 133 of the Complaint that relate to Defendants.

134.   Defendants deny any allegations contained in paragraph 134 of the Complaint that relate to Defendants.

802953.1

135.     Paragraph 135 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 135 of the Complaint that relate to Defendants.

136.     Paragraph 136 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 136 of the Complaint that relate to Defendants.

### Tenth Count -- All Defendants
#### (Conspiracy)

137.     Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-136 of the Complaint.

138.     Paragraph 138 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 138 of the Complaint that relate to Defendants.

139.     Defendants deny any allegations contained in paragraph 139 of the Complaint that relate to Defendants.

140.     Paragraph 140 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 140 of the Complaint that relate to Defendants.

141.     Paragraph 141 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 141 of the Complaint that relate to Defendants.

802953.1

### Eleventh Count -- All Defendants
### (Aiding and Abetting)

142.     Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-141 of the Complaint.

143.     Paragraph 143 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 143 of the Complaint that relate to Defendants.

144.     Defendants deny the allegations contained in paragraph 144 of the Complaint.

145.     Defendants deny any allegations contained in paragraph 145 of the Complaint that relate to Defendants.

146.     Paragraph 146 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 146 of the Complaint that relate to Defendants.

147.     Paragraph 147 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 147 of the Complaint that relate to Defendants.

### Twelfth Count -- PA
### (Inducement)

148.     Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-147 of the Complaint.

149.     Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.     Defendants deny the allegations contained in paragraph 150 of the Complaint.

802953.1

151.    Paragraph 151 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.    Paragraph 152 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 152 of the Complaint.

### Thirteenth Count -- PA
### (Vicarious Liability/Respondeat Superior)

153.    Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-152 of the Complaint.

154.    The allegations contained in paragraph 154 of the Complaint do not relate to Defendants, and no response by Defendants is required.  To the extent that a response is required, Defendants deny any allegations contained in paragraph 154 of the Complaint that relate to Defendants.

155.    The allegations contained in paragraph 155 of the Complaint do not relate to Defendants, and no response by Defendants is required.  To the extent that a response is required, Defendants deny any allegations contained in paragraph 155 of the Complaint that relate to Defendants.

156.    The allegations contained in paragraph 156 of the Complaint do not relate to Defendants, and no response by Defendants is required.  To the extent that a response is required, Defendants deny any allegations contained in paragraph 156 of the Complaint that relate to Defendants.

157.    The allegations contained in paragraph 157 of the Complaint do not relate to Defendants, and no response by Defendants is required.  To the extent that a response is

802953.1

required, Defendants deny any allegations contained in paragraph 157 of the Complaint that relate to Defendants.

158.   The allegations contained in paragraph 158 of the Complaint do not relate to Defendants, and no response by Defendants is required.  To the extent that a response is required, Defendants deny any allegations contained in paragraph 158 of the Complaint that relate to Defendants.

159.   The allegations contained in paragraph 159 of the Complaint do not relate to Defendants, and no response by Defendants is required.  To the extent that a response is required, Defendants deny any allegations contained in paragraph 159 of the Complaint that relate to Defendants.

160.   The allegations contained in paragraph 160 of the Complaint do not relate to Defendants, and no response by Defendants is required.  To the extent that a response is required, Defendants deny any allegations contained in paragraph 160 of the Complaint that relate to Defendants.

161.   Defendants deny the allegations contained in paragraph 161 of the Complaint.

162.   Defendants deny the allegations contained in paragraph 162 of the Complaint.

163.   Defendants deny the allegations contained in paragraph 163 of the Complaint.

164.   Paragraph 164 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 164 of the Complaint.

165.   Paragraph 165 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 165 of the Complaint.

802953.1

166.     Defendants deny any and all allegations in the Complaint that are not expressly and specifically admitted above or to which no response is otherwise made above.

167.     Defendants deny that Plaintiffs are entitled to recover any relief against Defendants.

WHEREFORE, Defendants respectfully request that the Court enter an order: (a) granting judgment in favor of Defendants and against Plaintiffs; (b) dismissing Plaintiffs' claims with prejudice; (c) denying with prejudice all relief requested by Plaintiffs; (d) awarding Defendants the costs and expenses, including reasonable attorney's fees, that they have incurred as a result hereof; and (e) awarding Defendants such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated:  November 29, 2007

/s/ Richard A. Hibey
Richard A. Hibey (#74823)
Mark J. Rochon (#376042)
Charles F. B. McAleer, Jr. (#388681)
Timothy P. O'Toole (#469800)
MILLER & CHEVALIER CHARTERED
655 15th St., N.W. Suite 900
Washington D.C. 20005-6701
(202) 626-5800 (telephone)
 (202)626-5801 (facsimile)
Email: rhibey@milchev.com
*Attorneys for Defendants The Palestinian*
*Authority and The Palestine Liberation Organization*

41

## VERIFICATION

I hereby declare, under penalty of perjury under the laws of the United States of America,

that foregoing is true and correct based on my knowledge, information and belief.

Executed this 29th day of November, 2007.

Name: Mazen Saleem Jadallah
Title: Director General, Ministry of Finance

42