

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Stephen M. Sinaiko
212 957 9756
ssinaiko@cohengresser.com

August 31, 2021

By CM/ECF Posting

The Honorable Mary Kay Vyskocil
United States District Court
  for the Southern District of New York
500 Pearl Street, Room 2230
New York, New York  10007

     Re: *Shabtai Scott Shatsky, et al. v. The Palestine Liberation*
       *Organization, et al.*, Case No. 18 Civ. 12355 (MKV)

Dear Judge Vyskocil:

   We represent plaintiffs in this action.  On August 20, 2021, defendants The Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA") filed a motion to dismiss for lack of personal jurisdiction that attacks the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act of 2019, Pub. L. 116-94, div. J, tit. IX, § 903, 133 Stat. 3082 (the "PSJVTA").  (Dkt. Nos. 115, 116, 117).  On August 25, 2021, pursuant to Rule 5.1(a) of the Federal Rules of Civil Procedure, defendants filed a notice of their constitutional challenge to the PSJVTA, together with proof of the service of that notice on the Attorney General of the United States.  (Dkt. Nos. 122, 123).

   In addition to the notice that Fed. R. Civ. P. 5.1(a) required defendants to file and serve, 28 U.S.C. § 2403(a) provides for the issuance of a certification by the Court, as follows:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General and shall permit the United States to intervene for



The Honorable Mary Kay Vyskocil
August 31, 2021
Page 2

>presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

In cases where a party to an action challenges the constitutionality of a federal statute, the Second Circuit has long held "that it is required practice [for the District Court] to give the Attorney General notice [under § 2403], leaving to him the decision whether to intervene." *Wallach v. Lieberman*, 366 F.2d 254, 257 (2d Cir. 1966) (*citing Smolowe v. Delendo Corp.*, 36 F. Supp. 790 (S.D.N.Y. 1940), *aff'd on other grounds*, 136 F.2d 231 (2d Cir. 1943)); *see Merrill v. Town of Addison*, 763 F.2d 80, 82 (2d Cir. 1985) ("The legislative history of [section] 2403(a) reflects Congress' intent that the notice not be discretionary"); *see also Nwabue v. SUNY at Buffalo/Univ. Med. Services*, 546 Fed. App'x 21, 24 (2d Cir. 2013) ("Where 28 U.S.C. § 2403 applies, certification is mandatory, even where the claim is obviously frivolous or may be disposed of on other grounds.") (dictum). Moreover, the Federal Rules of Civil Procedure expressly direct that "[t]he Court *must*, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b) (emphasis added). Thus, earlier this year, in *Miriam Fuld, et al. v. The Palestine Liberation Organization, et al.*, Case No. 20 Civ. 3374 (JMF) (S.D.N.Y.), where the PLO and the PA also challenge the constitutionality of the PSJVTA, Judge Furman himself issued a certification pursuant to § 2403(a) and Fed. R. Civ. P. 5.1(b), and further directed the PLO and the PA to serve a certification pursuant to Fed. R. Civ. P. 5.1(a). (*See* Exhibit A).

In this case, defendants have challenged the constitutionality of the PSJVTA, and neither the United States nor any of its agencies, officers or employees is a party to the action. Accordingly, given the authorities we have cited above, Plaintiffs respectfully request that Your Honor issue a certificate, pursuant to 28 U.S.C. § 2403(a) and Fed. R. Civ. P. 5.1(b), notifying the Attorney General of defendants' constitutional challenge to the PSJVTA. We are available for a conference concerning this request, if the Court believes one would be helpful.

Thank you for your consideration.

Respectfully submitted,

Stephen M. Sinaiko

Attachment

cc: All Counsel (by CM/ECF Posting, w/ attachment)