

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T   +1 202 457 6155
gassan.baloul@squirepb.com

October 11, 2021

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

**Re:** *Shatsky, et al. v. The Palestine Liberation Organization, et al.*,
    No. 1:18-cv-12355-MKV-DCF

Dear Judge Vyskocil:

      This law firm represents Defendants Palestinian Authority and Palestine Liberation Organization in this action.  Pursuant to Rule 9(B) of Your Honor's Individual Rules of Practice in Civil Cases and Paragraph 17 of Your Honor's Superseding Protective Order entered in this case (ECF 64, "Protective Order"), Defendants respectfully submit this letter-motion to seal the following exhibits to the Declaration of Abbe David Lowell ("Lowell Declaration") filed by Plaintiffs in the early morning of October 5, 2021 (ECF 136):  Exhibits 4-7, 11-14, 24, 39, 71, and 82-87.  In their letter filed earlier this evening, Plaintiffs stated that they "take no position" as to maintaining the confidentiality of these documents.  (*See* ECF 137, at 1.)

      Exhibits 11-14 to the Lowell Declaration consist of the deposition transcripts of Defendants' two Fed. R. Civ. P. 30(b)(6) witnesses on the "payments" prong of the PSJVTA.  Those deposition transcripts were designated as confidential pursuant to the Protective Order.  Exhibits 4-7, 24, 39, 71, and 82-87 to the Lowell Declaration consist of documents that were previously filed <u>under seal</u> by Plaintiffs as exhibits to their Rule 56.1 Statement (ECF 252) in opposition to Defendants' motion for summary judgment during the first iteration of this lawsuit, *Shatsky et al. v. Palestine Liberation Org., et al.*, 1:02-cv-02280-RJL (D.D.C.) ("*Shatsky I*").  These documents consist of confidential Palestinian government records produced pursuant to the protective order in *Shatsky I*, which is at Docket Entry No. 157-2 in *Shatsky I*.  For the same reasons that these documents were filed under seal in *Shatsky I*, they should likewise be kept under seal in this action.

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Compelling reasons support this letter-motion to seal. First, both the deposition transcripts and government records include confidential and sensitive information belonging to the Palestinian government as well as personal and financial information of non-party Palestinian residents, whose privacy and security interests would be compromised by disclosure on the public record. The privacy interests of third parties weighs heavily in favor of maintaining these records under seal. *United States v. Amodeo,* 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (internal quotation marks and citation omitted). This is especially true for records that contain (or depositions that concern) third-party financial information like those at issue here. *SEC v. Telegram Grp., Inc.,* No. 19-cv-9439, 2020 U.S. Dist. LEXIS 106592, at *8-9 (S.D.N.Y. June 17, 2020) ("protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing documents."). Indeed, Palestinian privacy law prohibits the disclosure of the financial information such as that contained in these records and deposition transcripts. *See* Palestinian Banking Law No. 2 of 2002, Art. 26 ("No such person shall disclose any [customer financial] information or enable a third party outside the bank to have access to it"); Decree No. 10 of 2018 on Cybercrime, Art. 22 (forbidding "arbitrary" "interference with the privacy of any person or the affairs of his family, home or correspondence.").

Second, maintenance of records under seal is also appropriate where the security of third parties is put at risk by public disclosure. *United States v. Armstrong,* 185 F. Supp. 3d 332, 334 n.1, 338 (E.D.N.Y. 2016) (ordering that government letters remain under seal because their potential effect on the "safety and privacy" of the witness and his family overcame the public right of access); *Walker v. City of New York,* No. 15 CV 500, 2017 U.S. Dist. LEXIS 99238, at *15 (E.D.N.Y. June 26, 2017) (redacting summary judgment papers where the safety of a witness and his family were at risk); *United States v. Edelin,* 283 F. Supp. 2d 8, 10 n.2 (D.D.C. 2003) (sealing a motion containing personal identifying information of an alternate juror out of concern for the juror's safety). The records and deposition transcripts at issue identify third-party individuals whose family members have been implicated in certain attacks, and thus publicly revealing their identities subjects them to the risk of retribution. *See, e.g.,* The West Bank and Gaza 2018 Human Rights Report § 1(f), U.S. Department of State, Bureau of Democracy, Human Rights and Labor, https://www.state.gov/wp-content/uploads/2019/03/ISRAEL-AND-THE-GOLAN-HEIGHTS-2018.pdf (last visited Oct. 11, 2021) (describing the displacement of 45 Palestinians in 2018 as a result of "punitive demolitions" against "the homes of the families of Palestinians implicated in attacks against Israelis.").

Third, these records and transcripts contain sensitive, non-public government information of the type traditionally protected under Palestinian law. *See* Decree No. 10 of 2018 on Cybercrime, Art. 22, cited *infra;* Presidential Decree No. 9 of 2010, Art. 32.2 (only allowing disclosure of banking records with the bank client's consent or upon Palestinian court order). Foreign laws of that type provide the Court with ample authority to maintain these exhibits to the Lowell Declaration under seal. *See Strauss v. Crédit Lyonnais, S.A.,* 2011 U.S. Dist. LEXIS 122694, at *19-22 (E.D.N.Y. Oct. 6, 2011) (sealing records in part because French law prohibited the documents' disclosure); *Oussama El Omari v. Ras Al Khaimah Free Trade Zone Auth.,* No. 16-CV-3895, 2017 U.S. Dist. LEXIS 136172, at *14 (S.D.N.Y. Aug. 17, 2017) (sealing a report, commissioned by the ruler of political subdivision of a foreign state, because it contained "highly

| | |
|---|---|
| Squire Patton Boggs (US) LLP | The Honorable Mary Kay Vyskocil |
| | October 11, 2021 |
| **VIA ECF** | |

sensitive, traditionally nonpublic . . . information . . .of a foreign government") (internal quotation marks and citation omitted).

For these reasons, the Court should maintain Exhibits 4-7, 11-14, 24, 39, 71, and 82-87 to the Lowell Declaration under seal, and Defendants respectfully request that the Court grant Defendants' motion to seal these materials or, in the alternative, allow Defendants to file a full memorandum of law to address the sealing of these materials.[1]

Respectfully submitted,

Squire Patton Boggs (US) LLP


*/s/ Gassan A. Baloul*
Gassan A. Baloul


cc:   All counsel of record (via ECF)

---

[1] This letter specifically addresses Exhibits 4-7, 11-14, 24, 39, 71, and 82-87 to the Lowell Declaration because Plaintiffs specifically raised those exhibits in their letter of earlier this evening. (ECF 137).  However, it is Defendants' position, and Defendants hereby move, that any and all documents designated as Confidential by Defendants in this action or in *Shatsky I*, and filed under seal by Plaintiffs on October 4 or October 5, 2021, should remain under seal.  Pursuant to the Court's Individual Rules and Paragraph 17 of the Protective Order, Defendants respectfully request the opportunity to address all such materials in the motion to seal and accompanying memorandum of law requested by this letter.