

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O    +1 202 457 6000
F    +1 202 457 6315
squirepattonboggs.com


Gassan A. Baloul
T    +1 202 457 6155
gassan.baloul@squirepb.com

October 26, 2021

**VIA ECF**

Hon. Mary Kay Vyskocil
United States District Judge, Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007-1312

**Re:  *Shatsky v. PLO*, Case No. 18-cv-12355-MKV-DCF**

Dear Judge Vyskocil:

On behalf of Defendants Palestine Liberation Organization and Palestinian Authority, and pursuant to Rule 4(A)(i) of Your Honor's Individual Rules of Practice in Civil Cases, we seek leave to move to strike inadmissible and improper materials Plaintiffs use in opposition to summary judgment.  A "motion to strike may affect [the movant's] ability to prevail on summary judgment," and is properly considered in conjunction with Defendants' summary judgment motion. *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 (S.D.N.Y. 2007) (citation omitted).  Defendants would move to strike: (1) declarations of Messrs. Spitzen, Levitt, and Shaked, who purport to offer "expert" testimony that lacks methodology, usurps jury functions, and simply transmits inadmissible hearsay; (2) documents excluded from or otherwise outside the discovery record in the predecessor suit, *Shatsky v. PLO*, No. 02-cv-2280 (RJL) (D.D.C.) ("*Shatsky I*")[1]; (3) declarations of Messrs. Guez and Ilan, which lay an improper foundation for a 2007 Israel Security Agency ("ISA") Report; and (4) other inadmissible hearsay cited in Plaintiffs' opposition.

This Court previously rejected Plaintiffs' request to conduct merits and expert discovery to supplement the *Shatsky I* discovery record [ECF 60; ECF 54 at 3], and Plaintiffs did not seek leave to use materials excluded from that record, or additional discovery through Rule 56(d) [*see* ECF 76 at 2].  The Court should strike these materials because: hearsay cannot create a triable issue of fact, whether proffered through experts or on a stand-alone basis (*AD/SAT v. AP*, 181 F.3d 216, 236 (2d Cir. 1999)); expert "opinions" that simply usurp the jury's function cannot create a triable issue of fact; Defendants had no opportunity to test this material through discovery; and,

---

[1] In *Shatsky I*, the court precluded Plaintiffs from using 73 late-and never-disclosed exhibits in their summary judgment opposition.  312 F.R.D 219, 222-28, 230 (D.D.C. 2015) (the "Document Exclusion Order").  That court also struck Plaintiffs' late-disclosed expert reports because they had openly defied the court's refusal to extend the disclosure deadline.  *Shatsky I,* ECF 242 at 1-4 (the "Expert Exclusion Order") (attached as Exhibit A).

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP                                                                      The Honorable Mary Kay Vyskocil
**VIA ECF**                                                                                                              October 26, 2021

evasion of the *Shatsky I* exclusion rulings would improperly reward previously sanctioned behavior.  Plaintiffs do not consent to this request.

***Prejudicial Effect:*** This Court [ECF 60 at 2] denied Plaintiffs' request to conduct fact and expert discovery beyond that in the *Shatsky I* record after rejecting Plaintiffs' complaints that the *Shatsky I* record was "flawed" and "inappropriately limited," and their suggestion that more discovery would "build an appropriate record."  ECF 54 [Pls. Ltr.] at 2-3.  Despite these complaints, this Court saw "no need for other discovery."[2]  ECF 60 at 2.  Allowing Plaintiffs to bring in material excluded from the *Shatsky I* record would unfairly prejudice Defendants, who did not have the "opportunity to anticipate, challenge, or counter [the] statements, assessments, methods, or conclusions" of Plaintiffs' expert witnesses, or to test their other materials, during *Shatsky I* discovery.  *DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 F. App'x 378, 381 (2d Cir. 2012) (affirming decision to strike expert testimony that was disclosed only at summary judgment stage).[3]  Plaintiffs believe they remedied that prejudice merely by notifying Defendants of their intent to unilaterally expand the discovery record with excluded material.  *See* Pls.' Opp. at 9-10, ECF 133.  They claim that Defendants had "ample opportunity to take depositions, hire experts, or further investigate" that material.  *Id.* at 9.  Defendants had no such opportunity—discovery was closed in *Shatsky I* when Plaintiffs first proffered these materials.  This Court rightfully kept merits discovery closed because it found that Plaintiffs' "claim[s] [are] based on the same facts" as *Shatsky I*, "this case was stayed for two years while the parties litigated in D.C.," and Defendants argued "Plaintiffs' claims [were] 'ripe for summary judgment based on the full [merits-based] discovery'" record in *Shatsky I*.  ECF 60 at 2-3.  Further discovery would be futile.  As explained below, the deficiencies in the excluded material are such that more discovery would only further exhaust the parties' resources in a dispute that has dragged on for almost nineteen years.[4]  "Defendants are entitled to make summary judgment motions on the basis of the discovery record compiled in accordance with the federal rules and court's orders," *Every v. Makata U.S.A. Inc.,* Case No. 02 Civ. 8545, 2005 U.S. Dist. LEXIS 24881, at *15-17 (S.D.N.Y. Oct. 17, 2005), which is precisely what Defendants did here by preparing a summary judgment motion per the Court's February 8 Order and the *Shatsky I* discovery record.

