# Exhibit A

Case 1:02-cv-02280-RJL Document 242 Filed 04/11/13 Page 1 of 4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHABTAI SCOTT SHATSKY, *et al.,* | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 02-02280 (RJL) |
| THE SYRIAN ARAB REPUBLIC, *et al.,* | ) ) ) |
| Defendants. | ) ) |

**FILED**

APR 1 1 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM ORDER
April __, 2013 [## 228, 231]

Defendants The Palestinian Authority ("PA") and The Palestine Liberation Organization ("PLO") (collectively, "defendants") move this Court for sanctions against plaintiffs. Defs.' Mot. for Sanctions, Feb. 15, 2013 [Dkt. # 228]. Specifically, defendants request that the Court sanction plaintiffs under Federal Rule of Civil Procedure 16(f)(1)(C) by excluding liability expert testimony that plaintiffs served *after* the expert report deadline had lapsed. *Id.* at 1.

Under the Court's Scheduling Order, the deadline for both parties' expert reports was October 19, 2012. *See* Sched. Order ¶ 6, Sept. 15, 2011 [Dkt. # 136]. But on that date, plaintiffs did not file liability expert reports. Instead, they filed two motions to compel that asked the Court to adjourn the deadline for plaintiffs' expert disclosures until after the compelled documents were produced. *See* Pls.' Mots. to Compel, Oct. 19, 2012 [Dkt. ## 168, 169]. Both motions were denied. Min. Orders, Dec. 8, 2012. Plaintiffs asked yet again for an extension of their liability expert deadline in three subsequent

motions, Pls.' Mot. to Compel at 10-11, Nov. 5, 2012 [Dkt # 172]; Pls.' Mot. for

Preclusion at 20-21, Nov. 14, 2012 [Dkt. # 175]; Pls.' Mot. to Compel and for Sanctions

at 24-26, Nov. 21, 2012 [Dkt. # 181], but those motions also were denied, Min. Order,

Jan. 2, 2013. In their opposition to defendant's pending motion for sanctions, plaintiffs

again make a cross-motion for reconsideration of their liability expert deadline. Pls.'

Opp'n to Defs.' Mot. for Sanctions and Cross-Mot. for Reconsideration ("Pls.' Opp'n")

at 1, Mar. 4, 2013 [Dkt. # 231].

At the December 7, 2012 status conference in this case, I repeatedly warned

plaintiffs that they had the burden to convince the Court that they should be allowed any

additional experts. Tr. at 46-49 (Dec. 7, 2012) [Dkt. # 236]. I gave plaintiffs one week to

file a motion presenting their arguments for additional discovery. *Id.* at 51. Plaintiffs

filed that motion, Pls.' Mot. to Compel Discovery, Dec. 14, 2012 [Dkt. # 202], and that

motion was denied, Min. Order, Jan. 2, 2013.

Nevertheless, plaintiffs have concluded—contrary to the Court's clear and

repeated denials of their requests to extend their liability expert deadline—that they could

submit liability expert reports on the extended deadline for *defendant's* expert reports of

February 14, 2013.[1] On that day, plaintiffs emailed defendants three purported liability

expert reports signed by Itamar Marcus, Ronni Shaked, and Matthew Levitt. Defs.' Mot.

---

[1] Despite my clear instruction during the December 7 hearing, plaintiffs claim that it "look[ed] clear" from the hearing's minute entry that their expert deadline had been extended along with defendant's expert deadline. Pls.' Opp'n at 6-7. Simply because the minute entry says "Expert Reports due by 2/14/2013," without specifying a party, does not give plaintiffs free rein to ignore my clear instruction during the hearing: the extended deadline applied *only* to defendants unless I granted plaintiffs' motion for additional discovery, which I denied. *See* Tr. at 48, 51-52 (Dec. 7, 2012).

Case 1:02-cv-02280-RJL Document 242 Filed 04/11/13 Page 3 of 4

for Sanctions at 4-5.

Under Rule 16(f)(1)(C), a Court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Rule 37(b)(2)(A)(ii) provides that, as a sanction for failing to obey a scheduling order, a Court may "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . . ." Here, plaintiffs failed to comply with the expert report deadline in the Scheduling Order and, despite multiple failed attempts to extend the deadline, served late expert reports nonetheless. As such, the only fair and just outcome is to preclude plaintiffs from offering the testimony of the expert reports served after the deadline.

Our Circuit affirmed a similar sanction in *Hull v. Eaton Corp.*, 825 F.2d 448 (D.C. Cir. 1987). In that case, the plaintiffs had repeatedly failed to name an expert witness on the ground that they had not received sufficient information from the defendant. *Id.* at 451. In response, the magistrate judge sanctioned the plaintiffs by precluding their expert testimony. *Id.* The Circuit Court noted that "[t]he determination of an appropriate discovery sanction is left to the discretion of the trial court," and a judge "can . . . sanction a party's continued and unexcused refusal to name an expert witness by precluding testimony from any such witness." *Id.* at 452 (citation omitted). So too, here, can this Court sanction plaintiffs' repeated and unsuccessful attempts to submit overdue liability experts by precluding plaintiffs from introducing such experts' testimony in evidence.

Accordingly, it is hereby

**ORDERED** that the defendant's Motion for Sanctions [Dkt. # 228] is

**GRANTED**; it is further

**ORDERED** that plaintiffs' Cross-Motion for Reconsideration Regarding Their

Liability Expert Disclosures Deadline [Dkt. # 231] is **DENIED**; and it is further

**ORDERED** that plaintiffs are prohibited from introducing or using, including on

motion or at trial, any expert testimony from Itamar Marcus, Ronni Shaked, and Matthew

Levitt.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

4