

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

ABBE DAVID LOWELL
Partner
(202) 282-5875
adlowell@winston.com

October 29, 2021

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court for the Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007
(212) 805-0200

Re:   *Shabtai Scott Shatsky, et al. v. The Palestine Liberation Organization, et al.*,
         No. 1:18-cv-12355-MKV-DCF

Dear Judge Vyskocil:

Pursuant to Rule 4(A)(i) of Your Honor's Individual Rules of Practice in Civil Cases, we write on behalf of Plaintiffs in response to Defendants' October 26, 2021 letter (Dkt. 142). Defendants' latest attempt to exclude Plaintiffs' evidence is yet another bid to avoid litigating this case on the merits and on a *full* record. Plaintiffs' summary judgment papers place before the Court evidence raising triable issues of fact concerning Defendants' complicity in a suicide bombing that killed and injured Americans—requiring denial of summary judgment—and Defendants attempt to evade that evidence by relying on (i) orders in the prior action that were vacated *at their request* for lack of jurisdiction, (ii) misconstruction of Your Honor's orders in this case, and (iii) meritless evidentiary arguments that should not be condoned.

**Defendants Mischaracterize the Court's Prior Order**:   Contrary to Defendants' assertion, this Court has *never* limited the evidentiary record in this case solely to the summary judgment record in *Shatsky et al. v. PLO et al.*, No. 02-cv-2280 (RJL) (D.D.C.) ("*Shatsky I*"). The Court's Order that no *additional* discovery was warranted before summary judgment motions were filed (Dkt. 81 at 10:9–13) was based on Defendants' representation that the "full [merits-based] discovery[] conducted in *Shatsky I*" would be in play at the summary judgment stage. Dkt. 60 at 2. Comporting with this, Plaintiffs relied on documents disclosed to Defendants during *Shatsky I* in their Opposition to Defendants' Motion for Summary Judgment (Dkt. 133, "Opposition"). To the extent the Court grants Defendants' request to exclude certain of Plaintiffs' evidence, that would be further basis to permit Plaintiffs to conduct Rule 56(d) discovery pursuant to the Court's permission and consistent with Your Honor's view that Plaintiffs should "wait until the motions get made and see what the arguments are before [seeking further discovery.]" Dkt. 81 at 10:11–13. Per the Court's Order, it would not have been appropriate for Plaintiffs to seek such request prior to Defendants memorializing their position as to the evidence at issue—which they have



refused to do until now.[1]  Dkt. 80 at 2 ("Plaintiffs' request for discovery, under Rule 56(d) … in connection with Defendants' not-yet-filed motion for summary judgment … [i]s premature").

***Shatsky I* Discovery Orders are Not Binding and Defendants Suffer No Prejudice**: Defendants remain conveniently blind to the fact that they *themselves* elected to nullify the *Shatsky I* summary judgment decision (and all other orders in that case) by pressing their personal jurisdiction argument on appeal.  *See* Dkt. 119 at 1, n.1.  As Your Honor rightly stated, "the D.C. circuit vacated the Judge Leon summary judgment opinion.  So how can there possibly be any kind of preclusive effect?  They vacated based on [Defendants'] argument."  Dkt. 46 at 24:18–23.

Moreover, Defendants' plea that they will suffer prejudice from Plaintiffs' evidence is, frankly, risible.  For years, or at the very least months, Defendants have had access to documents disclosed during *Shatsky I* and other evidence relied on in Plaintiffs' Opposition.  *See* Dkt. 54 at 2–3.  Prior to filing their motion for summary judgment, Defendants could have sought leave of court to investigate Plaintiffs' evidence while jurisdictional discovery was ongoing.  Instead, Defendants *themselves* demanded that no discovery take place in this case.  Dkt. 77 at 1–2.

*Daniels v. Jacobs* and *Parker v. Freightliner Corp.* are inapposite.  In those cases, the court granted plaintiffs' voluntary dismissal of the initial case *on the explicit condition* that any newly filed case be bound by the discovery and procedural history of the dismissed case.  *See Daniels*, 753 F. App'x at 748, 752–53 (11th Cir. 2018); *Parker*, 940 F.2d 1019, 1022 (7th Cir. 1991).  No such orders or conditions exist here, and in fact, any decisions rendered in *Shatsky I* would not control since they are null.  *DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 F. App'x 378 (2d Cir. 2012) is also inapposite, as the plaintiff there disclosed expert testimony only at the summary judgment stage (490 F. App'x at 380), while Plaintiffs here notified Defendants of their intention to rely on expert testimonies well in advance of summary judgment briefing.  *See* Dkt. 133 at 9.

**Plaintiffs' Expert Testimony is Proper**:  Contrary to Defendants' portrayal (Dkt. 142 at 2-3), the declarations of Messrs. Arieh Dan Spitzen, Matthew Levitt, and Ronni Shaked rely on foundational material that is proper for an expert to use, as "an expert witness may rely on hearsay evidence while reliably applying expertise to that hearsay evidence … for the purposes of rendering an opinion based on his expertise[.]"  *United States v. Dukagjini*, 326 F.3d 45, 58–59 (2d Cir. 2002); *see also Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007).  Furthermore, Messrs. Spitzen, Levitt, and Shaked's "recognized expertise provides the necessary foundation for his or her testimony."  *Torres v. Colvin*, 2013 U.S. Dist. LEXIS 184049, at *57 (S.D.N.Y. Dec. 13, 2013).  They possess a high degree of relevant experience and specialized knowledge (*see* Dkt. 136, Ex. 8, ¶¶ 1–13; *id.*, Ex. 19 at 2–6; *id.*, Ex. 9 at 1–4) enabling them to proffer testimony "beyond the ken of the average juror" (Dkt. 142 at 3) by opining on evidence relevant to the political, social, and economic aspects of Palestinian society, as well as the structure, leadership, and activities of Palestinian terror groups.  Indeed, these three experts have been found qualified to testify about the same or similar topics in other civil terrorism actions.

