UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHABTAI SCOTT SHATSKY, *individually and as personal representative of the Estate of Keren Shatsky*, *et al.*

                        Plaintiffs,

-against-

THE PALESTINE LIBERATION ORGANIZATION, and THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian Interim Self-Government Authority" and/or "The Palestinian National Authority"),

                        Defendants.

18cv12355 (MKV) (DF)

**ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

       In February 2021, the Honorable Mary Kay Vyskocil, U.S.D.J., granted the request by Plaintiffs in this case[1] to conduct discovery on the question of whether the Court may exercise personal jurisdiction over defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (together, "Defendants"), under the Promoting Security and Justice for Victims of Terrorism Act of 2019 (the "PSJVTA"). (Dkt. 60.) Soon after, Plaintiffs sought to depose several of Defendants' representatives, all of whom Plaintiffs claimed had knowledge of facts directly relevant to determining whether Defendants had engaged in conduct that, under the PSJVTA, would constitute consent to personal jurisdiction. In anticipation of those depositions, Judge Vyskocil issued an Order of Reference to this Court in June 2021, for the purpose of resolving any "objections to [the] scope of questioning during [the] depositions

---

[1] This case arises out of a suicide bombing in the Israeli West Bank in 2002. Plaintiffs are the American victims of that bombing and their families.

for jurisdictional discovery." (Dkt. 93.) It is this Court's understanding that Judge Vyskocil expected that, pursuant to that Order of Reference, this Court would resolve any discovery disputes arising out of, or connected to, Defendants' invocation of "functional immunity"[2] in relation to their representatives' deposition testimony.[3]

On August 20, 2021, Defendants filed a motion to dismiss for lack of personal jurisdiction (Dkt. 115), followed by a separate motion for summary judgment (Dkt. 118). Plaintiffs have opposed both motions and, in so doing, have submitted exhibits in support of their opposition, which include excerpts of Defendants' representatives' deposition testimony, as well as documents that were marked as exhibits during those same depositions. As immediately relevant here, Plaintiffs submitted the following materials as exhibits to an attorney declaration (Declaration of Oliver S. Haker, Esq. in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, dated Oct. 4, 2021 ("Haker Decl.")), filed at Dkt. 130:

---

[2] Under the Convention on the Privileges and Immunities of the United Nations ("U.N. Convention"), Feb. 13, 1946, 21 U.S.T. 1418, T I.A.S. 6900, acceded to by the United States in 1970, and Section 7(b) of the International Organizations Immunities Act (the "IOIA"), Title I, 59 Stat. 671 (1945), codified at 22 U.S.C. § 288d(b), United Nations officers and employees are entitled to "functional immunity," meaning they are "immune from suit and legal process relating to acts performed by them in their official capacity and falling within their *functions* as . . . officers . . . or employees except insofar as such immunity may be waived" by the United Nations. IOIA, 22 U.S.C. § 288d(b) (emphasis added); *see Van Aggelen v. United Nations*, 311 Fed. App'x 407, 409 (Summary Order) (2d Cir. 2009) (although a United Nations employee "does not enjoy full diplomatic immunity," he "is shielded by functional immunity" under the U.N. Convention for "all acts performed in his official capacity" (internal quotation marks, brackets, and ellipses omitted)).

[3] With that understanding in mind, this Court held a telephone conference with the parties on July 6, 2021 (*see* Dkt. 96), at which time the scope of anticipated depositions was discussed. Then, as depositions were conducted in the following weeks, this Court made itself available to the parties, in the event they needed assistance in resolving functional-immunity-related objections made during the course of any of the depositions. No such issues, however, were brought to this Court's attention during the depositions.

  (1)  Haker Decl., Ex. 1 (Excerpts of the transcript of the deposition of Riyad Mansour, conducted on July 8, 2021 ("Mansour Deposition"));

  (2)  Haker Decl., Ex. 2 (Excerpts of the transcript of the deposition of Nadia Ghannam, conducted July 23, 2021 ("Ghannam Deposition"));

  (3)  Haker Decl., Ex. 264 (Excerpts of the transcript of the deposition of Feda Abdelhady Nasser, conducted July 22, 2021 ("Abdelhady-Nasser Deposition")); and

  (4)  Haker Decl., Ex. 265 (Exhibit 3 to the Mansour Deposition, conducted on July 8, 2021, bearing production numbers Shatsky-JD00545 to Shatsky-JD00550 ("Mansour Deposition Exhibit 3")).

(*See also* Haker Decl. ¶¶ 2-3, 575-76.)

  Notably, for the three exhibits containing deposition testimony, Plaintiffs did not identify the specific pages of the transcript "excerpts" that they were submitting. Further, none of these four exhibits were filed on the Court's electronic Docket, either in their entirety, or in redacted form, or even under seal with a "restricted view" designation, which would have at least provided the Court and case participants with electronic access to the documents. Rather, it appears that Plaintiffs took the position that, as Defendants had designated the exhibits as "Confidential" in their entirety under the existing Confidentiality Order in this case (Superseding Stipulation and Order Concerning Production of Confidential Documents and Information, entered Mar. 11, 2021 (Dkt. 64)), and as Plaintiffs wished to submit a large volume of such "Confidential" material to the Court in connection with their opposition to the motion to dismiss, it would be overly burdensome for Plaintiffs to file either redacted or unredacted versions on the Court's Docket. Instead, Plaintiffs sought merely to provide hard copies of the exhibits (together with other material that was similarly designated as "Confidential") to Judge Vyskocil's Chambers (*see* Dkt. 128), and, in the filings that Plaintiffs then made electronically, they

indicated that the exhibits, in their entirety, had been "redacted" from their submissions (*see generally* Dkt. 130 (exhibits)).

