

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Stephen M. Sinaiko
212 957 9756
ssinaiko@cohengresser.com

December 20, 2021

By CM/ECF Posting

The Honorable Debra C. Freeman
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York   10007-1312

> Re:   *Shabtai Scott Shatsky, et al. v. The Palestine Liberation Org., et al.*,
>         Case No. 18 Civ. 12355 (MKV) (DCF)

Dear Judge Freeman:

We represent Plaintiffs in this action, and write in response to Your Honor's order dated December 6, 2021 (the "Order"). (Dkt. No. 151). The Order directs Plaintiffs to file on the Court's public docket copies of certain exhibits to their papers in opposition to Defendants' motion to dismiss for lack of personal jurisdiction -- specifically, transcript excerpts from the depositions of Riyad Mansour, Feda Abdelhady-Nasser and Nadia Ghannam, and the document marked as Exhibit 3 at Dr. Mansour's deposition -- redacted to reflect the updated confidentiality designations that Defendants supplied on December 13, 2021. Accordingly, we have attached redacted copies of those exhibits to this letter (as Exhibits A through D). In addition, as the Order further directs, we are simultaneously filing a separate copy of this letter under seal with unredacted copies of those exhibits.

In addition to the attached documents, the Order also references Exhibit 4 from Dr. Mansour's deposition and Exhibits 4, 5 and 6 from Ms. Abdelhady-Nasser's deposition. (Order at 4). However, Plaintiffs' papers in opposition to Defendants' motion to dismiss did not include any of those documents. Accordingly, we understand that those documents do not fall within Your Honor's direction in the Order that Plaintiffs file on the docket "any of the materials at issue that were previously submitted by Plaintiffs in connection with their opposition to [Defendants'] motion to dismiss." (Order at 6). If Your Honor would like Plaintiffs to file copies of any of those documents, or any other portions of the transcripts of Dr. Mansour's, Ms. Abdelhady-Nasser's or Ms. Ghannam's depositions, they will do so.



The Honorable Debra C. Freeman
December 20, 2021
Page 2

Finally, we note that the Superseding Stipulation and Order Concerning Production of Confidential Documents and Information (the "Protective Order") that Judge Vyskocil issued in this case on March 11, 2021 (Dkt. No. 64) provides procedures that parties are to follow when filing with the Court discovery materials that a producing party has designated as "Confidential."  Those procedures are as follows:

> A Party who seeks to file with the Court any Confidential Material, or any pleading, brief, memorandum, or other document that discloses Confidential Material, <u>shall file the pleading, brief, memorandum or other document on the ECF system in redacted form (the "Redacted Filing") until the Court renders a decision on any motion to seal</u> and shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court (by email to Chambers) with (i) a clean and unredacted version of the filing and (ii) a copy of the document highlighting the information that has been redacted in the ECF filing. If the Designating Party or person does not to move to seal within seven days of the Redacted Filing, the Party making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version. If the Designating Party or person makes a timely motion to seal, and the motion is granted by order of the Court, the filing Party shall ensure that all documents that are the subject of the order are filed in accordance with the procedures that govern the filing of sealed documents on the ECF system. If the Designating Party's or person's timely motion to seal is denied, then the Party making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(Protective Order ¶ 17) (emphasis added).

Consistent with that directive, on October 4, 2021, Plaintiffs filed redacted copies of their memorandum of law opposing Defendants' motion to dismiss for lack of personal jurisdiction and those of the accompanying exhibits that Defendants had designated as "Confidential" pursuant to the Protective Order, and e-mailed to Judge Vyskocil and to Defendants' counsel unredacted copies of those papers.  Subsequently, on October 11, 2021, Defendants filed a letter motion asking that Judge Vyskocil seal "any and all documents designated as Confidential by Defendants in this action [or in the prior action between the parties before the District Court for the District of Columbia]."  (Dkt. No. 138 at 3 n.1).  On October 27, 2021, Defendants filed a further letter motion, explicitly requesting that the Court seal, among other things, particular exhibits to Plaintiffs' papers in opposition to the motion to dismiss.  (Dkt. No. 147 at 2 n.1).  Judge Vyskocil has not yet ruled on Defendants' motions to seal.  In accordance with paragraph 17 of the Protective



The Honorable Debra C. Freeman
December 20, 2021
Page 3

Order, after Judge Vyskocil rules on the motions to seal, Plaintiffs will file unredacted copies of the documents they initially filed in redacted form, either on the Court's public docket or under seal.[1]

       Thank you for your consideration.

                         Respectfully submitted,

                         Stephen M. Sinaiko

Attachments

cc:  All Counsel
     (by CM/ECF Posting)

---

[1]   We further note that Your Honor's Order references a letter that Plaintiffs sent to the Court on September 30, 2021 (Dkt. No. 128).  (*See* Order at 3-4).  In that letter, Plaintiffs noted that the large volume of evidentiary material they intended to submit in opposition to Defendants' motion to dismiss would make it difficult to upload their papers to the CM/ECF system over the Internet, or transmit to Chambers by e-mail the courtesy copies of the papers that the Protective Order required.  Accordingly, Plaintiffs requested Judge Vyskocil's permission to (a) file their papers by delivering them to the Clerk's office on physical media; and (b) provide the necessary courtesy copies to her Chambers by hand delivery on physical media.  However, Plaintiffs did not seek any variance from the filing requirements of paragraph 17 of the Protective Order.