# Arnold&Porter

**Kent A. Yalowitz**
+1 212.836.8344 Direct
Kent.Yalowitz@arnoldporter.com

January 10, 2022

Hon. Debra Freeman
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:  *Shatsky et al. v. Palestine Liberation Organization et al.*,
18 Civ. 12355 (MKV) (DF)—Letter Motion for Approval of Redacted
Filing

Dear Judge Freeman:

This firm is an intervenor in the above-referenced case for certain limited purposes. We respectfully request permission to file in redacted form a supplemental letter in connection with our pending letter motion seeking the Court's assistance to resolve a dispute arising out of defendants' invocation of "function immunity."

## Background

On March 11, 2021, this Court entered a protective order governing confidentiality of discovery materials. Superseding Stipulation and Order Concerning Production of Confidential Documents and Information (Mar. 11, 2021) [ECF 64].

On July 2, 2021, the Court granted a motion to intervene and modify the existing protective order to allow Arnold & Porter to access and use in *Sokolow* the confidential jurisdictional discovery materials produced in this case. Memo Endorsement Granting Unopposed Letter Motion for Permissive Intervention to Modify Superseding Stipulation and Order Concerning Production of Confidential Documents and Information (July 2, 2021) [ECF 95].

**Arnold&Porter**

January 10, 2022
Page 2

On August 6, 2021, Arnold & Porter obtained access to certain deposition transcripts and documents that were designated "confidential" by defendants. We then objected to defendants' designations of confidentiality.

On December 6, 2021, the Court issued an order concerning this dispute. ECF 151. After that, defendants de-designated substantial portions of the relevant deposition transcripts. But, there are still three areas that defendants have not de-designated on the basis of "functional immunity."

On December 20, 2021, defendants wrote to the Court as required by the Order.

We are now responding to that letter and are required by the existing protective order to file portions of our response under seal.

### Discussion

Rule III.B of your honor's Individual Rules of Practice in Civil Cases, S.D.N.Y. Standing Order 19-MC-583, and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions all require that the party filing a document under seal in the circumstances here presented seek the Court's permission. This letter-motion is therefore being filed in compliance with those requirements.

We are mindful of the Second Circuit's standards for access to judicial records. This request is not an assertion or admission that the letter-motion and supporting documents should be filed in redacted form. Rather, it is being made in compliance with the stipulated protective order.

Therefore, Arnold & Porter respectfully ask the Court for permission to file the letter and enclosed materials under in redacted form until the Court renders a decision on the letter-motion in issue.

Respectfully,

Kent A. Yalowitz

cc: ECF Counsel