

**COHEN & GRESSER LLP**

800 Third Avenue  
New York, NY 10022  
+1 212 957 7600 phone  
www.cohengresser.com

Stephen M. Sinaiko  
212 957 9756  
ssinaiko@cohengresser.com

February 23, 2022

By CM/ECF Posting

The Honorable Mary Kay Vyskocil  
United States District Court  
  for the Southern District of New York  
500 Pearl Street, Room 2230  
New York, New York  10007

> Re:  *Shabtai Scott Shatsky, et al. v. The Palestine Liberation Organization, et al.*, Case No. 18 Civ. 12355 (MKV)

Dear Judge Vyskocil:

We represent Plaintiffs in this action, and write in response to two separate letters (Dkt. Nos. 156, 157) from Defendants The Palestine Liberation Organization and The Palestinian Authority submitting "supplemental authority" in support of their Motion to Dismiss for Lack of Personal Jurisdiction.  (Dkt. No. 115).

*Mallory v. Norfolk Southern Railway Co.*

Defendants' first letter (Dkt. No. 156) concerned the opinion of the Pennsylvania Supreme Court in *Mallory v. Norfolk S. Ry. Co.*, 266 A.3d 542, 2021 WL 6067172 (Pa. 2021).  Contrary to Defendants' assertion, *Mallory* does not "ratif[y] Defendants' argument that the [Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), Pub. L. 116-94, Tit. IX, § 903 (codified at 18 U.S.C. § 2334(e))] does not satisfy due process standards."  (*See* Dkt. No. 156 at 1).  Not surprisingly, *Mallory* does not address the PSJVTA at all.

In *Mallory*, the court struck down a Pennsylvania statutory scheme that (i) required foreign corporations doing business in Pennsylvania to register with the Pennsylvania Department of State and (ii) provided that compliance with this requirement was a sufficient basis to enable Pennsylvania courts to exercise general jurisdiction over a foreign corporation.  The court held that registration could not be deemed "consent" to general jurisdiction because any such consent was "coerced," reasoning that "a foreign



The Honorable Mary Kay Vyskocil
February 23, 2022
Page 2

corporation desiring to do business in Pennsylvania can either lawfully register to do business and submit to the general jurisdiction of Pennsylvania courts or not do business in Pennsylvania at all." *Mallory,* 2021 WL 6067172, at *20. The court added that "if Pennsylvania's legislative mandate of consent by registration satisfied due process by constituting voluntary consent to general jurisdiction, all states could enact it, rendering every national corporation subject to the general jurisdiction of every state." *Id.*

*Mallory* is distinguishable in several respects. *First,* the PSJVTA does not "coerce" Defendants into consenting to jurisdiction. Unlike the Pennsylvania consent-by-registration scheme at issue in *Mallory*, which forces foreign defendants to forfeit their ability to do business in Pennsylvania at all unless they consent to jurisdiction, the PSJVTA permits Defendants to avoid submitting themselves to jurisdiction simply by avoiding two narrow courses of conduct: (1) refraining from paying terrorists who kill and injure U.S. nationals and (2) limiting Defendants' U.S. presence to activity that falls within one of the PSJVTA's exemptions (such as engaging in official business of the United Nations and meeting with officials of the United States government). 18 U.S.C. § 2334(e)(1), (3). Unlike the corporations regulated by the Pennsylvania scheme, Defendants cannot credibly argue that the conduct constituting consent under the PSJVTA is necessary, unavoidable, or legitimate. To the contrary, as discussed in Plaintiffs' opposition to Defendants' motion to dismiss, the United States views Defendants' "pay-for-slay" program as completely illegitimate as matter of foreign and national security policy, and has limited Defendants' activities in the United States due to their involvement in terrorism. (*See* Dkt. No. 135 at 17-18, 22). *Second,* unlike the general jurisdiction statute at issue in *Mallory,* the PSJVTA involves consent to personal jurisdiction *only* in Anti-Terrorism Act ("ATA") actions. *Third,* the analysis in *Mallory* turned significantly on considerations of interstate federalism, a consideration that the PSJVTA—a federal statute pertaining to the jurisdiction of the federal courts over alien defendants, motivated by the strong interest of the federal government in fighting international terrorism and compensating United States citizens who are the victims of such terrorism—does not implicate.[1]

*Fuld v. Palestine Liberation Organization*

Defendants' second letter (Dkt. No. 157) submitted Judge Furman's opinion in *Fuld v. Palestine Liberation Organization*, 2022 WL 62088 (S.D.N.Y. Jan. 6, 2022), which held that exercising jurisdiction over Defendants in that action pursuant to the PSJVTA would violate the Due Process Clause. In that opinion, the court soundly rejected Defendants' argument that a consent-to-jurisdiction statute requires reciprocity—*i.e.*, that

---

[1] Indeed, the Dormant Commerce Clause limits the ability of states to impose conditions on the conduct of business by United States corporations in sister states. *See generally Oregon Waste Sys., Inc. v. Department of Environmental Quality*, 511 U.S. 93, 98-100 (1994).



The Honorable Mary Kay Vyskocil
February 23, 2022
Page 3

the conduct creating jurisdiction must reflect an "implicit agreement to submit to jurisdiction in exchange for the 'privilege' or 'benefit' of engaging in the specified activity." (Dkt. No. 116 at 1). The court noted that "Defendants do not cite, and the Court has not found, any case holding that such receipt of a benefit is a necessary condition." *Fuld,* 2022 WL 62088, at *12 n.10.

