

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O	+1 202 457 6000
F	+1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T	+1 202 457 6155
gassan.baloul@squirepb.com

**VIA Email and ECF**

May 11, 2022

The Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007-1312

**Re:**	*Shatsky v. PLO*, No. 18-12355 (MKV) (DF) – documents to be unsealed

Dear Judge Vyskocil:

      On behalf of Defendants Palestine Liberation Organization and Palestinian Authority, we respond to the letter of May 11, 2022 emailed to Chambers (but not filed on ECF, as this Court's Individual Rules require for letter applications) by Mr. Asher Perlin, counsel for plaintiffs in a District of Colorado action, *Levine et al. v. PLO, et al.*, No. 21-cv-03043-RM-STV (D. Colo.).

      Mr. Perlin's letter improperly seeks to embroil this Court in a dispute that arose today concerning confidentiality designations for documents produced by Defendants in January 2022 to the *Levine* plaintiffs under a Stipulated Protective Order entered in *Levine* (*Levine* Dkt. 27, 1/3/22).  Earlier today, the *Levine* plaintiffs invoked confidentiality-dispute procedures under that Stipulated Protective Order and the Local Rules of the District of Colorado (*see* Tab A).

      We respectfully submit that this Court should decline the *Levine* plaintiffs' request to rule on matters that are assigned to the jurisdiction of a coordinate federal court at the behest of strangers to this litigation who apparently are too impatient for the Colorado court to exercise its jurisdiction.  Further, the *Levine* plaintiffs' requests run contrary to Second Circuit law, the protective order entered in this action, and this Court's order denying pending motions to seal.

      First, the *Levine* plaintiffs have no standing in this action, and have not properly moved to intervene in it.  Nonetheless, in an attempt to short-circuit the procedures for challenging confidentiality designations in the District of Colorado as set forth in the *Levine* Stipulated Protective Order and Colorado Local Rule 7.2, Mr. Perlin asks this Court to order its Clerk to undertake a review-and-redaction process for hundreds of documents, many of which are financial

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP                                                              Hon. Mary Kay Vyskocil
                                                                                          May 11, 2022

records.  Mr. Perlin makes this eleventh-hour request notwithstanding that he has had Defendants' document production since January 10 and 28, 2022, and only raised an objection to Defendants' confidentiality designations in *Levine* yesterday, May 10, 2022.

Second, Mr. Perlin's letter misstates the course of proceedings in this action, and thus the parties' obligations under the protective order in this action.  After this Court's order denying all pending motions to seal, Plaintiffs and the *Sokolow* intervenors filed unsealed and redacted copies of various documents that had previously been filed under seal.  But other documents that are the subject of Mr. Perlin's grievances *were not filed in this Court's docket by anyone—including thousands of pages of financial records and reports*.  *See, e.g.,* ECF 130, Haker Declaration exhibits 18-19, 21-22, 24-27, 37-38, 40-43, 45-48, 50-51, 53-56, 58-67, 69-82, 84-87, 89-92, 94-101, 104-107, 109-110, 112-121, 124-141, 143-146, 150-151, 153-154, 158-171, 173-248.  Other documents not filed include documents from Palestine's intelligence agency (the General Intelligence Service or GIS) of the type that *were sealed in Shatsky I* and upheld on appeal to the D.C. Circuit.  *See Shatsky v. PLO*, Order, No. 17-7168 (D.C. Cir. June 18, 2018) (granting request "to maintain these documents under seal").  *See* ECF 131, Spitzen Declaration, Exhibit 16.

Third, based on his misunderstanding or misstatements concerning proceedings in this action, Mr. Perlin asks the Court to enter an order that contradicts Second Circuit law.  The remaining documents that have not been filed on the public docket in this case are not "judicial" documents in any form, and thus are not subject to a presumption of public access, because the Court did not rely on them in adjudicating any substantive motion.  *See Brown v. Maxwell,* 929 F.3d 41, 49 (2d Cir. 2019) (to be designated as a judicial document, an item "must be relevant to the performance of the judicial function and useful in the judicial process").  Because the remaining materials are not "documents that [the] [C]ourt relie[d] on to perform its Article III duties and substantively adjudicate [this] matter," they would offer the public no assistance in understanding this Court's decision.  *Winfield v. City of N.Y.*, No. 15-cv-05236 (LTS) (KHP), 2017 U.S. Dist. LEXIS 103612, at *10 (S.D.N.Y. July 5, 2017) (citing cases).  *See also id.* at *11 ("The mere filing of a paper or document with the court . . . is insufficient to render it a judicial document" to which the presumption of public access attaches) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

Fourth, as the full email exchange between *Levine* counsel today (Tab A) attests, Mr. Perlin on behalf of the *Levine* plaintiffs today invoked procedures under paragraph 17 of the *Levine* Stipulated Protective Order and Colorado Local Rule 7.2 to resolve the dispute over Defendants' confidentiality designations concerning Defendants' *Levine* document production.  Defendants already are in the process of responding as those Colorado procedures require, and the *Levine* plaintiffs have no basis to circumvent the Colorado procedures that they themselves invoked.  Further—both unhelpfully and ironically—the *Levine* plaintiffs have refused to disclose to Defendants which designated-confidential documents they would like to publicly file.  Such particularity is necessary to allow the parties to confer as required under the rules of the District of Colorado.

2

Finally, and in any event, a blanket order from this Court directing the Clerk of this Court to review-and-redact the unspecified remaining documents would not even solve the *Levine* plaintiffs' problem, because Defendants produced documents to the *Levine* plaintiffs that were never filed on the *Shatsky* docket. So the *Levine* plaintiffs will still have to use the process required by the District of Colorado—their forum of choice—if they refuse to work with Defendants to discuss which documents they wish to publicly file.

Given these materials' irrelevance to this Court's decision, the compelling reasons outlined above and previously, *see* ECF 147 at 2-3, Defendants respectfully request that the Court deny Mr. Perlin's procedurally-improper letter.

Respectfully submitted,

Squire Patton Boggs (US) LLP

Gassan A. Baloul

cc: All counsel (by ECF)