**Berger, Mitchell**

| | |
|---|---|
| **From:** | Asher Perlin <asher@asherperlin.com> |
| **Sent:** | Wednesday, May 11, 2022 10:22 AM |
| **To:** | Berger, Mitchell |
| **Cc:** | dcalisher@fostergraham.com; Hallermm@gmail.com; jfactor@allen-vellone.com; jspitalnick@fostergraham.com; Baloul, Gassan A.; Alonzo, Joseph; Owen, Brent R.; Lizmi, David; Brown Doolittle, Amy |
| **Subject:** | [EXT] Re: Re: Re: Levine v. PA/PLO -- documents previously identified as "confidential" |

Dear Mr. Berger:

Pursuant to paragraph 17 of the protective order entered in *Levine*, we object to your continued designation as "confidential" of the materials for which a motion to seal was denied in *Shatsky*, but remain unsealed on the docket. The fact that the *Shatsky* court has ordered those materials unsealed means that they no longer can or should be treated as confidential in *Levine*, irrespective of whether the Clerk of the SDNY has taken the ministerial step of publicly docketing the materials. Furthermore, while you have attributed the continued sealing of those documents to the SDNY Clerk, paragraph 17 of the protective order in *Shatsky* provides that once a motion to seal is denied, "the Party making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version." That means that the PLO and PA were required to file on the public docket unredacted copies of their own filings (at a minimum), without any involvement by the Clerk. Thus, those materials remain improperly sealed on the docket, notwithstanding the unsealing order, because the PLO and PA have failed to follow the procedures mandated in the Shatsky protective order -- not because of any nonfeasance by the SDNY Clerk. Pursuant to paragraph 17 of the protective order entered in *Levine*, our above objection triggers your 10 day deadline to initiate a hearing utilizing this Court's discovery dispute procedures set forth in Magistrate Judge Varholak's Civil Practice Standards.

Unless you reconsider your position, which we strongly urge you to do, we will be constrained to file our Amended Complaint under Level 1 restriction, pursuant to paragraph 18 of the *Levine* protective order, and you will then "have 14 days to file a Motion to Restrict pursuant to LCivR 7.2." We will oppose your motion to restrict, and believe that you cannot make the showings required by Local Rule 7.2(c)(2)-(3).

Please advise immediately whether you will reconsider your position.

Asher Perlin
786-233-7164
asherperlin.com

On Wed, May 11, 2022 at 3:59 PM Berger, Mitchell <mitchell.berger@squirepb.com> wrote:

> Dear Mr. Perlin,
>
> Further to my message below, attached is a chart identifying the jurisdictional discovery material produced by Defendants in *Levine* under a "confidential" designation that is also subject to an order in *Shatsky* denying a motion to seal such material. When the chart says that

the Clerk of the Court has not unsealed the referenced material, that reflects SDNY practice that documents filed under seal must be unsealed by the Clerk of the Court before they appear on the public docket.  Except for material that is already on the SDNY public docket, all other material produced by Defendants in *Levine* under a "confidential" designation remains subject to the terms of the Stipulated Protective Order entered by the Court in *Levine*.

**Mitchell R. Berger**

Squire Patton Boggs (US) LLP

2550 M Street NW

Washington, DC 20037

T  +1 202 457 5601

F  +1 202 457 6315

**mitchell.berger@squirepb.com** | squirepattonboggs.com

---

**From:** Berger, Mitchell
**Sent:** Tuesday, May 10, 2022 9:49 AM
**To:** 'Asher Perlin' <asher@asherperlin.com>
**Cc:** dcalisher@fostergraham.com; Hallermm@gmail.com; jfactor@allen-vellone.com; jspitalnick@fostergraham.com; Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>; Owen, Brent R. <brent.owen@squirepb.com>; Lizmi, David <david.lizmi@squirepb.com>; Brown Doolittle, Amy <amy.doolittle@squirepb.com>
**Subject:** RE: [EXT] Re: Re: Levine v. PA/PLO -- documents previously identified as "confidential"

Dear Mr. Perlin,

We will get you as promptly as possible—today if possible—a list identifying the materials that were the subject of the denied sealing applications in *Shatsky*.  We don't need to debate the remainder of your message, with which we disagree.

## Mitchell R. Berger

Squire Patton Boggs (US) LLP

2550 M Street NW

Washington, DC 20037


T  +1 202 457 5601

F  +1 202 457 6315


**mitchell.berger@squirepb.com** | squirepattonboggs.com


**From:** Asher Perlin <asher@asherperlin.com>
**Sent:** Tuesday, May 10, 2022 9:34 AM
**To:** Berger, Mitchell <mitchell.berger@squirepb.com>
**Cc:** dcalisher@fostergraham.com; Hallermm@gmail.com; jfactor@allen-vellone.com; jspitalnick@fostergraham.com; Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>; Owen, Brent R. <brent.owen@squirepb.com>; Lizmi, David <david.lizmi@squirepb.com>; Brown Doolittle, Amy <amy.doolittle@squirepb.com>
**Subject:** [EXT] Re: Re: Levine v. PA/PLO -- documents previously identified as "confidential"


Dear Mr. Berger:

As far as we can tell, the only items filed on the Shatsky docket following the unsealing order were materials relating to the summary judgment motion, not the personal jurisdiction motion. Please correct me if this is not so. The summary judgment materials were not provided to us in Levine in the first place, so they are not relevant to our inquiry. Nor are the limited personal jurisdiction materials filed in Sokolow relevant at this time. So neither of those categories provide us with any "guidance."

