# Law Office of Asher Perlin

4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone 786-233-7164

May 12, 2022

By ECF and by email: VyskocilNYSDChambers@nysd.uscourts.gov

The Honorable Mary Kay Vyskocil
United States District Court
for the Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

      Re: *Shatsky, et al. v. The Palestine Liberation Organization, et al.*,
          Case No. 18 Civ. 12355 (MKV)

Dear Judge Vyskocil:

      We write in brief reply to the May 11, 2022, letter from counsel for the PLO and PA (DE 173) which opposes our letter request of the same date asking the Court to direct compliance with its order of March 18, 2022 (DE 165 at 12-13) unsealing materials in this action.

      Defendants' letter seeks to artificially complicate an extremely simple matter. The fact is that on March 18, 2022, this Court denied all pending motions to seal. That order speaks for itself. Our sole request is that Your Honor direct compliance with that order. The PLO/PA are exploiting the fact that this Court's unsealing order has been generally ignored to maintain confidentiality designations for thousands of documents produced in the *Levine* case. There is no dispute that once those documents are publicly docketed here, as this Court has already ordered, they will lose their confidentiality designation in *Levine*.[1] The purpose of our request is simply to end the noncompliance with this Court's order, and thereby spare the federal judges in Denver, and the *Levine* plaintiffs, litigation over a dispute that would never have arisen, had this Court's March 18, 2022 order been complied with during the nearly two months since the order was entered.

      Contrary to the PLO/PA's claim, we are not asking this Court "to order its Clerk" (DE 173) to do anything. It was counsel for the PLO/PA, in the email attached to our prior letter, who blamed

---

[1] The *Levine* protective order expressly provides that "Discovery Material shall no longer be considered as confidential if the Discovery Material becomes publicly available (not in violation of this Protective Order) subsequent to designation." *Levine*, No. 21-cv-03043-RM-STV (D. Colo.), DE 27 at ¶ 5. The PLO and PA do not claim otherwise.

the Clerk for failing to unseal the materials. But the protective order entered by this Court provides that when a motion to seal is denied, "then the Party making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version." DE 64 at ¶ 17. That means it is the responsibility of the parties and their counsel, not the Clerk, to submit unredacted copies of the materials they originally filed under seal.

To date the PLO/PA have not filed unredacted copies of *any* of the materials that were previously filed by them under seal but unsealed by this Court's order of March 18, 2022. Their letter does not even address this delinquency, much less attempt to explain it.

The PLO/PA point to the fact that the *Shatsky* plaintiffs have yet to file unredacted versions of "thousands of pages of financial records and reports" filed by plaintiffs' counsel under seal in opposition to defendants' personal jurisdiction motion. (DE 173, citing inter alia ECF 130, and the exhibits to the declaration of Oliver Haker).

Clearly, however, the fact that counsel for the plaintiffs have not filed unredacted versions of many of the materials previously filed by them under seal does not excuse the recalcitrant refusal of the PLO/PA to do the same. Moreover, it surely does not constitute grounds to deny our application that the Court direct compliance with its order, by *whoever* is required to do so.

We respectfully request that the Court direct prompt compliance with its March 18, 2022, order, and thereby moot a dispute that has been manufactured by the PLO/PA and is poised to waste the time and resources of both a sister federal court and the *Levine* plaintiffs.

Sincerely,

/s/ Asher Perlin
Asher Perlin

cc: All counsel of record by ECF