

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O    +1 202 457 6000
F    +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T    +1 202 457 6155
gassan.baloul@squirepb.com

**VIA Email and ECF**

May 12, 2022

The Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007-1312

**Re:**    *Shatsky v. PLO*, **No. 18-12355 (MKV) (DF) – documents to be unsealed**

Dear Judge Vyskocil:

On behalf of Defendants Palestinian Authority and Palestine Liberation Organization, we respond to this morning's new letter-motion filed by the *Levine* plaintiffs.  This dispute is about the *Levine* plaintiffs' desire to include in their amended complaint materials that were produced to them under a "confidential" designation as provided in the *Levine* Stipulated Protective Order.  The *Levine* plaintiffs themselves yesterday identified the proper District of Colorado procedures for doing so under paragraph 17 of the Levine Stipulated Protective Order and District of Colorado Local Civil Rule 7.2.  They simply no longer wish to do what they said they would do, and are required to do under the procedures that apply in *Levine*.  And they still refuse to tell either this Court or Defendants what designated-confidential information from Defendants' *Levine* production they wish to include in their amended complaint.

This dispute is not about compliance with this Court's order denying the pending motions to seal in this case, at least as regards Defendants, who only filed certain deposition pages under seal in *Shatsky*.  *See* ECF 103-1 (Mansour deposition), 144-21 (Salem deposition), 144-22 (Salem deposition), 144-23 (Farid Ghannam deposition).  After this Court's order denying the pending motions to seal, all the material parts of those depositions, including those portions cited by the parties, have been placed on the public docket of this Court, both in this action and in the *Sokolow* case.  *See Shatsky* ECF 136 (depositions of Farid Ghannam and Salem), and ECF 168 (Mansour deposition); *see also Sokolow*, No. 04-cv-397, ECF 1059 (Mansour deposition).  In other words, the *Levine* plaintiffs are asking this Court to order either the Clerk of Courts or the Plaintiffs in this closed case to undertake a substantial review, redaction, and filing process for hundreds of

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

documents that were not relevant to this Court's decisions—as well as many documents the *Levine* plaintiffs do not care about.

Finally, Defendants never claimed the Clerk failed to do anything, but rather have taken the position that the Clerk has adhered to its own procedures. It is the *Levine* plaintiffs that misunderstand the procedures of the Southern District of New York, misattributing "nonfeasance" to the clerk's office. They should follow the procedures that apply in the District of Colorado.

                                               Respectfully submitted,

                                               Squire Patton Boggs (US) LLP

                                               Gassan A. Baloul

cc:    All counsel (by ECF)