CONFIDENTIAL

SHATSKY-JD01147



34969

## TO WHOM IT MAY CONCERN

№  53400

This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that:

Mr/Mrs. : MOHAMMAD SAMI IBRAHIM ABDALLAH

From : BEIR NABALA/RAMALLAH ————— ID NO : Redacted9954

Was arrested by the Israeli Authorities on Day: 20 Month: FEBRUARY Year: 2002

He/She is to date:  Awaiting Trial ☐  Sentenced ☑  Administrative ☐

Length of sentence / administrative period : LIFE SENTENCE

He/She was released on Day: // Month: // Year: //

(Tick the box and underline the correct designation)

**CERTIFIED UPDATE**
27-09-2011
International Committee
of the Red-Cross

إلى من يهمه الأمر

هذه الشهادة سارية المفعول فقط في حالة تطابق بياناتها باللغتين العربية والانجليزية

6060  + 6350  6

امضى عشر سنوات

استنادا الى المعلومات الواردة من السلطات الاسرائيلية ، تشهد اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة :  محمـــد سامي ايـــراهيم عبدالله

من :  بير نبالا/رامالله  ———— هوية رقم: Redacted954

كان/ت قد اعتقل/ت من قبل السلطات الاسرائيلية في يوم ٢٠ / شهر شباط / سنة ٢٠٠٢

وهو/هي في هذا التاريخ: ينتظر/تنتظر المحاكمة ☐ محكوم/ة ☑ اداري ☐

محكوم/ة او اداري لمدة: مــــؤبد

وهو/هي اطلق سراحه/ها في يوم // / شهر // / سنة //

( الرجاء وضع × في المربع المطلوب ووضع خط تحت الفئة المطلوبة)

Date / التاريخ : 08/05/2004

Place / المكان : RAMALLAH/NA

KATNANINA NUTZ

ICRC Delegate

CONFIDENTIAL

SHATSKY-JD01147

CONFIDENTIAL

SHATSKY-JD01148

Palestinian National Authority

Ministry of Detainees & Ex-detainees Affairs

Gen Dep. Detainees & Ex-detainees



السلطة الوطنية الفلسطينية

وزارة شـؤون الأسرى والمحررين

الإدارة العامة لشؤون الأسرى والمحررين

**447501**

استمارة الأسير الرئيسية

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | رقم الاستمارة: |
| | | | | | | المديرية/فرع الوزارة: |
| | | | | | | تاريخ تعبئة الاستمارة: |

**Redacted**

**1. المعلومات الرئيسية للأسير:**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | رقم الهوية: (تسع خانات) |
| اسم العائلة | اسم الجد | اسم الأب | الاسم الأول | | الاسم الرباعي: |
| ☐ أنثى ☐ ذكر | الجنس: | | | | اسم الأم: |
| ☐ دراسات عليا ☐ جامعي | مكان الولادة: | | | Redacted | تاريخ الميلاد: |
| | ☐ دبلوم ☐ ثانوي ☐ الأساسية ☐ أمي | | | | المؤهل العلمي: |
| ☐ أخرى | التنظيم: | | | | المهنة قبل الأسر: |
| ☐ محرر ☐ إداري | مكان الاعتقال: | | | | تاريخ الأسر: |
| العام الشهر اليوم | تاريخ الإفراج المتوقع | سنة شهر يوم | ☐ محكوم ☐ موقوف | | الوضع الاعتقالي: |
| | حسب قرار الحكم | | | | في حالة محكوم مدة الحكم |
| **Redacted** | التجمع السكاني: | | | | حسب شهادة الصليب: |
| | المحافظة: | | | | العنوان الدائم: |
| | | | | | ملاحظات: |

**2. بيانات الاعتقالات السابقة:**

عدد مرات الاعتقال السابقة: ......... فقط المثبت بشهادة صليب، وبتسلسل زمني من الأحدث إلى الأقدم.

| الرقم | تاريخ الاعتقال | نوع الاعتقال | تاريخ الإفراج | مدة الاعتقال | | | ملاحظات |
|---|---|---|---|---|---|---|---|
| | | | | يوم | شهر | سنة | |
| .1 | | | | | | | |
| .2 | | | | | | | |
| .3 | | | | | | | |
| .4 | | | | | | | |
| .5 | | | | | | | |
| .6 | | | | | | | |

1

CONFIDENTIAL

SHATSKY-JD01148

CONFIDENTIAL

SHATSKY-JD01151

## TO WHOM IT MAY CONCERN

COMITE INTERNATIONAL GENEVE

№ 53400

This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that:

Mr/Mrs : MOHAMMAD SAMI IBRAHIM ABDALLAH

From : BEIR NABALA/RAMALLAH          ID NO : Redacted 995A

Was arrested by the Israeli Authorities on Day: 20   Month: FEBRUARY   Year: 2002

He/She is to date:   Awaiting Trial ☐   Sentenced ☑   Administrative ☐

Length of sentence / administrative period   LIFE SENTENCE

He /She was released on Day: //   Month //   Year:

(Tick the box and underline the correct designation)

---

الى من يهمه الأمر

هذه الشهادة سارية المفعول فقط في حالة تطابق بياناتها باللغتين العربية والانجليزية

استنادا الى المعلومات الواردة من السلطات الاسرائيلية ، تشها اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة : بحمد سامي ابس اهيم بد الـ ـ ـ ـ ـ ة Redacted 995A

من : بير نبالا/رام الـ ـ ـ ة   هوية رقم: 

كانت/ت قد اعتقل/ت من قبل السلطات الاسرائيلية يوم 20 / شهر شباط / سنة 2002

وهو/هي في هذا التاريخ: ينتظر/تنتظر المحاكمة ☐ محكوم/ة ☑ اداري ☐

محكوم/ة او اداري لمدة: ـ ـ ـ ـ ـ ـ ـ / سنة / 

وهو/هي اطلق سراحه/ها في / / 

( الرجاء وضع x في المربع )

CERTIFIED UPDATE
31-03-2011
ICRC
International Committee of the Red Cross

Date التاريخ : 08/05/2004

Place المكان : RAMALLAH/NA

CONFIDENTIAL

SHATSKY-JD01151

CONFIDENTIAL

SHATSKY-JD01152

<div dir="rtl">

לישראל        הגנה               צבא

|  |  |
|---|---|
| וזיק ביה״מ : 02/ | הצבאי    המשפט    בבית |
| תיק תביעה : 241/02 | אל    בבית |
| תיק בנימין : 39/02 | הרכב    בפני |
| ציון 7915/01 |  |
| ציון 481/01 |  |
| ציון 8379/01 |  |
| ציון 502/02 |  |

במשפט שבין התובע הצבאי - המאשים

- נ ג ד -

מחמד סאמי אברהים עבד אללה     תושב ביר נבאללה
ת.ז. 9954 Redacted יליד 4, Redacted
עצור מיום 20.02.02

- ה נ א ש ם -



כ ת ב - א י ש ו ם

הנאשם הנ״ל מואשם בזאת בביצוע העבירות הבאות:

**פרט ראשון:**

**מהות העבירה:** חברות בהתאחדות בלתי מותרת. עבירה לפי תקנות 84(1)(א) ו-85(1)(א) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ״ל באיזור, החל מאמצע שנת 2001 ועד ליום מעצרו, היה חבר או פעל כחבר בהתאחדות בלתי מותרת, דהיינו:
הנאשם הנ״ל, במהלך התקופה האמורה, היה חבר בחוליה צבאית, אשר שמר על כוירה ביצוע פיגועים נגד אזרחים ישראליים ה׳ באיזור , וזן ייחוסו לו, הנאשם פעיל בחוליה הצבאית האמורה ביחד עם מחמד ערחמני סאלם מצרה והמכונה ״אבו סטחה״ה, חוסאם עסל רג׳ב שתאדה. פראס ראש צאדק מחמד עיאם המכונה ״אל חיטאוי״). היותם אלמותפס חמדאן, זידאן אל בדוי. ייזאר
והדאן ועלי עליאן.

החוליה הצבאית האמורה פעלה בחסות ״יגדוד חללי אלאקצא״ - הזרוע הצבאית של ״התנזים״ של הפת״ח. שהוא התאחדות בלתי מיודורת. לצורך פעילות החוליה הועבר לחבריה כספים, של ארגון הפת״ח. הנאשם וחבריו לחוליה הצבאית האמורה טלפונים סלולריים וכלי נשק מ״התנזים״ של הפת״ח. הנאשם וחבריו לחוליה הצבאית האמורה העבירו דיווחים שוטפים על הפיגועים. אשר אותם ביצעו, לאנשיב בכירים ב״תנזים״ של הפת״ח, כאשר אותם האנשים דאגו להעביר את הדיווחים לידיעתו של מרואן ברגותי, ראש ״התנזים״ של הפת״ח באיזור.

הנאשם פעל בחוליה הצבאית האמורה כפי שיתואר בפרטי האישום הבאים.

ח. מ. 02 ...

</div>

CONFIDENTIAL

SHATSKY-JD01152

CONFIDENTIAL

SHATSKY-JD01153

<div dir="rtl">

פרט שני:

מהות העבירה: קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968 וסעיף 51(א) לצו בדבר הוראות הביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

פרטי העבירה: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, באמצע שנה 2001 או במועד הסמוך לכך, קשר עם אדם אחד אחר לגרום בכוונה למותם של אחר, דהיינו: הנאשם הנ"ל, במועד האמור, ביחד עם חוסאם עקל רגב שחאדה ופראס צאדק מחמד עיאמה (המכונה "אל חיטאווי"), תכנו לבצע פיגוע ירי לעבר כלי רכב ישראליים בכביש מספר 1 ירושלים-תל-אביב. הנאשם וחבריו הנ"ל אפילו בחרו את המקום שבו יבצעו את הפיגוע המתוכנן. בסופו של הדבר, הנאשם וחבריו הנ"ל לא ביצעו את הפיגוע המתוכנן כי חברם לחוליה הובאזת המתוארת בפרט האישום הראשון), על עליאן, טען כי הוא עם אנשים נוספים מתכננים לבצע פיגוע זהה באותו המקום שבחר הנאשם ביחד עם פראס עיאמה וחוסאם שחאדה.

פרט שלישי:

מהות העבירה: קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968 וסעיף 51(א) לצו בדבר הוראות הביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

פרטי העבירה: הנאשם הנ"ל, באיזור, בחודש יולי 2001 או במועד הסמוך לכך. קשר עם אדם אחר לגרום בכוונה למותו של אחר, דהיינו: הנאשם הנ"ל, במועד האמור, כרבמאללה או בסמוך לכך, קשר עם עלי עליאן, חוסאם עקל רגב שחאדה, פראס צאדק מחמד עיאמה (המכונה "אל חיטאווי") והיותם אלמוחתפה חמדאן, לבצע פיגועים נגד המטרות הישראליות. הנאשם וחבריו הנ"ל אף תכננו להשיג אמצעי לחימה לצורך ביצוע הפיגועים המתוכננים.

פרט רביעי:

מהות העבירה: אימונים צבאיים שלא בהיתר, עבירה לפי תקנה 62 לתקנות ההגנה (שעת חירום), 1945.

פרטי העבירה: הנאשם הנ"ל, באיזור, בחודש אוגוסט 2001 או בסמוך לכך, אימן או אומן אימון צבאי בנשק או במלאכה תרגילים, תיעשה או מערכות פעולה צבאיים, דהיינו: הנאשם הנ"ל, במועד האמור, ביחד עם חוסאם עקל רגב שחאדה ופראס צאדק ביחד עיאמה (המכונה "אל חיטאווי"), הגיע למחצבה של משפחת טריפו הנמצאת בין פינתותא ברמאללה. פראס עיאמה הביא עמו רובי מ-M-16, אשר אותו קיבל מטארק מאלחי א-נוף. לאחר שהנאשם ואף חוסאם שחאדה להשתמש ברובי"ר פראס עיאמה, במועד ובמקום הנ"ל ליימד את הנאשם התיאורטי הנ"ל. הנאשם, וכן כל אחד מחבריהו הנ"ל, ירי מספר כדורים ברובי"ר M-16 הנ"ל בעבר בריבנותהיה ריקע על מנת להתאמן בירי ברובי"ר M-16.

פרט חמישי: (פ.א. 7915/01 ציון)

מהות העבירה: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראה ביטחון יהודה והשומרון (מס' 378), תש"ל-1970: וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

פרטי העבירה: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 15.09.01 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

1.  הנאשם הנ"ל, במועד האמור, ברמאללה, נפגש עם חוסאם עקל רגב צאדק. פראס צאדק מחמד עיאמה (המכונה "אל חיטאווי"), היותם אלמוחתפה חמדאן ועלי עליאן. חוסאם שחאדה הגיע לפגישה הנ"ל כשהוא חמוש בתמייה MP5, אשר אותו קיבל ביחד עם פראס עיאמה מידי מחמד ערחמנאן סאלב מצבח רמנייה "אבו סטחין") הצורך ביצוע פיגוע ירי. ואיך היותם חמדאן הגיע כשהוא חמוש באב"דה אופי

</div>

CONFIDENTIAL

SHATSKY-JD01154

2. הנאשם וחבריו הנ"ל החליטו לצאת לירושלים ולבצע שם ביצוע ירי במטרה לגרום למותם של
אזרחים ישראליים.

3. בסביבות השעה 22:00, ביום 15.09.01, הנאשם וכל חבריו הנ"ל נסעו מרמאללה לירושלים

4. פראס עיאמה נהג ברכב האיסוזו הנ"ל ונסע ביחד עם הנאשם וחבריו על מנת להראות להם
מקום שבו יבצעו את פיגוע הירי המתוכנן וכן על מנת להראות לנאשם וחבריו איך להימלט בין
לאחר ביצוע הפיגוע האמור. פראס עיאמה הסיע את הנאשם וחבריו לכביש מס' 9 המחבר בין
שכונת רמות לבין שכונת הגבעה הצרפתית בירושלים. פראס עיאמה הראה לנאשם וחבריו
איפה לבצע את הפיגוע המתוכנן ואיך להימלט לאחר מכן. בסיום הסיור האמור, הנאשם
וחבריו הנ"ל חזרו לרמאללה.

5. בסביבות השעה 22:30, באותו היום, הנאשם ביחד עם חוסאם שחאדה והיתה חמדאן נסע
ברכב גנוב בצבע אפור עם לוחיות ישראליות, אשר אותו סיפק להם עלי עליאן לצורך הנ"ל
ביצוע הפיגוע המתוכנן (להלן: הרכב). לפני הנאשם נסע פראס עיאמה ברכב האיסוזו הנ"ל
וזאת על מנת להודיע באמצעות טלפון סלולרי לנאשם ומחסומי משטרה וצה"ל.
הנאשם נהג ברכב הנ"ל, לידו ישב חוסאם שחאדה, החמוש בתמ"ק 5-MP, ובמושב האחורי

6. ישב היתה חמדאן, החמוש באקדח טופי.
הנאשם וחבריו הנ"ל נסעו על מנת סמוך לצומת המוביל לשכונת רמת שלמה והמתינו

7. הנאשם וחבריו הנ"ל עצרו בכביש מס' 9 בסמוך לצומת המוביל במטרה לבצע בעברו פיגוע ירי ולגרום למותם של נוסעי
ברכב ישראלי בודד שיגיע למקום. מ.ר. 2273706,
הרכב.

8. לאחר מספר דקות, בסמוך לשעה 23:10, הגיע למקום רכב רנו אקספרס לבן, מ.ר. 2273706,
(להלן: הרנו) אשר נסע מכיוון שכונת רמת שלמה ופנה לכביש מס' 9 לכיוון שכונת רמות.

9. הנאשם החל לנסוע אחרי הרנו וקרב אליו. חוסאם שחאדה והיתה חמדאן פתחו באש

10. כשהתקרב, שבו נהג הנאשם, נסע במקביל לרנו, חוסאם שחאדה והיתה חמדאן גרמו למותם.
בתמ"ק 5-MP ובאקדח טופי נוסעי לעבר נוסעי הרנו במטרה לגרום למותם.

11. מספר קליעים פגעו על-ידי חוסאם שחאדה והיתה חמדאן צועק "אי איי". משה וייס ומאיר וייסבויז ז"ל. הנאשם שמע את אחד מוסעי הרנו צועק "אי איי".

12. לאחר מכן, הנאשם המשיך לנסוע לכיוון שכונת רמות ובסמוך למקום שבו בונ"ג נשר חדש
פנה ימינה לדרך עפר הסוללית לבור נ נבאללה.

13. לפני הכניסה לכפר נבאללה, הנאשם וחבריו הנ"ל שהיו עמו ברכב נפגשו עם פראס עיאמה.
להם במקום ברכב האיסוזו. שם הנאשם וחבריו הנ"ל, ביחד עם פראס עיאמה. המשיכו
בנסיעה לכפר נבאללה ולאחר מכן נפלטו לרמאללה.

14. כתוצאה מפיגוע הירי האמור נהרגו שני הקרבנים מאיר וייסבויז ז"ל, אשר נפטר בבית
החולים מאוחר יותר באותו היום כתוצאה מפגיעות הקליעים שנורו על-ידי חברי הנאשם.

___

<u>פרט שישי:</u>  (פ.א. 7915/01 ציון)

<u>מהות העבירה:</u> ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות: ביטחון
(יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיפים 14(א) ו-61 לצו בדבר כללי האחריות לעבירה
(יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 15.09.01 או במועד הסמוך לכך.
ניסה לגרום בכוונה למותו של אחר, דהיינו: בסמוך לשעה 23:10, כמתואר בפרט האישום הקודם,
הנאשם הנ"ל, במושב האמור, בסמוך לשעה 23:10, כדי לגרום בכוונה למותו של משה וייס אשר נהג
במעשיו האמורה בפרט האישום הקודם, נויה לגרום בכוונה למותו של משה וייס אשר נהג
ברכב רנו אקספרס לבן, מ.ר. 2273706, המתואר בפרט האישום הקודם. אחד הקליעים שנורו
על-ידי חברי הנאשם, כפי שתואר בפרט האישום הקודם, פגע בראשו של משה וייס ופצע אותו
באורח קשה.

CONFIDENTIAL

SHATSKY-JD01155

<div dir="rtl">

**פרט שביעי:**

**מהות העבירה:** החזקת כלי-ירייה ללא היתר, עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), התשל"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 15.09.01 או במועד הסמוך לכך, החזיק ברשותו כלי-ירייה, התחמושת, פצצה, רימון-יד או חפץ נפיץ או מבעיר, כלי או חפץ או דבר החזיק ברשותו כלי-ירייה או חבלה חמורה. ללא תעודת היתר שהונפקה על-ידי מפקד צבאי המתכונן או מסמל לגורם זיון או חבלה חמורה, בנסיבות המתוארות בפרטי האישום החמישי והשישי, או מטעמו, דהיינו: הנאשם הנ"ל, כמהלך התקריות האמורה. בנסיבות המתוארות בפרטי האישום החמישי והשישי, או מטעמו, דהיינו הנאשם הנ"ל, במהלך התקריות האמורה, החזיק בתמ"יס MP-5 ובאקדח טופי. וזאת ללא ועודת היתר שהוענקה על-ידי מפקד צבאי או מטעמו.

(פ.א. 481/01 ציון)

**פרט שמיני:**

**מהות העבירה:** ניסיון לגרימת מיות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), התשל"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** והנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 03.10.01 או במועד הסמוך לכך, ניסה לגרום בכוונה למיתתו של אחר, דהיינו:

1. הנאשם הנ"ל, בראשית, חודש אוקטובר 2001, ברמאללה או בסמוך לכך, ביחד עם מוחמד ערמנאסי סאלם מצלח "מכונה "אבו סתהר"", החליט לבצע פיגוע ירי במטרה לגרום למיתם של אזרחים עיאם המכונה "אבל ריאואי". החליט לבצע פיגוע ירי במטרה לגרום למיתם של אזרחים ישראליים.

2. לצורך ביצוע פיגוע הירי המתוכנן, הנאשם קיבל מידי מארק מאלחי אינוף רכב מזדה 323 גונב. לצורך ביצוע פיגוע הירי המתוכנן, לצורך ביצוע פיגוע הירי המתוכנן. מחמד מצלח קיבל בצבע אפור עם לוחיות ישוני ישראליית. לצורך ביצוע פיגוע הירי המתוכנן. שהוא מאחסנ ברגותי, שיתר לאשר של מיוואן, ראש "התנוזים" של הפה"ח באיזור, שהוא התאחדות בלתי מותרת תמ"יס MP-5.

3. ביום 03.10.01, הנאשם יצא מרמאללה לכיוון ירושלים כשבא פיגוע שם את פיגוע הירי המתוכנן כשהוא נהג ברכב המזדה הנ"ל. מחמד מצלח נסע ביחד על הנאשם, כשהוא חמוש בתמ"ק MP-5 הנ"ל.

4. פראט עיאם וחומוס שאיצם שהעביר ושעו ברכב איסוזו טנדר של פראם מיאם לפני רכב המזדה שבו נסע הנאשם וחומוס בתסיה להודיע על מחותיר השיטטת וצה"ל בדרך. הנאשם וכל חברי"ה ה"ל נסע הנאשם וחומוס בתסיה שביושים. שב הנאשם החנה את רכב המזדה. וביחד עם מחמד הגיע לבית, חניה החדשים שביושים. שב הנאשם וחומוס מצלח עלו לרכב האיסוזו מצלח הסתיר מצלח עלו לרכב האיסוזו מצלח הסתיר חתוך ביחד את תמ"יס MP-5 הנ"ל. הנאשם ומחמד שחאדה לכיוון כביש בנין ומשם המשיכו ברכב האיסוזו ביחד עם פראט עיאם וחומוס שחאדה ואשר חברי"ה איפה.

5. הנאשם וחברי"ה הנ"ל נגיע לכביש בנין גוין. שב, פראם עיאם ביצוע פיגוע הירי. הנאשם וחברי"ה הנ"ל לבצע את פיגוע הירי המתוכנן ואי להיקית לאחר ביצוע פיגוע בנין מיכון רמות וזאת על החליטו לבצע את פיגוע בנין המתוכנן במנהגת הראשונה של כביש בנין ביר המיכון. הנאשם וכל חברי"ה הנ"ל חזרו לבית חניה, מנ שלא ישטמ את רולית הירי. לאחר מיכן, הנאשם וכל חברי"ה הנ"ל חזרו לבית חניה, למקום שבו הושאר רכב המזדה.

6. הנאשם עלה לרכב המזיה. ירה במטרה לבצע שם את פיגוע הירי המתוכנן וגרום למותם של אזרחים ישראלאיים.

7. הנאשם ומחמד מצלח נסע ברכב בנין הנון ושוב מספר פעמים כשהם מחפשים רכב ישראלי. בודד במטרה לבצע עליהם לעבוי את פיגוע התיכונן במטרה לגרום למיתם של נוסעי נסיעתם, הנאשם ומחמד מצלח הבחינו ברכב הונדר אקורד מ.ר. 1103217, הנוסע בכביש בנין לכיוון צפון. בשעה לשעה 35:18, בתאו נוסעי לכיוון צפון.

8. ומחמד מצלח הבחינו ברכב הונדר אקורד מ.ר. 1103217, הנוסע בכביש בנין לכיוון צפון. ברכב הונדרה נסע טוני עמיאל, חיי מימון וזויה מימון. מחמד ברכב הונדרה נסע טוני עמיאל.

9. מחמד מצלח הבחין את רכב הונדרה הנ"ל. בעד שהנאשם נסע במקביל לרכב הונדרה הנ"ל. במטרה לגרום מצלח ירה כדור אחד בתמ"ק MP-5 אשר בי החזיק, לעבר נוסעי רכב הונדרה הנ"ל, מצלח ירה כדור אחד בתמ"ק MP-5 למיתם. הלכלים שונה בפיגוע הירי האמיר. הנאשם ומחמד מצלח ירה כביר בנסייתבת כיוון כביש מס' 9 מחמד מצלח ירה כלי פנין ברכב הונדרה הנ"ל.

10. לאחר ביצוע פיגוע הירי האמיר, רמית שעבוע הצגה הצריחים.

</div>

CONFIDENTIAL

SHATSKY-JD01155

CONFIDENTIAL

SHATSKY-JD01156

<u>פרט תשיעי:</u>  (פ.א. 8379/01 ציון)

<u>מהות העבירה:</u> ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), התש"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ו-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 03.10.01 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, בזה:ו

1.    לאחר שהנאשם, ביחד עם מחמד ערתמאן סאלם מצלח (המכונה "אבו סטחה"), ביצע את פיגוע הירי כפי שתוארו בפרט האישום הקודם, השניים המשיכו בנסיעה ברכב המזדה המתוארת בפרט האישום הקודם. לכיוון כביש מס' 9, המחבר בין שכונות רמות לשכונת הגבעה הצרפתית במסרת להגיע משם בית חנינא ובהמשך לרמאללה.

2.    במהלך הנסיעה הנ"ל, מחמד מצלח, על-פי בקשת הנאשם, בדק את תקינותו של תמ"ק MP-5, אשר בו החזיק, ואף ירה מספר כדורים באוויר.

3.    במהלך הנסיעה בכביש מס' 9 הנ"ל, בסמוך לשעה 23:45, הנאשם ומחמד מצלח הבחינו ברכב סקודה, מ.ר. 6567709, אשר נסע בכביש מס' 9 לכיוון הגבעה הצרפתית. ברכב הסקודה הנ"ל נסע מלכה כהן ובניהו כהן.

4.    הנאשם ומחמד מצלח החליטו לבצע פיגוע ירי לעבר רכב הסקודה הנ"ל ולגרום למותם של הנוסעים בו.

5.    הנאשם, אשר, כאמור, נהג ברכב המזדה, עקף את רכב הסקודה.

6.    בעת שהנאשם נסע מ במקביל לרכב הסקודה הנ"ל, מחמד מצלח ירה בתמ"ק MP-5 מספר יריות לעבר רכב הסקודה הנ"ל במטרר לגרום למותם של נוסעי רכב הסקודה.

7.    מספר קליעים שנורו על-ידי מחמד מצלח פגעו ברכב הסקודה. שני קליעים שנורו על-ידי מחמד מצלח פגעו בפנות כהן בי:ליע\ נוסף פגע במלכה כהן.

8.    פנחס כהן נפצע באורח ביצינוני מפגיעת שני קליעים בבטנו, ואילו מלכה כהן, שהיתה בשבוע ה-28 להריון, נפצעה באורח בינוני מפגיעת קליע בראשה.

9.    לאחר ביצוע פיגוע הירי האמ"ר, הנאשם ומחמד מצלח נמלטו בנסיעה לכיוון הגבעה הצרפתית ומשם הגיעו לבית חנינא החדשה, שם, הנאשם ומחמד מצלח המנו את רכבם ויצרו קשר טלפוני עם חוסאם עקב רבי שחאתה ופראס צאדק מחמד עיאנם (להלן "יאל חיטאווי"), אשר הגיעו למקום ברכב האיסוזו של פראס עיאנם על מנת לאסוף את הנאשם ומחמד מצלח, וזאת לפי הוראתו האמ"ר האיסוזו ועלו לרכב האיזו:::

10.  הנאשם ומחמד מצלח השאירו את תמ"ק MP-5 הנ"ל ברכב האיסוזו ועלו לרכב האיזו:::

11.  הנאשם ושלושת חבריו הנ"ל ניכו לחזור מירושלים לרמאללה, אך לא הצליחו לעשות כן בגלל מחסומי צה"ל והמשטרה. האיש והחברו הנ"ל נשארו ללון אצל יאסר אבו אלחטים. חברו של חוסאם שחאתה, בבית חנינא הרדשה בירושלים.

12.  ביום 04.10.01, הנאשם חזר ברכב המזדה הנ"ל לרמאללה והחזיר את ה רכב לידי טארק אנ-נוף.


<u>פרט עשירי:</u>

<u>מהות העבירה:</u> החזקת כלי-יריה ללא היתר, עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378, התש"ל-1970, וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>פרט העבירה:</u> הנאשם הנ"ל, בין באיזור ובין מחוצה לו, במהלך הימים 03.10.01 - 04.10.01 או במועד הסמוך לכך, החזיק, ברשותו כלי-יריה, תחמושת, פצצה, רימון-יד או חפץ נפץ או מבעיר, כלי או חפץ אחר דבר המתוכנן או מסוגל לגרום מוות או חבלה חמורה, ללא תעודה היתר שהוענקה על-ידי מפקד צבאי או נציגו, דהיינ: -ל התשיעי, הנאשם הנ"ל, במהלך התקופה האמורה, בנסיבות המתוארות בפרט האישום השמיני, והתשיעי, החזיק בתמ"ק MP-5, וזאת ללא תעו"ת היתר שהוענקה ע"י מפקד צבאי או מטעמו.

CONFIDENTIAL

SHATSKY-JD01156

CONFIDENTIAL

SHATSKY-JD01157

<u>פרט אחד-עשר:</u>   (פ.א. 39/02 בנימין)

<u>מהות העבירה:</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה
והשומרון) (מס' 378), תשל"ו-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה
והשומרון), תשכ"ח-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, ביום 15.01.02 או במועד הסמוך לכך, גרם בכוונה למותו
של אחר, דהיינו:

1. ביום 14.01.02 נהרג ראאד כרמי אשר היה פעיל צבאי בכיר ב"תנזים" של ארגון הפתח"ח,
שהתם התנאחות בלמי מותרתו. בעקבות מותו של ראאד כרמי הנ"ל, ראש ה"תנזימים" של
הפתייח באיזור, מרוואן ברגותי פתח אוהד אבלים באלנבירה.

2. ביום 15.01.02, הנאשם הגיע לאוהל האבלים הנ"ל ונפגש שם עם מיחמד ערראחמאן סאלם
מעלה (המכונה "אבו סחאטה"), פראס צאדק מיחמד עיאמ (המכונה "אל פראסי") שהוא שומר ראשו של
מראוואן ברגותי הנ"ל, אחמד ברנותי הנ"ל ומר לאנאם ולחברות הנ"י כי מרוואן ברנותי, ראש
ה"תנזימים" של הפתייח באיזור, מבקש כי הנאשם וחבריו יבצעו באוף פיגוע נקמה על
מותו של ראאד כרמי הנ"ל וינרמו למותם של אזרחים ישראליים.