***Improper Expert Testimony:*** The purported expert declarations of Messrs. Spitzen, Levitt, and Shaked fail to meet the requirements of Rule 702.  First, expert reports are not a means to

---

[2] Refiling their case should not allow Plaintiffs a second bite at the apple.  *See Daniels v. Jacobs,* 753 F. App'x 748, 755 (11th Cir. 2018) (affirming district court's condition that any refiled case would resume at the point where the case left off, including enforcement of discovery deadline and preclusion of late-disclosed experts); *Parker v. Freightliner Corp.,* 940 F.2d 1019, 1025 (7th Cir. 1991) (no abuse of discretion where district court barred plaintiff from offering expert testimony in any refiled action).

[3] It also would reward Plaintiffs' "shoddy gamesmanship," *Shatsky I*, 312 F.R.D. at 228, and condone Plaintiffs' "failure to follow the rules."  *Mantel v. Microsoft Corp.,* Case No. 16-cv-5277, 2018 U.S. Dist. LEXIS 53549, at *12 (S.D.N.Y. Mar. 29, 2018) (precluding party from opposing summary judgment with documents not produced during discovery).

[4] *See Mantel,* 2018 U.S. Dist. LEXIS 53549, at *14 (defendant would be prejudiced by allowing plaintiff to supplement the record with late-disclosed evidence; "the bell cannot be unrung with regard to the time and money devoted by the parties to summary judgment based on the evidentiary record as developed.").

Squire Patton Boggs (US) LLP
VIA ECF

The Honorable Mary Kay Vyskocil
October 26, 2021

"circumvent the rules prohibiting hearsay," *United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008), but that is precisely what the experts do here, restating inadmissible hearsay, including purported facts from the website www.pflp.ps, the ISA Report, and Al-Hadaf magazine. *See, e.g.*, Spitzen Decl., ECF 136-11, ¶¶ 23-24, 27, 45; Shaked Decl., ECF 136-12, at 11–12. An expert merely classifying hearsay as "believ[able]" and "reliable," *Gilmore v. Palestinian Interim Self-Government Auth.*, 53 F. Supp. 3d 191, 212 (D.D.C. 2014), *aff'd,* 843 F.3d 958 (D.C. Cir. 2016), or "consistent with" the expert's conclusion, *Hutchinson v. Groskin*, 927 F.2d 722, 725 (2d Cir. 1991), is not permissible expert testimony. Second, courts reserve expert testimony for subject matters "beyond the ken of the average juror"—matters that the average juror "is not capable of understanding on his or her own." *Mejia*, 545 F.3d at 191, 194. Here, Spitzen opines that the ISA Report's conclusion is "reliable" because it is "specific and detailed," was published six years after the attack, and was "the fruit of professional, painstaking and conscientious intelligence and investigative work." Spitzen Decl. at ¶¶ 45–49. And Shaked, with no expert methodology, opines "the defendants greatly increased the PFLP's ability to plan and carry out the ... bombing." Shaked Decl. at 12. Levitt likewise restates inadmissible hearsay before concluding that "[t]he PA and PLO's decades-long provision of material support to the PFLP ... directly contributed to the group's organizational and operational ability ... to carry out such a terrorist attack." Levitt Decl., ECF 136-27, at 2. A jury is more than equipped to evaluate such issues, and experts cannot usurp the jury's function to create triable issues of fact. *Gilmore,* 53 F. Supp. 3d at 214.

***Improper "Foundational" Declarations:*** Plaintiffs improperly seek to transmit a skimpy four-line hearsay section on the Karnei Shomron bombing from the ISA Report through the Declarations of Messrs. Guez and Ilan—two individuals with no involvement in any investigation of the bombing or in preparation of the Report, nor knowledge of how it reached its conclusions concerning the bombing. Therefore, the witnesses cannot lay a foundation to overcome hearsay exclusion of the Report's bombing-related conclusions whose truth they seek to confirm.[5] Mr. Ilan's declaration also regurgitates portions of the ISA Report, and Mr. Guez's declaration endorses these portions of Mr. Ilan's statements, creating multiple layers of inadmissible hearsay.

***Inadmissible Hearsay:*** This Court should also strike the litany of Plaintiffs' other proffered material that was previously excluded and/or is otherwise inadmissible: (1) a statement by non-party Allam Kaabi;[6] (2) intelligence files; (3) website printouts; (4) news media articles and interviews; (5) State Department and congressional reports; and (6) Israeli police, military court, and Ministry of Foreign Affairs documents. Each of these items suffers from a combination of a lack of authentication, a lack of corroborating sources, and/or a failure to meet any of the exceptions for admissible hearsay for reasons Defendants will more fully explain in their reply papers in support of summary judgment, and in their proposed motion to strike.

---

[5] *Gilmore,* 53 F. Supp. at 213 (rejecting similar "generalized and conclusory" testimony because it failed to address, among other things, the types of sources relied upon and the protocols and processes in place to confirm the accuracy of the sources), *aff'd,* 843 F.3d 958, 973 (D.C. Cir. 2016).

[6] Second Circuit authority is clear that "non-self-inculpatory statements" like Kaabi's, "even if [] made within a broader narrative that is generally self-inculpatory" are not admissible under Fed. R. Evid. 804(b)(3). *United States v. Herring*, 754 F. App'x 67, 68 (2d Cir. 2019) (quoting *Williamson v. United States*, 512 U.S. 594, 600-01 (1994)).

Very truly yours,

Squire Patton Boggs (US) LLP

*/s/ Gassan A. Baloul*
Gassan A. Baloul

cc: All counsel of record (via ECF)