---

[1] As an example, despite Plaintiffs asking Defendants back in April to state any objections to the use of Plaintiffs' expert declarations, Defendants merely "reserve[d] all of their rights regarding, including objections at an appropriate time to, Plaintiffs' proposed expert testimony[.]"  Dkt. 136, Ex. 119.



October 29, 2021
Page 3

*See, e.g.*, *Linde v. Arab Bank, PLC*, 922 F. Supp. 2d 316, 322–25, 330–31 (E.D.N.Y. 2013) (finding Messrs. Spitzen, Levitt, and Shaked qualified as experts regarding Palestinian terrorist attacks).[2]

**Messrs. Guez and Ilan Provide Proper Foundational Testimonies**:  Pursuant to Fed. R. Evid. 104 and based upon decades of service in the Israeli Security Agency (ISA), Messrs. Nimrod Guez and Itzhak Ilan are foundational witnesses qualified to provide evidence regarding the admissibility of the 2007 ISA Report.  *See* Dkt. 136, Ex. 25; *id.*, Ex. 26; *see also United States v. Yousef*, 327 F.3d 56, 145 (2d Cir. 2003) (accepting government affidavit to determine admissibility of defendant's statement, citing to Fed. R. Evid. 104(a) and 1101(d)(1)).  "The witness testifying to the foundation of the document need not have personal knowledge of the actual creation of the document; he need only be sufficiently familiar with the business practices under which the records were created."  *Astra Aktiebolag v. Andrx Pharms., Inc.*, 222 F. Supp. 2d 423, 521 n.62 (S.D.N.Y. Oct. 11, 2002).  Messrs. Guez and Ilan are undoubtedly sufficiently familiar with the ISA's practices to provide foundational testimony here as to the creation of the 2007 ISA Report.[3]

Defendants' reliance on *Gilmore v. Palestinian Interim Self-Government Authority* is misplaced, as plaintiffs there did "not provide[] one iota of information as to how the material in the [report] was compiled or from what sources it is derived."  53 F. Supp. 3d 191, 203 (D.D.C. 2014), *aff'd*, 843 F.3d 958 (D.C. Cir. 2016).  Here in contrast, Messrs. Guez and Ilan's declarations fill this gap—they provide testimony about the veracity of the 2007 ISA report and how its conclusions were reached.  Notably, even without this testimony, multiple courts in the Second Circuit have found the 2007 ISA Report to be "plainly admissible."  *See, e.g.*, *Linde v. Arab Bank, PLC*, No. 4-cv-2799 (BMC), Trial Tr. at 947:3–9 (E.D.N.Y. Aug. 25, 2015); *Strauss v. Credit Lyonnais, S.A.*, 2017 WL 4481126, at *4 (E.D.N.Y. Sept. 30, 2017); *Weiss v. Nat'l Westminster Bank, PLC*, 278 F. Supp. 3d 636, 647 (E.D.N.Y. 2017).

**Plaintiffs' Other Exhibits are Not Hearsay**:  Defendants' attempt to strike numerous other proffered material fares no better.  For example, as explained in Plaintiffs' Opposition, the statement of Allam Kaabi is plainly admissible under Fed. R. Evid. 804(b)(3) (Dkt. 133 at 15).  As to the other exhibits contested by Defendants (intelligence files, website printouts, news media articles and interviews, U.S. State Department and congressional reports, and Israeli police, military court, and Ministry of Foreign Affairs documents), they are self-authenticating documents that are admissible.  *See* Fed. R. Evid. 902(3); *MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 503–04 (S.D.N.Y. 2017), *aff'd*, 719 F. App'x 47 (2d Cir. 2017).

Regardless of the merits of Defendants' arguments (there are none), their attempt to exclude Plaintiffs' exhibits is duplicative, cumulative, and premature.

---

[2] Apart from the fact that Defendants' challenges to Plaintiffs' expert testimonies are baseless, the challenges pertain at most to the *weight* of evidence, not their admissibility.  *See Hilaire v. DeWalt Indus. Tool Co.*, 54 F. Supp. 3d 223, 236 (E.D.N.Y. 2014).

[3] In any case, the ISA Report is also admissible as a public record under Rule 803(8).  *In re Methyl Tertiary Butyl Ether MTBE Prod. Liab. Litig.*, 824 F. Supp. 2d 524, 532 (S.D.N.Y. 2011) (quoting *United States v. Doyle*, 130 F.3d 523, 546 (2d Cir. 1997)) ("public records 'do[] not require any foundational testimony' from a qualified witness to be admissible[.]").



October 29, 2021
Page 4

Respectfully submitted,

*/s/ Abbe David Lowell*
Abbe David Lowell

cc:  All Counsel of Record (via ECF)