Now before the Court are two letter motions, filed by non-parties, requesting that the above-mentioned exhibits (or portions thereof) be "unsealed" and that certain other discovery material also be made available to the public, as follows:

(1) First, interested party Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"), the law firm representing the plaintiffs in a separate action titled *Sokolow v. Palestine Liberation Organization*, Case No. 04cv394 (GBD),[4] has submitted multiple (duplicative) letters (*see* Dkts. 99, 100, 101), requesting that the following be made available to the public:

    (a) the Abelhady-Nasser Deposition, at pp. 1-4, 58-128, 189-191;[5]

    (b) the Ghannam Deposition, at pp. 1-4, 39-41, 144-201;

    (c) the Mansour Deposition, at pp. 1-4, 44-77, 86-120, 177-82;

    (d) Abdelhady-Nasser Deposition Exhibits 4-6; and

    (e) Mansour Deposition Exhibits 3-4.

(*See* Dkt. 101, at n.2.)

---

[4] *Sokolow* is another case in this District in which the defendants are litigating the existence of personal jurisdiction under the PSJVTA. *See* Case No. 04cv394 (GBD). On July 2, 2021, Judge Vyskocil granted Arnold & Porter's application to modify the existing Confidentiality Order in this case to allow Arnold & Porter to access and use, in *Sokolow*, the confidential jurisdictional discovery materials produced herein. (Dkt. 95.)

[5] As noted above, Plaintiffs did not specify the particular pages of the Mansour, Ghannam, and Abelhady-Nasser Depositions that were being submitted as exhibits to the Haker Declaration, and it is therefore not clear from the Docket whether the submitted excerpts include the page numbers referenced by Arnold & Porter.

  (2)  Second, non-party Michael Wagenheim ("Wagenheim"), a correspondent with the Israeli television channel i24NEWS, has filed a separate letter, framed as a "motion to intervene," wherein Wagenheim requests that the entire Mansour Deposition be made available to the public. (Dkt. 104.)

  Defendants have opposed each of these non-party letter motions, contending that (1) Defendants had reasonably relied on the Confidentiality Order entered in this action to designate the requested portions of the depositions as "Confidential"; (2) the "sensitivity" of the information that was the subject of the deposition testimony at issue is "underscored by the UN functional immunity" covering the Permanent Observer Mission of the State of Palestine to the United Nations; and (3) neither Arnold & Porter nor Wagenheim has shown a "compelling" need to redesignate the purportedly highly sensitive materials for which public disclosure has been sought (*see* Dkts. 105, 114).  To date, Plaintiffs have not taken a written position on the non-parties' letter motions.

  Given that Defendants' opposition to the non-parties' letter motions includes an objection based on "functional immunity," this Court understands the motions to fall within the scope of Judge Vyskocil's Order of Reference to this Court.  In order for this Court to be able to give full consideration to the issues raised in those motions, however, this Court must be able to view the discovery materials in question, and must have a better understanding of what, in particular, within those deposition transcripts, excerpts, or exhibits is believed by Defendants to warrant confidentiality protection.  Accordingly, it is hereby ORDERED as follows:

  1.  As a general matter, it appears that Defendants may have indiscriminately designated entire documents, entire deposition transcripts, and large portions of transcripts as "Confidential" under the Court's Confidentiality Order, rather than attempting to engage in a careful review of the materials to identify those *particular portions* that are sufficiently sensitive

to warrant confidentiality protection under that Order.  Therefore, with respect to the materials that are the subject of the two motions identified above, Defendants are directed to engage in such a review, and, no later than December 13, 2021, to make redesignations only to the degree they believe it justified.

    2.       Then, no later than December 20, 2021:

          a.       As to any of the materials at issue that were previously submitted by Plaintiffs in connection with their opposition to the motion to dismiss, (i) Plaintiffs shall file on the electronic Docket of this action:  (a) redacted versions of those exhibits, for public view, and (b) full (unredacted) versions of those exhibits, under seal and with restricted view; and (ii) Defendants shall file a letter, explaining why each remaining instance of redaction is consistent with the presumption in favor of public access to judicial documents and narrowly tailored to serve the interest that is claimed to justify the redaction, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *see also, e.g.*, *Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 221-22 (S.D.N.Y. 2019) (before issuing ruling on sealing, ordering parties to "resubmit narrowly tailored proposed redactions" for the parties' summary judgment briefing papers and exhibits, along with supporting "authority and [an] articulated reasoning that is *specific to the content that they seek to keep under seal*" (emphasis in original)).

          b.       As to any additional material being sought by either Arnold & Porter or Wagenheim, that was not submitted by Plaintiffs in connection with their opposition to the motion to dismiss, Defendants are directed to submit to this Court, for *in camera* review, a full version of the material in question, together with proposed redactions of that material, accompanied by a letter (which should also be publicly filed) setting out the

bases for its objection to disclosure and legal authority supporting its position. Defendants' counsel are directed to contact the Chambers of the undersigned for instructions as to how to submit this material for *in camera* review.

3. This Court will defer ruling on the non-party letter motions, pending receipt and review of the submissions required by this Order.

4. The Clerk of Court is directed to mail a copy of this Order to proposed intervenor Mr. Michael Wagenheim, at the address shown below.

Dated: New York, New York
December 6, 2021

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

Mr. Michael Wagenheim
Senior U.S. Correspondent
I24NEWS
1 State Street, 25th Floor
New York, New York 10004