Moreover, we note that no jurisdictional discovery was conducted in *Fuld*. As a result, Judge Furman did not have the benefit of the extensive factual record that Plaintiffs have developed in this case. This is particularly significant with respect to the United States activities/facilities prong of the PSJVTA, as to which the court found only that "the conduct (*at least as alleged in this case*) is too thin to support a meaningful inference of consent to jurisdiction in this country." *Id.* at *7 (emphasis added).

Facts revealed in discovery here—which were not alleged in the *Fuld* complaint—demonstrate that, since January 4, 2020, the trigger date under 18 U.S.C. § 2334(e)(1)(B), Defendants have both engaged in substantial, non-exempt conduct in the United States and maintained a non-exempt facility in the United States. For example:



An example is Dr. Mansour's virtual attendance at a meeting of the Beit Sahour USA Convention in November 2020, at which Dr. Mansour commended "movements and organizations and solidary [sic] committees" at



The Honorable Mary Kay Vyskocil
February 23, 2022
Page 4

"American universities," who are "supporting justice for the Palestinian people [lobbying] the government [lobbying] Congress" and added "we urge them to become even more active especially on light of the arrival of the new administration in Washington." (Dkt. No. 130-48 at 90).

- ████████████████████████████████████████

Further, Plaintiffs respectfully submit that the *Fuld* opinion failed to consider the compelling governmental interest in asserting jurisdiction in ATA actions brought by United States citizens, in violation of Second Circuit law relevant to the application of the Due Process Clause to jurisdiction-by-consent statutes. In *Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2016), the Second Circuit determined that a Connecticut business registration statute could not be read to create general jurisdiction over foreign companies registering to conduct business in that state, and held that "federal due process rights likely constrain" such an interpretation of a "run-of-the-mill registration and appointment statute . . . *particularly in circumstances where the state's interests seem limited.*" *Id.* at 637 (emphasis added). Notwithstanding the *Brown* court's teaching that governmental interests must be considered in assessing the validity of personal jurisdiction consent statutes, *Fuld* all but excluded such interests from consideration by erroneously implying in a footnote that the governmental objective is immaterial unless unconstitutionally arbitrary, and by suggesting that the national security and foreign policy interests underlying the ATA and PSJVTA were irrelevant because the court was unaware of "any authority for the proposition that the test for personal jurisdiction . . . varies by context or by the nature of a plaintiff's claim." *Fuld*, 2022 WL 60288 at *9 n.7, *12.

These assertions in *Fuld* are contrary not only to Second Circuit jurisprudence, but also to the Supreme Court's analysis of due process limits on the exercise of personal jurisdiction. *See, e.g., Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 115-16 (1987) (noting that the interests of other nations, "as well as the Federal interest in Government's foreign relations policies, will be best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case" and considering "interests of the plaintiff and the forum state" in conducting reasonableness analysis); *Kulko v. Superior Ct. of California*, 436 U.S. 84, 92 (1978) ("Like any standard that requires a determination of 'reasonableness,'" the test for personal jurisdiction "is not susceptible of mechanical application . . . We recognize that this determination is one in which few answers will be written in black and white.") (internal quotations omitted).

Indeed, *Fuld* eschewed not only consideration of the compelling governmental interests underlying the PSJVTA, but any reasonableness analysis at all. Instead, the court assumed that a rational basis review of the PSJVTA would impose no



The Honorable Mary Kay Vyskocil
February 23, 2022
Page 5

limiting principle, ignoring that due process, at its core, protects persons from "the exercise of power without any reasonable justification in the service of a legitimate governmental objective." *County of Sacramento v. Lewis,* 523 U.S. 833, 845-46 (1998).

   The key underlying premise of *Fuld* is the court's assertion that upholding the PSJVTA "would effectively mean that there are *no* due process limitations on the exercise of personal jurisdiction" because "Congress or a state legislature could provide for jurisdiction over *any* defendant for *any* conduct so long as the conduct post-dated enactment of the law at issue." *Fuld,* 2022 WL 62088, at *9 (emphases in original). This is simply not the case. This Court can and should find that the PSJVTA is reasonable in light of (i) the foreign policy and national security interests underlying the PSJVTA and the ATA, (ii) the easily met and noncoercive conditions of *not* consenting (*i.e.,* simply refraining from engaging in non-exempt activities, and maintaining non-exempt facilities, in the United States, and refraining from financially rewarding terrorists who kill and injure American citizens); and (iii) the narrow scope of jurisdiction (only in ATA actions and only over these Defendants) that the PSJVTA creates. None of those conclusions would compel a similar reasonableness finding with respect to broader jurisdictional statutes where the balance of interests is different (such as business registration states creating general jurisdiction). Accordingly, Plaintiffs respectfully submit that this Court should not follow *Fuld.*

   Finally, Plaintiffs note that in response to *Fuld,* the plaintiffs in *Sokolow v. Palestine Liberation Organization,* Case No. 04 Civ. 397 (GBD) (S.D.N.Y.), have submitted a supplemental memorandum in that action regarding the constitutionality of the PSJVTA. The arguments in that memorandum are directly relevant to the issues raised in Defendants' motion to dismiss, and Plaintiffs adopt them in full. Accordingly, Plaintiffs respectfully attach a copy of that memorandum to this letter.

*   *   *   *

   Plaintiffs respectfully submit that the Court should deny Defendants' motion to dismiss this action for lack of personal jurisdiction, and hold that the PSJVTA is constitutional, notwithstanding the decisions in *Mallory* and *Fuld.*

   Thank you for your consideration.

Respectfully submitted,

Stephen M. Sinaiko



The Honorable Mary Kay Vyskocil
February 23, 2022
Page 6

Attachment

cc: All Counsel (by CM/ECF Posting)