Please confirm you will send us (or specifically identify) the materials that were unsealed in Shatsky by COB today.

Asher Perlin

786-233-7164

asherperlin.com

On Tue, May 10, 2022 at 4:14 PM Berger, Mitchell <mitchell.berger@squirepb.com> wrote:

Dear Mr. Perlin,


As you doubtlessly appreciate, Second Circuit law governing the sealing applications in *Shatsky* differentiates between documents used in support of judicial decision-making (i.e., those that were the subject of the sealing applications), and documents that are produced and used only in the discovery process.  The latter category of discovery material is presumptively not publicly available under Second Circuit law, so there is no logical linkage between your issues (a) and (b).  We will identify for you the materials that were subject to the sealing applications in *Shatsky* that were denied.  As you also likely know from your review of the *Shatsky* docket, both the *Sokolow* intervenors and the Plaintiffs filed certain unsealed materials on the docket after Judge Vyskocil denied the sealing applications.  That should give you plenty of immediate guidance in the meantime.


**Mitchell R. Berger**

Squire Patton Boggs (US) LLP

2550 M Street NW

Washington, DC 20037


T  +1 202 457 5601

F  +1 202 457 6315


**mitchell.berger@squirepb.com** | squirepattonboggs.com


**From:** Asher Perlin <asher@asherperlin.com>
**Sent:** Tuesday, May 10, 2022 9:04 AM
**To:** Berger, Mitchell <mitchell.berger@squirepb.com>
**Cc:** dcalisher@fostergraham.com; Hallermm@gmail.com; jfactor@allen-vellone.com; jspitalnick@fostergraham.com; Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>; Owen, Brent R. <brent.owen@squirepb.com>; Lizmi, David <david.lizmi@squirepb.com>; Brown Doolittle, Amy <amy.doolittle@squirepb.com>
**Subject:** [EXT] Re: Levine v. PA/PLO -- documents previously identified as "confidential"

Dear Mr. Berger:

There are two issues here: (a) whether a particular document was submitted to the court in *Shatsky* and was therefore unsealed, and (b) whether the ruling in *Shatsky* that the submitted documents should be unsealed should apply equally (and have preclusive effect) regarding other documents that were not submitted and unsealed in *Shatsky*, but are substantively the same types of materials as the documents that were submitted and unsealed.

We can leave issue (b) for another day. But in respect to issue (a) it seems to us that the appropriate way to proceed is for you to provide us with copies of the materials that were subject to the unsealing order, so that we can see for ourselves what was unsealed and what was not. (The unsealed materials do not yet appear on the docket — can you explain why that is the case?). You will appreciate that we do not want to involve you in our working process.

Please confirm that the above is acceptable and advise when you will send us the materials.

Thanks.

Asher Perlin

786-233-7164

asherperlin.com

On Tue, May 10, 2022 at 3:38 PM Berger, Mitchell <mitchell.berger@squirepb.com> wrote:

> Dear Mr. Perlin,
>
> It is not correct that all documents produced as "confidential" in the *Levine* matter were subject to sealing applications that Judge Vyskocil denied in *Shatsky*.  The documents that were not subject to sealing applications denied in *Shatsky* therefore remain subject to "confidential" designations and treatment in *Levine*.  Accordingly, it is not possible to provide you the requested blanket confirmation.  If you want to provide us the document-production numbers from *Levine* for the documents Plaintiffs wish to cite in their Amended Complaint, we can give you our position on whether they remain subject to "confidential" designations and treatment in *Levine*.  Given that you plan to cite these documents in a public document within a few days, there should be no work product concerns on your part about providing us the document-production numbers.

**Mitchell R. Berger**

Squire Patton Boggs (US) LLP

2550 M Street NW

Washington, DC 20037

T  +1 202 457 5601

F  +1 202 457 6315

**mitchell.berger@squirepb.com** | squirepattonboggs.com

**From:** Asher Perlin <asher@asherperlin.com>
**Sent:** Tuesday, May 10, 2022 7:28 AM
**To:** Berger, Mitchell <mitchell.berger@squirepb.com>
**Cc:** dcalisher@fostergraham.com; Hallermm@gmail.com; jfactor@allen-vellone.com; jspitalnick@fostergraham.com; Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>; Owen, Brent R. <brent.owen@squirepb.com>; Lizmi, David <david.lizmi@squirepb.com>; Brown Doolittle, Amy <amy.doolittle@squirepb.com>; Zaiser, Julia <julia.zaiser@squirepb.com>
**Subject:** [EXT] Levine v. PA/PLO -- documents previously identified as "confidential"

Dear Mr. Berger:

Our Amended Complaint will reference information contained in documents that you produced to us in *Levine* that were marked "confidential." Given the unsealing order in *Shatsky*, please confirm your agreement that the documents you produced to us in *Levine* no longer need to be treated as "confidential."

Sincerely,

Asher Perlin

786-233-7164

asherperlin.com

------------------------------------------------------------------
45 Offices in 20 Countries

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes UK and EU personal data that is subject to the requirements of applicable data protection laws, please see our Privacy Notice regarding the processing of UK and EU personal data about clients and other business contacts at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit www.squirepattonboggs.com for more information.

#US
-------------------------------------------------------------------