3. הנאשם וחבריו הנ"ל, באוהל האבלים הנ"ל, החליטו לבצע עוד באותו הערב פיגוע בתחנת
הדלק בשבעום המנאאה בכביש 443 בסמוך למניסה לבנימין ואב ונרום למותם של אזרחים
ישראליים.

4. בשעות הערב באותו היום, 15.01.02, הנאשם יצא מאותל האבלים הנ"ל ביחד עם פראס
עיאמ. הנאשם ופראס עיאמ נסעו ברכב איסוזו טנדר של פראס עיאמ לתחנת הדלק הנ"ל
במטרה לבצע שם את פיגוע הירי המתוכנן. אחרי רכב האיסוזו הנ"ל נסע זידאן, החמוש
באקדח 16, מחמד מצלח, החמוש באתדח נוסף, וטארק אי-נוף, החמוש בתמ"ק MP-5.
השלושה נסעו ברכב ניידה בצבע חום בהיר לעבר תחנת הדלק הנ"ל במטרה לבצע את
הפינוע המתוכנן.

5. החבריו וכל חבריו הנ"ל הגיעו עד עזבית עפר החוטשה את היציאה מכפרים ביר נבאללה
ואלבירה לכביש 443 במרחק של כ-100מ' מתחת מתחת הדלק הנבעאוני. הנאשם וחבריו החנו את
כלי הרכב שלהם, איסוזו וניידה, עם הפניד לכיוון הכפר ביר נבאללה על מנת שיוכלו להחמלט
מהמקום מיד לאחר ביצוע הפיגוע היהרוטיכנן.

6. ממחמד מצלח, החמוש באקדח 16, וטארק אי-נוף, החמוש בתמ"ק MP-5, ירדו מכלי הרכב והלכו לתחנת הדלק הנ"ל במטרה לבצע שם את פיגוע הירי
המתוכנן ולנרום למותם של אזרחים ישראליים.

7. הנאשם ופראס עיאמ נשארו בכלי הרכב הנ"ל על מנת לשמור שבא-יגיע למקום סיור של
צה"ל או אנשים אחרים. הנאשם הנ"ל בחניא הנחה ברכב המוצד על מנת שיוכל למלט באופן
מיידי את שלושת חבריו שיצעו לבצע את פינוע המתוכנן מיד לאחר ביצוע הפיגוע.

8. טארק אי-נוף ומחמד מצלח נעמדו בכניסה לתחנת הדלק הנ"ל. לאחר מספר דקות, בסמוך
לשעה 19:45, מחמד מצלח וטארק אי-נוף הבחינו ברכב פיאט אונו לבן. מ.ר. 4905845, שנכנס
לתחנת הדלק הנ"ל ונמצא ברכב הכבדיא הח ן ז"ל וילדיה ישבה רשך יחלז עיני. טארק אי-נוף
ומחמד מצלח ניצלו את רכב הפיאט במטרה לבצע פינוע ונרום למותם של נוסעי הרכב החי לצעיר לצעו.
הרכב. נוסעת רכב הפיאט הבחינו באחמד נני החמוש מחמד מצלח והחלו לצעוק לעזרה.
טארק אי-נוף פתח באש באקדחי ונרבר בירי עליהם ונאלבד ונרו ולאחד שלאני מדלק. בשלב זה, טארק
אי-נוף פתח באש אוטומטית כהבניהת MP-5 לעבר נוסעי רכב הפיאט במטרה לנרום לגרום למותם
למותו.

9. ממחמד מצלח וטארק אי-נוף ירו מטיוה הצר מאוד מספר רב של כדורים לעבר יואלה חן ז"ל
ולעבר רשל (רחל) עיני שהיו ברכב הפיאט.

10. כ-28 קליעים, שנורו על-ידי טארק אי-נוף ומחמד מצלח, פגע בשמינה הקדמית של הרכב.
מספר קליעים פגעו בנצ הרכב ובשמיושה/חלון דלת הנהג.

11. כתוצאה מביצוע פינוע הירי המתואר, זידאן, אשר עמד במרחק הצר מאחורי מחמד מצלח
וטארק אי-נוף, שימש כיושמר כיוושיר ומיהרי.

12. פראס עיאמ, מיד לאחר שישביע את קולות הירי, נסע מהמקום ברכב האיסוזו שלו על מנת
להדיע לנאשם וחבריו הם יש נחהטונים בדרך לבראללה.

13. טארק אי-נוף, זידאן ומחמד מצלח, לאחר שביצעו את פינוע הירי באניני לעיל, חזרו ברצה את
רכב הניידה שנו המורן לבראללה הנאים. לאחר שהשליושה הנ"ל עלו לרכב הנאשם הסיע אותם
לבראללה. ברמאללה. הנאשם. טארק אי-נוף, מחמד מצלח ווזידאן נפצעו עם פראס עיאמ.

14. במשעות המומוהרות לעיל, הנאשם נרם בכוונה למותה של יואלה חן ז"ל, אשר נפטרה במקום
כתוצאה מפגיעות המיהיירה שנירוי על-ידי טארק אי-נוף ומחמד מצלח.

CONFIDENTIAL

SHATSKY-JD01157

CONFIDENTIAL

SHATSKY-JD01158

<u>פרט שנים-עשר:</u>   (פ.א. 39/02 בנימין)

<u>מהות העבירה:</u> ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון
(יהודה והשומרון) (מס' 378), תשל"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה
(יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, ביום 15.01.02 או במועד הסמוך לכך, ניסה לגרום בכוונה
למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, בסמוך לשעה 19.45, במקום המתואר בפרט האישום הקודם,
הנאשם הנ"ל, במועד האמור, בסמוך לשעה 19.45, במקום המתואר בפרט האישום הקודם, אשר
במעשיו האמורים בפרט האישום הקודם, ניסה לגרום בכוונה למותו של רשל (רחל) עיני, אשר
נסעה ברכב פיאט אונו לבן, מ.ר. 6424905, המתואר בפרט האישום הקודם, פגע בראשה של רשל (רחל) עיני ושני
על-ידי חברו הנאשם, כפי שתוארו בפרט האישום הקודם, פגע בראשה של רשל (רחל) עיני ושני
קלעים נוספים נפגעו בכתפה השמאלית וגרמו אותה בארות בינוני.

<u>פרט שלושה-עשר:</u>

<u>מהות העבירה:</u> החזקת כלי-ירייה ללא היתר, עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות ביטחון
(יהודה והשומרון) (מס' 378), תשל"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה
והשומרון) (מס' 225), תשכ"ח-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, ביום 15.01.02 או במועד הסמוך לכך, החזיק ברשותו
כלי-ירייה, תחמושת, פצצה, רימון-יד או חפץ נפיץ או מבעיר, כלי או חפץ אי דבר המתוכנן או
מסוגל לגרום מוות או חבלה חמורה, ללא תעודת היתר שהוענקה על-ידי מפקד צבאי או מטעמו.
דהיינו:
הנאשם הנ"ל, במועד האמור, בנסיבות המתוארות בפרט האישום האחד-עשר, החזיק בתמ"י
MP-5 ושני אקדחים, וזאת ללא תעודת היתר שהוענקה על-ידי מפקד צבאי או מטעמו.

<u>פרט ארבעה-עשר:</u>   (פ.א. 502/02 ציון)

<u>מהות העבירה:</u> גרימת מיתה בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה
והשומרון) (מס' 378), תשל"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה
והשומרון), תשכ"ח-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 22.01.02 או במועד הסמוך לכך,
גרם בכוונה למותו של אחר, דהיינו:

1.  באמצע חודש ינואר 2002, התקשר את הנאשם פראס צאדק מחמד עיאמד והמכונה "אל
    חיטאווי"), פראס עיאמם מסר לנאשם כי אחמד ברגותי (המכונה "אל פראנסי"), שומר ראשי
    של מרואם ברגותי - ראש "התנזים" של ארגון הפתח, שהוא התאחדות בלתי מותכנן, מבקש
    להכניס בירושלים מחבל, אשר יבצע בירושלים פיגוע התאבדות במטרה לגרום למותם של
    אורחים רבים ככל היתן. הנאשם הסכים להשתתף בהסעת המחבל המתאבד הנ"ל
    לירושלים.

2.  ביום 22.01.02, או אם עיאמם הסכיר את הנאשם והודיע לו כי אחמד ברגותי שוחח עמי
    והודיע כי המחבל המתאבד בידו ציוד ציוד וצי יך להכניס אותו
    לירושלים. הנאשם שוב הביע את הסכמתו להשתתף בהוצאה לפועל של הפעולה המתוכנן
    לירושלים. הנאשם שוב הביע את הסכמתו להשתתף בהוצאה לפועל של הפעולה המתוכנן.
    פראס עיאמם מסר לנשק.

3.  מאוחר יותר, באותו היום, הנאשם ופראס עיאמם נפגשו בראמאללה.
    ברכב איסוזו טנדר עם לוחיות רישוי ישראליות.

4.  הנאשם ופראס עיאמם משטרה וזהי"ל וזאת בסירה להסיע יותר באותה הדרך את המחבל
    המתאבד שיבצע את מחסומי משטרה וזהי"ל וזאת בסירה להסיע יותר באותה הדרך את המחבל
    המתאבד שיבצע את הפיגוע המתוכנן בירושלים.

5.  הנאשם ופראס עיאמם נסע מראמאללה דרך ראפאת והגיעו לאיזור התעשיה עטרות, שם
    השניים חזרו לכביש הראשי ירושלים-רמאללה ונסעו שמאלה עד לצומת המוביר למחנה רמה.
    שם הם פנו ימינה ונסעו עד לצומת אדם. בצומת אדם הנאשם וחברו פנו ירושה ונסעו עד
    לצומת חיזמא, שם הם פנו ימינה, וכנוכ לעונגא. דרך עונתא, הנאשם וחברו הגיעו לצומת
    הגבעה הצרפתית, שם השניים פנו ימינה וחזרו לראמאללה. הנאשם ופראס עיאמם ראו כי בדרך
    שבה נסעו ניתן להוביל אג, הנכיבל המתאבד לירושלים מבלי להיעצר במחסומי משטרה
    וצהי"ל.

CONFIDENTIAL

SHATSKY-JD01159

6. בהגיעם לרמאללה, הנאשם ופראס עיאנס נסעו למלון "ייסיטי אין", הנמצא בסמוך לכניסת
אויריש. באיזור המלון "ייסיטי אין", הנאשם ופראס עיאנס נפגשו עם אחמד ברגותי הנ"ל, אשר
הכיר לנאשם ולפראס עיאנס את סעיד רמדאן, תושב כפר תל באיזור שכם, אשר היה חמשן
ברוסי"ר M-16 ושתי מחסניות לרוסי"ר M-16 המוחבאות בצולבת.

7. אחמד ברגותי מסר לנאשם ולפראס עיאנס כי סעיד רמדאן הנ"ל הוא המחבל המתאבד, אשר
אותו הם צריכים להוביל לירושלים על מנת שיבצע פיגוע התאבדות כשירה לענר
אורחים ישראליים במטרה לגרום למותם של אורחים רבים ככל הניתן.

8. הנאשם ופראס עיאנס הסתירו את רוסי"ר M-16 והמחסניות הנ"ל ברכב האיסוזו הנ"ל.

9. פראס עיאנס נהג ברכב האיסוזו, סעיד רמדאן ישב בכיסא שליד כיסא הנהג ואילו הנאשם
התיישב במושב האחורי.

10. הנאשם ופראס עיאנס הסיעו את סעיד רמדאן לירושלים בדרך, אשר אותה זדקו מוקדם יותר
באותו היום כפי שתואר לעיל.

11. בירושלים, הנאשם ופראס עיאנס נסעו לרחוב שיח' גיראח. שם הם הוציאו את רוסי"ר M-16
והמחסניות שהיו מוחסנים בתוך הרכב ומסרו אותם לידי סעיד רמדאן. הנאשם עבר לשבת
בכיסא שליד כיסא הנהג ואילו סעיד רמדאן עבר למושב האחורי, כשהוא מחזיק בידיו את
רוסי"ר M-16 ואת המחסניות.

12. הנאשם ופראס עיאנס הסיעו את סעיד רמדאן לרחוב הנביאים.

13. במהלך הנסיעה, סעיד רמדאן התלונן בפני הנאשם ופראס עיאנס כי קנו לו נעליים חדשות
עבור הפיגוע, אך הן קטנות ולוחצות לו. הנאשם הוריד את נעליו "רינוק" ומסר אותם לסעיד
רמדאן באומרו "יתעלה גם עד עוד עם נעלי "רינוק"".

14. בהגיעם לצומת הרחובות שתוארים והנביאים, הנאשם ופראס עיאנס עצרו את רכב האיסוזו.

15. הנאשם ופראס עיאנס אמרו לסעיד רמדאן לרדת ברגל לרחוב יפו ולהתחיל לירות במקום
שיראה בו הרבה אנשים.

16. לאחר שסעד רמדאן ירד מהרכב עם רוסי"ר M-16 והתחמושת, הנאשם ופראס עיאנס נסעו
מהמקום ברכב האיסוזו, יצאו דרך שכונת מוסררה לכביש מספר 1, ומשם נסעו בדרך הכביש
הראשי לרמאללה.

17. סעיד רמדאן, מסובך דקות לאחר שירד מהרכב של הנאשם ופראס עיאנס, הגע לרחוב יפו.

18. בסביבות השעה 20:16, כשהוא עומד מול ביתי גיסי 47 ברחוב יפו או בסמוך לכך, סעיד רמדאן
טען את רוסי"ר M-16 שבו החזיק, צעק "אללה הוא אכבר" ופתח בירי אוטומטי לכל עבר,
לעבר האנשים שהיו ברחוב יפו. בתחנת האוטובוס הנמצאת במקום, בתוך אוטובוס "אגד" קו
27 שהיה באותה עת בתחנ" הנ"ל וכן לעבר האנשים שהיו בתוך החנויות הסמוכות במטרה
לגרום למותם של אנשים רבים ככל הניתן. סעיד רמדאן, כשהוא ממשיך לירות, נמלט
מהמקום לעבר החנויות הנמצא ברחוב הרב קוק, שם סעיד רמדאן החליף מחסניות והמשיך
לירות לעבר האזרחים במטרה לגרום למותם. סעיד רמדאן ירה ברוסי"ר M-16, שבו החזיק,
מעל 38 כדורים. סעיד רמדאן המשיך לירות לעבר האזרחים עד שנהרג על-ידי האזרחים
והשוטרים שניגשו למקום.

19. במעשיו המתוארים לעיל, הנאשם הנ"ל גרם בכוונה למותה של אורה (סבטלנה) סנדלר ז"ל,
אשר נפטרה כתוצאה מפגיעות הקליעים שנורו על-ידי סעיד רמדאן.

<u>פרט חמישה-עשר:</u> (פ.א. 502/02 ציון)

<u>מהות העבירה:</u> גרימת מוות בכוונה, עבירה לפי סעיף 51א(א) לצו בדבר הוראות ביטחון (יהודה
והשומרון) (מס' 378, תש"ל-1970) וסעיף 14א(א) לצו בדבר כללי האחריות לעבירה (יהודה
והשומרון, תשכ"ח-1968).

<u>פרטי העבירה:</u> הנאשם הנ"ל, בין באיזור ובין בחוצה לו, ביום 22.01.02 או במועד הסמוך לכך,
גרם בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במעשיו האמור, במקום האמור, בפרט האישום הקודם, במעשיו המתוארים בפרט
האישום הקודם, גרם בכוונה למותה של שרה המגורוי ז"ל, אשר נפטרה כתוצאה מפגיעות
הקליעים שנורו על-ידי סעיד רמדאן. אשר הובא למקום הנ"ל לצורך ביצוע הפיגוע האמור על-ידי
הנאשם ופראס צאדק מיחמד עיאנס המכונה "יאל חיטאווי".

CONFIDENTIAL

SHATSKY-JD01160

פרט שישה-עשר:   (פ.א. 502/02 ציון)

מהות העבירה: ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968.

פרטי העבירה: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 22.01.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במכונה האמור בפרט האישום הארבעה-עשר, במעשיו המתוארים בפרט האישום הארבעה-עשר, ניסה לגרום בכוונה למותם של אזרחים רבים בכל הנוהג אשר היו באותה עת ברחוב יפו ובקרבתו. כיריצאה מהירי שבוצע במקום על-ידי סעיד רמדאן, אשר הובא למקום הנ"ל לצורך ביצוע הפיגוע האמור על-ידי הנאשם ופראס צאדק מחמד עיאמה (המכונה "אל חיטאווי"), נפצעו מעל 45 אזרחים.

פרט שבעה-עשר:   (פ.א. 502/02 ציון)

מהות העבירה: היזק בזדון לרכיש, עבירה לפי סעיף 53נ לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968.

פרטי העבירה: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 22.01.02 או במועד הסמוך לכך, הרס רכוש או פגע בו במזיד ושלא כדין, דהיינו:
הנאשם הנ"ל, במועד האמור, במכונה האמור בפרט האישוב הארבעה-עשר, במעשיו המתוארים בפרט האישום הארבעה-עשר, פגע במזיד ברכוש רב הכולל חנויות ברחוב יפו, תחנת אוטובוס "אגד", אוטובוס "אגד" קו 27 וכן כלי רכב רבים. אשר פגע בתוצאה מהירי שבוצע במקום על-ידי סעיד רמדאן, אשר הובא למקום הנ"ל לצורך ביצוע הפיגוע האמור על-ידי הנאשם ופראס צאדק מחמד עיאמה (המכונה "אל חיטאווי").

פרט שמונה-עשר:

מהות העבירה: החזקת כלי-יריה בבא ריתר, עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968.

פרטי העבירה: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 22.01.02 או במועד הסמוך לכך, החזיק ברשותו כלי-יריה, התחמושת, פצצה, רימון-יד או חפץ נפץ או מבער, כלי או חפץ או דבר המתכוונן או מסוגל לגרום מוות או חבלה חמירה. ללא תעודה היתר שהוענקה על-ידי מפקד צבאי או מטעמו, דהיינו:
הנאשם הנ"ל, במועד האמור, בנסיבות המתוארות בפרט האישום הארבעה-עשר, החזיק ברוסי"ר 16-M, שתי מחסניות לרוסי"ר 16-M ידעורים. וזאת ללא תעודה היתר שהוענקה על-ידי מפקד צבאי או מטעמו.

פרט תשעה-עשר:

מהות העבירה: ניסיון לגרימת מיות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970. סעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968.

פרטי העבירה: הנאשם הנ"ל, באיזור, בשוף חידיש ייואר - תחילת חודש פברואר 2002 או בסמוך לכך, ניסה לגרום בכוונה למיתו של אחר, דהיינו:
1. במועד האמור, התקשר אל הנאשם פראס צאדק מחמד עיאמה (המכונה "אל חיטאווי"). פראס עיאמה מסר לנאשם כי אחמד ברגיחי (המכונה "אך פראונקי"), שומר ראשי של ברוואן ברגותי - ראש "התנזים" של הרגו הפרוצי שהוא התאחדות בלתי מותרת, מבקש להכניס לירושלים מחבל נוסף, אשר יבצע ביריישייבי פיגוע התבצדהה. דוגמא הפגוע הנ'יואר פרט

CONFIDENTIAL

SHATSKY-JD01161

האישום הארבעה-עשר, במטרה לגרום למותם של אזרחים רבים ככל הניתן, הנאשם הסכים
להשתתף בהטמנת המחבל המתאבד הנ"ל לירושלים.

2. הנאשם ופראס עיאמ סיכמו כי יסיעו את המחבל המתאבד לירושלים ברכב סובארו, אשר
אותו ינקשו מאחמד ברגותי.

3. באותו היום, הנאשם ופראס עיאמ נסעו לרמאללה ושם נפגשו עם אחמד ברגותי. הנאשם
ופראס עיאמ ביקשו מאחמד לקבל רכב כצורך הסעת המחבל המתאבד לירושלים. אחמד
ברגותי מסר לידי הנאשם רכב סובארו אפור. השייח למשפחתו של אחמד ברגותי. הנאשם חזר
עם רכב הסובארו לביתם בביר נבאללה, ואילו פראס עיאמ נסע עם רכב איסוזו נטדר שלו
לביתו בכפר עבד.

4. יום למחרת, פראס ברגותי הורה אל הנאשם ואל פראס עיאמ הורה להם להגיע לתחנת
הדלק הנמצאת ברמאללה ולאסוף מיש םת את המחבל המתאבד ולהסיע אותו לירושלים
על מנת שינבצש שם את פיגוע ההתאבדות ביט רה לגרום למותם של אזרחים רבים ככל הניתן.
הנאשם הסכים.

5. הנאשם נסע ברכב הסובארו עד למחסום קלנדיה, שם הוא החנה את הרכב ועלה לרכב
האיסוזו של פראס עיאמ שהגיע למקום. משם המשיכו השניים למקום המפגש האמור.

6. ברמאללה, בתחנת הדלק הנ"ל, הנאשם ופ^אס עיאמ נפגשו עם אחמד ברגותי, אשר הציג
בפניהם את המחבל המתאבד שהיה עמו. אחמד ברגותי מסר לידי המחבל המתאבד רוס"ר
M-16 ושלוש מחסניות מלאות בידוריה לרוס"ר M-16.

7. הנאשם ופראס עיאמ הסתירו את רוס"ר M-16 והמחסניות בתוך רכב האיסוזו.

8. הנאשם ופראס עיאמ נסעו ביחד עם המחבל המתאבד לירושלים במטרה שהנאשם יבצע שם
פיגוע ירי וינרום למותם של אזרחים רבים ככל הניתן.

9. הנאשם, פראס עיאמ והמחבל המתאבד הגיעו למחסום קלנדיה ועקפו אותו. לאחר מכן
הנאשם עבר לרכב הסובארו, שהשאיר בתחום כדום לכן ונסע לצומת א-ראם. הנאשם עבר
ברכב הסובארו את מחסום א-ראם והמתין ברמקום לפראס עיאמ והמחבל המתאבד שעקפו
את מחסום א-ראם ברגל. לאחר מכן, פראס עיאמ חזר, ועלה לרכב האיסוזו, שבו היה מוסתר
הנשק, ועבר עם מחסום א-ראם כשהוא נוסע ליד רכב האיסוזו של הנשק.

10. הנאשם הסיע את המחבל המתאבד עד למיסד_ בשופ$אט, לשם הגיע עם פראס עיאמ ברכב
האיסוזו עם הנשק והתחמושת.

11. שם, המחבל המתאבד ביקש להיכנס למסגד והתפלל לפני שיבצע את פיגוע ההתאבדות.
הנאשם ופראס הסכימו לבקשת המחבל המתאבד.

12. כזמן שהמחבל המתאבד התפלל במסגד הא xור, הנאשם ופראס עיאמ נסעו ברכב הסובארו
לגבעת שאול שבירושלים במטרה לבדוק אב יש בדרך מחסומי צה"ל או משטרה. הנאשם
ופראס עיאמ תכנ__ לה סיע את המחבל המ^אבד לגבעת שאול במטרה שינבצש שם את פיגוע
הירי המתוכנן וזאת מכיוון שיש במקום האירוע אזרחים רבים.

13. כאשר הנאשם ופראס עיאמ חזרו למיס_ בשועפ אט על מנת לאסוף משם את המחבל
המתאבד ולהסיע אותו לגבעת שאול במטרה שיבצע שם את פיגוע הירי המתוכנן, השניים לא
מצאו את המחבל המתאבד במיסד_.

14. הנאשם ופראס עיאמ התסשרו אל אח מד ברגותי ודיווחו לו כי המחבל המתאבד ברח להם.
אחמד ברגותי הורה לנאשם ופראס עיאמ לחזור לרמאללה.

15. הנאשם ופראס עיאמ חזרו לרכ אללה, נפשגו שב עם אחמד ברגותי ומסרו לידי האחרון את
רכב הסובארו, את רוס"ר M-16 ואת המחסניית.

**פרט עשרים :**

<u>מהות העבירה:</u> החזקת כלי-יריה ללא היתר. עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות ביטחון
(יהודה והשומרון) (מס 3/8), תשל"ק-1970 וסעי_ 14(א) לצו בדבר כללי האחריות לעבירה (יהודה
והשומרון) (מס 225), תשכ"ח-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, בין באיזור ובין מחוצה לו. במועד האמור בפרט האישום הקודם או
בסמוך לכך, החזיק ברשותו כלי-יריה, תחמושת, פצצה, רימון י^ד או חפץ נפיץ או מבעיר, כלי או
חפץ או דבר המתוכנן או משוגל לגרום מוות או חבלה חמורה, ללא תעודת היתר שהונעקה על-ידי
מפקד צבאי או מטעמו, דהיינו:

הנאשם הנ"ל, במועד האמור, בנטיבה המתוארת בפרט האישום הקודם, החזיק ברוס"ר M-16
שלוש מחסניות לרוס"ר M-16 ובדוריים, ללא תעודת היתר שהונענקה על-ידי מפקד צבאי או
מטעמו.

CONFIDENTIAL

SHATSKY-JD01161

CONFIDENTIAL

SHATSKY-JD01162

## פרט עשרים ואחד:

**מהות העבירה:** קשירת קשר לגרימת מיתת בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968 וסעיף 51(א) לצו בדבר הוראות הביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, באמצע חודש פברואר 2002 או במועד הסמוך לכך, קשר עם אדם אחר או/ובגרום כוונה למותם של אחד, דהיינו: הנאשם הנ"ל, ביום 15.02.02 או בסמוך לכך, נפגש עם חוסאם עקל רגיב שחאדה, פראט צדק מחדרי עיאב (המכונה "אל חיטאווני") ועם אחמד ברגותי (המכונה "אל פראסי"), שומר ראשו של מרואב ברגותי - ראש "התנזים" של ארגון הפתיין באיזור, שהוא התאחדותם בלתי מותרת.

במהלך הפגישה הנ"ל, אחמד אל פראסי ביקש מהנאשם וחבריו הנ"ל להכניס לתוך ירושלים מחבל מתאבד, אשר יבצע שם פיגוע התאבדות במטרה לגרום למותם של אנשים רבים ככל הניתן. הנאשם וחבריו הנ"ל הסכימו להצעה הנ"ל. אחד' אל פראסי הודיע לנאשם וחבריו הנ"ל כי יבוא אליהם את המחבל המתאבד בעוד כיום-יומיים.

הנאשם הנ"ל, ביחד עם פראט עיאב וחוסאם שחאדה, תכנו להכניס את המחבל המתאבד לירושלים ברכב אסמוב תנדר של פראס עיאב. הנאשם וחבריו הנ"ל תכננו להנביל את המחבל המתאבד לאחד המקומות בירושלים שיש בי הרבה אנשים על מנת שם המחבל המתאבד יבצע פיגוע התאבדות והריגהך. הנאשם: פראס עיאב וחוסאם שחאדה שם יבלים, בין היתר, בחרו ובחרנו את המקומות המתאימים לעתק לביצוע פיגוע ירי נגד אזרחים ישראליים. הנימצאית של כביש בגין בקטע הצרפתית.

הנאשם וחבריו הנ"ל במילוי דירבהרדה. התכנית הנ"ל של הנאשם וחבריו הנ"ל לא יצא כי אל הפועל מכיון שכחמיים לאחר הפגישה הנ"ל, ביום 17.02.02, חוסאם שחאדה נעצר על-ידי כוחות הביטחון הישראלים, וכעצר יום, ביום 18.02.02, פראס עיאב נעצר אחרי עיד, ביום 19.02.02 או בסמוך לכך. ברמאללה, הנאשם הנ"ל, לאחר מיצדה של חברי בצמר עיאב, ועם טארק מאלח אינון, ווגא נפגש עם ממחד צדק מחדרי עיאב. אחרי שה פראס עיאב הנ"ל, במהלך הפגישה האמורה. הנאשם ומחמד עיאב הסכימו לפי בקשתו של אחמד אל פראסי הנ"ל לקנים חבל מתאבד לירושטים על מנת שיבצע שם פיגוע התאבדות במטרה לגרום למותם של אנשים רבים ככל דינר.

גם התכנית הזו לא יצא אל הפועל מכיון שהנאשם עצמו נעצר ביום למחרת, יום 20.02.02, על-ידי כוחות הביטחון הישראלייב.

## פרט עשרים ושנים:

**מהות העבירה:** נהיגה רכב שאינו רשיב באיזור, עבירה לפי סעיף 3 להוראות בדבר תנועה ותעבורה (יהודה והשומרון), תשכ"ט-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מחודש ספטמבר 2001 ועד ליום מעצרו או בסמוך לכך, בהיותו תושב האיזור והג'ברכב מיער, בלי באיזור בין מחוטן לו, כשאינו רשום באיזור ואינו נושא אותם סימני היכר שנקבעו' הנ"ל באיזור, דהיינו הנאשם הנ"ל, בהיותו תושב האיזור, במשך התקופה האמורה, במוכר הזדמניות שונות נשא אותם סימני היכר שבעל הנ"ל, נהג בכבי רכב שונים, המתאתרים בפרטי הראשום בנסיבות המתוארים בכתב האישוב הזה. נהג מכבי רכב שונים, שנקבעם להם באיזור הקודמים, כשאינם רשומים באיזור ואינב נשיאתם את סימני ההיכר שנקבעו להם באיזור. הנאשם ביצע את המעשים כי בפרט האישום זה נדרך הוצאתם לפועל של הפיגועים המתארים בכתב-האישום הזה.

## פרט עשרים ושלושה:

**מהות העבירה:** הפרת הוראות הכרוזי בדבר קיזור שטח, עבירה לפי סעיף 90(ו) לצו בדבר הוראה ביטחון (יהודה והשומרון) (מיס' 378), תש"ל-29).

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מחודש ספטמבר 2001 ועד ליום מעצרו או בסמוך לכך, הפר הוראה בדבר סגירת שטח שמבר שרייק ניתךר כדין רשויה כן, דהיינו לכך, הפר הוראה בדבר הנ"ל, במהלך התביירה האמורה, בנסבי הנ'מני, שווית, יצא מהאיזור, שהוא שטח סגור, לתחומי מדינת ישראל מבלי שהיה בידו היתר בדין לעשות כן. הנאשם נכנס לשטחה של מדינת ישראל כדי לצייר המעשים המיתוארים בכתב-האישום הזה.

CONFIDENTIAL

SHATSKY-JD01163

עדי התביעה:

1. רס"מ יעקב ברזני, מ.א. 9106[Redacted], לחיק"ר יהודה. [גובה אמרת הנאשם מיום 11.03.02 ומגיש כתב-יד של הנאשם בערבית + דו"ח תפיסה וסימון]

2. רס"ר יצחק עקנ'בוף, מ.א. 8358[Redacted], לחיק"ר יהודה. [גובה אמרה הנאשם ביום 01.04.02 ומגיש כתב-יד של הנאשם בערבית]

3. ממהד ערהמאן סאלם מללח, ת.ז. 3643[Redacted] (עצור) [ת.ת. 242/01]

4. חוסאם עקל רגיב שחאדה, ת.ז. 4733[Redacted] (עצור) [ת.ת. 243/02]

5. היום אלמוחפק חמדאן. (עצור)

פ.א. 7915/01 ציון

6. רס"ר ציון ששון, מ.א. 7048[Redac], תחנת ציון. [מגיש דו"ח פעולה]

7. רפ"ק ליאור נדיבי, מ.א. 2127[Redac], מז"פ - תחנת ציון. [מגיש דו"ח ביקור ראשוני בזירה + לוחות צלומים]

8. רפ"ק יורם טער, תחנת ציון. [מוצא תרשימים בזירת האירוע - שרשרת ראיות]

9. רפ"ק עמי לייפר, מ.א. 3841[Redac]. המעבדה הניידת, מז"פ. מטא"יר - ירושלים. [מגיש דו"ח בדיקת רכב - תפיסת שריד קליע]

10. צוערת אדוה מלכה, מ.א. 2089[Redac], מזויפ - תחנת ציון. [מגישה טופס לוואי למוצגים]

11. רס"ר זיוה חוטר, מ.א. 695[Redac]. משרד מוצגים - מז"פ, מטא"יר - ירושלים. [מגישה תעודת - קבלת מוצגים לבדיקה] [יזומן לפי דרישה מפורשת של הסניגוריה בלבד]

12. רפ"ק אבי קופמן, מעבדייר נשק, מז"פ, מטא"יר - ירושלים. [מגיש חווייד מומחה מיתיק מז"פ זב/ - 07/ (4539/01) [יזומן לפי דרישה מפורשת של הסניגוריה בלבד]

13. ד"ר אייל יצחאק, מ.ר 1004[Rek]. ביהייח הדסה עין-כרם, ירושלים. [מגיש תעודה שחרור של משה וייס] [יזומן לפי דרישה מפורשת של הסניגוריה בלבד]

14. ד"ר יעקב גלברבמן, בירית הדסה עין-כרם, ירושלים. [מגיש הודעת פטירה של מאיר וייסבורג וייס] [יזומן לפי דרישה מפורשת של הסניגוריה בלבד]

15. משה וייס, ת.ד. 505[Redacted] [פרטים בתביעה] [מפצע קשה בפיגוע]

16. יפה וקנין, ת.ד. 7863[Redacted] [פרטים בתביעה] [עדר ראיה]

פ.א. 481/01 ציון

17. טוני עמואל, ת.ד. 1040[Redacted] [פרטים בתביעה] [נהג רכב ההונדה]

18. פיני מימון, ת.ד. 762[Redacted] [פרטים בתביעה] [נוסע רכב ההונדה]

19. פרת מימון, ת.ד. 3084[Redacted] [פרטים בתביעה] [נוסעת רכב ההונדה]

פ.א. 8379/01 ציון

20. רפ"ק ליאור נדיבי, מ.א. 2127[Redach], מז"פ - תחנת ציון. [מגיש דו"ח ביקור ראשוני בזירה – דו"ח תפיסה וסימון]

21. רס"ר גבריאל עבד, מ.א. 3636[Redac], מהי"מ - תחנת ציון. [מגיש טופס לוואי למיצוגים]

22. רפ"ק עמי לייפר, מ.א. 3841[Redac]. המעבדה הניידת, מז"פ. מטא"יר - ירושלים. [מגיש דו"ח בדיקת רכב - תפיסת שריד קליע]

23. צוער דרור אברם, מ.א. 2058[Redac], מהי"ם - תרנת ציון. [מגיש טופס לוואי למיצוגים]

24. ציון שדה, ת.ד. 242[Redacted]. משרד מוצגים - מז"פ, מטא"יר - ירושליב. [מגיש תעייצ - קבלת מוצגים לבדיקה] [יזומן לפי דרישה מפורשת של הסניגוריה בבד]

25. רס"ר יוסי בן ישראל, מ.א. 4771[Redac]. משרד מוצגים - מז"פ, מטא"יר - ירושלים. [מגיש תעייצ - קבלת מוצגים לבדיקה] [יזומן לפי דרישה מפורשת של הסניגוריה בלבד]

26. רפ"ק אבי קופמן, מעבירת נשק, מז"פ, מטא"יר - ירושליב. [מגיש שתי חווייד מומחה מותיק מז"פ זב/ - 07/2 (4723/01) [יזומן לפי דרישה מפורשת של הסניגוריה בלבד]

27. סיגל שאוו, תחנת ציון. [מוצאת תרשימים בשטח - שרשרת ראיות]

28. מלכה כהן, ת.ד. 386[Redacted] [פרטים בתביעה] [נפגעת בפיגוע]

29. פנחס כהן, ת.ד. 8256[Redacted] [פרטים בתביעה] [נפגע בפיגוע]

30. אוהב עמי יחיאל, ת.ד. 32[Redacted] [פרטים בתביעה] [עד ראוו - טיפל בפצועים]

31. ד"ר מאיר עדן, מ.ר. 2573[Rek]. ביה"ח הדסה עין-כרם, ירושליב. [מגיש תעודות שחרור של פנחס כהן] [יזומן לפי דרישה מפורשת של הסניגוריה בבד]

32. ד"ר מנחם גרוס, מ.ר 416[Rek]. בירית הדסר עיי-כרם, ירושליב. [מגיש תעודה שחרור של מלכה כהן] [יזומן לפי דרישה מפורשת שך הסניגוריה בלבד]

פ.א. 39/02 בנימין

33. מפּתח מיכאל מיכה, מ.א. 4320[Redacted]. סיור - תחנת בנימין. [מגיש דו"ח פעולה]

CONFIDENTIAL

SHATSKY-JD01163

CONFIDENTIAL

SHATSKY-JD01164

34. רס"מ קובי סבג, מ.א. 6494Red. ונחתם בנימין. [מגיש זכ"ד תחקור/תפיסה וסימון].
35. רס"ב אלי קונמן, מ.א. 951Red., מנ"ם יהודה. [מגיש לוחות, תצלומים + אסף תרמילים בזירת האירוע]
36. רפ"ק עמי ליופר, מ.א. 2841Redac., המעוצבת העיידת, מנ"ם. מטא"ר - ירושלים. [מגיש לוחות תצלומים + רוי"ח בדיקת רכב].
37. רס"מ מאיר ועונו, מ.א. 3333Redac. החתם בנימין. [מגיש טופס לווי למוצגים]
38. רס"ב זיווה חוטר, מ.א. 2699Reduc. משרד מוצגים - מיז"ב, מיטא"ר - ירושלים. [מגישה תע"צ - קבלת מוצגים לבדיקה] (הזומן לפי דרישה מפורשת של הסניגוריה בלבד)
39. סגן ד"יר אלי אלון, מ.ר. 3216Red., צהי"ל, צהי"ל. [פרטיב בתביעה) (עדות - קביעת מותם של יואלה חן ז"יל + טיפול בפצועה]
40. ד"יר שאול בייס, מ.ר. 3027Redac. ביה"ח הדסה עין-כרם, ירושלים. [מגיש תעודת רופא - סיכום מחלה של רשל (רחל) עיני] (הזומן לפי דרישה מפורשת של הסניגוריה בלבד)
41. רחל (רשל) עיני, ת.ז. 2614Redacted. [פרטים בתביעה) (מצעת פגיעות)
42. סמו ועקנין, ת.ז. 8040Redacted. [פרטים בתביעה] (עדות - סליצות) (עד ראיה)
43. נחשון בראשי, ת.ז. 3335Redacted. [פרטים בתביעה) (ניהוי ההרוגה)

מ.א. 02/502 ציון
44. פקד דרור אספרו, מ.א. 1276Redac. מתי"מ - תחנת ציון. [מגיש זוי"ח זכ"ד, תפיסה וסימון].
45. רס"ב ניאל דניאל, מתי"מ - תחנת ציון. [מגיש זוי"ח תפיסה וסימון + תצלומים]
46. צוער צביקה רייונר, מתי"מ - תחנת ציון. [מגיש זכ"ד, תפיסה וסימון + תצלומים - מציאת צולבת]
47. רט"ל ציון טדני, מ.א. 3413Redacted. מתי"מ - תחנת ציון. [מגיש זוי"ח תפיסה וסימון]
48. רס"מ אשר לוי, מ.א. 720Red. ראשאל - תחנת ציון. [מגיש זוי"ח תפיסה וסימון]
49. בני עזריאל, ת.ז. 7593Redacted. [ירשים בתביעה) (עד ראיה - דף אחרי המחבל]
50. עמאד ענוות, מ.א. 2037Reduly. מיז"ב ירושלים. (עד ראיה - דף אחרי המחבל ויריה לעבר המחבל)
51. שי כהן, מ.א. 3043Red. - תחנת ציון. (עד ראיה - ירה לעבר המחבל)
52. נועם גבאי, ת.ז. 1070Redacted. מיז"ב ירושלים. (עד ראיה - דף אחרי המחבל ויריה לעבר המחבל)
53. חנן בעמי, מ.א. 9188Redac. מיז"ב. (עד ראיה - דף אחרי המחבל. הרחיק את נשק של המחבל אחר שהתאבק ונהרג]
54. גנאדי (גוא) מלניק, ת.ז. 2540Redacted. [ירשים בתביעה) (עד ראיה - מאבטח שהיה במקום - ירה לעבר המחבל ומנע בו)
55. אלון חלפון, מ.א. 775Redac. מיז"ב ירושלים. (עד ראיה - ירה אחרי המחבל. ירה לעבר המחבל]
56. אבני בן עמית, מ.א. 6140Redac. מיז"ב ירושלים. (עד ראיה - ירה לעבר המחבל)
57. חיים צללח, ת.ז. 019Redacted. [ירשים בתביעה) (עד ראיה - נהג אוטובוס "אגד" שהיה במקום הפיגוע]
58. בוריס אבלסיאן, ת.ז. 5471Redacted. [ירשיב בתביעה] (עד ראיה)
59. יקותיאל-ישראל קיושב, ת.ז. 545Redacted. [ירטיב בתביעה] (עד ראיה)
60. משה ממן, ת.ז. 5411Redac. [ירטיב בתביעה] (עד ראיה)
61. טובה יצחקי, ת.ז. 0353Redac. [ירטיב בתביעה] (עד ראיה)
62. מזל יצחקי, ת.ז. 3150Redacted. [ירטיב בתביעה] (עד ראיה)
63. ירון אברהמי, ת.ז. 5471Redacted. [ירטיב בתביעה] (עד ראיה)
64. פנחס בנטורה, ת.ז. 1230Redac. [ירטיב בתביעה] (עד ראיה - ראה את המחבל מגיע למקום הפיגוע ברגל)
65. כפיר קדם, ת.ז. 299Redac. [ירטיב בתביעה] (עד ראיה - יגיתר ייתהד של אורה (סבטלנה) סנדלר ז"יל]
66. יעקב סנדלר, ת.ז. 3484Redacted. [ירטיב בתביעה]
67. ד"יר דפנה ווינו, מ.ר. 34Redul. ביה"ח הדסה עין-כרם, ירושלים. [מגישה הודעת פטירה של אורה (סבטלנה) סנדלר ז"יל] (הזומן לפי דרישה מפורשת של הסניגוריה בלבד)
68. ד"יר ילנה ושלוו, ביה"ח הדסה עין-כרם, ירושלים. [מגישה הודעת פטירה של שרה המבורגר ז"יל] (הזומן לפי דרישה מפורשת של הסניגוריה בלבד)

<u>רשימת עדים נוספת תוגש בינע לפצועיית בפיגוע בחוב ימי ביום 2.12.01 ותעדודה רפואיית השמורות לפצועיית תוגמסר במהי"ר המשישי.</u>

סגן
צבאי

תאריך: 14.04.2002
סימוכין: 241-02

CONFIDENTIAL

SHATSKY-JD01165

## TO WHOM IT MAY CONCERN

№ 53400

2021

This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of the

Red Cross certifies that:

3996

Mr/Mrs. : MOHAMMAD SAMI IBRAHIM ABDALLAH

From : BEIR NABALA/RAMALLAH          ID NO : Redacted 9954

Was arrested by the Israeli Authorities on Day: 20   Month: FEBRUARY   Year: 2002

He/She is to date:   Awaiting Trial ☐   Sentenced ☐   Administrative ☐

Length of sentence / administrative period : LIFE SENTENCE

He/She was released on Day: //   Month: //   Year: //

(Tick the box and underline the correct designation)

الى من يهمه الأمر

هذه الشهادة سارية المفعول فقط في حالة تطابق بياناتها باللغتين العربية والانجليزية

استنادا الى المعلومات الواردة من السلطات الاسرائيلية ، تشهد اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة   :   محمد سامي ابراهيم عبد الله

من   :   بير نبالا/رام الله   هوية رقم: Redacted ٩٥٤

كان/ت قد اعتقل/ت من قبل ألسلطات الاسرائيلية في يوم ٢٠ / شهر شباط / سنة ٢٠٠٢

وهو/هي في هذا التاريخ: ينتظر/تنتظر المحاكمة ☐ محكوم/ة ☒ اداري ☐

محكوم/ة او اداري لمدة: مؤبد

وهو/هي اطلق سراحه/ها في يوم // / شهر // / سنة //

( الرجاء وضع x في المربع المطلوب ووضع خط تحت الفئة المطلوبة)

Date / التاريخ   08/05/2004

Place / المكان   RAMALLAH/NA

توقيع مندوب اللجنة   ICRC Delegate

CERTIFIED UPDATE

# Exhibit 180



Prisoner Salary Statement

Prisoner no. 7806
Prisoner Name: Mohamed Sami Ibrahim Abdullah          Document no. 979469954

| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |
|-------|------|-------------|--------|-----------|--------|-------------|--------|

Redacted

Confidential

Shatsky-JD00274-T

Prisoner Salary Statement

| Prisoner no. 7806 | | | | | | | |
| Prisoner Name: Mohamed Sami Ibrahim Abdullah | | | | Document no. 979469954 | | | |
| Month | Year | Beneficiary | | ID no. | Bank Name | Branch | Account no. | Salary |



Redacted

Confidential

Shatsky-JD00275-T

Prisoner Salary Statement

| Prisoner no. 7806 | | | | | | | |
| Prisoner Name: Mohamed Sami Ibrahim Abdullah | | | | Document no. 979469954 | | | |
| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |



Redacted

Page 3 of 7

Confidential

Shatsky-JD00276-T

Prisoner Salary Statement

Prisoner no. 7806
Prisoner Name: Mohamed Sami Ibrahim Abdullah          Document no. 979469954

| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |
|-------|------|-------------|--------|-----------|--------|-------------|--------|



Redacted

Page 4 of 7

Confidential

Shatsky-JD00277-T

| Prisoner Salary Statement |||||||||
|---|---|---|---|---|---|---|---|---|
| Prisoner no. 7806 |||||||||
| Prisoner Name: Mohamed Sami Ibrahim Abdullah |||| Document no. 979469954 |||||
| Month | Year | Beneficiary | | ID no. | Bank Name | Branch | Account no. | Salary |



Redacted

Confidential

Shatsky-JD00278-T

Prisoner **Salary** Statement

Prisoner no. 7806
Prisoner Name:  Mohamed Sami Ibrahim Abdullah                    Document no. 979469954

| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |
|-------|------|-------------|--------|-----------|--------|-------------|--------|



Redacted

Confidential

Shatsky-JD00279-T

## Prisoner Salary Statement

Prisoner no. 7806
Prisoner Name:  Mohamed Sami Ibrahim Abdullah          Document no. 979469954

| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |
|---|---|---|---|---|---|---|---|
| | | | Redacted | | | | |
| 4 | 2020 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,847.50 |
| 5 | 2020 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,847.50 |
| 6 | 2020 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 7,200.00 |
| 7 | 2020 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,800.00 |
| 8 | 2020 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,800.00 |
| 9 | 2020 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,800.00 |
| 10 | 2020 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,800.00 |
| 11 | 2020 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,800.00 |
| 12 | 2020 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 7,200.00 |
| 1 | 2021 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,800.00 |
| 2 | 2021 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,800.00 |
| 3 | 2021 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,800.00 |
| 4 | 2021 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,800.00 |
| 5 | 2021 | Huriyya Atallah Amin Abdullah | Redacted 1725 | | | | 6,800.00 |

Confidential

Shatsky-JD00280-T

Original



CONFIDENTIAL

Shatsky-JD00274



كشف راتب أسير

وقم الأسير 7806
اسم الأسير    محمد سامي ابراهيم عبدالله

رقم الوظيفة 070460554

| الراتب | رقم الحساب | النوع | البند | رقم البطاقة | اسم المستفيد | السنة | الشهر |
|--------|-----------|-------|-------|-------------|--------------|-------|-------|

Redacted

7 من 2 صفحة

CONFIDENTIAL



كشف راتب أسير

رقم الأسير 806
اسم الأسير محمد سطس ابراهيم عبدالله

رقم الهوية 979469954

| الشهر | السنة | اسم المستفيد | رقم البطاقة | البنك | الفرع | رقم الحساب | الراتب |
|---|---|---|---|---|---|---|---|

Redacted

صفحة رقم 7

CONFIDENTIAL



كشف رواتب أسير

| رقم الأسير | 7806 |
| اسم الأسير | محمد صبحي ابراهيم عبد الله |

رقم الوثيقة 978469954

Redacted

CONFIDENTIAL

Shatsky-JD00277



كشف راتب أسير

رقم الأسير 7506
اسم الأسير محمد سامي ابراهيم عبدالله

رقم الرخصة 079469954

Redacted

CONFIDENTIAL



كشف راتب أسير

رقم الأسير   7903
اسم الأسير   محمد علي ابراهيم عبدالله

رقم الهوية   979469954

| الراتب | رقم الحساب | النوع | البنك | رقم الطاقة | اسم المستفيد | السنة | الشهر |
|---|---|---|---|---|---|---|---|

Redacted

7 من(صفحة)

CONFIDENTIAL

كشف رواتب شهر

| رقم الاسير | 7806 |
| اسم الاسير | محمد صبحي ابراهيم براشي |
| رقم الهوية | 979469954 |

| المرتب | رقم الحساب | الفرع | البنك | رقم البطاقة | اسم المستفيد | السنة | الشهر |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Redacted

| 6,047.50 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2020 | 4 |
| 8,847.50 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2020 | 5 |
| 7,200.00 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2020 | 6 |
| 0,000.00 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2020 | 7 |
| 5,800.00 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2020 | 8 |
| 5,800.00 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2020 | 9 |
| 5,800.00 | Redacted | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2020 | 10 |
| 5,800.00 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2020 | 11 |
| 7,200.00 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2020 | 12 |
| 6,800.00 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2021 | 1 |
| 6,800.00 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2021 | 2 |
| 6,800.00 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2021 | 3 |
| 6,800.00 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2021 | 4 |
| 6,800.00 | | | | Redacted 1725 | حورية عبدالله امين عبدالله | 2021 | 5 |

صفحة 7 من 7

CONFIDENTIAL

Shatsky-JD00280

# Exhibit 181

CONFIDENTIAL                                    SHATSKY-JD01256-T

*Change of prisoner's name*



[English:] **TO WHOM IT MAY CONCERN**

No. 04148

*2817*

This certificate is valid only if the English and Arabic parts match each other.

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that

**Mr.** MOUNIR  FARID MOUNIR RAJABI

**From:** EST JERUSALEM     **ID No.** <sup>Redacted</sup>927-1

**Was arrested by the Israeli Authorities on (dd/mm/yyyy):** 17/03/2003

**He/She is to date:  Sentenced**                    *5-year increment*

**Length of sentence / administrative period:** Life sentence

**He/She was released on (dd/mm/yyyy):** xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

**(Tick the box and underline the correct designation)**



**[Arabic:] TO WHOM IT MAY CONCERN**  *450403*

This certificate is valid only if the English and Arabic parts match each other.

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that

**Mr.** MOUNIR  FARID MOUNIR RAJABI

**From:** JERUSALEM     **ID No.** <sup>Redacted</sup>967-1

**Was arrested by the Israeli Authorities on Day:** 17 **Month:** 03 **Year:** 2003

**He/She is to date:  Awaiting Trial ☐  Sentenced ☒  Administrative ☐**

**Length of sentence / administrative period:** Life sentence

**He/She was released on Day:**   xxxx     **Month:**    xxxx     **Year:**    xxxx

**Date: 09.03.2006**                    *[Signature]*

**Place:** JERUSALEM PP                    **RAFFAELLA DIANA**

> CERTIFIED UPDATE
> 07.07.2013
> International Committee of
> the Red Cross

**ICRC Delegate**

TOTAL P.01

CONFIDENTIAL                                    SHATSKY-JD01256-T

CONFIDENTIAL                                                                    SHATSKY-JD01258-T

In the Name of Allah, the
Merciful, the Compassionate

[English] Palestinian National Authority
Ministry of Detainees & Freed
Detainees Affair
Hebron

[Emblem of the
Palestinian Authority]

[English] Palestinian National Authority
Ministry of Detainees & Freed
Detainees Affair
Hebron

[illegible handwritten text]

### Main Prisoner Form

| Form no.: | 4 | 5 | 0 | 4 | 0 | 3 | | | |
|---|---|---|---|---|---|---|---|---|---|
| Form issuance date: | 4.3.2011 | | | Ministry's administration/branch: | | Hebron | | | |

**1. Basic information concerning the prisoner:**

| ID no. (9 digits) | Redacted | | | | 9 | 2 | 7 | 1 |
|---|---|---|---|---|---|---|---|---|

| Four-part name: | First name | | Father's name | | Grandfather's name | | Family name | |
|---|---|---|---|---|---|---|---|---|
| | Munir | | Farid | | Munir | | A-Rajbi | |

| Mother's name: | Kawthar A-Rajbi | | | Gender: | ☑ Male   ☐ Female |
|---|---|---|---|---|---|
| DoB: | Redacted .71 | | | Place of birth: | Hebron |
| Education: | ☐ Illiterate | ☑ Elementary   ☐ High school | ☐ Diploma   ☐ University   ☐ Higher education | | |
| Profession prior to arrest: | Laborer | | Organization: | Hamas | |
| Arrest date: | 3.17.2003 | | Place of arrest: | Gilboa | |
| Arrest status: | ☐ Detained | ☑ Sentenced | ☐ Administrative | ☐ Free | ☐ Other |

| In case of life sentence according to ICRC Certificate | Day | Month | Year | Expected release date according to verdict: | Day | Month | Year |
|---|---|---|---|---|---|---|---|
| | | | | | | | Life term |

| Permanent residence: | Governorate: | Hebron | Residential complex: | Redacted |
|---|---|---|---|---|
| Notes: | | | | |

**2. Information concerning previous arrests:**

Number of previous arrests: _____. Only those attested to by ICRC certificates, in chronological order from newest to oldest.

| No. | Arrest date | Arrest type | Release date | Arrest period | | | Notes |
|---|---|---|---|---|---|---|---|
| | | | | Day | Month | Year | |
| 1. | | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |
| 4. | | | | | | | |
| 5. | | | | | | | |

1

[English] Ramallah, P.O Box 2105
Tel: 02226423 02-2213993
Hebron/wad altoufah st – almaha building
Tel: 02-2226423 Fax: 02-2213993

E-mail: asarehb@planet.edu

[Arabic] Ramallah, P.O Box 2105
Tel: 02226423 02-2213993
Hebron/wad altoufah st – almaha building
Tel: 02-2226423 Fax: 02-2213993

CONFIDENTIAL                                                                    SHATSKY- JD01258-T

CONFIDENTIAL

[handwritten in Arabic:] Munir Farid A-Rajbi

**Haifa District Court (before a panel)**

Defense attorney must be assigned

SHATSKY-JD01262-T

Haifa District Court

Criminal case 189/03

State of Israel vs. M. Rajbi

Starting date; April 8, 2003

[deleted:]

**The Plaintiff**:   The State of Israel

versus

The Defendant: [handwritten in Arabic:] Munir Farid A-Rajbi

[in Hebrew:] Munir Ben Farid A-Rajbi

ID number [Redacted]9271, born [Redacted], 1971

93 Shivat Zion Street, Haifa

[stamp:]
Palestinian
Prisoners
Society, Hebron

[stamp:] The Court
[deleted]

[date deleted]

Received

**Indictment**

The defendant is hereby indicted as follows:

A.   **The Facts:**

1.   The Defendant is brother to Isma'il Rajbi, a resident of Haifa born in 1987 (hereafter, "Isma'il") and to Hafez Rajbi, a resident of Hebron (hereafter, "Hafez").

2.   On the dates to which this indictment refers, Hafez was a military operative of the Hamas organization, which is designated a terror organization according to a government declaration under clause 8 of the Prevention of Terror Ordinance of 5708/1948.

3.   In or around October 2002, at a date not known precisely to the Plaintiff, Hafez told the Defendant that he had been recruited into a Hamas cell. Later, Hafez told the Defendant that he had taken part in many terror attacks against IDF soldiers, including the throwing of a grenade at an IDF roadblock near the Cave of the Patriarchs in Hebron, the killing of a male and female soldier with another person in the Hebron area, and the killing of three IDF soldiers in a shooting attack in the Wadi Saman area.

4.   During the year 2002 and until his arrest, the Defendant spoke with Isma'il on a number of occasions about his military actions against Israel.

5.   In one of the conversations between the Defendant and Isma'il as mentioned in item 4, on a date not known precisely to the Plaintiff, the Defendant and Isma'il conspired to commit a suicide terror attack together inside Israel as will be detailed subsequently. According to the plot that the Defendant proposed to Isma'il, the two

of them would commit a joint suicide attack with Isma'il blowing himself up and the Defendant blowing himself up afterward at the same place in order to cause casualties among the security and rescue forces that would come to the scene of the attack, his intent being to bring death to citizens and residents of the State of Israel and to aid the enemy in its war against Israel. Isma'il gave the Defendant his assent to the perpetration of the suicide terror attack, and the Defendant informed Hafez of that assent.

SHATSKY-JD01262-T [continued[

CONFIDENTIAL

CONFIDENTIAL

SHATSKY-JD01263-T

6.   In the course of the Defendant's conversations with Isma'il, at a date not known precisely to the Plaintiff, the Defendant — having realized that Isma'il knew how to operate mobile phones — also asked Isma'il to experiment with connecting a mobile phone to a lamp so as to cause the lamp to light up when the phone rang. The Defendant explained to Isma'il that the end purpose of the experiment was to eventually commit a terror attack by attaching a mobile phone to explosives and setting them off in order to bring death to citizens and residents of the State of Israel and to aid the enemy in its war against Israel. Isma'il assented to that request as well.

7.   Around the end of February 2003, on a date not known precisely to the Plaintiff, the Defendant and Hafez met at Hafez' home in Hebron and conspired to commit a suicide terror attack in Haifa as described above;

8.   Hafez approached the Defendant and explained that he wished to commit a suicide terror attack in Haifa and that he needed his help in the perpetration of that attack, including help in finding a target for the terror attack, in bringing the attacker into Israel, and in concealing the explosive device that the terror attack would employ. The Defendant agreed to assist Hafez, and the two of them agreed to continue discussing the exact details of the terror attack later.

9.   Further to what is described in item 8 above, the Defendant, Hafez, and Isma'il met in Jerusalem on Saturday, March 1, 2003. Isma'il was sent away from the place so that the Defendant and Hafez could continue planning the terror attack. During the conversation between the Defendant and Hafez, Hafez informed the Defendant that the terror attack was intended to be mounted in Haifa on behalf of Hamas, that the suicide bomber was to arrive from Hebron, that Hafez was assigned to bring the terrorist in his truck to an agreed location, and that from that location the Defendant was to drive the suicide terrorist to the site of the terror attack. The Defendant, for his part, suggested that a suitable site for the terror attack would be a government building in Haifa, such as the Israel Security Agency facility.

On Tuesday, March 4, 2003, the Defendant spoke with Hafez and the latter informed the Defendant that the suicide bomber, code-named "the washing machine," would be arriving in Israel in order to commit the suicide terror attack. The Defendant replied to Hafez that the plan was all right with him.

11. On Wednesday, March 5, 2003, Hafez drove Hebron resident Mahmoud Qawasmeh (hereafter, "the Suicide Bomber") from Hebron to Haifa. Around midday, the Defendant and Hafez spoke by phone and the Defendant understood from Hafez that the latter, together with the Suicide Bomber, was on his way to carrying out the suicide terror attack.

12. Despite everything as described above, the Defendant did not inform anyone of the impending terror attack and did not take reasonable action to prevent its occurrence, its completion, and its consequences.

13. The Suicide Bomber boarded a number 37 Egged bus in Haifa and blew himself up at approximately 2 p.m. inside the bus, at 48 Moriah Boulevard. The explosion resulted in 17 people murdered and dozens injured.

14. By his deeds as described above, the Defendant conspired with Isma'il and with Hafez to commit acts that afford assistance to the enemy, his intent being to assist the enemy in its war against Israel. The Defendant also conspired with Isma'il and with Hafez in a conspiracy to murder. In addition, as he committed the acts described above, the Defendant knew that Hafez and the Suicide Bomber were plotting to commit an offense pursuant to section G of the Penal Law, which is punishable by imprisonment of at least fifteen years, and he did not take reasonable action to prevent its occurrence, completion, or consequences.

CONFIDENTIAL

2003 18:31 FAX 046358828                    JAMEEL ADVOCAT                         002 SHATSKY-JD01264-T

### B. Statutory provisions under which the Defendant is charged:

1. Conspiracy to assist the enemy in time of war — an offense pursuant to sections 92, 99, and 499 of the Penal Law of 5737/1977.

2. Conspiracy to murder — an offense pursuant to sections 300 and 499 of the Penal Law of 5737/1977.

3. Covering up an offense — an offense pursuant to section 95 of the Penal Law of 5737/1977.

4. Nonprevention of a crime — an offense pursuant to section 262 of the Penal Law of 5737/1977.

### C. Witnesses for the Prosecution:

1. Advanced Staff Sergeant Major Hezi Shemesh of the special coastal police unit

2. Isma'il Rajbi (under arrest) — to be called by the Plaintiff

3. Ali Rajbi, ID number [Redacted]5737 — to be called by the Plaintiff

4. The man known as "Lavie" — to be called by the Plaintiff

5. The man known as "Yaon" — to be called by the Plaintiff

6. The man known as "Eddie" — to be called by the Plaintiff

7. The man known as "Ehud" — to be called by the Plaintiff

8. The man known as "Bentzie" — to be called by the Plaintiff

9. The man known as "Abu Hani" — to be called by the Plaintiff

10. Oshri Abukasis — the Alon unit

11. Amir Goldstein — Special coastal police unit

12. Alex Haimov — 9 King Saul Street, Neve David — Haifa

13. Marwan Damuni — Shfaram

14. Gideon Kluger — Special coastal police unit

15. Dr. Bartolon Levi of the National Center of Forensic Medicine (Abu Kabir)

16. Dr. Ricardo Nachman of the National Center of Forensic Medicine (Abu Kabir)

17. Medical documentation (of those injured in the terror attack)

(Police File 2880/03, Haifa Station)

CONFIDENTIAL

CONFIDENTIAL                                                SHATSKY-JD01266-T

In the name of Allah, the Gracious, the Merciful

[Arabic:] Palestinian National Authority          [English:] Palestinian National Authority
Ministry of Detainees & Freed          P.A.          Ministry of Detainees & Freed
Detainees Affair                       emblem          Detainees Affair
      M's F. & I. C. E                                      Hebron Administration

**Date:** <u>4.3.2011</u>

Abdul Jabbar Salem, may Allah protect him
Acting Directing General for Allowances
Finance Ministry

Via

The Honorable Shukri Salameh
Director General of the General Department for Detainees
Ministry of Detainees & Freed Detainees Affair

Greetings,

Re: <u>Confirmation of Arrest Status for a Prisoner</u>

The General Department for Detainees and Ex-detainees in the governorate of <u>Hebron</u> attests
that the prisoner Munir Farid Munir A-Rajbi, whose I.D. number is <sup>Redacted</sup>9221, from the
governorate of Hebron, is serving his sentence in the prisons of the occupation for his national
struggle, and he is a security prisoner throughout the period of his arrest.

Respectfully,

Director General of the Ministry of
Detainees & Freed Detainees Affair          Authorization of the General Department for Detainees
Governorate: Hebron                         Director General of the Department
Director General Name: [illegible]
Stamp and signature: [Department's          Stamp and signature ------------
stamp] [handwritten signature]              Date:  ------------------------------

---

[English:] Ramallah, P.O Box 2105                    [English:] Ramallah, P.O Box 2105
Tel: 022226423 02-2213993                            Tel: 022226423 02-2213993
Hebron/wad altofah st – almaha building              Hebron/wad altofah st – almaha building
Tel: 02-2226423 Fax: 02-2213993    E-mail: asarehb@palnet.edu   Tel: 02-2226423 Fax: 02-2213993

CONFIDENTIAL                                                SHATSKY-JD01266-T

Original

CONFIDENTIAL                                                                    SHATSKY-JD01254



№  04148

TO WHOM IT MAY CONCERN                    (2817)

 This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of
the Red Cross certifies that :

Mr:   **MOUNIR FARID MOUNIR  RAJABI**

From :   **EST JERUSALEM**                    ID NO: Redacted 927-1

Was arrested by the Israeli Authorities on (dd / mm / yyyy) :        17.03.2003

He is to date :          Sentenced

Length of sentence / administrative period : life sentence

He/She was released on (dd/mm/yyyy): XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX



إلى بين يديه الأمر            10453

هذه الشهادة سارية المفعول فقط في حالة تطابق بياناتها بالشقين العربية والإنجليزية

استنادا إلى المعلومات الواردة من السلطات الإسرائيلية، تشهد اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة _____ منير فريد منير الرجابي _____

من _____ القدس _____ هوية رقم _____ Redacted 927-1 _____

كان/ت قد إعتقل/ت من قبل السلطات الإسرائيلية في يوم ____ / شهر ____ / سنة ____

وهو/هي في هذا التاريخ :: ينتظر المحاكمة _____ محكوم/ة ____X____ إداري _____

محكوم/ة أو: إداري لمدة _____

وهو/هي أطلق سراحه/ها في يوم _____ / شهر _____ / سنة _____

Date:   03.09.2006                              P.O   [signature]
التاريخ                                          RAFFAELLA DIANA
                                                 ICRC Delegate
Place:   JERUSALEM-DDI                           توقيع مندوب اللجنة
المكان

CERTIFIED UPDATE

1 4 -09- 2015

International Committee
of the Red Cross                                 TOTAL P.01

CONFIDENTIAL                                                          SHATSKY-JD01254

CONFIDENTIAL

SHATSKY-JD01255

**CERTIFIED COPY**

2 3 -12- 2013

International Committee
of the Red Cross

**ICRC**

تقبير الدكبر 45045

علداستمر 4+5/5 2013

762035

28/7

PATRICIA E. GUOT **INTERNATIONAL COMMITTEE OF THE RED CROSS**

## وكـــــــالة

أنا الموقع أدناه _____ منير فرد منير الرجبي

هويـة رقـم _____ Redacted 71 من (البلد) _____

بموجب هذه الوكالة أفوض _____ سعداه فريد منير رجبي هوية رقم Redacted 9263

تلفون _____ من (البلد) _____ Redacted

بخصوص التفويضات التالية :

☐ لمعاملات البنوك : سحب كل (حدد السحب)

(المبلغ كتابة) _____ من حسابي _____ مبلغ

لدى بنك _____ Redacted _____ فرع _____ Redacted

☐ بيع أو _____

☐ لأغراض أخرى (حـــدد):

مفعول هذه الوكالة   ☐ ساري لمدة (حدد) _____   ☐ ساري لأجل غير مسمى

أن مسؤولية اللجنة الدولية للصليب الأحمر تقتصر فقط على إيصال هذه الوكالة إلى الوكيل ولا تشمل أي مسؤولية أخرى مستقبلا. كما و تشهد اللجنة أن السجين المذكور أعلاه قد وقع هذه الوكالة بحضور مندوبها

بتاريخ : ٨/١٢/ ٢٠١٣   توقيع السجين: منير فريد منير الرجبي

## POWER OF ATTORNEY

I the undersigned   MOUNIR FARID MOUNIR RAJABI

ID Nbr   Redacted 9271   from   HEBRON   presently detained in   RAMON   hereby,

authorize,   SAADAH FARID MOUNIR RAJABI   ID Nbr Redacted 9263

phone #   _____   from   HEBRON   concerning the following authorization:

☐ For Banks: To withdraw every _____ the amount of _____

(amount in words: _____ ) from my account

Nbr. _____ at   Redacted   bank at   Redacted   branch:

☐ Selling or alienating _____

☐ Others (specify) : _____

**Validity of this power of attorney is:**   ☐ Limited to: _____   ☐ Unlimited

The responsibility of the ICRC is limited only to the transmission of the present power of attorney to the Mandatory. No further responsibilities can be put forward to the institution.

This is to certify that the a/m prisoner has signed this PoA in the presence of the ICRC delegate on

CONFIDENTIAL
Date: 8/12/2013   Delegate's Signature:    SHATSKY-JD01255

CONFIDENTIAL
SHATSKY-JD01256





№ 04148

## TO WHOM IT MAY CONCERN

28|7

**CICR** This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that :

Mr.   **MOUNIR FARID MOUNIR  RAJABI**

From :   **EST JERUSALEM**   ID NO: Redacted 927-1

Was arrested by the Israeli Authorities on (dd / mm / yyyy) :   17.03.2003

He is to date :   Sentenced

Length of sentence / administrative period : life sentence

He/She was released on (dd/mm/yyyy): XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX



إلى من يهمه الأمر

450 403

## CICR

هذه الشهادة سارية المفعول فقط في حالة تطابق بياناتها باللغتين العربية والإنجليزية

استنادا إلى المعلومات الواردة من السلطات الإسرائيلية، تشهد اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة _____ منير فريد منير الرجبي _____

من _____ القدس _____ هوية رقم Redacted ٩٢٧-١ _____

كان/ت قد اعتقل/ت من قبل السلطات الإسرائيلية في يوم ١٧/٣ / شهر ٣ / سنة ٢٠٠٣

وهو/هي في هذا التاريخ : ينتظر المحاكمة _____ محكوم/ة X _____ إداري _____

محكوم/ة أو إداري لمدة سجن المؤبد XXXXXXXXXXXXXXXXXXXXXXX

وهو/هي أطلق سراحه/ها في يوم XXXX/ شهر XXXXXX / سنة XXXXX

Date:   03.09.2006

التاريخ

Place:   JERUSALEM-DDI

المكان

RAFFAELLA DIANA
ICRC Delegate

توقيع مندوب اللجنة

TOTAL P.01

CONFIDENTIAL
SHATSKY-JD01256

CONFIDENTIAL
SHATSKY-JD01257



№  04148

2817

# TO WHOM IT MAY CONCERN

**CICR** This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that :

Mr:    **MOUNIR FARID MOUNIR  RAJABI**

From :    **EST JERUSALEM**          ID NO.Redacted927-1

Was arrested by the Israeli Authorities on (dd / mm / yyyy) :    **17.03.2003**

He is to date :        Sentenced

Length of sentence / administrative period : life sentence

He/She was released on (dd/mm/yyyy): XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX



إلى من يهمه الأمر

**CICR**   هذه الشهادة سارية المفعول فقط في حالة تطابق بياناتها باللغتين العربية والانجليزية

استناداً إلى المعلومات الواردة من السلطات الإسرائيلية، تشهد اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة: _____ منير فريد منير الرجبي _____

من _____ القدس _____ هوية رقم _____ Redacted ٩٢٧ - ١ أ _____

كان/ت قد إعتقل/ت من قبل السلطات الإسرائيلية في يوم ___١٧___ / شهر ___٣___ / سنة ___٢٠٠٣___

وهو/هي في هذا التاريخ : ينتظر المحاكمة _____ محكوم/ة __X__ إداري _____

محكوم/ة أو إدان/ي لمدة _____ مؤبد _____

وهو/هي أطلق سراحه/ها في يوم ___XXXXX___/ شهر ___XXXXXX___/ سنة __XXXXX__

Date:  03.09.2006
التـاريـخ

Place:  JERUSALEM-DDI
المكـــان

P.O

**RAFFAELLA DIANA**
ICRC Delegate
توقيع مندوب اللجنة

TOTAL P.01

CONFIDENTIAL
SHATSKY-JD01257

CONFIDENTIAL Palestinian National Authority · السلطة الوطنية الفلسطينية · SHATSKY-JD01258

Ministry of Detainees & Freed Detainees Affair
Hebron

وزارة شـؤون الأسـرى والمحـررين

مديرية الخليل

استمارة الأسير الرئيسية

| رقم الاستماره | ٤ | ٥, | ٠ | ٤ | ٥ | ٦ | ٣ |
|---|---|---|---|---|---|---|---|
| تاريخ تعبئة الاستماره | ٣ / ٩ / ٢٠١١ | المديرية/فرع الوزاره: | الخليل | | | | |

1. المعلومات الرئيسية للأسير :-

**Redacted**

| رقم الهويه: (تسع خانات) | ١ | ٤ | ٢ | ٩ | | |
|---|---|---|---|---|---|---|
| الاسم الرباعي: | الاسم الاول سمير | اسم الاب غربه | اسم الجد سمير | اسم العائلة اعمر | |
| اسم الام: | Redacted | | | | الجنس ○ذكر ○انثى | |
| تاريخ الميلاد: | ١٩٦٢ | Redacted | | | مكان الولاده: الخليل | |
| المؤهل العلمي: | ○أمي ○الاساسيه ○ثانوي ○دبلوم ○جامعي ○ دراسات عليا | | | | | |
| المهنه قبل الاسر: | عامل | | | التنظيم: حماس | |
| تاريخ الاسر: | ١٨/٧/٢٠٠٦ | | | مكان الاعتقال: صليب ع | |
| الوضع الاعتقالي: | ○ موقوف ○ محكوم ○اداري ○محرر ○ اخرى | | | | | |
| في حالة محكوم مدة الحكم حسب شهادة الصليب | يوم | شهر | سنه | تاريخ الافراج المتوقع حسب قرار الحكم | اليوم | الشهر | سنه |
| العنوان الدائم: | المحافظه الخليل | | | التجمع السكاني Redacted | | |
| ملاحظات: | | | | | | |

2- بيانات الاعتقال السابقه:

عدد مرات الاعتقال السابقه: ....... فقط المثبت بشهادة صليب وبتسلسل زمني من الأحدث الى الاقدم.

| الرقم | تاريخ الاعتقال | نوع الاعتقال | تاريخ الافراج | مدة الافراج | | | ملاحظات |
|---|---|---|---|---|---|---|---|
| | | | | يوم | شهر | سنه | |
| -1 | | | | | | | |
| -2 | | | | | | | |
| -3 | | | | | | | |
| -4 | | | | | | | |
| -5 | | | | | | | |

Ramallah, P.O. Box 2105
Tel: 022226423 02-2213993
Hebron/wad altofah st - almaha building
Tel: 02-2226423 Fax: 02-2213993
E-mail: asarehb@palnet.edu

رام الله ص.ب 2105
تلفون: 2226423-02 ، 2213993
مديرية الخليل ـ شارع واد التفاح ـ عمارة المها
تلفون: 02-2226423 فاكس: 2213993

CONFIDENTIAL                                                SHATSKY-JD01258

CONFIDENTIAL
SHATSKY-JD01261



№  04148

## TO WHOM IT MAY CONCERN



This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that :

Mr:  MOUNIR FARID MOUNIR  RAJABI

From :  EST JERUSALEM                        ID NO: Redacted 927-1

Was arrested by the Israeli Authorities on (dd / mm / yyyy) :   17.03.2003

He is to date :      Sentenced

Length of sentence / administrative period : life sentence

He/She was released on (dd/mm/yyyy): XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX



إلى من يهمه الأمر

هذه الشهادة ساريـة المفعول فقط في حالة تطابق بياناتها باللغتين العربية والانجليزية

استناداً إلى المعلومات الواردة من السلطات الإسرائيلية، تشهد اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة _____ منير فريد منير الرجبي _____

من _____ القدس _____ هوية رقم Redacted 927-1

كان/ت قد اعتقل/ت من قبل السلطات الإسرائيلية في يوم ____ / شهر ____ / سنة ____

وهو/هي في هذا التاريخ : ينتظر المحاكمة _____ محكوم/ة ____ إداري ____

محكوم/ة أو إداري لمدة _____ مدى الحياة xxxxxxxxxxxxxxxxxxxxxx

وهو/هي أطلق سراحه/ها في يوم xxxxxxx / شهر xxxxxxxxxx / سنة xxxxx

Date:  03.09.2006

التاريخ

Place:  JERUSALEM-DDI

المكان

RAFFAELLA DIANA
ICRC Delegate
توقيع مندوب اللجنة

P.P. Serge ZOGG

TOTAL P.01

CONFIDENTIAL
SHATSKY-JD01261

CONFIDENTIAL
SHATSKY-JD01262

בי"ת משפט מחוזי חיפה
פ 189/03
מ"י נ רג'בי
תאריך פתיחה: 08/04/03

منير حزب راشم

בית משפט המחוזי בחיפה ( בפני הרכב )

חובת מינוי סניגור

**המאשימה:** מדינת ישראל

נ ג ד

منير عبد راشم

מוניר בן פריד רג'בי

ת.ז. Redacted 9271 יליד Redacted

רח' שיבת ציון 93 חיפה

## כתב אישום

הנאשם מואשם בזה כדלקמן :

**העובדות:**

1. הנאשם הוא תושיהם של אסמעיל ... ... יליד 1981 ותושב חיפה (להלן: אסמעיל ) ושל חאפו
רג'בי, תושב חברון ( להלן: חאפו ) .

2. בתאריכים הרלונטיים לכתי"א, היוו חאפו ... יבאי של ארגון החמאס, המוגדר כארגון טרור
בהתאם להכרזות הממשלה מכוח סעיף 8 לפקודת מניעת טרור תש"ח – 1948 .

3. בסביבות חודש אוקטובר 2002, מועד מדויק אינו ידוע למאשימה, סיפר חאפו לנאשם
שתתגייס לחוליה של החמאס . בהמשך סיפר חאפו לנאשם כי נטל חלק בביצוע פיגועים רבים
כנגד חיילי צה"ל , ובהם: זריקת רימון על ... של חיילי צה"ל חמסוד למערכת המכפלה
בחברון, הריגת חייל וחיילת עם אדם נוסף :אזור חברון, והריגת שלושה חיילי צה"ל במהלך
פיגוע ירי באזור ואדי סמן.

4. במהלך שנת 2002 ועד למעצרו של הנאשם שוחח הנאשם גם עם אסמעיל במספר הזדמנויות
בנוגע לפעולות ביטחוניות נגד ישראל .

5. באחת השיחות בין הנאשם לבין אסמעיל כאמור בסעיף 4, בתאריך מדויק שאינו ידוע
למאשימה, קשרו הנאשם ואסמעיל קשר לבצע יחדיו פיגוע התאבדות בתוך ישראל, כפי
שיפורט להלן. תוכנית הקשר אותה הצי: הנאשם לאסמעיל היתה כי השניים יבצעו פיגוע
התאבדות משותף, כאשר אסמעיל יפוצץ עצמו ומספר דקות לאחר מכן יפוצץ עצמו הנאשם
באותו מקום על מנת לפגוע בכוחות הש חזון וההצלה אשר יגיעו לזירת האירוע, כל זאת
בכוונה לגרום למותם של אזרחי ותושבי מדינת ישראל ולסייע לאויב במלחמתו נגד ישראל.
אסמעיל הביע בפני הנאשם את הסכמ: ... לבצע את פיגוע ההתאבדות והנאשם דיווח על כך
לחאפו .

CONFIDENTIAL

SHATSKY-JD01263

6. עוד במהלך שיחותיו של הנאשם עם אסמעיל, בתאריך מדוייק יُאיננו ידוע למאשימה, ולאחר שהנאשם הבחין כי אסמעיל יודע כיצד לתפעל טלפונים סלולריים, ביקש הנאשם מאסמעיל לערוך ניסוי של חיבור טלפון סלולרי למנורה באופן כזה שכאשר הטלפון יצלצל תידלק המנורה. הנאשם הסביר לאסמעיל כי מטרת הניסוי היא לבצע בנבוא חיום פיגוע חבלני על ידי חיבור טלפון סלולרי לחומר נפץ וגרימת פיצוצו, וזאת בכוונה לגרום למותם של אזרחי ותושבי מדינת ישראל ולסייע לאויב במלחמתו נגד ישראל. אסמעיל חיُכים אף לבקשה זו

7. בסביבות סוף חודש פברואר 2003, מועד מדוייק אינו ידוע למُאשימה, נפגשו הנאשם וחאפז בבית של חאפז בחברון וקשרו קשר לבצע פיגוע התאבדות בחיפה, כפי שיפורט לעיל;

8. חאפז פנה אל הנאשם וחסביר לו כי ברצונו לבצע פיגוע פיגוע وהתאבדות בחיפה וכי הוא זקוק לעזרתו בביצוע פיגוע זה, כולל עזרה במציאת המטورה לפיגוע, הכנסת המפגע לישראל והסתרת מטەن הנפץ אשר ישמש לביצוع הפיגוע. הנאשם הסכים לסייעُ לחאפז, והשניים סכמו כי יוסיפו לדון בפרטי הפיגוע המدويקים בהמשך.

9. בהמשך לאمور בסעיף 8 דלעיל, נפגשו הנאשם, חافز ,אסמעיל ביום שבת, ה – 1/3/03 בירושלים. אסמעיל הורחק מן המקום בכדי שהנאשם וחאפז יוכלو להמשيד ולתכנן אנ ביצוع הפיגוע. במהלך שيחותם של הנאשם וחافز, עדכן חافز את הנאשם כי הپيגוע אמور להתבצع בחيفה מטעם החماس , כי המחבل המתאבד עתيد לצات מחברون, כי תفקído של חافز يحה להובيل את המחبل במשותه שלו לנقודה מוסכמת וכן כי מאותה نقודה אמور הנאשם לחסيع את המתאبد אל מקום הפيגوع. הנاشم מצ도ו הציع כی هيوم متائم לفيגוع מبنه ממשلتي بحيفה כגون : מתקن השبكَ"خ.

در ذلك שليשי، ה – 4/3/03 , שוחח הנاשם עם חافز والُأحرون הוديع לנاشم كی למحرת יגيع الُمرابط المتعابد , אשر שוنه " מيدينت الُעגنيطن "، ובכן يשرائيل וذلك بَمשטره لبצע את פيגوع ההתאבدות. הנاשם سשيב لחافز כي مبينتו זה בعزور.

11. ביום רביני, ה – 5/3/03 , הסيع חافز את ממدוד קوضאסمה, תוشב חברون ( להלن: המחבل המתאבד ) מחבرون לחيفה. בשעות الصהريים, שוحح הנاשם וחافז טלفونيם והناשم הبين שמחابد כי הלה נمצא עם المحبل המتائד وكی هם בדرכם לבצع את פيגوع ההת아بدות.

12. لמروت كل המתائر לعيل, لא דיוווח הנاشم לאيש אודות הפيגوع שעתيد لהتחرח ولא פعل באופن سبير كدي לمنوע את عשيון، هשلمتو ותוצאותيו.

13. המ저חبل המتائד עלה לאוטوبوس אגד بקו מספر 37 בחيفה, ופוצ제 עצمו בסביبות השעה 14:00 בתוך האוטوبوس בשدروت مורيה 48. כתوצאה م페 ה희צוץ נרצחו 17 בني אדם ונפצעו עשروت בני אדם.

14. כמ פואر כموתואر לعيل, كשر הناشم קשر عם אסمעيلُ وعם חافز לעשות מעשים שיש בحם كدي לسييע لאויב وזאת בכונה לסييع لאויب במلחمه נגד يשראل. كن كשر הناشم עם אسمעيل וعם חافز كשر لרצح. עود כ במعשيו כموתואר لعيل, ידע הנاשם كی חافز وהמחبل המתائד זומمم לעבور עביره لفي فرك ז' لחוק העون 인"ذ־שעنשה מאסر חמש עשره שנה לפחות , ולא פעל באופن سبير كدي למنוע من عשيُته, השلم ונ ות ותוצאותيו .

CONFIDENTIAL

SHATSKY-JD01263

CONFIDENTIAL

2003 18:31 FAX 046358628    JAMEEL ADVOCAT    002 SHATSKY-JD01264

**ב. הוראות החיקוק שלפיהן מואשם הנאשם:**

1. קשירת קשר לסיוע לאויב במלחמה- עבירה לפי סעיפים 92 + 99 + 499 לחוק העונשין, תשל"ז-1977.

2. קשירת קשר לרצח- עבירה לפי סעיפים 499 + 300 לחוק העונשין. תשל"ז-1977.

3. חיפוי - עבירה לפי סעיף 95 לחוק העונשין , תשל"ז - 1977.

4. אי מניעת פשע – עבירה לפי סעיף 262 לחוק העונשין , תשל"ז – 1977.

**ג. עדי התביעה:**

1. רס"מ חזי שמש, ימ"ר חוף.

2. אסמעיל רג'בי (במעצר) – יוזמן ע"י המאשימה.

3. עלי רג'בי ת. ז 5737 Redacted – יוזמן ע"י המאשימה.

4. המכונה " לביא " – יוזמן ע"י המאשימה.

5. המכונה "ירון" – יוזמן ע"י המאשימה.

6. המכונה " אדי" – יוזמן ע"י המאשימה.

7. המכונה " אהוד " – יוזמן ע"י המאשימה.

8. המכונה "בנצי" – יוזמן ע"י המאשימה .

9. המכונה" אבו האני " – יוזמן ע"י המאשימה.

10. אושרי אבוקסיס – יחידת אלון.

11. אמיר גולדשטיין – ימ"ר חוף.

12. אלכס חיימוב – נוח דוד חמלך שאול 9 – חיפה.

13. מראון דמוני – שפרעם.

14. גדעון קלוגר – ימ"ר חוף.

15. ד"ר ברטולון לוי – המכון לרפואה משפטית- אבו כביר.

16. ד"ר ריקר'דו נחמן – המכון לרפואה משפטית- אבו כביר.

17. תעודות ו'פואיות ( של פצועי הפיגוע ).

(פ.א. 2880/03 הרצות חיפה)

CONFIDENTIAL

SHATSKY-JD01264

CONFIDENTIAL

SHATSKY-JD01266



بسم الله الرحمن الرحيم

Palestinian National Authority
Ministry of Detainees & Freed
Detainees Affair
Hebron

السلطــة الوطنيــة الفلسطينيـة
وزارة شؤون الأسـرى والمحررين
مديرية الخليل

التاريخ: ـ3ـ/ـ/ـ/ـ2011م

الاخ عبد الجبار سالم حفظه الله

المكلف بمهام مدير عام الرواتب

وزارة الماليه

بواسطة الاخ شــــكري سلمه المحترم

ير عام الادارة العامه لشؤون الاسرى

وزارة شـــؤون الاســـرى والمحررين

تحيــــــه طيبـــــه وبعـــد ،،،

الموضوع: اقرار الحاله الاعتقاليه للاسير .

تشهد مديرية وزارة شؤون الاسرى والمحررين في محافظة ـــــــــــــ بان الاسير/ة

ـــــــــــــ حامل /ة هوية رقم Redacted ۹۷٦۲۱ من محافظة ـــــــ الخليل



يقضي محكوميته في سجون الاحتلال الاسرائيلي على خلفية نضاله الوطني وهو اسير امني طوال فترة اعتقاله.

مع فائق الاحترام،

مصادقة الادارة العامه لشؤون الاسرى

مدير عـــام الادارة العامه

التوقيع والختم

التاريخ:

مدير مديرية وزارة شؤون الاسرى

محافظة

اسم المدير

التوقيع والختم

Ramallah, P.O. Box 2105
Tel: 022226423 02-2213993
Hebron/wad altofab st –almaha building
Tel: 02-2226423 Fax: 02-2213993

E-mail: asarehb@palnet.edu

ام الله ص.ب 2105
لفون: 2428571-02، 02-2428572
ديرية الخليل ـشارع واد التفاح-عمارة المها
لفون: 02-2741642 فاكس: 2213993

CONFIDENTIAL

SHATSKY-JD01266

Exhibit 182

| Prisoner Salary Statement | | | | | | | |
|---|---|---|---|---|---|---|---|
| Prisoner no. 10453 | | | | | | | |
| Prisoner Name:  Munir Farid Munir A-Rajbi | | | | Document no. 081059271 | | | |
| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |



Redacted

Confidential

Shatsky-JD00301-T

Prisoner Salary Statement

Prisoner no. 10453
Prisoner Name:  Munir Farid Munir A-Rajbi                          Document no. 081059271

| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |
|-------|------|-------------|--------|-----------|--------|-------------|--------|



Redacted

Page 2 of 7

Confidential                                    Shatsky-JD00302-T

Prisoner **Salary** Statement

| Prisoner no. 10453 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Prisoner Name:  Munir Farid Munir A-Rajbi | | | | Document no. 081059271 | | | |
| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |



Redacted

Confidential

Shatsky-JD00303-T

Prisoner **Salary** Statement

Prisoner no. 10453
Prisoner Name:  Munir Farid Munir A-Rajbi                    Document no. 081059271

| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |
|-------|------|-------------|--------|-----------|--------|-------------|--------|



Redacted

Page 4 of 7

Confidential                    Shatsky-JD00304-T

Prisoner Salary Statement

Prisoner no. 10453
Prisoner Name: Munir Farid Munir A-Rajbi                    Document no. 081059271

| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |
|-------|------|-------------|--------|-----------|--------|-------------|--------|



Redacted

Confidential                                                Shatsky-JD00305-T

## Prisoner Salary Statement

Prisoner no. 10453
Prisoner Name:  Munir Farid Munir A-Rajbi                    Document no. 081059271

| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |
|-------|------|-------------|--------|-----------|--------|-------------|--------|



Redacted

Confidential                                                                                    Shatsky-JD00306-T

## Prisoner Salary Statement

Prisoner no. 10453
Prisoner Name:  Munir Farid Munir A-Rajbi                                                   Document no. 081059271

| Month | Year | Beneficiary | ID no. | Bank Name | Branch | Account no. | Salary |
|---|---|---|---|---|---|---|---|
| 4 | 2020 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.485.00 |
| 5 | 2020 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.485.00 |
| 6 | 2020 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.585.00[*] |
| 7 | 2020 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.485.00 |
| 8 | 2020 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.485.00 |
| 9 | 2020 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.485.00 |
| 10 | 2020 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.485.00 |
| 11 | 2020 | Sa'da Farid Munir Rajbi | Redacted 9263 | | Redacted | | 7.485.00 |
| 12 | 2020 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.585.00[*] |
| 1 | 2021 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.485.00 |
| 2 | 2021 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.485.00 |
| 3 | 2021 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.485.00 |
| 4 | 2021 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.485.00 |
| 5 | 2021 | Sa'da Farid Munir Rajbi | Redacted 9263 | | | | 7.485.00 |

Page 7 of 7

Confidential                                                                                   Shatsky-JD00307-T

Original



كشف راتب أسير

رقم الأسير 10453
اسم الأسير سمير فريد سمير الرجبي

رقم الوثيقة 081058271

| الوات | رقم الحساب | الفرع | البنك | رقم البطاقة | الرقم المستفيد | السنة | الشهر |
|---|---|---|---|---|---|---|---|
| Redacted | | | | Redacted | | | |

7 من اصفحة



كشف راتب أسير

رقم الأسير .......10453
اسم الأسير ....مبرد بن ماهر الزجمي...

رقم الوجبة 081059271

| الراتب | رقم الحساب | النوع | البنك | رقم البطاقة | اسم المستفيد | البنة | الشهر |
|--------|-----------|-------|-------|------------|-------------|-------|-------|
| Redacted | | | Redacted | | | | |

صفحة 2 من 7

CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL

Shatsky-JD00304



CONFIDENTIAL

كشف راتب أسير

| رقم الأسير | 10453 |
| اسم الأسير | ... |
| رقم الوثيقة | 081059271 |

| الراتب | رقم الحساب | النوع | الملف | رقم البطاقة 48 | اسم البند | السنة | ... |



Redacted

CONFIDENTIAL

Shatsky-JD00306



CONFIDENTIAL

Shatsky-JD00307

# Exhibit 183

CONFIDENTIAL                                                                                                    SHATSKY-JD01302-T

| Palestine Liberation Organization<br>Commission of Detainees & Ex-Detainees Affairs<br>General Directorate of Legal Affairs<br>[in English] | [PLO<br>emblem] | Palestine Liberation Organization<br>Commission of Detainees & Ex-Detainees Affairs<br>General Directorate of Legal Affairs<br>[in Arabic] |

[handwritten: Audit]

### Special Power of Attorney                                           930        OK

### from the prisoner, regarding the apportioning of the disbursed monthly allowance among the authorized representatives below, in accordance with the amounts stated in this power of attorney

I, the undersigned, the prisoner Nassim Rashed "Abd el-Wudud" Za'tari from Jerusalem, ID number <sup>Redacted</sup>1870, currently located at Rimon Prison, whereas I wish to divide the receipt and withdrawal of my monthly allowance, disbursed by the Department of Detainees & Ex-Detainee Affairs, paid out to incarcerated prisoners, between the authorized representative (my mother), who was previously confirmed, and the new authorized representative (my sister), regarding the amounts stated below to each of them, further to any previous proceeding and for the purposes of this Power of Attorney, I have appointed and empowered, to act on my behalf and in my stead, 1 – my mother, the special authorized representative, Kafa "Taj A-Din" Za'tari, ID number <sup>Redacted</sup>3061, and I hereby authorize her to receive a portion of my monthly salary, an amount of Redacted only, and to have the amount transferred to her account at Redacted. Furthermore, I appointed, delegated and empowered, to act on my behalf and in my stead, the second (2) authorized representative, my sister, the special authorized representative, Najwa Rashed "Abd el-Wudud" Hilwani from Jerusalem, whose ID number is <sup>Redacted</sup>4571, to receive whatever remains of the monthly allowance connected to me, whatever that amount happens to be, and any additional amounts returned to me due to the progression of my term of incarceration only, and have the amount deposited into Redacted. Pursuant to this Special Power of Attorney, I delegate, appoint, and empower the two aforementioned special authorized representatives to receive the aforementioned stated sums and to take all special legal and official measures to do so, to supply the competent authority at the Department of Detainees & Ex-Detainee Affairs with all of the disbursement confirmations and documents needed for depositing the monthly allowance earmarked for prisoners and connected to myself, as stated above, a special power of attorney authorized his opinions, statements, actions, to be implemented solely by at the Department of Detainees & Ex-Detainee Affairs. **This Power of Attorney and my signature therein shall be deemed notification by me on the cancellation of any other Power of Attorney preceding this Power of Attorney, in force or otherwise at the Department, and that once any Power of Attorney whatsoever, of any type or of any origin, preceding this date, is presented, it shall be deemed null and void by me by virtue of this power of this Power of Attorney and the attached confirmation, without holding the Department of Detainees & Ex-Detainee Affairs legally responsible.**

Issued on 11.13.2017. Full name of the prisoner: [handwritten: Nassim Rashed Abd el-Wudud Za'tari.

The grantor-prisoner's signature -  [handwritten signature- Nassim Za'tari]

I, attorney Mu'taz Shaqirat, an attorney at the Department of Detainees & Ex-Detainee Affairs, confirm that the aforementioned prisoner had signed the request and Power of Attorney before me and in my presence on 11.13.2017 at the General Directorate of Legal Affairs/the Department of Detainees & Ex-Detainee Affairs.

Attorney's signature and stamp

Mu'ataz Shaqirat

[stamp – Shaqirat Mu'ataz, Adv.][handwritten signature- Illegible ]

Power of Attorney of the General Director of Legal Affairs

Important note: this power of attorney shall not be valid until it is authorized by the General Directorate of Legal Affairs in the commission.

[stamp – Palestinian Liberation Organization, Department of Detainees & Ex-Detainee Affairs, General Directorate of Legal Affairs] [handwritten signature]

[handwritten Gregorian date– 11.27.2017]

| Lwees Bldg., Sateh Marhaba, P.O. BOX 2105 Ramallah<br>[cut off] [English]<br>CONFIDENTIAL | Lwees Bldg., Sateh Marhaba, P.O. BOX 2105<br>Ramallah [cut off] [Arabic]<br> |

SHATSKY-JD01302-T

CONFIDENTIAL          *Confirmation renewal*          SHATSKY- JD01304-T

 *[Signature]*   [English:] **TO WHOM IT MAY CONCERN**

No. 07005

*930*

This certificate is valid only if the English and Arabic parts match each other.

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that

**Mr: NASSIM RASHED ABDELWEDOUD ZAATARI**

**From:** <u>EAST JERUSALEM</u>   **ID No.** <sup>Redacted</sup> <u>187-0</u>

**Was arrested by the Israeli Authorities on (DD/MM/YYYY):** 09.09.2003

**He is to date:** Sentenced

**Length of sentence / administrative period:** life sentence

**He/She was released on (DD/MM/YYYY):** xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx



**[Arabic:] TO WHOM IT MAY CONCERN**

This certificate is valid only if the English and Arabic parts match each other.

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that

**Mr: NASSIM RASHED ABDELWEDOUD ZAATARI**

**From:** <u>JERUSALEM</u>   **ID No.** <sup>Redacted</sup> <u>187-0</u>

**Was arrested by the Israeli Authorities on Day:** <u>09</u> **Month:** <u>09</u> **Year:** <u>2003</u>

**He/She is to date:** Awaiting Trial ☐  Sentenced ☒  Administrative ☐

**Length of sentence / administrative period:** life sentence

**He/She was released on Day:** <u>  xxxx  </u> **Month:** <u>  xxxx  </u> **Year:** <u>  xxxx  </u>

**Date:** 07.14.2005

**Place: JERUSALEM-DDI**

CERTIFIED UPDATE
12.13.2015
International Committee of
the Red Cross

*[Signature]*

**SERGE PATENAUDE**

**ICRC Delegate**

CONFIDENTIAL

[Stamp of
the Red
Cross]

SHATSKY- JD01304-T

CONFIDENTIAL                                        SHATSKY- JD01305-T



**CICR**          [English:] **TO WHOM IT MAY CONCERN**

No. 07005

This certificate is valid only if the English and Arabic parts match each other.

*930*

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that

**Mr: NASSIM RASHED ABDELWEDOUD ZAATARI**

**From:** <u>EAST JERUSALEM</u>   **ID No.** <sup>Redacted</sup><u>187-0</u>

**Was arrested by the Israeli Authorities on (DD/MM/YYYY):** 09.09.2003

**He is to date:** Sentenced

**Length of sentence / administrative period:** life sentence          *[signature] 1.8*

**He/She was released on (DD/MM/YYYY):** xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx



**[Arabic:] TO WHOM IT MAY CONCERN**

*Sentenced*

This certificate is valid only if the English and Arabic parts match each other.

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that

**Mr: NASSIM RASHED ABDELWEDOUD ZAATARI**

**From:** <u>JERUSALEM</u>   **ID No.** <sup>Redacted</sup><u>187-0</u>

**Was arrested by the Israeli Authorities on Day:** <u>09</u> **Month:** <u>09</u> **Year:** <u>2003</u>

**He/She is to date:** Awaiting Trial ☐   Sentenced ☒   Administrative ☐

**Length of sentence / administrative period:** life sentence

**He/She was released on Day:** <u>xxxx</u>   **Month:** <u>xxxx</u>   **Year:** <u>xxxx</u>

**Date:** 07.14.2005

**Place: JERUSALEM-DDI**

| CERTIFIED UPDATE |
|---|
| 11.01.2018 |
| International Committee of |
| the Red Cross |
| [Stamp of |
| the Red |
| Cross] |

*[Signature]*

**SERGE PATENAUDE**

**ICRC Delegate**

CONFIDENTIAL                                        SHATSKY- JD01305-T

CONFIDENTIAL          *10-year increment*          SHATSKY- JD01306-T

 *Audit*     [English:] **TO WHOM IT MAY CONCERN**

**CICR**                                          No. 07005

                                      451759

This certificate is valid only if the English and Arabic parts match each other. *930*

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that

**Mr:** NASSIM RASHED ABDELWEDOUD ZAATARI

**From:** <u>EAST JERUSALEM</u>      **ID No.** <sup>Redacted</sup> <u>187-0</u>

**Was arrested by the Israeli Authorities on (DD/MM/YYYY):** 09.09.2003

**He is to date:** Sentenced

**Length of sentence / administrative period:** life sentence

**He/She was released on (DD/MM/YYYY):** xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

**CICR**

          **[Arabic:] TO WHOM IT MAY CONCERN**

This certificate is valid only if the English and Arabic parts match each other.

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that

**Mr:** NASSIM RASHED ABDELWEDOUD ZAATARI

**From:** <u>JERUSALEM</u>      **ID No.** <sup>Redacted</sup> <u>187-0</u>

**Was arrested by the Israeli Authorities on Day:** <u>09</u> **Month:** <u>09</u> **Year:** <u>2003</u>

**He/She is to date:  Awaiting Trial** ☐  **Sentenced** ☒  **Administrative** ☐

**Length of sentence / administrative period:** life sentence

**He/She was released on Day:** <u>  xxxx  </u> **Month:** <u>  xxxx  </u> **Year:** <u>  xxxx  </u>

**Date:** 07.14.2005          *[Signature]*

**Place:** JERUSALEM-DDI          **SERGE PATENAUDE**

| CERTIFIED UPDATE |
| :---: |
| 08.13.2013 |
| International Committee of |
| the Red Cross |

**ICRC Delegate**

CONFIDENTIAL          SHATSKY- JD01306-T

| [Stamp of |
| :---: |
| the Red |
| Cross] |

CONFIDENTIAL                                                                SHATSKY-JD01307-T

| [English] Palestinian National Authority | [Emblem of the | [Arabic] Palestinian National Authority |
|---|---|---|
| Ministry of Detainees & Ex-detainees Affairs | Palestinian Authority] | Ministry of Detainees & Ex-detainees Affairs |
| Gen. Dep. Detainees & Ex-detainees | | Gen. Dep. Detainees & Ex-detainees |

**Main Prisoner Form**

| Form no.: | 4 | 5 | 1 | 7 | 5 | 9 | | | |
|---|---|---|---|---|---|---|---|---|---|
| Form issuance date: | 3/15/2011 | | | Ministry's administration/branch: | | | Jerusalem | | |

**1. Basic information concerning the prisoner:**

| ID no. (9 digits) | Redacted | | | | | 1 | 8 | 7 | 0 |
|---|---|---|---|---|---|---|---|---|---|
| **Four-part name:** | **First name** | | **Father's name** | | | **Grandfather's name** | | **Family name** | |
| | Nassim | | Rashed | | | Abd el-Wudud | | Al-Za'tari | |
| **Mother's name:** | Kifa | | | | **Gender:** | | ☑ Male      ☐ Female | | |
| **DoB:** | Redacted/1981 | | | | **Place of birth:** | | Jerusalem | | |
| **Education:** | ☐ Illiterate | ☐ Elementary | | ☑ High school | ☐ Diploma | ☐ University | | ☐ Higher education | |
| **Profession prior to arrest:** | Laborer | | | | **Organization:** | | | | |
| **Arrest date:** | 9/9/2003 | | | | **Place of arrest:** | | At home | | |
| **Arrest status:** | ☐ Detained | | ☑ Sentenced | ☐ Administrative | | ☐ Free | | ☐ Other | |
| **In case of life sentence according to ICRC Certificate** | Day | Month | Year | **Expected release date according to verdict:** | | Day | Month | Year | |
| | | Life term | | | | | | | |
| **Permanent residence:** | Governorate: | | Jerusalem | **Residential complex:** | | Redacted | | | |
| **Notes:** | | | | | | | | | |

**2. Information concerning previous arrests: ___/___. Only those attested to by ICRC certificates, in chronological order from newest to oldest.**

| No. | Arrest date | Arrest type | Release date | Arrest period | | | Notes |
|---|---|---|---|---|---|---|---|
| | | | | Day | Month | Year | |
| 1. | | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |
| 4. | | | | | | | |
| 5. | | | | | | | |
| 6. | | | | | | | |

1

CONFIDENTIAL                                                                SHATSKY-JD01307-T

CONFIDENTIAL                                                    SHATSKY-JD01308-T

| [English] Palestinian National Authority | [Emblem of the | [Arabic] Palestinian National Authority |
|---|---|---|
| Ministry of Detainees & Ex-detainees Affairs | Palestinian Authority] | Ministry of Detainees & Ex-detainees Affairs |
| Gen. Dep. Detainees & Ex-detainees | | Gen. Dep. Detainees & Ex-detainees |

**3. Social Status Information:**

| Marital Status: | ☑ Single | | | ☐ Married | | | ☐ Divorced | | ☐ Widow | |
|---|---|---|---|---|---|---|---|---|---|---|
| If Married: | Enter data of spouse and children | | | | | | | | | |
| Spouse's ID No. | | | | | | | | Marriage Contract Date | | |
| Spouse Name | | | | | | | | | Number of Children: | |
| Data on children from first wife: (sons under 18, unmarried daughters of all ages) | | | | | | | | | | |
| No. | Name | | | DoB | | Marital Status | | Education | | |
| 1. | | | | | | | | | | |
| 2. | | | | | | | | | | |
| 3. | | | | | | | | | | |
| 4. | | | | | | | | | | |
| 5. | | | | | | | | | | |
| 6. | | | | | | | | | | |
| 7. | | | | | | | | | | |
| 8. | | | | | | | | | | |
| 9. | | | | | | | | | | |

**4. Information of Authorized Representative (Beneficiary):**

| Beneficiary's ID: | Redacted | | | | | | 3 | 0 | 6 | 1 |
|---|---|---|---|---|---|---|---|---|---|---|
| Authorized Representative – Beneficiary's Name: | Kifa Taj A-Din Abdel Haez Za'tari | | | | | | Relationship: | | Mother | |
| Date of Authorization if Available: | | | | | Authorization's Period of Validity: | | | | | |
| Bank: | Redacted | | | | Bank Branch: | | | Al-Ram | | |
| Account No.: | | | | | Redacted | | | | | |
| Landline Phone No.: | Redacted | | | | Cell Phone No.: | | | | | |
| Permanent Beneficiary's Address: | Governorate: | | Jerusalem | | Residential complex: | | | | | |
| Notes: | | | | | | | | | | |

| Applicant's Notes: | |
|---|---|
| Confirmation: | I the undersigned confirm and testify that all of the information provided in this application is correct and I take responsibility for it. |
| Applicant's Signature: | |

2

CONFIDENTIAL                                                    SHATSKY-JD01308-T

SHATSKY-JD01312-T

CONFIDENTIAL

Israel Defense Forces

| | |
|---|---|
| In the Military Court | Court File: 03/*4113* |
| Judea | Prosecution File: 1570/03 |
| Before Panel | Police File: 22619/03 Zion |
| | 1404/03 Shafat |
| | 3861/03 Hebron |
| | 3862/03 Hebron |
| | 3863/03 Hebron |
| | 3864/03 Hebron |

### In the case between the Military Prosecutor – the Prosecution

-v-

*[Arabic handwriting:] Nasim Rashed Abd el-Wudud Za'tari*

Nasim Rashed Abd el-Wudud Za'tari        *[unclear text in Arabic handwriting, ending in the words: the sitting of 9/11]*

ID Number ^Redacted 1870, Date of Birth ^Redacted .1981, resident of A-Ram

Detained since 09.09.2003

### - the Defendant -

# Indictment

### The abovenamed  Defendant is hereby indicted for committing the following offenses:

### First Count:

**Nature of the Offense:** Membership in an unlawful association, an offense pursuant to Regulation 85(1)(a) of the Defense Regulations (Emergency), 1945.

**Details of the Offense:** The abovenamed Defendant, within the Region, starting in April 2003 and up to the date of his arrest, was a member or acted as a member of an unlawful association, specifically:

The abovenamed Defendant, during the said period, was a member of the Izz a-Din al-Qassam Brigades, the military wing of Hamas, which is an unlawful association.

The Defendant was recruited into the service of the military wing of Hamas in Hebron by Ahmad Badr, head of the Izz a-Din al-Qassam Brigades in the Hebron Region. On the occasion of his recruitment, the Defendant expressed his agreement to execute terror attacks against Israeli targets in Jerusalem.

The meeting between the Defendant and Ahmad Badr was organized by Ubeida Badr.

The abovenamed Ahmad Badr told the Defendant to locate places in Jerusalem where suicide terror attacks could be executed, to make plans for executing terror attacks in said places, and plan the transfer of suicide bombers whom Ahmad Badr would send, from Abu Dis to the above-mentioned places. Likewise, Ahmad Badr asked the Defendant to recruit another person who had an Israeli ID card, who would help the Defendant execute the above-mentioned missions. Ahmad Badr explained to the Defendant about the interrogations of the Israeli General Security Services and instructed the Defendant to keep silent in the interrogation if he is arrested.

The Defendant agreed to implement everything that Ahmad Badr asked of him and received from Ahmad Badr the sum of NIS1,000.

The Defendant and Ahmad Badr arranged how they would meet in Hebron and also established communication arrangements between them.

As part of the Defendant's activities in the military wing of Hamas, the Defendant was in constant contact with the abovenamed Ahmad Badr and even came to weekly meetings with the latter that took place in Hebron.

Prosecution File 1570/03                                     1

SHATSKY-JD01312-T                                                          CONFIDENTIAL

SHATSKY-JD01313-T                                                                CONFIDENTIAL

**Second Count:**

**Nature of the Offense::**Providing a service to an unlawful association, an offense pursuant to Regulation 85(1)(c) of the Defense (Emergency) Regulations, 1945.

**Details of the Offense:** The abovenamed Defendant, within the Region, in or around April 2003, did some kind of work or provided some kind of service for an unlawful association, specifically:

The abovenamed Defendant, on the said date, approximately two days after the meeting with Ahmad Badr in or around A-Ram described in the first Count of the indictment, recruited his brother-in-law - Majdi Barkat Abdel Ghafer Za'tari, code-named "Abu Alaa," into the military wing of Hamas.

**Third Count: (Police File 1404/03**

**Nature of the Offense:** Attempt to intentionally cause death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Sections 14(a) and 19 of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense:** The abovenamed Defendant, variously inside and outside the Region, on or about 05.18.2003, attempted to intentionally cause the death of another, specifically:

1. The abovenamed Defendant, in April 2003, in A-Ram or thereabouts, recruited his brother-in-law - Majdi Barkat Abdel Ghafer Za'tari, code-named "Abu Alaa," into the military wing of Hamas, as described in the second Count of the indictment. On the occasion of the recruitment, the Defendant instructed Majdi Za'tari to gather information on Egged bus line #45 that runs in the area of the Neve Yaakov neighborhood of Jerusalem, for the purpose of sending a suicide bomber to execute a terror attack on said bus with the intention of causing the death of as many Israeli civilians as possible.

2. The abovenamed Defendant met in Hebron with his commander in the military wing of Hamas, Ahmad Badr, and updated the latter about the actions that he had executed.

3. The abovenamed Defendant, in April 2003 in A-Ram or thereabouts, rented an apartment for the period of a month for NIS400. The Defendant planned to host overnight in the said apartment the suicide bomber who would come from Hebron to execute the planned suicide terror attack on the #45 bus in Jerusalem.

4. Several days later, the Defendant met with Majdi Za'tari, who told him that he had gathered information on the above-mentioned #45 bus line and that the bus leaves Neve Yaakov every morning at 06:30 and that there were no security guards, neither on the bus itself nor at the stops on the bus route.

5. On 05.16.2003, the Defendant came to Hebron and met there with his commander in the military wing of Hamas, Ahmad Badr. The Defendant reported to Ahmad Badr about his recruitment of Majdi Za'tari to Hamas, about the apartment rental for the suicide bomber, and about the information collected by Majdi Za'tari as said above. The Defendant told Ahmad Badr that everything was ready for the execution of the planned suicide terror attack.

6. Ahmad Badr told the Defendant that the latter had to meet the next day with the suicide bomber at 16:00 near the Arab Bank in Abu Dis. Ahmad Badr said that the suicide bomber would come equipped with the explosive belt for the purpose of executing the planned suicide attack, and that the terrorist would be wearing a brown hat and a watch on his left hand. Ahmad Badr said that the Defendant would identify the terrorist according to the abovenamed signs as well as the code-words, with the Defendant asking the terrorist "What time is it?" and the terrorist answering "The watch is broken." Ahmad Badr said that after he collected the suicide bomber from Abu Dis, the Defendant should take him to the apartment he had rented in A-Ram, and send him from there to execute the planned terror attack on Sunday, 05.18.2003. Ahmad Badr asked the Defendant to purchase Jewish-looking clothing for the suicide bomber so that no one would suspect him when he would leave to execute the terror attack.

7.  After his return from Hebron, the Defendant met in A-Ram with Majdi Za'tari and told the latter about the instructions that he had received from Ahmad Badr in Hebron. The Defendant told Majdi Za'tari that he would bring the suicide bomber himself on Sunday 05.18.2003 from A-Ram to the Neve Yaakov junction, and from there Majdi Za'tari would take the terrorist to the bus-stop at the entrance to Neve Yaakov so that the suicide bomber could get on bus line #45 and execute there the planned suicide terror attack.

8.  On Saturday, 05.17.2003, around 17:30, near the Arab Bank, the Defendant met Mujahid Ja'bari (hereinafter: the Suicide Bomber) who was sent by Ahmad Badr. The Defendant identified the Suicide Bomber according to the hat, watch and code-words, as said above.  The Suicide Bomber came holding a metal milk can which held the explosive belt.

Prosecution File 1570/03                                    2

SHATSKY- JD01313-T                                                          CONFIDENTIAL

SHATSKY- JD01314-T                                                                       CONFIDENTIAL

9. The Defendant, together with the Suicide Bomber, reached the A-Ram junction and there he made contact with Majdi Za'tari. A friend of the Defendant, Hamza Mustafa Hamadiya, drove the defendant and the Suicide Bomber from Abu Dis to A-Ram, to the home of Majdi Za'tari. Hamza Hamadiya drove the Defendant and the Suicide Bomber in a Fiat vehicle that he had taken from his brother.

10. In A-Ram, the Defendant and Majdi Za'tari purchased for the Suicide Bomber a pair of jeans, a button-down jeans shirt with short sleeves, sneakers and food. The Defendant purchased two cellular phones in order to keep in contact with the Suicide Bomber when the latter would leave to execute the planned suicide terror attack and in case he wouldn't succeed in executing the planned terror attack and remain alive.

11. After the Suicide Bomber ate, Majdi Za'tari took the Suicide Bomber to a barber shop, where the latter got a haircut and shave in preparation for the execution of the planned suicide terror attack. After that, the Defendant and Majdi Za'tari dressed the Suicide Bomber in the clothes they had bought, as said above, and even dressed him in the explosive belt that the Suicide Bomber had brought with him from Hebron.

12. The Defendant and Majdi Za'tari were not pleased by the result, as the explosive belt stuck out very obviously from under the jeans shirt that they had bought. The Defendant went home and brought from there his sister's schoolbag. The Defendant put the explosive belt into the above-mentioned schoolbag, made a hole in the back of the bag and drew out the wires with the switch that activated the explosive belt. Likewise, the Defendant made a hole in the back of the shirt that the Suicide Bomber wore, so that it would be possible to pass through it the wires and switch of the explosive belt. The Defendant and his abovenamed friends completed the preparations for the execution of the planned terror attack around 21:00, and decided that the Defendant would take the Suicide Bomber the next morning and that Majdi Za'tari would meet the Suicide Bomber at 06:00 at the Neve Yaakov junction.

13. The next day, on Sunday, 05.18.2003 at 05:00, the Defendant and the Suicide Bomber arose, prayed and the Defendant gave the schoolbag containing the explosive belt to the Suicide Bomber. The Defendant passed the wires and switches of the explosive belt (there were two - so that if one switch didn't work it would be possible to detonate the explosive belt by using the second one) through the holes in the schoolbag and shirt, and taped them to the Suicide Bomber's stomach with Isolierband. The Defendant attached a battery to the explosive belt and also gave the Suicide Bomber one of the cellular phones that he had purchased, as said above.

14. Around 05:30, the Defendant and the Suicide Bomber left the Defendant's house in A-Ram in order to carry out the planned suicide terror attack with the intention of causing the death of as many people as possible.

15. The Defendant and the Suicide Bomber walked in the direction of Dahiyat al-Barid. The Defendant walked in front and the Suicide Bomber walked approximately 30 meters behind him. In the area of Amarat Nuseiba the Defendant noticed an IDF force that had arrived at the site as reinforcements following a suicide terrorist attack that had occurred approximately 20 minutes prior on the Egged bus line #6 in French Hill in Jerusalem. The Defendant immediately called the Suicide Bomber and told him to turn around because there were IDF forces in the area. The Defendant was stopped at the scene by the above-mentioned IDF soldiers, but at that moment the IDF soldiers noticed the Suicide Bomber fleeing in a run from the site and let the Defendant go.

16. The Defendant left the site and after approximately 5 minutes he heard the blast, when the above-mentioned Suicide Bomber, Mujahid Ja'bari, upon attempting to flee from the IDF soldiers who were chasing him, activated the explosive belt that he had on his body. As a result of the explosion of the explosive device the Suicide Bomber was killed and did not cause damage to anyone else.

17. The Defendant drove from the scene to Al-Aqsa Mosque in Jerusalem and from there he contacted Majdi Za'tari and reported what had happened. Afterwards, Majdi Za'tari also came to Al-Aqsa and talked to the Defendant about what had happened in the area of A-Ram prior to that.

**Fourth Count: (Police File 22619/03 Zion)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense: The abovenamed** Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

1. The abovenamed Defendant, in July 2003, in Hebron or thereabouts, met with Ahmad Badr, his commander in the military wing of Hamas. The Defendant reported to Ahmad Badr about what had happened with the Suicide Bomber, Mujahid Ja'bari, as described in the previous Count of the indictment. Ahmad Badr told the Defendant that it was his mistake that he had not told the Defendant that another suicide terror attack would take place on bus line #6 in French Hill in Jerusalem on the same day. Ahmad Badr told the Defendant that the people who had taken

SHATSKY- JD01315-T

CONFIDENTIAL

the suicide bombers to the above-mentioned terror attack in French Hill and to the suicide terror attack on bus line #14 near the Clal Center building in Jerusalem in

June 2003 had been arrested by the Israeli security authorities.

2. Ahmad Badr asked the Defendant to find a site where a suicide terror attack could be executed with the intention of causing the death of as many people as possible, in order to avenge the death of the head of Hamas' military wing - Abdullah Qawasmeh. Likewise, Ahmad Badr gave the Defendant the sum of 1,000 Jordanian dinar so that the Defendant could learn how to drive and be able to drive to Tel Aviv in order to collect information there regarding appropriate sites in which to execute suicide terror attacks.

3. On the evening of that same day, the Defendant met in A-Ram with Majdi Za'tari and updated the latter about the plan to execute another suicide terror attack within the framework of their activities in the military wing of Hamas. Majdi Za'tari agreed to find an appropriate site for the execution of a suicide terror attack. The Defendant and Majdi Za'tari decided that they would execute another suicide terror attack on a bus full of passengers or in a restaurant, with the intention of causing the death of as many people as possible.

4. On or about 08.10.2003, the Defendant and Majdi Za'tari carried out a reconnaissance of Jerusalem with the goal of finding an appropriate site for the execution of the planned suicide terror attack. Around 21:00, in the area of the Novotel Hotel on Route 1, the Defendant and Majdi Za'tari observed a double Egged bus line #2 full of people and decided that they would execute the planned suicide terror attack on bus line #2. The Defendant and his friend agreed that Majdi Za'tari would collect information regarding bus line #2 because the Defendant had a beard and thus he could be suspected. Majdi Za'tari updated the Defendant that he had recruited an additional person - Abdallah Adnan Yihya Sharbati, who had an Israeli ID card and owned a car with Israeli license plates, who would help collect information in preparation for the execution of the planned terror attack, as well as help in transporting the suicide bomber to the attack site.

5. The next day, around 22:00, the Defendant met at his home in A-Ram with Majdi Za'tari, who told him that he had collected information about Egged bus line #2. Majdi Za'tari said that at a traffic light near the Novotel Hotel, the #2 bus turns left and immediately after the turn there is a bus stop. Majdi Za'tari said that Egged bus line #2 reaches the above-mentioned bus stop around 21:00 while full of passengers and that there are no security guards, neither on the bus nor at the above-mentioned bus stop.

6. After several days, on or about 08.17.2003, the Defendant drove to Hebron together with Majdi Za'tari and met with Ahmad Badr, the Defendant's commander in the military wing of Hamas. The Defendant and Majdi Za'tari updated Ahmad Badr regarding their plan to execute a suicide terror attack on Egged bus line #2 in Jerusalem as well as regarding the recruitment of Abdallah Sharbati, who could bring the suicide bomber in his car with Israeli license plates. Ahmad Badr was very pleased with the plan of the Defendant and Majdi Za'tari and said that in the coming days he would send them a suicide bomber for the purpose of executing the suicide terror attack on the #2 bus.

7. Ahmad Badr told the Defendant and his friend that on 08.19.2003, between 12:00-12:30, the suicide bomber would come to the mosque in Abu Dis and also told them the code-words by which the Defendant and his friend could identify the above-mentioned suicide bomber. Ahmad Badr said that it was up to the Defendant and his friend to bring the suicide bomber from the mosque in Abu Dis to the Abidin Mosque in the Wadi Jouz neighborhood in Jerusalem. The Defendant requested of Ahmad Badr that the suicide bomber wear black pants and a white shirt and that he should have a skullcap so that he would look like an ultra-Orthodox Jew.

8. Ahmad Badr told the Defendant the phone number and address of a moving company in Jerusalem and said that he would transfer the explosive belt from Hebron via the above-mentioned company for the purpose of executing the above-mentioned planned suicide terror attack. It would be hidden inside a piece of drywall inside a black bag. The Defendant purchased the above-mentioned black bag himself and passed it on that day to Ahmad Badr.

Ahmad Badr explained to the Defendant that he would have to attach two 9-volt batteries to the explosive belt. Ahmad Badr said that in the moving company the above-mentioned piece of drywall with the explosive belt will be listed as being for Aziz al-Ja'bari, and that the name of the sender would be Yousuf Shahin.

9. Likewise, Ahmad Badr purchased two SIM cards for cellular phones and determined with the Defendant that contact between them would be via sending coded text messages through the cellular phones with the above-mentioned SIM cards.

10. On their way back from Hebron, the Defendant and Majdi Za'tari agreed that Majdi Za'tari and Abdallah Sharbati would collect the suicide bomber from Abu Dis and transfer him to the Abidin Mosque in Wadi Jouz. It was agreed that Majdi Za'tari and Abdallah Sharbati would transfer the suicide bomber from the abovenamed mosque to the #2 bus stop described above, so that the latter could execute there the planned suicide terror attack.

11. Around 08:00 on 08.19.2003, the Defendant received a text message from Ahmad Badr and understood from its contents that Ahmad Badr had sent him a suicide bomber. Around 09:00, the Defendant came to Majdi Za'tari and instructed the latter to leave for Abu Dis with Abdallah Sharbati in order to collect the suicide bomber according to the plan described above.

Prosecution File 1570/03
SHATSKY- JD01315-T

4.

CONFIDENTIAL

CONFIDENTIAL

12. The Defendant himself drove to the offices of the moving company in East Jerusalem and received there the piece of drywall that had been sent to him by Ahmad Badr from Hebron. The Defendant drove to Majdi Za'tari's parents' house in the Wadi Jouz neighborhood of Jerusalem and hid there the explosive belt that was hidden inside the piece of drywall.

13. Afterwards, Majdi Za'tari came to his parents' home mentioned above and updated the Defendant that he and Abdallah Sharbati had collected the suicide bomber in Abu Dis and had transferred him to the mosque in Wadi Jouz. The Defendant told Majdi Za'tari where he had hidden the above-mentioned explosive belt.

14. Around 14:30 that same day, the Defendant came to the Abidin Mosque in Wadi Jouz and met there with Raed Misk (hereinafter: the Suicide Bomber), who had been brought there by two friends of the Defendant, as described above. The Defendant explained to the Suicide Bomber how to hold the explosive belt and how to operate it. Afterwards, the Defendant returned to the home of Majdi Za'tari's parents and updated Majdi Za'tari regarding his meeting with the Suicide Bomber as well as about the theoretical review of how to operate the explosive belt that he had given him. The Defendant explained to Majdi Za'tari how to attach the batteries to the explosive belt.

15. The Defendant concluded with Majdi Za'tari that during the evening hours the latter, together with Abdallah Sharbati, would transfer the Suicide Bomber along with the explosive belt in Abdallah Sharbati's car to the junction next to the Novotel Hotel on Route 1 in Jerusalem. The Defendant explained to Majdi Za'tari that the latter and Abdallah Sharbati would have to point out to the Suicide Bomber the bus stop at which he was supposed to get onto the line #2 bus and execute the suicide terror attack that was planned with the intention of causing the death of as many people as possible.

16. Around 18:30 the Defendant returned to the Abidin Mosque and met with the Suicide Bomber. The Suicide Bomber updated the Defendant that he had come from Hebron to Abu Dis in a taxi that had been stopped on the way by IDF soldiers who hadn't checked the Suicide Bomber and hadn't found the black skullcap that he had had in his pocket. The Defendant told the Suicide Bomber that after the evening prayers Majdi Za'tari and Abdallah Sharbati would come to him in the mosque and bring him to the place where he would execute the planned suicide terror attack. The Defendant left the mosque around 19:00 and went to his home in A-Ram.

17. Around 20:30, Majdi Za'tari and Abdallah Sharbati came in the latter's car, a Renault Express with Israeli license plates, to the Abidin Mosque in Wadi Jouz. Majdi Za'tari and Abdallah Sharbati collected the Suicide Bomber and drove to the Novotel Hotel on Route 1 in Jerusalem. On their way to the abovenamed site, Majdi Za'tari attached the two batteries to the explosive belt described above and explained again to the Suicide Bomber how to activate the explosive belt. At the junction of the streets near the Novotel Hotel, Majdi Za'tari and Abdallah Sharbati pointed out to the Suicide Bomber the bus stop for Egged bus line #2 and instructed the latter to wait at the said bus stop and to get on a #2 bus around 21:00 and activate the explosive belt with the intention of causing the death of as many people as possible. When the Suicide Bomber left their car and made his way to the abovenamed bus stop, Majdi Za'tari and Abdallah Sharbati fled from the site in the latter's car.

18. Around 21:10, at the bus stop at the corner of Route 1 and Shmuel Hanavi Street, the Suicide Bomber, Raed Misk, got onto an articulated Egged #2 bus that was completely filled with men, women and children. There, the Suicide Bomber activated the explosive device he was carrying, with the intention of causing the death of as many people as possible.

19. As a result of the explosion of the Suicide Bomber with the above-mentioned explosive device, twenty-two people were killed, as will be described in the following Counts of the indictment. Likewise, the Suicide Bomber himself was also killed.

20. As a result of the explosion of the Suicide Bomber with the above-mentioned explosive device, many other people were wounded and injured, as will be described in the following Counts of the indictment.

21. As a result of the explosion of the Suicide Bomber with the above-mentioned explosive device, a great deal of damage was caused to property, both to the abovenamed Egged bus and to many vehicles that were near the said bus at the time of the explosion.

22. With his actions described above, the Defendant intentionally caused the death of 37-year-old **Tova Lev of blessed memory, who** was killed as a result of the explosion of the explosive device, as said above.

23. The next day, during the evening hours, Majdi Za'tari came to the home of the Defendant in A-Ram and updated the latter as to his actions on the evening of 08.19.2003.

24. On 08.23.2003, the Defendant went to Hebron and met there with Ahmad Badr. Ahmad Badr was very pleased with the results of the suicide terror attack that the Defendant and his friends had executed and even gave the Defendant a gift of 600 Jordanian dinar for the terror attack described above. The Defendant left for himself 200 dinar and gave the other 400 dinar to Majdi Za'tari in return for the execution of the suicide terror attack described above. The Defendant instructed Majdi Za'tari to pass on 200 Dinar to Abdallah Sharbati.

Prosecution File 1570/03                                                     5

SHATSKY- JD01316-T                                                          CONFIDENTIAL

SHATSKY- JD01317-T                                                                    CONFIDENTIAL

**Fifth Count** (Police File 22619/03 Zion)

**Nature of the Offense:**Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense: The abovenamed** Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 70-year-old **Rahel Weitz of blessed memory,** who was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

**Sixth Count:**(Police File 22619/03 Zion)

**Nature of the Offense:**Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense:** The abovenamed Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 2.5-year-old **Tehilla Nathanson of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.


**Seventh Count:** (Police File 22619/03 Zion)

**Nature of the Offense:**Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense:** The abovenamed Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 20-year-old **Miriam Eisenstein of blessed memory,** who was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.


**Eighth Count:** (Police File 22619/03 Zion)

**Nature of the Offense:**Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense :**The abovenamed Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 50-year-old **Shmuel Wilner of blessed memory,** who was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

Prosecution File 1570/03                                       6
SHATSKY- JD01317-T                                                           CONFIDENTIAL

SHATSKY- JD01318-T                                                                                  CONFIDENTIAL

**Ninth Count:(Police File 22619/03 Zion)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense:** The abovenamed Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 24-year-old **Menachem Leibel of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

**Tenth Count: (Police File 22619/03 Zion)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense: The abovenamed** Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 47-year-old **Mordechai Shalom Reinitz of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

**Eleventh Count:(Police File 22619/03 Zion)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense:** The abovenamed Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 65-year-old **Hanoch Segal of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

**Twelfth Count:(Police file 22619/03 Zion)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense:** The abovenamed Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 3-month-old **Eli-Shmuel Zarkovsky of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

SHATSKY- JD01319-T                                            CONFIDENTIAL

**Thirteenth Count:** **(Police File 22619/03 Zion)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense: The abovenamed** Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 16-year-old **Elisheva Meshulami of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

**Fourteenth count:(Police File 22619/03 Zion)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense:** The abovenamed Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 50-year-old **Yaakov Yissachar Dov Binder of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

**Fifteenth count:(Police File 22619/03 Zion)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense:** The abovenamed Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 19-year-old **Chava Rechnitzer of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

**Sixteenth Count:(Police File 22619/03 Zion)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense: The abovenamed** Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 54-year-old **Liba Schwartz of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

SHATSKY- JD01320-T                                                      CONFIDENTIAL

**Seventeenth Count:(Police File 22619/03 Zion)**

**Nature of the Offense:**Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense: The abovenamed** Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 44-year-old **Golda Zarkovsky of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

**Eighteenth Count:(Police File 22619/03 Zion)**

**Nature of the Offense:**Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense: The abovenamed** Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 51-year-old **Feiga Dushinski of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

**Nineteenth Count:(Police File 22619/03 Zion)**

**Nature of the Offense:**Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense: The abovenamed** Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 42-year-old **Eliezer Weisfish of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

**Twentieth Count: (Police File 22619/03 Zion)**

**Nature of the Offense:**Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense: The abovenamed** Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 22-year-old **Lilach Kardi of blessed memory, who** was killed as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment. At the time of her death, **Lilach Kardi of blessed memory** was pregnant.

SHATSKY- JD01321-T                                                                      CONFIDENTIAL

**Twenty-fifth Count: (Police File 22619/03 Zion)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense: The abovenamed** Defendant, variously inside and outside the Region, on or about 08.19.2003, intentionally caused the death of another, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally caused the death of 27-year-old **Mordechai Laufer of blessed memory, who** died on 09.05.2003 due to the wounds he suffered as a result of the explosion of the Suicide Bomber with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

**Twenty-sixth Count: (Police File 22619/03 Zion)**

**Nature of the Offense:** Attempt to intentionally cause death, an offense pursuant to Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Sections 14(a) and 19 of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense: The abovenamed** Defendant, variously inside and outside the Region, on or about 08.19. 2003, attempted to intentionally cause the death of another person, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, attempted to intentionally caused the death of all the people who were around the Suicide Bomber, who exploded with his explosive device on Egged bus line #2 on Shmuel Hanavi Street in Jerusalem, as described in the fourth Count of the indictment.

As a result of the explosion of the Suicide Bomber with his explosive device, **approximately 120 people were injured** who were on and near the abovenamed bus at the time of the explosion.

**Twenty-seventh Count: (Police File 22619/03 Zion)**

**Nature of the Offense:** Malicious damage to property, an offense pursuant to Section 53c of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970, and Section 14(a) of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense:** The abovenamed Defendant, variously inside and outside the region, on or about 08.19.2003, destroyed property or harmed it maliciously and in violation of the law, specifically:

The abovenamed Defendant, through his actions described in the fourth Count of the indictment, intentionally and in violation of the law, caused heavy damage to the #2 Egged bus on Shmuel Hanavi Street in Jerusalem and also caused damage to additional vehicles and to stores and businesses that were near the site of the terror attack described in the fourth Count of the indictment and which were damaged as a result of the explosion of the explosive device.

SHATSKY- JD01322-T                                                                CONFIDENTIAL

**Twenty-ninth Count:**

**Nature of the Offense:** Conspiracy to commit an offense punishable by more than three years in prison, an offense pursuant to Section 22 of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968, and Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970.

**Details of the Offense:** The abovenamed defendant, in the Region, in or around the months of July - August 2003, conspired with another person to intentionally cause the death of another, specifically:

The abovenamed Defendant, on the said date, in or around Hebron, conspired with Ahmad Badr, the Defendant's commander in the military wing of Hamas, to execute an additional suicide terror attack in Jerusalem with the intention of causing the death of as many people as possible. The Defendant and Ahmad Badr planned that Ahmad Badr would send to the Defendant a suicide bomber armed with an explosive belt, and that the Defendant would bring him to the restaurant of the Hebrew University on Mount Scopus so that he should execute there a suicide terror attack with the intention of causing the death of as many people as possible. According to the instruction of the Defendant, Majdi Barkat Abdel Ghafer Za'tari and Abdallah Adnan Yihya Sharbati gathered information about the restaurant of the Hebrew University on Mount Scopus that is located near the student dormitories. In light of the collected information, the Defendant and Majdi Za'tari decided that the site was an appropriate one in which to execute the planned suicide terror attack. The plan of the Defendant and his friends was to send the suicide bomber to execute the terror attack in the said restaurant at the same time as another suicide bomber would execute a suicide terror attack on bus line #2. The plan of the Defendant and his friends was not realized because Ahmad Badr sent only one suicide bomber whom the Defendant and his friends, sent to execute the suicide terror attack on Egged bus line #2, as described in the fourth Count of the indictment.

**Thirtieth Count:**

**Nature of the Offense:** Conspiracy to commit an offense punishable by more than three years in prison, an offense pursuant to Section 22 of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968, and Section 67(a)(d) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970.

**Details of the Offense:** The abovenamed Defendant, within the Region, in or around July 2003, conspired with another person to compel a person by force or by threats or by enticing him through deception to go from where he was, in order to blackmail or threaten, specifically:

The abovenamed Defendant, on the said date, in or around Hebron, conspired with Ahmad Badr, the Defendant's commander in the military wing of Hamas, to kidnap IDF soldiers for the purpose of conducting negotiations with the Israeli government for the release of Palestinian prisoners being held in prisons in Israel. Majdi Barkat Abdel Ghafer Za'tari was also added to the above-mentioned plan. In order to advance the above-mentioned plan, the Defendant and Majdi Za'tari took driving lessons in Jerusalem so that they could drive a car and kidnap Israeli soldiers.

**Thirty-first Count:**

**Nature of the Offense:** Conspiracy to commit an offense punishable by more than three years in prison, an offense pursuant to Section 22 of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968, and Section 51(a) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970.

**Details of the Offense:** The abovenamed defendant, in the Region, during the months of July through the beginning of September 2003 or thereabouts, conspired with another person to intentionally cause the death of another, specifically:

The abovenamed Defendant, on the said date, in or around Hebron, conspired with Ahmad Badr, the Defendant's commander in the military wing of Hamas, to execute additional suicide terror attacks with the intention of causing the death of as many people as possible. The Defendant, together with Majdi Barkat Abdel Ghafer Za'tari, planned to execute suicide terror attacks in an events hall in Talpiot in Jerusalem, in an events hall on Yaffo Street in Jerusalem, on Hayarkon Street in Tel Aviv, and in an events hall in Ashkelon, where Majdi Za'tari was employed. The Defendant and Majdi Za'tari planned to bring to these places the suicide bombers whom they would receive from Ahmad Badr for the purpose of executing through them suicide terror attacks and cause the death of as many people as possible.

Prosecution File 1570/03                                      14

SHATSKY- JD01322-T                                                                CONFIDENTIAL

SHATSKY- JD01323-T                                                                CONFIDENTIAL

**Thirty-second Count:**

**Nature of the Offense:** Military training without a permit, an offense pursuant to Regulation 62 of the Defense (Emergency) Regulations, 1945.

**Details of the Offense:** The abovenamed Defendant, within the Region, during or around the months of July - September 2003, trained or was trained militarily in the use of arms or the practice of military exercises, movements, or operating systems, specifically:

The abovenamed Defendant, on the stated date, in or around Hebron, went through training in the preparation of TATP explosives. The training was conducted by Bassel Qawasmeh, one of the heads of the military wing of Hamas in Hebron, who also was involved with sending suicide bombers to execute suicide terror attacks in Israel.

**Thirty-third Count:**

**Nature of the Offense::** Providing a service to an unlawful association, an offense pursuant to Regulation 85(1)(c) of the Defense (Emergency) Regulations, 1945.

**Details of the Offense:** The abovenamed Defendant, within the Region, during or around the months of July - September 2003, did some kind of work or provided some kind of service for an unlawful association, specifically:

The abovenamed Defendant, during the said period, together with Majdi Barkat Abdel Ghafer Za'tari, on several occasions, in or around Hebron, gave to Ahmad Badr, the Defendant's commander in the military wing of Hamas, 9-volt batteries, a gas gun, handcuffs, teargas, electrical switches and wires. The Defendant and Majdi Za'tari purchased the abovenamed items in A-Ram with money that they received for this purpose from Ahmad Badr and Bassel Qawasmeh, commanders of the military wing of Hamas in the Hebron Region.

**Witnesses for the Prosecution:**

1.  First Sergeant Yitzhak Yakovof, Badge No. <sup>Redacted</sup>8358, of Judeah Investigations Unit [Takes down the Defendant's statements from 09.14.2003 and 09.15.2003 and submits 2 texts handwritten by the Defendant in Arabic (from 09.14.2003 and 09.15.2003) + a piece of paper that was presented to the Defendant on 09.14.2003 + 2 reports of photo identification sequences from 09.14.2003 + 2 photo boards + Leading and Pointing reports of Abdallah Sharbati and Majdi Za'tari.

2.  First Sergeant Moshe Levi, Badge No. <sup>Redac</sup>3117, of Judeah Investigations Unit [Takes down the Defendant's statements from 10.01.2003 and submits minutes report and Defendant's handwritten text in Arabic + a picture of the Defendant that was presented to Jalal Yaghmour, and accompanying minutes report.]

3.  Superintendent Ofer Shalush, Badge No. <sup>Redac</sup>6718, Mobile Lab, National Headquarters - Jerusalem. [Submits video tapes that document the Leadings and Pointings that Abdallah Sharbati and Majdi Za'tari carried out.

4.  Majdi Barkat Abdel Ghafer Za'tari, ID No. <sup>Redacted</sup>3490. (Detained) (Prosecution File 1571/03)

5.  Abdallah Adnan Yihya Sharbati, ID No. <sup>Redacted</sup>2541. (Detained) (Prosecution File 1591/03)

6.  Jalal Jamal Hilmi Yaghmour, ID No. <sup>Redacted</sup>5924. (Detained) (Prosecution File 1507/03)

**Police File 1404/03 Shafat**

7.  Yamin Ghanem, ID No. <sup>Redacted</sup>5373, Border Police - 43rd Company [testimony]

8.  First Sergeant Dror Cohen, Badge No. <sup>Redacted</sup>4842, Forensics Unit Zion [submits Description of Corpse at Incident Scene form + photos from the incident scene.]

9.  Ilan Granot, ID No. <sup>Red</sup>9555, Special Duties Department - Jerusalem [submits activity report]

10. Sagie Matza, ID No. <sup>Red</sup>2421, North Jerusalem Bomb Lab  [submits cover sheet for exhibits]

**(Police File 22619/03 Zion**

11. Ariel Ya'ari, ID No. <sup>Red</sup>4522, Bomb Lab, National Headquarters - Jerusalem. [action report/ seizure and marking report]

Prosecution File 1570/03                                    15

SHATSKY- JD01323-T                                                                CONFIDENTIAL

SHATSKY- JD01324-T                                                                    CONFIDENTIAL

12. Superintendent Albert Shemaya, Badge No.<sup>Rede</sup>0607, Identification Moriah [submits Multi-Casualty Incident Summary form]

13. Superintendent Lior Nedivi, Badge No.<sup>Rede</sup>2127, Forensics Unit Zion [submits Description of Corpse At Scene reports]

14. First Sergeant Nissim Alfi, Badge No.<sup>Rede</sup>1059, Forensics Unit Moriah [submits Description of Corpse At Scene reports]

15. Master Sergeant Avi Dedana, Badge No.<sup>Rede</sup>2341, Forensics Unit Zion [submits Description of Corpse At Scene reports]

16. 2 video tapes documenting the terror attack site.

17. Photos documenting the terror attack site.

18. Video tape - the "will" of the suicide bomber - Raed Misk.

19. Avraham Yeshayahu Zerbiv, ID No.<sup>Redacted</sup>0773. [eyewitness, injured]

20. Shalom Goldstein, ID No.<sup>Redacted</sup>5029. [eyewitness, was in the bus, injured]

21. Yechiel Luria, ID No.<sup>Redacted</sup>1222. [eyewitness, was in the bus, injured]

22. Miriam Garbi, ID No.<sup>Redacted</sup>0715. [eyewitness, was in the bus, injured]

23. Shimon Shaya Kadosh, ID No.<sup>Redacted</sup>3299. [eyewitness, injured]

24. Hannah Nathanson, ID No<sup>Redacted</sup>1706. [eyewitness, was in the bus, injured]

25. Matanya Nathanson, ID No.<sup>Redacted</sup>4492. [eyewitness, was in the bus, injured]

26. David Avraham Rottenberg, ID No.<sup>Redacted</sup>9695. [eyewitness, was in the bus, injured]

27. Bentzion Chaim Salomon, ID No.<sup>Redacted</sup>1042. [eyewitness, was in the bus, injured]

28. Ora Cohen, ID No.<sup>Redacted</sup>3266. [eyewitness, was in the bus, injured]

29. Yechiel Victor Borenstein, ID No.<sup>Redacted</sup>5359. [eyewitness, aided the injured]

30. Arni Ben Zion, ID No.<sup>Redacted</sup>9402. [eyewitness, was in the bus, injured]

31. Chaim Ze'ev Sivilia, ID No.<sup>Redacted</sup>2096. [eyewitness, was in the bus, injured]

32. Yosef Dinat, ID No.<sup>Redacted</sup>5747. [eyewitness, was in the bus, injured]

33. Yosef Bar-Or, ID No.<sup>Redacted</sup>4009. [eyewitness, was in the bus, injured, his son was killed in the terror attack]

34. Moshe Strauss, ID No.<sup>Redacted</sup>6102. [eyewitness, was in the bus, injured]

35. Dov Eichler, Canadian passport No.<sup>Redacted</sup>35Pc [eyewitness, was in the bus, injured]

36. Esther Cytrin, ID No<sup>Redacted</sup>2918. [eyewitness, was in the bus, injured]

37. Binyamin Cytrin, ID No.<sup>Redacted</sup>9785. [eyewitness, was in the bus, injured]

38. Nabil Ali Namer, ID No.<sup>Redacted</sup>8847. (Details in the prosecution file) [driver of the bus in which the suicide bomber exploded]

39. Yitzchak Azriel, ID No.<sup>Redacted</sup>5490. [eyewitness, was in the bus, injured]

40. Nechemia Steinharter, ID No.<sup>Redacted</sup>8581. [eyewitness, was in the bus, injured]

41. Yosef Steinovitz, ID No.<sup>Redacted</sup>1600. [eyewitness, was in the bus, injured]

42. Zvi Segal, ID No.<sup>Redacted</sup>8152. [eyewitness, was in the bus, injured]

43. Shoshana Miller, ID No.<sup>Redacted</sup>7930. [eyewitness, was in the bus, injured]

44. Chaim Moshe Miller, U.S. Passport No.<sup>Redacted</sup>9961 [eyewitness, was in the bus, injured]

45. Yasser Harbawi, ID No.<sup>Redacted</sup>5105. [eyewitness, injured]

46. Dr. Ricardo Nachman, the National Center of Forensic Medicine (Abu Kabir) [submits expert opinion]

47. Prof. Yehuda Hiss, the National Center of Forensic Medicine (Abu Kabir) [submits expert opinion]

48. Dr. Esther Dahan, Lic. No.<sup>Re</sup>7852, Hadassah-University Medical Center - Ein Karem [submits death certificate of Mordechai Laufer of blessed memory - physician's certification]

49. Lists of injured from Hadassah-University Medical Center - Ein Karem, Hadassah-University Medical Center - Mt. Scopus, Shaare Zedek Medical Center [institutional records]

50. Lists of injured in the terror attack - 106 call center of Jerusalem Municipality [institutional record]

51. The medical records of the injured.

[signature]

Michael Kotlick, Captain

Military Prosecutor

Date: 11.09.2003

Reference: 1570-03

Prosecution File 1570/03                                    16

SHATSKY- JD01324-T                                                                    CONFIDENTIAL

Original

CONFIDENTIAL

SHATSKY-JD01302



Palestine Liberation Organization
Commission of Detainees & Ex-Detainees Affairs
General Directorate of Legal Affairs

منظمة التحرير الفلسطينية
هيئة شؤون الأسرى والمحررين
الإدارة العامة للشؤون القانونية

**وكالة خاصة**    (930)    ok

**من أسير بتقسيم صرف راتبة الشهري للوكيلين أدناه حسب المبالغ الواردة بهذه الوكالة**

أنا الموقع أدناه الأسير نسيم راشد "عبد الودود" الزعتري / من القدس  هوية رقم ١٨٧٠ Redacted
والموجود في سجن ريمون حالياً ، حيث أنني أرغب في تقسيم إستلام وتقاضي راتبي الشهري
المصروف من هيئة شؤون الأسرى والمحررين والمصروف للأسرى داخل السجون بين الوكيلة
(والدتي ) والمعتمدة من السابق وبين الوكيلة الجديدة (شقيقتي) وذلك حسب المبالغ الواردة أدناه لكل
واحده منهما ، ولاحقاً إلى أي إجراء سابق ولغايات هذه الوكالة فإنني  وكلت وأقمت مقام نفسي
وعوضاً عن شخصي ١ – الوكيلة الخاصة والدتي – كفى "تاج الدين" الزعتري  هوية رقم
٣٠٦١ Redacted
فإنني وبهذا اوكلها بإستلام جزء من راتبي الشهري مبلغ وقدره Redacted
فقط وتحويل المبلغ على حسابها لدى Redacted
Redacte

**وكذلك وكلت وأقمت مقام نفسي وعوضا عن شخصي الوكيلة الثانية ( ٢)– الوكيلة الخاصة
شقيقتي- نجوى راشد "عبد الودود " حلواني – من القدس هوية رقم ٥٧١ و٥٧١ Redacted بإستلام باقي
ما تبقى من الراتب الشهري المتعلق بي بالغ ما بلغ وأية زيادات ترد لي على الراتب بسبب تقدم فترة
الأسر فقط وتحويل المبلغ على** Redacted

، وبموجب هذه الوكالة الخاصة أفوض وأوكل وأعين الوكيلين الخاصين المذكورين أعلاه باستلام المبالغ
المذكورة والمحددة اعلاه، والقيام بكافة الإجراءات القانونية والرسمية الخاصة بذلك وتزويد الإدارة
المختصة بهيئة شؤون الأسرى والمحررين  بكافة معززات الصرف والأوراق اللازمة لغايات تحويل الرتب
الشهري الخاص بالأسرى والمتعلق بي كما هو وارد اعلاه ، وكالة خاصة مفوضه لرأيه وقوله وفعله
ويعمل بها فقط لدى هيئة  شؤون الأسرى والمحررين ، وتعتبر هذه الوكالة وتوقيعي عليها إشعار مني
بإلغاء أية وكالة أخرى سابقة لتاريخ هذه الوكالة سواء كان ساري العمل بها أم لا لدى الهيئة وإنه
بمجرد عرض أي وكالة على الهيئة مهما كان نوعها أو مصدرها سابقة لهذا التاريخ تعتبر لاغيه
وملغاة من قبلي بموجب هذه الوكالة الإقرار المرفق ، ودون تحميل أي مسؤولية قانونية للهيئة .

تحريراً في ١٣/ ١١ /٢٠١٧ م . اسم الأسير الرباعي :-  نسيم راشد عبد الودود الزعتري

توقيع الموكل الأسير :-

أنا المحامي معتز شقيرات  محامي هيئة شؤون الأسرى والمحررين أصادق بأن الأسير المذكور اعلاه وقع أمامي وبحضوري بتاريخ
١٣/ ٧ /٢٠١٧م في سجن ريمون أثناء زيارتي له بناءً على طلبه وتكليف من الإدارة العامة للشؤون القانونية / بهيئة شؤون
الأسرى والمحررين .

توقيع وختم المحامي

שקירات מועתז , עו"ד
محام – شقيرات
ص.ب. 64794
معتز شقيرات

مصادقة الإدارة العامة للشؤون القانونية

**ملاحظة عامة / لا تسري هذه الوكالة لدى الهيئة إلا بعد مصادقة الإدارة العامة للشؤون القانونية في الهيئة .**

عمارة لويز – سطح مرحبا – رام الله ص.ب : 2105

SHATSKY-JD01302

CONFIDENTIAL

SHATSKY-JD01303




**CICR**

## TO WHOM IT MAY CONCERN

№  07005

This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that :

Mr:   **NASSIM RASHED ABDELWEDOUD  ZAATARI**

From :   **EST JERUSALEM**

ID NO: Redacted187-0

Was arrested by the Israeli Authorities on (dd / mm / yyyy) :     **09.09.2003**

He is to date :          Sentenced

Length of sentence / administrative period : life sentence

He/She was released on (dd/mm/yyyy): XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX



**CICR**

إلى من يهمه الأمر

هذه الشهادة سارية المفعول فقط في حالة تطابق بياناتها باللغتين العربية والإنجليزية

استنادا إلى المعلومات الواردة من السلطات الإسرائيلية، تشهد اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة ____ نسيم راشد عبد الودود الزعتري

من ____ القدس ____ هوية رقم ____ ١٨٧ـ

كان/ت قد إعتقل/ت من قبل السلطات الإسرائيلية في يوم ٩ / شهر ٩ / سنة ٢٠٠٣

وهو/هي في هذا التاريخ : ينتظر المحاكمة ____ محكوم/ة X ____ إداري ____

محكوم/ة أو إداري لمدة ____ مدى الحياة ____ xxxxxxxxxxxxxxxxxx / شهر

وهو/هي أطلق سراحة/ها في يوم xxxxxx / شهر xxxxxx / سنة xxxxxxx

Date:   **14.07.2005**

التاريخ

Place:   **JERUSALEM-DDI**

المكـان

CERTIFIED UPDATE

0 4 -10- 2017

International Committee of the Red Cross

**SERGE PATENAUDE**

ICRC Delegate

توقيع مندوب اللجنة

CONFIDENTIAL

SHATSKY-JD01303

CONFIDENTIAL                                                                SHATSKY-JD01304

 

№ 07005

## TO WHOM IT MAY CONCERN

930

**CICR**  This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that :

Mr:  **NASSIM RASHED ABDELWEDOUD  ZAATARI**

From :  **EST JERUSALEM**  ID NO: Redacted 87-0

Was arrested by the Israeli Authorities on (dd / mm / yyyy) :  **09.09.2003**

He is to date :  Sentenced

Length of sentence / administrative period : life sentence

He/She was released on (dd/mm/yyyy): XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX



إلى من يهمه الأمر

**CICR**  هذه الشهادة سارية المفعول فقط في حالة تطابق بياناتها باللغتين العربية والإنجليزية

استنادا إلى المعلومات الواردة من السلطات الإسرائيلية، تشهد اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة ــــــ نسيم راشد عبد الودود الزعتري

من ــــــ القدس ـــــ هوية رقم ــــ ٨٧ Redacted

كان/ت قد إعتقل/ت من قبل السلطات الإسرائيلية في يوم ٩ / شهر ٩ / سنة ٢٠٠٣

وهو/هي في هذا التاريخ : ينتظر المحاكمة ـــــ محكوم/ة X ـــ إداري ـــــ

محكوم/ة أو إداري لمدة مدى الحياة X X X X X X X X X X X X X X X X X

وهو/هي أطلق سراحة/ها في يوم X X X / شهر X X X X X X / سنة X X X X X

**CERTIFIED UPDATE**
**13 -12- 2015**
International Committee
of the Red Cross

Date:  **14.07.2005**              التاريخ

**SERGE PATENAUDE**
ICRC Delegate

Place:  **JERUSALEM-DDI**          المكان

توقيع مندوب اللجنة

CONFIDENTIAL                                                                SHATSKY-JD01304



SHATSKY-JD01305

CONFIDENTIAL

№ 07005

## TO WHOM IT MAY CONCERN

**CICR** This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that :

Mr: **NASSIM RASHED ABDELWEDOUD  ZAATARI**

From :  **EST JERUSALEM**                   ID NO: Redacted187-0

Was arrested by the Israeli Authorities on (dd / mm / yyyy) :   **09.09.2003**

He is to date :          Sentenced

Length of sentence / administrative period : life sentence

He/She was released on (dd/mm/yyyy): XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX



إلى من يهمه الأمر

**CICR**  هذه الشهادة سارية المفعول فقط في حالة تطابق بياناتها باللغتين العربية والإنجليزية

استنادا إلى المعلومات الواردة من السلطات الإسرائيلية، تشهد اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة _____

من _____ هوية رقم _____ Redacted

كان/ت قد إعتقل/ت من قبل السلطات الإسرائيلية في يوم ____ / شهر ____ / سنة ____

وهو/هي في هذا التاريخ : ينتظر المحاكمة _____ محكوم/ة __X__ إداري ____

محكوم/ة أو إداري لمدة _____ xxxxxxxxxxxxxxxxxxxxxxxxxxx

وهو/هي أطلق سراحة/ها في يوم xxxxxxxxxx/ شهر xxxxxxxxx/ سنة xxxxxxxx

Date:  **14.07.2005**

التــاريــخ

Place:  **JERUSALEM-DDI**

المكـــان

CERTIFIED UPDATE
0 1 11 2018
International Committee
of the Red Cross

**SERGE PATENAUDE**

ICRC Delegate

توقيع مندوب اللجنة

CONFIDENTIAL

SHATSKY-JD01305

CONFIDENTIAL                                                SHATSKY-JD01306



№ 07005

## TO WHOM IT MAY CONCERN

451759

**CICR**

This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that :

Mr:   **NASSIM RASHED ABDELWEDOUD  ZAATARI**

From :   **EST JERUSALEM**                    ID NO: Redacted 187-0

Was arrested by the Israeli Authorities on (dd / mm / yyyy) .   **09.09.2003**

He is to date :        Sentenced

Length of sentence / administrative period : life sentence

He/She was released on (dd/mm/yyyy): XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX



إلى من يهمه الأمر

**CICR**

هذه الشهادة سارية المفعول فقط في حالة تطابق بياناتها باللغتين العربية والإنجليزية

استنادا إلى المعلومات الواردة من السلطات الإسرائيلية، تشهد اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة _____ نسيم راشد عبد الودود الزعتري

من _____ القدس _____ هوية رقم _____ Redacted ١٨٧-٠

كان/ت قد اعتقل/ت من قبل السلطات الإسرائيلية في يوم ٩ / شهر ٩ / سنة ٢٠٠٣

وهو/هي في هذا التاريخ : ينتظر المحاكمة _____ محكوم/ة _X_ إداري _____

محكوم/ة أو إداري لمدة مدى الحياة xxxxxxxxxxxxxxxxxxxxxx

وهو/هي أطلق سراحة/ها في يوم xxxxx/ شهر xxxxxxx/ سنة xxxxxx

Date:   **14.07.2005**
التاريخ

Place:  **JERUSALEM-DDI**
المكان

CERTIFIED UPDATE

SERGE PATENAUDE
ICRC Delegate
توقيع مندوب اللجنة

CONFIDENTIAL                                                SHATSKY-JD01306

CONFIDENTIAL                                                                                    SHATSKY-JD01307

**Palestinian National Authority**

**Ministry of Detainees & Ex-detainees Affairs**

**Gen Dep. Detainees & Ex-detainees**



السلطــة الوطنيــة الفلسطينيـة

وزارة شــؤون الأسـرى والمحـررين

الإدارة العامة لشؤون الأسرى والمحررين

## استمارة الأسير الرئيسية

| | | |
|---|---|---|
| رقم الاستمارة: | H 5 1 7 5 9 | |
| تاريخ تعبئة الاستمارة: ٢٠١١ / ٢ / ١٥ | المديرية/فرع الوزارة: القدس | |

**1. المعلومات الرئيسية للأسير:**

Redacted

| | |
|---|---|
| رقم الهوية: (تسع خانات) | 1 8 8 7 0 |
| الاسم الرباعي: | الاسم الأول نسيم — اسم الأب سامر — اسم الجد عبد الوردر — اسم العائلة الزعبي |
| اسم الأم: | الجنس: ☐ ذكر ☐ أنثى |
| تاريخ الميلاد: ١٩٨١ Redacted | مكان الولادة: القدس |
| المؤهل العلمي: ☐ أمي ☐ أساسية ☐ ثانوي ☐ دبلوم ☐ جامعي ☐ دراسات عليا |
| المهنة قبل الأسر: عامل | التنظيم: |
| تاريخ الأسر: ٢٠٠٩ / ٩ / ٢ | مكان الاعتقال: ☐ إداري ☐ محكوم ☐ أخرى |
| الوضع الاعتقالي: ☐ موقوف ☐ محكوم ☐ إداري ☐ محرر ☐ أخرى |
| في حالة محكوم مدة الحكم: | تاريخ الإفراج المتوقع حسب قرار الحكم — يوم شهر سنة — اليوم الشهر العام |
| حسب شهادة الصليب: مدى الحياة | المحافظة: القدس |
| العنوان الدائم: | التجمع السكاني: Redacted |
| ملاحظات: | |

**2. بيانات الاعتقالات السابقة:**

عدد مرات الاعتقال السابقة: ........ فقط المثبت بشهادة صليب وبتسلسل زمني من الأحدث إلى الأقدم.

| الرقم | تاريخ الاعتقال | نوع الاعتقال | تاريخ الإفراج | مدة الاعتقال | | | ملاحظات |
|---|---|---|---|---|---|---|---|
| | | | | يوم | شهر | سنة | |
| 1. | | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |
| 4. | | | | | | | |
| 5. | | | | | | | |
| 6. | | | | | | | |

1

CONFIDENTIAL

SHATSKY-JD01308

**Palestinian National Authority**

**Ministry of Detainees & Ex-detainees Affairs**

**Gen Dep. Detainees & Ex-detainees**



السلطة الوطنية الفلسطينية

وزارة شؤون الأسرى والمحررين

الإدارة العامة لشؤون الأسرى والمحررين

**3. بيانات الوضع الاجتماعي:**

| الحالة الاجتماعية: | ☑ أعزب | ☐ متزوج | ☐ مطلق | ☐ أرمل |
|---|---|---|---|---|
| في حالة متزوج/ة: | تعبئة بيانات الزوج/ة والأبناء | | | |
| رقم هوية الزوج/ة: | | تاريخ عقد الزواج | /    /    | |
| اسم الزوج/ة: | | عدد الأولاد: | | |

بيانات الأبناء من الزوجة الأولى:(الأبناء الذكور أقل من 18 عام، والبنات غير المتزوجات بغض النظر عن أعمارهن)

| الرقم | الاسم | تاريخ الميلاد | الحالة الاجتماعية | المؤهل العلمي |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |

**4. بيانات الوكيل "المستفيد":**

| رقم الهوية "المستفيد": | 1    8    0    5    3 |
|---|---|
| اسم الوكيل "المستفيد": | كفى تاع الدين عبدالحميد ركرك     صلة القرابة: الوالدة |
| تاريخ الوكالة إن وجدت: | مدة سريان الوكالة:     /    / |
| البنك: Redacted | فرع البنك: الرام |
| رقم الحساب: Redacted | |
| رقم الهاتف الأرضي: Redacted | رقم الهاتف النقال: Redacted |
| العنوان الدائم للمستفيد: | المحافظة: القدس     التجمع السكاني: |
| ملاحظات: | |

| ملاحظات مقدم الطلب: | |
|---|---|
| إقرار: | أنا الموقع أدناه أقر وأشهد بأن كافة المعلومات الواردة في الطلب صحيحة وأتحمل مسؤوليتها. |
| توقيع مقدم الطلب: | |

2

CONFIDENTIAL

SHATSKY-JD01308

CONFIDENTIAL                                                                                    SHATSKY-JD01311



**CICR**

№  07005

## TO WHOM IT MAY CONCERN

This certificate is valid only if the English and Arabic parts match each other

According to the information received from the Israeli Authorities, the International Committee of the Red Cross certifies that :

Mr.   **NASSIM RASHED ABDELWEDOUD  ZAATARI**

From :   **EST JERUSALEM**

ID NO: Redacted 187-0

Was arrested by the Israeli Authorities on (dd / mm / yyyy) :   **09.09.2003**

He is to date :       Sentenced

Length of sentence / administrative period : life sentence

He/She was released on (dd/mm/yyyy): XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX



**CICR**

إلى من يهمه الأمر

هذه الشهادة سارية المفعول فقط في حالة تطابق بياناتها باللغتين العربية والإنجليزية

استنادا إلى المعلومات الواردة من السلطات الإسرائيلية، تشهد اللجنة الدولية للصليب الأحمر بأن:

السيد/ة الآنسة _____

من _____ هوية رقم _____ Redacted

كان/ت قد إعتقل/ت من قبل السلطات الإسرائيلية في يوم __ / شهر __ / سنة ____

وهو/هي في هذا التاريخ : ينتظر المحاكمة _____  محكوم/ة __X__  إداري ____

محكوم/ة أو إداري لمدة _____ مدى الحياة xxxxxxxxxxxxxxxxxxxxxxxxx

وهو/هي أطلق سراحة/ها في يوم xxxxx / شهر xxxxxxxx / سنة xxxxxxxx

Date:   **14.07.2005**

التاريخ

Place:   **JERUSALEM-DDI**

المكان

SERGE PATENAUDE

ICRC Delegate

توقيع مندوب اللجنة

CONFIDENTIAL                                                                                    SHATSKY-JD01311

CONFIDENTIAL

SHATSKY-JD01312

צבא                    המשפט    הצבאי                    הגנה                    לישראל

בית    ה    ד    י    ן            תיק ביה״מ : 03/ ‎‏        ‏
ה    ו    ה    י                   תיק תביעה : 1570/03
בפני    הרכב                      תיק פ.א. :    22619/03 ציון
                                                1404/03 שפט
                                                3861/03 חברון
                                                3862/03 חברון
                                                3863/03 חברון
                                                3864/03 חברון

<u>במשפט שבין התובע הצבאי - המאשים</u>

- נ ג ד -

نسيم رائد عبد العودي‏ زعتري‏

נסים ראשד עודוד זעתרי
ת.ז. 1870 Redacted יליד 81. Redacted , תושב א-ראם
עצור מיום 09.09.03

- ה נ א ש ם -

<u>כ ת ב - א י ש ו ם</u>

<u>הנאשם הנ״ל מואשם בזאת בביצוע העבירות הבאות:</u>

<u>פרט ראשון:</u>

<u>מהות העבירה:</u> חברות בהתאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(א) לתקנות ההגנה (שעת
חירום), 1945.

<u>פרטי העבירה:</u> הנאשם הנ״ל, באיזור, החל מחודש אפריל 2003 ועד ליום מעצרו, היה חבר או פעל
כחבר בהתאחדות בלתי מותרת, והיינו :
הנאשם הנ״ל, במהלך התקופה האמורה, היה חבר ב״גדודי עז א-דין אל קסאם״, הזרוע הצבאית
של ארגון החמאס, שהוא התאחדות בלתי מותרת.
הנאשם גויס לשורות הזרוע הצבאית של ארגון החמאס בחברון על-ידי אחמד בדר, ראש גדודי עז
א-דין אל קסאם באיזור חברון. נמעמד הגיוס, הנאשם הביע את הסכמתו לפעול בביצוע פיגועים
נגד מטרות ישראליות בירושלים.
את הפגישה בין הנאשם לבין אחמד בדר ארגון עובדיא בדר.
אחמד בדר הנ״ל אמר לנאשם לאתר מקומות בירושלים שבהם ניתן לבצע פיגועי התאבדות, לערוך
תכניות לביצוע פיגועים במקומות הנ״ל ולתכנן העברת מחבלים מתאבדים, אותם ישלח אחמד
בדר, מאבו-דיס למקומות הנ״ל. כמו כן, אחמד בדר ביקש מהנאשם לגייס אדם נוסף נושא תעודת
זהות ישראלית, אשר יעזור לנאשם בביצוע המשימות הנ״ל. אחמד בדר הסביר לנאשם אודות
החקירות בשב״כ הישראלי והורה לנאשם לשתוק בחקירה אם ייעצר.
הנאשם הסכים לבצע את כל מה שאחמד בדר ביקש ממנו וקיבל מאחמד בדר סך של 1,000 ש״ח.
הנאשם ואחמד בדר קבעו סידורים למפגשים ביניהם בחברון וכן קבעו סדרי תקשורת ביניהם.
במסגרת פעילותו של הנאשם בזרוע הצבאית של ארגון החמאס, הנאשם היה בקשר מתמיד עם
אחמד בדר הנ״ל ואף הגיע מדי שנוע לפגישות עם האחרון שהתקיימו בחברון.

1

ת. ח 1570/03

CONFIDENTIAL

SHATSKY-JD01312

CONFIDENTIAL

SHATSKY-JD01313

**פרט שני :**

**מהות העבירה:** ביצוע שירות עבור התאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ג) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש אפריל 2003 או בסמוך לכך, עשה עבודה כל שהיא או ביצע שירות כל שהוא בשביל התאחדות בלתי מותרת, דהיינו : המתוארת בפרט האישום הנאשם הנ"ל, במועד האמור, כומינים לאחר הפגיעה של אחמד בדר, המכונה "אבו הראשון, בא-ראם או בסמוך לכך, גייס את גיסו - מג'די ברכאת ע/ע'אפר זעתרי, המכונה "אבו עלאאי", לשורות הזרוע הצבאית של ארגון החמאס.

**פרט שלישי : (פ.א. 1404/03 שפט)**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשל"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור, הן במחוצה לו, ביום 18.05.03 או בסמוך לכך, ניסה לגרום בכוונה למותו למאוד יותר, דהיינו :

1. הנאשם הנ"ל, בחודש אפריל 2003, בא-ראם או בסמוך לכך, גייס את גיסו - מג'די ברכאת ע/ע'אפר זעתרי, המכונה "אבו עלאאי", לשורות הזרוע הצבאית של ארגון החמאס, כפי שתואר בפרט האישום השני. במעמד הגיוס, הנאשם הורה למג'די זעתרי לאסוף מידע על אוטובוס "אגד" קו 45 הנוסע באיזור שכונת נווה-יעקב בירושלים וזאת במטרה לשלוח מחבל מתאבד לביצוע פיגוע התאבדות באוטובוס האמור בכוונה לגרום למותם של אזרחים ישראליים רבים ככל האפשר.

2. הנאשם הנ"ל, נפגש בחברון עם מפקדו בזרוע הצבאית של ארגון החמאס, אחמד בדר, ועדכן את האחרון לגבי הפעילות שביצע.

3. הנאשם הנ"ל, בחודש אפריל 2003, בא-ראם או בסמוך לכך, שכר בית לתקופה של חודש תמורת 400 ש"ח. הנאשם תכנן להלין בבית האמור את המחבל המתאבד שיגיע מחברון וייצא לביצוע פיגוע התאבדות המתוכנן באוטובוס קו 45 בירושלים.

4. מספר ימים לאחר מכן, הנאשם נפגש עם מג'די זעתרי, אשר מסר לו כי אסף מידע על האוטובוס קו 45 הנ"ל וכי האוטובוס יוצא כל בוקר בשעה 06:30 מנווה-יעקב וכי אין מאבטחים לא באוטובוס עצמו ולא בתחנות בדרך נסיעת האוטובוס.

5. ביום 16.05.03, הנאשם הגיע לחברון ונפגש עם מפקדו בזרוע הצבאית של ארגון החמאס, אחמד בדר. הנאשם דיווח לאחמד בדר אודות גיוסו של מג'די זעתרי לארגון החמאס, אודות שכירת הדירה עבור המחבל המתאבד ואודות המידע שאסף מג'די זעתרי כאמור לעיל. הנאשם מסר לאחמד בדר כי הכל מוכן לביצוע פיגוע ההתאבדות המתוכנן.

6. אחמד בדר מסר לנאשם כי על האחרון לפגוש ביום לחרות את המחבל המתאבד בשעה 16:00 ליד הבנק הערבי באבו-דיס. אחמד בדר מסר כי המחבל המתאבד יגיע מצויד בחגורת הנפץ לצורך ביצוע פיגוע ההתאבדות המתוכנן וכן כי המחבל יהיה עם כובע חום ושעון על ידו השמאלית. אחמד בדר מסר כי הנאשם יזהה את המחבל לפי הסיסמא:"מה השעה?" והמחבל יענה "השעון מקולקל". כאשר הנאשם יפנה למחבל המתאבד במילים "מה השעה?" והמחבל המתאבד מאבו-דיס, על הנאשם להובילו לדירה ששכר בא-ראם ומשם לשלוח אותו ביום א', 18.05.03, לביצוע הפיגוע המתוכנן. אחמד בדר ביקש מהנאשם לרכוש עבור המחבל המתאבד בגדים של יהודי על מנת שלא יחשדו בו בעת הגעתו לביצוע הפיגוע.

7. לאחר חזרתו מחברון, הנאשם נפגש בא-ראם עם מג'די זעתרי ומסר לאחרון אודות החניות שקיבל מאחמד בדר בחברון. הנאשם אמר למג'די זעתרי כי הוא עצמו יוביל את המחבל המתאבד ביום 18.05.03, מא-ראם לצומת נווה-יעקב על מנת שהמחבל המתאבד יעלה לאוטובוס לתחנת האוטובוס הנמצאת בכניסה לנווה-יעקב המתוכנן.

8. ביום שבת, 17.05.03, סמוך לשעה 17:30, ליד הבנק הערבי באבו-דיס, הנאשם נפגש עם מוג'אהד ג'עברי (להלן : המחבל המתאבד) אשר נשלח על-ידי אחמד בדר. הנאשם זיהה את המחבל המתאבד לפי כובע, שעון ומילות קוד, כאמור לעיל. המחבל המתאבד הגיע כשהוא מחזיק במיכל חלב מברזל, אשר בתוכו היתה חגורת נפץ.

CONFIDENTIAL

SHATSKY-JD01313

CONFIDENTIAL

SHATSKY-JD01314

9. הנאשם, יחד עם המחבל הנותאבד, הגיע לצומת א-ראם ושם יצר קשר עם מג'די זעתרי. חברו
של הנאשם, חמזה מוצטפא מנדיי'ה, הסיע את הנאשם ואת המחבל המתאבד מאבו-דיס
לא-ראם, לבית של מג'די זעתרי. חמזה חמדיה הסיע את הנאשם ואת המחבל המתאבד ברכב
פיאט, אשר אותו לקח מאחיו.

10. הנאשם ומג'די זעתרי, בא-ראם, רכשו עבור המחבל המתאבד מכנסי ג'ינס, חולצת ג'ינס
מכופתרת עם שרוול קצר, נעלי ספורט ואוכל. הנאשם רכש שני מכשירי טלפון סלולריים על
מנת לשמור על הקשר עם המחבל המתאבד שעה שהנאשם יצא לביצוע פיגוע ההתאבדות
המתוכנן ולמקרה שלא יצליחו לבצע את הפיגוע המתוכנן וישארו בחיים.

11. לאחר שהמחבל המתאבד אכל, מג'די זעתרי לקח את המחבל המתאבד למסתרה, שם האחרון
הסתפר והתגלח לקראת ביצוע פיגוע ההתאבדות המתוכנן. לאחר מכן, הנאשם ומג'די זעתרי
הלבישו את המחבל המתאבד בבגדים שקנו כאמור לעיל ואף הלבישו עליו את חגורת הנפץ,
אותה הביא המחבל המתאבד עמו מחברון.

12. הנאשם ומג'די זעתרי לא היו מרוצים מהתוצאה שכן חגורת הנפץ בלטה מאוד מתחת לחולצת
ג'ינס שקנו. הנאשם הלך לבימו והביא משם את תיק בית-הספר של אחותו. הנאשם הכניס
את חגורת הנפץ בתוך תיק נית-הספר הנ''ל, עשה חור בגבו של התיק והוציא משם את
החוטים עם המפסקים שמפעילי את חגורת הנפץ. כמו כן, הנאשם עשה חור בגב החולצה שלבש
המחבל המתאבד, כך שניתן יהיה להעביר דרכון את החוטים והמפסקים של חגורת הנפץ.
לקראת השעה 21:00 הנאשם וחבריו הנ''ל סיימו את ההכנות לקראת ביצוע הפיגוע המתוכנן
וקבעו כי הנאשם יוביל את המחבל המתאבד למחרת בבוקר וכי מג'די זעתרי יפגוש את
המחבל המתאבד בשעה 06:00 בצומת נווה-יעקב.

13. למחרת, ביום א' 18.05.03, בשעה 05:00 הנאשם והמחבל המתאבד קמו, התפללו והנאשם
הלבישו על המחבל המתאבד את תיק בית-הספר עם חגורת הנפץ בפנים. הנאשם העביר את
החוטים והמפסקים של חגורת המתאבד (שעיים במספר - כדי שאם מפסק אחד לא יעבוד ניתן יהיה
לפוצץ את חגורת הנפץ באמצעות השני) דרך החורים בתיק ובחולצה ההדבקים באמצעות
איזולירבנד לכבונו של המחבל המתאבד. הנאשם חיבר לחגורת הנפץ סוללה וכן מסר למחבל
המתאבד את אחד ממכשירי הטלפון הסלולריים שקנה כאמור לעיל.

14. בסמוך לשעה 05:30, הנאשם והמחבל המתאבד יצאו מביתו של הנאשם בא-ראם כדי להוציא
לפעול את פיגוע ההתאבדות המתוכנן בכוונה לגרום למוות של אנשים רבים כל האפשר.

15. הנאשם והמחבל המתאבד הלכו לכיוון דחיית אל-בר''ג. הנאשם הלך מקדימה והמחבל
המתאבד הלך כ-30 מטר מאחוריו. באיזור 'יעמאראת נוסיב'ה הנאשם הבחין בכוח מצה''ל,
אשר הגיע למקום במסגרת תגבור הכוחות עקב פיגוע התאבדות אשר אירע כ-20 דקות קודם
לכן באוטובוס 'אגד' קו 6 בגבעה הצרפתית בירושלים. הנאשם מיד התקשר למחבל
המתאבד ואמר לו לחזור אחורה כי ישמו חיילי צה''ל באיזור. הנאשם נעצר במקום על-ידי
חיילי צה''ל הנ''ל, אך ברגע זה חיילי צה''ל הבחינו במחבל המתאבד נמלט ברעצה מהמקום
ושחררו את הנאשם.

16. הנאשם עזב את המקום ולאחר כ-5-4 דקות שמע את הפיצוץ, כאשר המחבל המתאבד הנ''ל,
מוג'אהד ג'עברי, כאשר ניסה להימלט מחיילי צה''ל שרדפו אחריו הפעיל את חגורת הנפץ
שנשא על גופו. כתוצאה מפיצוץ מטען החבלה נהרג המחבל המתאבד עצמו ולא נגרם נזק לאף
אדם אחר.

17. הנאשם נסע מהמקום למסגד אל-אקצא בירושלים, משם יצר קשר עם מג'די זעתרי ודיווח
אודות מה שקרה. לאחר מכן, מג'די זעתרי הגיע אף הוא למסגד אל-אקצא ושוחח עם הנאשם
על מה שאירע באיזור א-ראם קודם לכן.

**פרט רביעי :**   (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה
והשומרון) (מס' 378), תשל''ע-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירות (יהודה
והשומרון), תשכ''ח-1968.

**פרטי העבירה:** הנאשם הנ''ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך,
גרם בכוונה למותו של אחר, דהיינו:

1. הנאשם הנ''ל, בחודש יולי 2003, בחברון או בסמוך לכך, נפגש עם אחמד בדר, מפקדו בזרוע
הצבאית של ארגון החמאס. הנאשם דיווח לאחמד בדר אודות מה שקרה עם המחבל
המתאבד מוג'אהד ג'עברי, כפי שתוואר בפרט האישום הקודם. אחמד בדר מסר לנאשם כי
זוהי הטעות שלו שלא מסר לנאשם כי באותו היום ינבוע פיגוע התאבדות נוסף באוטובוס קו
6 בגבעה הצרפתית בירושלים. אחמד בדר מסר לנאשם כי האנשים, אשר הוכילו את

1570/03 ת.ח

CONFIDENTIAL

SHATSKY-JD01314

CONFIDENTIAL

SHATSKY-JD01315

המחבלים המתאבדים לפיגועי הנ"ל בגבעה הצרפתית ולפיגוע התאבדות באוטובוס קו 14 ליד בניין מרכז כלל בירושלים בחודש יוני 2003, נעצרו על-ידי כוחות הביטחון הישראליים.

2. אחמד בדר ביקע מהמשאב למצוא מקום כדי לבצע שם פיגוע התאבדות בכוונה לגרום למותם של אנשים רבים בכל האפשר וזאת בהכנסה על מנתו של ראש הזרוע הצבאית של ארגון החמא"מס - עבדאללה קואסמה. כמו כן, אחמד בדר מסר לנאשם סכום של 1,000 דינר ירדני כדי שהנאשם ילמד נהיגה וויכל לנסוע לתל-אביב כדי לאסוף שם מידע על המקומות המתאימים לביצוע פיגוע התאבדות.

3. בערב של אותו היום, הנאשם נפגע בא-ראם עם מג'די זעתרי ועדכן את האחרון לגבי התכנית הסכים למצוא מקום מתאים לביצוע פיגועי התאבדות. מג'די זעתרי לבצע פיגוע התאבדות נוסף במסגרת פעילותם בזרוע הצבאית של ארגון החמא"מס. הנאשם ומג'די זעתרי החליטו כי יבצעו פיגוע התאבדות נוסף באוטובוס מלא נוסעים וזאת במטרה וזאת בכוונה לגרום למותם של אנשים רבים בכל האפשר.

4. ביום 10.08.03 או במועד הסמוך לכך, הנאשם ומג'די זעתרי ערכו סיור בירושלים במטרה למצוא מקום מתאים לביצוע פיגוע התאבדות המתוכנן. בסמוך לשעה 21:00, באיזור מלון "נובוטל" בכביש מס' 1, הנאשם ומג'די זעתרי הבחינו באוטובוס "אגד" כפול קו 2 מלא באנשים והחליטו כי יבצעו את פיגוע ההתאבדות המתוכנן באוטובוס קו 2. הנאשם וחברו סיכמו כי מג'די זעתרי יאסוף מידע אודות אוטובוס קו 2 וזאת מכיוון שלנאשם יש זמן ולכן יכולים לחשוד נ. מג'די זעתרי עדכן את הנאשם כי גייס אדם נוסף - עבדאללה עדנאן יחיא שרבאתי, נשא תעודה זהות ישראלית ובעל רכב עם לוחיות רישוי ישראליות, אשר יסייע באיסוף מידע לקראת ביצוע הפיגוע המתוכנן וכן יסייע בהובלת המחבל המתאבד לפיגוע.

5. ביום למחרת, סמוך לשעה 22:00, הנאשם נפגש בביתו בא-ראם עם מג'די זעתרי, אשר מסר כי אסף מידע על אוטובוס "אגד" קו 2. מג'די זעתרי מסר כי ברמזור ליד המלון "נובוטל" אוטובוס קו 2 פונה שמאלה ומיד לאחר הפנייה יש תחנה. מג'די זעתרי מסר כי אוטובוס "אגד" קו 2 מגיע לתחנה הנ"ל בסביבות השעה 21:00 כשהוא מלא בנוסעים וכי אין מאבטחים לא באוטובוס ולא בתחנה הנ"ל.

6. לאחר מספר ימים, ביום 17.08.03 או במועד הסמוך לכך, הנאשם יחד עם מג'די זעתרי נסעו לחברון ונפגשו שם עם אחמד בדר, מפקדיו של הנאשם בזרוע הצבאית של ארגון החמא"מס. הנאשם ומג'די זעתרי עדכנו את אחמד בדר אודות תכניתם לביצוע פיגוע התאבדות באוטובוס "אגד" קו 2 בירושלים וכן אודות גיוסו של יחדאללה שר'באתי, אשר יוכל להוביל את המחבל המתאבד ברכבו עם לוחיות רישוי ישראליות. אחמד בדר היה מרוצה מאוד מתכניתם של הנאשם ושל מג'די זעתרי ומסר כי בימים הקרובים ישלח אליהם מחבל מתאבד לצורך הוצאת לפעול של פיגוע התאבדות האוטובוס קו 2.

7. אחמד בדר שוחח וחברו כי ביום 19.08.03 בין השעות 12:00 - 12:30 יגיע המחבל המתאבד למטבד באבני-דיס ובן מסר מילות קוד שבעזרותם הנאשם וחברו יוכלו לזהות את המחבל המתאבד הנ"ל. אחמד בדר מסר כי על הנאשם וחברו להוביל את המחבל המתאבד מהמטבד באבני-דיס למטבד "אבבדין" בשכונת ואדי ג'וז בירושלים. הנאשם ביקש מאחמד בדר כי המחבל המתאבד ילבש מנגב שחור וחולצה לבנה וכן שתהיה ברשותו כיפה כדי שייראה כיהודי חרדי.

8. אחמד בדר מסר לנאשם מספר טלפון וכתבתה של חברת הובלות בירושלים ואמר כי דרך חברת ההובלות הנ"ל יועבר מחבורון את חגורת הנפץ לצורך הוצאה לפעול של פיגוע ההתאבדות הנ"ל, כשהיא מוסתרת בתוך קורת גבס בתוך תיק שחור. את התיק השחור הנ"ל יהיה הנאשם רכש בעצמו והעבירו באותו היום לאחמד בדר. אחמד בדר הסביר לנאשם כי יהיה עליו לחבר לחגורת הנפץ שתי סוללות של 9 וולט. אחמד בדר מסר כי בחברת ההובלות יהיה רשום שקורת הגבס הנ"ל עם חגורת הנפץ היא עבור עזיז א-ג'עבערי וכי שם השולח יהיה יוסף שאחין.

9. כמו כן, אחמד בדר רכש שני כרטיסי SIM עבור מכשירי טלפון סלולריים וקבע עם הנאשם כי הקשר ביניהם יהיה באמצעות שליחת הודעות טקסט מקודדות באמצעות מכשירי טלפון סלולריים עם כרטיסי SIM-ה הנ"ל.

10. בדרכם חזרה מחברון, הנאשם ומג'די זעתרי סיכמו כי מג'די זעתרי ועבדאללה שרבאתי יאספו את המחבל המתאבד מאבני-דיס ויעבירו אותו למטבד "אבבדין" ובאדי ג'וז. סוכם כי מג'די זעתרי ועבדאללה שרבאתי יעבירו את המחבל המתאבד מהמטבד הנ"ל אל תחנת האוטובוס של קו 2, המותאה לעיל, על מנת שהמחבל יבצע שם את פיגוע ההתאבדות המתוכנן.

11. בסמוך לשעה 08:00 ביום 19.08.03, הנאשם קיבל הודעת טקסט מאחמד בדר והבין מתוכנה כי אחמד בדר שלח אליו מחבל מתאבד אחד. בסמוך לשעה 09:00 הנאשם הגיע אל מג'די זעתרי הורה לאחרון לצאת יחד עם עבדאללה שרבאתי לאבו-דיס לאסוף את המחבל המתאבד לפי התכנית המתוארת לעיל.

4

1570/03 ת.פ.

CONFIDENTIAL

SHATSKY-JD01315

CONFIDENTIAL

SHATSKY-JD01316

12. הנאשם עצמו נסע למשרדי חברת ההובלות במזרח ירושלים וקיבל שם את קורת הגבס שנשלחה אליו על-ידי אחמד דר מחברון. הנאשם נסע לבית הורינו של מג'די זעתרי בשכונת ואדי ג'וז בירושלים והחביא שם את חגורת הנפץ שהיתה מוסתרת בתוך קורות הגבס.

13. לאחר מכן, מג'די הגיע לבית הורינו ועדכן את הנאשם כי הוא ועבדאללה שרבאתי אספו את המחבל המתאבד באבו-דיס והעבירו אותו למסגד ואדי ג'וז. הנאשם מסר למג'די זעתרי היכן החביא את חגורת הנפץ הנ"ל.

14. בסמוך לשעה 14:30 באותו היום, הנאשם הגיע למסגד "עאבדין" בואדי ג'וז ונפגש שם עם ראאד מיסק (להלן : המחבל המתאבד), אשר הובא לשם על-ידי שני חברי הנאשם כפי שתואר לעיל. הנאשם הסביר למחבל המתאבד איך לחזיק את חגורת הנפץ ואיך להפעילה. לאחר מכן, הנאשם חזר לבית הורינו של מג'די זעתרי ועדכן אבן מג'די זעתרי לגבי פגישתו של המחבל המתאבד וכן אודות האימון התיאורטי בהפעלת חגורת הנפץ שהעביר לו. הנאשם הסביר למג'די זעתרי איך לחבר את הסלילות לחגורת הנפץ.

15. הנאשם סיכם עם מג'די זעתרי כי האחרון יחד עם עבדאללה שרבאתי יעבירו את המחבל המתאבד יחד עם חגורת הנפץ בשעות הערב לרכבו של עבדאללה שרבאתי לצומת שליד המלון "קונטיננטל" בכביש מס' 1 בירושלים. הנאשם הסביר למג'די זעתרי כי על האחרון ועל עבדאללה שרבאתי להגיע בפני המחבל המתאבד את תחנת האוטובוס שבה הוא אמור לעלות לאוטובוס קו 2 ולבצע בו את פיגוע ההתאבדות המתוכנן בכוונה לגרום למותם של אנשים רבים ככל האפשר.

16. בסמוך לשעה 18:30 הנאשם הגיע שוב למסגד "עאבדין" ונפגש עם המחבל המתאבד. המחבל המתאבד עדכן את הנאשם כי הגיע מחברון לאבו-דיס במונית, אשר נעצרה בדרך על-ידי חיילי צה"ל שלא בדקו את המחבל המתאבד ולא מצאו את הכיפה השחורה שהחזיק בכיס. הנאשם מסר למחבל המתאבד כי לאחר תפילת הערב יגיע אליו למסגד מג'די זעתרי ועבדאללה שרבאתי ויובילו אותו למקום שבו יבצע את פיגוע ההתאבדות המתוכנן. הנאשם עזב את המסגד בסמוך לשעה 19:00 וחזר לביתו בא-ראם.

17. בסמוך לשעה 20:30, מג'די זעתרי ועבדאללה שרבאתי הגיעו ברכבו של האחרון, רנו אקספרס עם לוחיות רישוי ישראליות, למסגד "עאבדין" בואדי ג'וז. מג'די זעתרי ועבדאללה שרבאתי אספו את המחבל המתאבד ונסעו למלון "קונטיננטל" הממוקם בכביש מס' 1 בירושלים. בדרכם למקום הנ"ל, מג'די זעתרי חיבר את שתי הסלילות לחגורת הנפץ המתאבד לעיל והסביר שוב פעם למחבל המתאבד איך מפעילים את חגורת הנפץ. בצומת הרחובות הסמוך למלון "קונטיננטל" מג'די זעתרי ועבדאללה שרבאתי הציגו בפני המחבל המתאבד את התחנה של אוטובוס "אגד" קו 2 והנחו את האחרון להתמקד בתחנה האמורה ובסמוך לשעה 21:00 לעלות לאוטובוס קו 2 ולהפעיל את חגורת הנפץ בכוונה לגרום למותם של אנשים רבים ככל האפשר. בעת שהמחבל המתאבד עזב את רכבם ועשה את דרכו לעבר תחנת האוטובוס הנ"ל, מג'די זעתרי ועבדאללה שרבאתי נמלטו מהמקום ברכבו של האחרון.

18. בסמוך לשעה 21:10, בתחנה שבצמוד כביש מס' 1 ורחוב שמואל הנביא, המחבל המתאבד, ראאד מיסק, עלה לאוטובוס דו-מפרקי "אגד" קו 2, אשר היה מלא עד אפס מקום בנוסעים נשים וילדים. שם המחבל המתאבד הפעיל את מטען החבלה, ואותו נשא, וזאת בכוונה לגרום למותם של אנשים רבים ככל האפשר.

19. כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה האמור, נהרגו עשרים ושניים בני אדם, כפי שתוארו בפרטי האישום הבאים. כמו כן, נהרג המחבל המתאבד עצמו.

20. כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה האמור נגרמו חבלות פציעות לאנשים רבים נוספים, כפי שתוארו בפרטי האישום הבאים.

21. כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה האמור נגרם נזק רב לרכוש, הן לאוטובוס "אגד" הנ"ל, הן לכלי רכב רבים שחיו בסמוך לאוטובוס האמור בעת הפיצוץ.

22. במעשיו, המתוארים לעיל, גרם הנאשם בכוונה למותם של **טובה לב ז"ל**, בת 37 שנים במותה, אשר נהרגה כתוצאה מהתפוצצות מטען החבלה כאמור לעיל.

23. יום למחרת, בשעות הערב, מג'די זעתרי הגיע לביתו של הנאשם בא-ראם ועדכן את האחרון לגבי מעשיו בערב יום 19.08.03.

24. ביום 23.08.03 הנאשם הגיע לחברון ונפגש שם עם אחמד בדר. אחמד בדר היה מרוצה מאוד מתוצאות פיגוע ההתאבדות שהנאשם וחבריו הוציאו לפועל ואף העניק לנאשם 600 דינר ירדני כמתנה עבור הפיגוע המתואר לעיל. הנאשם השאיר לעצמו 200 דינר ומסר את 400 דינר הנוספים לידי מג'די זעתרי כתמורה עבור ההוצאה לפועל של פיגוע ההתאבדות המתואר לעיל. הנאשם הורה למג'די זעתרי להעביר 200 דינר לעבדאללה שרבאתי.

ת.ח 1570/03

CONFIDENTIAL

SHATSKY-JD01316

CONFIDENTIAL

SHATSKY-JD01317

**פרט חמישי:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970, וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותה של **רחל וייס ז"ל**, בת 70 שנים במותה, אשר נהרגה כתוצאה מהתפוצצות המנחל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

**פרט שישי:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970, וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותה של **תהילה נתנזון ז"ל**, בת 2.5 שנים במותה, אשר נהרגה כתוצאה מהתפוצצות המנחל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

**פרט שביעי:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970, וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותה של **מרים אייזנשטיין ז"ל**, בת 20 שנים במותה, אשר נהרגה כתוצאה מהתפוצצות המנחל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

**פרט שמיני:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970, וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותו של **שמואל וולנר ז"ל**, בן 50 שנים במותו, אשר נהרג כתוצאה מהתפוצצות המנחל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

ת.ח 1570/03

CONFIDENTIAL

SHATSKY-JD01317

CONFIDENTIAL

SHATSKY-JD01318

<div dir="rtl">

**פרט תשיעי:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"י-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותו של **מנחם ליבל ז"ל**, בן 24 שנים במותו, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

**פרט עשירי:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"י-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותו של **מרדכי שלום ריינס ז"ל**, בן 47 שנים במותו, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

**פרט אחד-עשר:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"י-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותו של **חנון סגל ז"ל**, בן 65 שנים במותו, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

**פרט שנים-עשר:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"י-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותו של **אלי-שמואל זוקובסקי ז"ל**, בן 3 חודשים במותו, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

</div>

ת.ח 1570/03

CONFIDENTIAL

SHATSKY-JD01318

CONFIDENTIAL

SHATSKY-JD01319

<div dir="rtl">

<u>פרט שלושה-עשר</u> :  (פ.א. 21619/03 ציון)

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשי"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, הן בארזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותה של **אלישבע משולמי ז"ל**, בת 16 שנים במותה, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

<u>פרט ארבעה-עשר</u> :  (פ.א. 21619/03 ציון)

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשי"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, הן בארזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותו של **יעקב יששכר דב בינדר ז"ל**, בן 50 שנים במותו, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

<u>פרט חמישה-עשר</u> :  (פ.א. 22619/03 ציון)

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשי"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, הן בארזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותה של **נחמה חוה רכניצר ז"ל**, בת 19 שנים במותה, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

<u>פרט שישה-עשר</u> :  (פ.א. 22619/03 ציון)

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשי"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, הן בארזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותה של **ליבע שוורץ ז"ל**, בת 54 שנים במותה, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

</div>

ת.פ 1570/03

CONFIDENTIAL

SHATSKY-JD01319

CONFIDENTIAL

SHATSKY-JD01320

**פרט שבעה-עשר:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו: הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותה של **גולדה זרקובסקי** ז"ל, בת 44 שנים במותה, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

**פרט שמונה-עשר:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו: הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותה של **פייגע דושינסקי** ז"ל, בת 51 שנים במותה, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

**פרט תשעה-עשר:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו: הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותו של **אליעזר וייספיש** ז"ל, בן 42 שנים במותו, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

**פרט עשרים:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו: הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם בכוונה למותה של **לילך כראדי** ז"ל, בת 22 שנים במותה, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי. בעת מותה היתה **לילך כראדי** ז"ל הריון.

ו.ת. 1570/03

CONFIDENTIAL

SHATSKY-JD01320

CONFIDENTIAL

SHATSKY-JD01321

<div dir="rtl">

**פרט עשרים חמישה:** (פ.א. 22619/03 ציון)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המנומארים בפרט האישום הרביעי, גרם בכוונה למותו של **מרדכי לאופר** ז"ל, בן 27 שנים במותו, אשר נפטר ביום 05.09.03 כתוצאה מהפציעות שנפצע כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.

**פרט עשרים ושישה:** (פ.א. 22619/03 ציון)

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המנומארים בפרט האישום הרביעי, ניסה לגרום בכוונה למותם של כל האנשים אשר היו בסביבתו של המחבל המתאבד, אשר התפוצץ עם מטען החבלה באוטובוס קו "אגד" 2 ברחוב שמואל הנביא בירושלים, כפי שתואר בפרט האישום הרביעי.
כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה **נפצעו כ-120 בני אדם** שהיו באוטובוס הנ"ל ובסמוך אליו בעת הפיצוץ.

**פרט עשרים ושבעה:** (פ.א. 22619/03 ציון)

**מהות העבירה:** היזק בזדון לרכוש, עבירה לפי סעיף 53ג לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 19.08.03 או במועד הסמוך לכך, הרס רכוש או פגע בו במזיד ושלא כדין, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הרביעי, גרם במזיד ושלא כדין נזק כבד לאוטובוס קו 2 של "אגד" ברחוב שמואל הנביא בירושלים וכן גרם נזק לכלי רכב נוספים ולחנויות ובתי עסק שהיו בקרבת מקום הפיגוע המתואר בפרט האישום הרביעי, ואשר נפגעו כתוצאה מפיצוץ מטען החבלה.

</div>

CONFIDENTIAL

SHATSKY-JD01321

CONFIDENTIAL

SHATSKY-JD01322

<div dir="rtl">

## פרט עשרים ותשעה:

**מהות העבירה:** קשירת קשר לעבור עבירה שדינה מעל לשלוש שנות מאסר, עבירה לפי סעיף 2.2 לצו בדבר כללי האחריות לעבירות (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968, וסעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תשי״ל-1970.

**פרטי העבירה:** הנאשם הנ״ל, באיזור, בחודשים יולי - אוגוסט 2003 או בסמוך לכך, קשר עם אדם אחר לגרום בכוונה למותם של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, בחברון או בסמוך לכך, קשר עם אחמד בדר, מפקדו של הנאשם בזרוע הצבאית של ארגון החמאס, להוציא לפועל פיגוע התאבדות נוסף בתוך ירושלים בכוונה לגרום למותם של אנשים רבים ככל האפשר. הנאשם ואחמד בדר תכננו כי אחמד בדר ישלח אל הנאשם מחבל מתאבד מצדיע בתחנות הנפץ והנאשם יוביל אותו למטעודה באוניברסיטה העברית בהר-הצופים על מנת שיבצע שם פיגוע התאבדות בכוונה לגרום למותם של אנשים רבים ככל הניתן. על-פי הוראות של הנאשם מנדל ברכאת ועבדאללה עדואן יחיא שרבאתי אסף מידע על המטואציה באוניברסיטה העברית בהר-הצופים הנמצאת בסמוך למעונות הסטודנטים. לאחר המידע שנאסף, הנאשם ומג׳די זעתרי החליטו כי המקום מתאים לביצוע פיגוע ההתאבדות המתוכנן.
תכניתם של הנאשם וחבריו היתה לשלוח את המחבל המתאבד לביצוע הפיגוע המטעודה האמורה באותו הזמן שהמחבל המתאבד הנוסף יבצע פיגוע התאבדות באוטובוס קו 2.
תכניתם של הנאשם וחבריו לא יצא אל הפועל כי אחמד בדר שלח אל הנאשם וחבריו רק מחבל מתאבד אחד, אשר אותו הם שלחו לביצוע פיגוע ההתאבדות באוטובוס ״ואג׳י״ קו 2, כפי שתואר בפרט האישום הרביעי.

## פרט שלושים:

**מהות העבירה:** קשירת קשר לעבור עבירה שדינה מעל לשלוש שנות מאסר, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירות (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968, וסעיף 67א(ד) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס׳ 378), תשי״ל-1970.

**פרטי העבירה:** הנאשם הנ״ל, באיזור, בחודש יולי 2003 או בסמוך לכך, קשר עם אדם אחר לכבות אדם בכוח או באיומים או לפתותו באמצעות תרמית ללכת מן המקום שהוא נמצא בו, וזאת כדי לסחוט או לאיים, דהיינו:
הנאשם הנ״ל, במועד האמור, בחברון או בסמוך לכך, קשר עם אחמד בדר, מפקדו של הנאשם בזרוע הצבאית של ארגון החמאס, לחטוף חיילי צה״ל במטרה לנהל משא ומתן עם ממשלת ישראל על שחרור אסירים פלסטינים המוחזקים בבתי-כלא בישראל. לתכנית הנ״ל צורף גם מג׳די ברכאת וזעתרי. לצורך קידום התכנית הנ״ל הנאשם ומג׳די זעתרי למדו נהיגה בירושלים על מנת שיוכלו לנהוג ברכב ולחטוף חיילי צה״ל.

## פרט שלושים ואחד:

**מהות העבירה:** קשירת קשר לעבור עבירה מעל לשלוש שנות מאסר, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירות (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968 וסעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תשי״ל-1970.

**פרטי העבירה:** הנאשם הנ״ל, באיזור, במהלך החודשים יולי – תחילת ספטמבר 2003 או בסמוך לכך, קשר עם אדם אחר לגרום בכוונה למותם של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, בחברון או בסמוך לכך, קשר עם אחמד בדר, מפקדו של הנאשם בזרוע הצבאית של ארגון החמאס, לבצע פיגועי התאבדות נוספים בכוונה לגרום למותם של אנשים רבים ככל האפשר. הנאשם יחד עם מג׳די ברכאת ומ׳עראפאר זעתרי תכנו לבצע פיגועי התאבדות באולם שמחות בתלפיות בירושלים, באולם שמחות ברחוב יפו בירושלים, ברחוב הירקון בתל-אביב ובאולם שמחות באשקלון, אשר בו עבד מג׳די זעתרי. הנאשם ומג׳די זעתרי תכננו להוביל למקומות הללו את המחבלים המתאבדים שיקבלו מאחמד בדר על מנת שיבצעו בהם פיגועי התאבדות ויגרמו למותם של אנשים רבים ככל האפשר.

</div>

ת.ח 1570/03

CONFIDENTIAL

SHATSKY-JD01322

CONFIDENTIAL

SHATSKY-JD01323

**פרט שלושים ושניים:**

**מהות העבירה:** אימונים צבאיים שלא בהיתר, עבירה לפי תקנה 62 לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך החודשים יולי - ספטמבר 2003 או בסמוך לכך, אימן או אומן אימון צבאי בנשק או במלאכת תרגילים או מערכות פעולה צבאיות, דהיינו: הנאשם הנ"ל, במועד האמור, בחברון או בסמוך לכך, עבר אימון בהכנה של חומר נפץ "אם אל עבד" (TATP). את האימון העביר באסל קואסמה, אחד מראשיי הזרוע הצבאית של ארגון החמאס בחברון, אשר גם הוא עסק בשליחת מחבלים מתאבדים לביצוע פיגועי התאבדות בישראל.

**פרט שלושים ושלושה:**

**מהות העבירה:** ביצוע שירות עבור התאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ג) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך החודשים יולי - ספטמבר 2003 או בסמוך לכך, עשה עבודה כל שהיא או ביצע שירות כל שהוא בשביל התאחדות בלתי מותרת, דהיינו: הנאשם הנ"ל, במהלך התקופה האמורה, ביחד עם מג'די ברכאת ע/עאפר זענרי, במספר הזדמנויות שונות, בחברון או בסמוך לכך, העביר לידי אחמד בדר, מפקדי של הנאשם בזרוע הצבאית של ארגון החמאס, סולתם 9 וולט, אקדח ג3, אזיקים, גז מדמיע, מפסקים חשמליים וחוטי חשמל. את החפצים הנ"ל, הנאשם ומג'די זענרי רכשו בא-ראם בכסף שקיבלו למטרה זו מידי אחמד בדר ובאסל קואסמה, ממפקדי הזרוע הצבאית של החמאס באיזור חברון.

**עדי התביעה:**

1. רס"ר יצחק יעקבוף, מ.א. 8358<sup>Redacted</sup> לחי"ק יהודה. [גובה אמרות הנאשם מיום 14.09.03 ומיום 15.09.03 ומגיש 2 כתבי-ידו של הנאשם בערבית (מיום 14.09.03 ומיום 15.09.03) + דף נייר שהוצג בפני הנאשם ביום 14.09.03 + 2 דו"חות של מסדרי זיהוי תמונות מיום 14.09.03 + 2 לוחות תצלומים + דו"חותיו הובלה והצבעה של עבדאללה שרבאתי ושל מג'די זענרי]

2. רס"ר משה לוי, מ.א. 117<sup>Redacted</sup> לחי"ק יהודה. [גובה אמרת הנאשם מיום 01.10.03 ומגיש דו"ח זכי"י וכתב-ידו של הנאשם בערבית + תמונת הנאשם שהוצגה לגיל'אל יעימור ודו"ח זכי"י נלווה]

3. רפי"ק עופר שלוש, מ.א. 6718<sup>Redacted</sup> המעבדה הניידת, מטא"יר - ירושלים. [מגישי קלטת וידאו המתעדת את ההובלה והצבעה שבוצעו על-ידי עבדאללה שרבאתי ומג'די זענרי]

4. מג'די ברכאת ע/עאפר זענרי, ת.ז. 3490<sup>Redacted</sup> (עצור) (ת.ת. 1571/03)

5. עבדאללה עדנאן יחיא שרבאתי, ת.ז. 02541<sup>Redacted</sup> (עצור) (ת.ת. 1591/03)

6. גיל'אל ג'מאל חלמי יעימור, ת.ז. 5924<sup>Redacted</sup> (עצור) (ת.ת. 1507/03)

**פ.א. 1404/03 שפט**

7. ימין ג'אמס, מ.א. 5373<sup>Redacted</sup> מג"ב - פלוגה מי"ג. [עדות]

8. רס"ר דרור כהן, מ.א. 4842<sup>Redacted</sup> מז"פ ציון. [מגיש טופס תיאור גופה בזירת אירוע + תצלומים מזירת האירוע]

9. אילן גרנות, מ.א. 9555<sup>Redacted</sup> מתי"מ י-ם. [מגיש דו"ח פעולה]

10. שגיא מצא, מ.א. 2421<sup>Redacted</sup> מעבדות חבלה צפון י-ם. [מגיש טופס לוואי למוצגים]

**פ.א. 22619/03 ציון**

11. אריאל יערי, מ.א. 4522<sup>Redacted</sup> מעבדת חבלה, מטא"יר - ירושלים. [דו"ח פעולה/תפיסה וסימון]

15

ת.ת. 1570/03

CONFIDENTIAL

SHATSKY-JD01323

CONFIDENTIAL

SHATSKY-JD01324

12. רפ"ק אלברט שמעיה, מ.א. 607[Redacted], זיהוי מוריה. [מגיש טופס ריכוז פרטי טיפול באירוע רב נפגעים]

13. רפ"ק ליאור נדיבי, מ.א. 2127[Red], מז"פ ציון. [מגיש טפסי תיאור גופה בזירה]

14. רס"ר נסים אלפי, מ.א. 1059[Redacted] מז"פ מוריה. [מגיש טפסי תיאור גופה בזירה]

15. רס"מ אבי דדנה, מ.א. 2341[Redacted], מז"פ ציון. [מגיש טפסי תיאור גופה בזירה]

16. 2 קלטות וידאו המתעדות את זירת הפיגוע.

17. תמונות המתעדות את זירת הפיגוע.

18. קלטת וידאו - "צוואתו" של המחבל המתאבד - ראאד מיסק.

19. אברהם ישעיהו זרביב, ת.ז. 737[Redacted] [עד ראיה, נפצע]

20. שלום גולדסטיין, ת.ז. 5029[Redacted] [עד ראיה, היה בתוך האוטובוס, נפצע]

21. יחיאל לוריא, ת.ז. 1222[Redacted] [עד ראיה, היה בתוך האוטובוס, נפצע]

22. מרים גרבי, ת.ז. 715[Redacted] [עדת ראיה, היתה בתוך האוטובוס, נפצעה]

23. שמעון שעיה קדוש, ת.ז. 1299[Redacted] [עד ראיה, נפצע]

24. חנה נתנזון, ת.ז. 1706[Redacted] [עדת ראיה, היתה בתוך האוטובוס]

25. מתניה נתנזון, ת.ז. 4492[Redacted] [עד ראיה, היה בתוך האוטובוס, נפצע]

26. דוד אברהם רוזנברג, ת.ז. 695[Redacted] [עד ראיה, היה באוטובוס, נפצע]

27. בנציון חיים סלומון, ת.ז. 1042[Redacted] [עד ראיה, היה באוטובוס]

28. אורה כהן, ת.ז. 3266[Redacted] [עדת ראיה, היתה בתוך האוטובוס, נפצעה]

29. יחיאל ויקטור בורנשטייין, ת.ז. 5359[Redacted] [עד ראיה, עזר לפצועים]

30. עמו בן ציון, ת.ז. 9402[Redacted] [עד ראיה, היה באוטובוס, נפצע]

31. חיים זאב סיביליית, ת.ז. 976[Redacted] [עד ראיה, היה באוטובוס, נפצע]

32. יוסף דינג, ת.ז. 5747[Redacted] [עד ראיה, היה באוטובוס]

33. יוסף בר-אור, ת.ז. 4009[Redacted] [עד ראיה, היה באוטובוס, נפצע, בנו נהרג בפיגוע]

34. משה שטראוס, ת.ז. 6102[Redacted] [עד ראיה, היה באוטובוס, נפצע]

35. דוב אייקלר, מס' דרכון קנדי 4235[Redacted] [עד ראיה, היה באוטובוס, נפצע]

36. אסתר ציזרין, ת.ז. 2918[Redacted] [עדת ראיה, היתה באוטובוס, נפצעה]

37. בנימין ציזרין, ת.ז. 785[Redacted] [עד ראיה, היה באוטובוס, נפצע]

38. נביל עלי נמר, ת.ז. 8847 (פרטים בתביעה) (נהג האוטובוס שבו התפוצץ המחבל המתאבד)

39. יצחק עוזיאל, ת.ז. 5490[Redacted] [עד ראיה, היה באוטובוס, נפצע]

40. נחמיה שטיינגרהרט, ת.ז. 8581[Redacted] [עד ראיה, היה באוטובוס, נפצע]

41. יוסף שטיינוביץ, ת.ז. 600[Redacted] [עד ראיה, היה באוטובוס, נפצע]

42. צבי סגל, ת.ז. 9152[Redacted] [עד ראיה, היה באוטובוס]

43. שושנה מילר, ת.ז. 7930[Redacted] [עדת ראיה, היתה באוטובוס, נפצעה]

44. חיים משה מילר, מס' דרכון ארה"ב 9961[Redacted] [עד ראיה, היה בתוך האוטובוס, נפצע]

45. יאסר חרבאווי, ת.ז. 5105[Redacted] [עד ראיה, נפצע]

46. ד"יר ריקרדו נחמן, המרכז לרפואה משפטית אבו-כביר. [מגיש חוו"ד מומחה]

47. פרופי יהודה היס, המרכז לרפואה משפטית אבו-כביר. [מגיש חוו"ד מומחה]

48. ד"יר אסתר דהאן, מ.ר. 7852[Redacted], ביה"ח הדסה עין-כרם. [מגישה הודעת פטירה של מרדכי לאוטר חי"ל - תעודת רופא]

49. רשימות פצועים מבתי החולים הדסה עין-כרם, הדסה הר-הצופים, שערי צדק. [רשומות מוסדיות]

50. רשימות נפגעים בפיגוע - מוקד 106 של עיריית ירושלים. [רשומה מוסדית]

51. תעודות רפואיות של הפצועים

מיכאל קוקילני,          סרן
תובע          צבאי

תאריך: 09.11.2003
סימוכין: 03-1570

16

ת.ז 1570/03

CONFIDENTIAL