**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>THE PALESTINE LIBERATION ORGANIZATION and THE PALESTINIAN AUTHORITY,<br><br>Defendants. | Case No. 18-cv-12355-MKV-DCF |

**ANSWER OF DEFENDANTS THE PALESTINIAN AUTHORITY**
**AND THE PALESTINE LIBERATION ORGANIZATION**

Defendants The Palestinian Authority ("PA") and The Palestine Liberation Organization ("PLO") (collectively, "Defendants"), by counsel, answer Plaintiffs' First Amended and Supplemental Complaint [ECF No. 50] (the "Complaint") as follows:

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants state, on information and belief, that, on or about February 16, 2002, a bombing occurred at a pizzeria located at a shopping center in the Israeli settlement of Karnei Shomron; that the Popular Front for the Liberation of Palestine ("PFLP") is U.S.-designated foreign terrorist organization; and that Plaintiffs have filed claims under the ATA and non-federal causes of action. Defendants deny that an officer and employee of the PA planned the attack while on the PA's payroll, deny that agents of the PA and PLO executed the bombing, deny that Defendants provided material support and resources, deny that Defendants conspired with the PFLP, and deny that the PFLP carried out the bombing. Defendants lack information and belief as to, and therefore deny, any remaining allegations in paragraph 1.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations in paragraph 2.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations in paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, in light of the Supreme Court's decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025), Defendants do not contest that they are subject to personal jurisdiction pursuant to the PSJVTA solely with respect to the ATA claims in this action, but not with respect to the remaining claims in this action, and further state that the referenced laws speak for themselves, deny any factual allegations inconsistent with them, and deny any allegations that relate to Defendants.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, in light of the Supreme Court's decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025), Defendants do not contest that they are subject to personal jurisdiction pursuant to the PSJVTA solely with respect to the ATA claims in this action, but not with respect to the remaining claims in this action, and further state that the referenced laws speak for themselves, deny any factual allegations inconsistent with them, and deny any allegations that relate to Defendants.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, in light of the Supreme Court's decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025), Defendants do not contest that they are subject to personal jurisdiction pursuant to the PSJVTA solely with respect to the ATA claims in this action, but not with respect to the remaining claims in this action, and further state that the referenced laws speak

for themselves, deny any factual allegations inconsistent with them, and deny any allegations that relate to Defendants.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, in light of the Supreme Court's decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025), Defendants do not contest that they are subject to personal jurisdiction pursuant to the PSJVTA solely with respect to the ATA claims in this action and accordingly deny that Defendants are subject to pendent personal jurisdiction, and further state that the referenced laws speak for themselves, deny any factual allegations inconsistent with them, and deny any allegations that relate to Defendants.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations in paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations in paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any factual allegations in paragraph 10 of the Complaint that relate to Defendants. Defendants state, on information and belief, that Keren Shatsky died as a result of a bombing that occurred on or about February 16, 2022 at a pizzeria in the Israeli settlement of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations in paragraph 10 and therefore deny the same.

11. Paragraph 11 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is

required, Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 11 and therefore deny the same.

12. Paragraph 12 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any factual allegations in paragraph 12 of the Complaint that relate to Defendants. Defendants state, on information and belief, that Rachel Thaler died as a result of a bombing that occurred on or about February 16, 2022 at a pizzeria in the Israeli settlement of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations in paragraph 12 and therefore deny the same.

13. Paragraph 13 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 13 and therefore deny the same.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations in paragraph 14 of the Complaint that relate to Defendants. Defendants state, on information and belief, that Leor Thaler was injured during a bombing that occurred on or about February 16, 2022 at a pizzeria in the Israeli settlement of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations in paragraph 14 and therefore deny the same.

15. Paragraph 15 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is

required, Defendants deny any factual allegations in paragraph 15 of the Complaint that relate to Defendants. Defendants state, on information and belief, that Hillel Trattner was injured during a bombing that occurred on or about February 16, 2022 at a pizzeria in the Israeli settlement of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations in paragraph 15 and therefore deny the same.

16. Paragraph 16 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any factual allegations in paragraph 16 of the Complaint that relate to Defendants. Defendants state, on information and belief, that Ronit Trattner was injured during a bombing that occurred on or about February 16, 2022 at a pizzeria in the Israeli settlement of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations in paragraph 16 and therefore deny the same.

17. Paragraph 17 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 17 and therefore deny the same.

18. Paragraph 18 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 18 and therefore deny the same.

19. Paragraph 19 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any factual allegations in paragraph 19 of the Complaint that relate to Defendants. Defendants state, on information and belief, that Steven Braun was injured during a bombing that occurred on or about February 16, 2022 at a pizzeria in the Israeli settlement of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations in paragraph 19 and therefore deny the same.

20. Paragraph 20 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny any factual allegations in paragraph 20 of the Complaint that relate to Defendants. Defendants state, on information and belief, that Chana Friedman was injured during a bombing that occurred on or about February 16, 2022 at a pizzeria in the Israeli settlement of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations in paragraph 20 and therefore deny the same.

21. Paragraph 21 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 21 and therefore deny the same.

22. Paragraph 22 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is

required, Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 22 and therefore deny the same.

23. Paragraph 23 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny as phrased any and all factual allegations in the first sentence of paragraph 23 and state that the PLO was founded in 1964 by Egypt and the Arab League and was recognized as the representative of the Palestinian People by Israel as part of the Oslo Accords. Defendants deny the allegations in the second sentence of paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto." To the extent a response is required, Defendants deny as phrased any and all factual allegations in the first and third sentences of paragraph 24 and state that the PA was established by the Oslo Accords to serve as the governing authority for the Occupied Palestinian Territories in the West Bank and Gaza Strip. Defendants deny the allegations in the second sentence of paragraph 24.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced document speaks for itself and deny any factual allegations that are inconsistent with it.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced agreements speak for themselves and deny any factual allegations that are inconsistent with them.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations in paragraph 27.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations in paragraph 28.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced agreement speaks for itself and deny any factual allegations inconsistent with it.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the PA has provided government services but deny the remaining factual allegations in paragraph 30.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced agreement speaks for itself and deny any factual allegations inconsistent with it.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced law speaks for itself and deny any factual allegations inconsistent with it. Defendants deny any remaining factual allegations in Paragraph 32.

33. Defendants admit the allegations in paragraph 33.

34. Defendants admit the allegations in paragraph 34.

35. Paragraph 35 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all relevant times." To the extent a response is required, Defendants admit the factual allegations in paragraph 35.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 36.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 37.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 38.

39. Defendants admit that Dr. Mansour is the Ambassador, Permanent Observer of the State of Palestine to the United Nations, but otherwise deny the allegations in paragraph 39.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, in light of the Supreme Court's decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025), Defendants do not contest that they are subject to personal jurisdiction pursuant to the PSJVTA solely with respect to the ATA claims in this action, but not with respect to the remaining claims in this action, and further state that the referenced laws speak for themselves, deny any factual allegations inconsistent with them, and deny any allegations that relate to Defendants.

41. Defendants admit that paragraph 41 appears to accurately quote selected excerpts from a Congressional Research Service report, but deny the characterizations of that report and otherwise deny all allegations in paragraph 41.

42. Defendants admit that paragraph 42 appears to accurately quote selected excerpts from a Washington Post article, but deny the characterizations of that article and otherwise deny all allegations in paragraph 42.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced law speaks for itself, deny any allegations inconsistent with it, and deny any allegations that relate to Defendants.

44. Defendants deny the allegations in paragraph 44.

45. Defendants admit that paragraph 45 appears to accurately quote selected excerpts from a Washington Post article, but Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in paragraph 45 and therefore deny the same.

46. In response to paragraph 46, Defendants state, upon information and belief, that the Declaration of Arieh Spitzen was filed on November 19, 2020 at Docket No. 1020 in *Sokolow*, that paragraph 46 appears to accurately quote selected excerpts from that declaration, but deny the characterizations of those excerpts and otherwise deny all allegations in paragraph 46.

47. In response to paragraph 47, Defendants state, upon information and belief, that Hanan Ashrawi testified at trial in *Sokolow*, that Ms. Ashrawi's statements, within the full context, speak for themselves and deny this paragraph to the extent inconsistent with those statements, deny Plaintiffs' characterization of Ms. Ashrawi's statements, and deny all remaining allegations in this paragraph, including the first sentence of the paragraph.

48. Defendants admit that paragraph 48 appears to accurately quote selected excerpts from a Washington Free Beacon article, but deny the characterizations of that report and otherwise deny all allegations in paragraph 48.

49. Paragraph 49 incorporates legal conclusions "described above", to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 49.

50. Defendants admit the allegations in paragraph 50.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced law speaks for itself, deny any allegations inconsistent with it, and deny any allegations that relate to Defendants.

52. In response to paragraph 52, Defendants state, upon information and belief, that Mr. Abbas spoke on July 9, 2018, that Mr. Abbas's statements, within the full context, speak for themselves and deny this paragraph to the extent inconsistent with those statements, deny Plaintiffs' characterization of Mr. Abbas's statements, and deny all remaining allegations in this paragraph.

53. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 53 and therefore deny the same.

54. In response to paragraph 54, Defendants state, upon information and belief, that the statements from Mr. Abbas on September 26, 2019, and April 16, 2020, as well as the statements from Mr. Shtayyeh on March 29, 2020, within their full context, speak for themselves and deny this paragraph to the extent inconsistent with those statements, deny Plaintiffs' characterization of those statements, and deny all remaining allegations in this paragraph.

55. In response to paragraph 55, Defendants state, upon information and belief, that the quoted statements from various individuals, within their full context, speak for themselves and deny this paragraph to the extent inconsistent with those statements, deny Plaintiffs' characterization of those statements, and deny all remaining allegations in this paragraph.

56. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 56 and therefore deny the same.

57. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 57 and therefore deny the same.

58. Defendants admit that the chart attached as Exhibit A lists those individuals.

59. Defendants admit that, in a filing on October 31, 2014 in *Sokolow*, Defendants stipulated that "the Palestinian Authority's practices concerning the promotions of prisoners,

payments to prisoners' families, and payments to martyrs' families have not materially changed" since 2012. Defendants further aver that, pursuant to Decree-Law No. 4 of 2025, Defendants' prior social welfare payment programs have been abolished in favor of a new system of exclusively needs-based financial assistance benefits to Palestinians. Defendants deny all remaining allegations in paragraph 59.

60. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 60 and therefore deny the same.

61. Defendants admit that the chart attached as Exhibit A lists those individuals.

62. Defendants admit that, in a filing on October 31, 2014 in *Sokolow*, Defendants stipulated that "the Palestinian Authority's practices concerning the promotions of prisoners, payments to prisoners' families, and payments to martyrs' families have not materially changed" since 2012. Defendants further aver that, pursuant to Decree-Law No. 4 of 2025, Defendants' prior social welfare payment programs have been abolished in favor of a new system of exclusively needs-based financial assistance benefits to Palestinians. Defendants deny all remaining allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants admit the allegations in paragraph 64. Defendants further aver that, pursuant to Decree-Law No. 4 of 2025, Defendants' prior social welfare payment programs have been abolished in favor of a new system of exclusively needs-based financial assistance benefits to Palestinians.

65. Defendants deny the allegations in paragraph 65.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, in light of the Supreme Court's decision in *Fuld v. Palestine*

*Liberation Org.*, 606 U.S. 1 (2025), Defendants do not contest that they are subject to personal jurisdiction pursuant to the PSJVTA with respect to the ATA claims in this action, but not with respect to the remaining claims in this action, and further state that the referenced laws speak for themselves, deny any factual allegations inconsistent with them, and deny any allegations that relate to Defendants.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants admit the allegations in paragraph 70.

71. In response to paragraph 71, Defendants state that Chairman Abbas's statements, within the full context, speak for themselves and deny this paragraph to the extent inconsistent with those statements, deny Plaintiffs' characterization of Chairman Abbas's statements, and deny all remaining allegations in this paragraph.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants admit that a report from the Internet Corporation for Assigned Names and Numbers and the State of Arizona Corporation Commission was filed in *Sokolow*, but otherwise lack sufficient knowledge or information to admit or deny the allegations in paragraph 74 and therefore deny the same.

75. In response to paragraph 75, Defendants state that the quoted communications, within their full context, speak for themselves and deny this paragraph to the extent inconsistent with those communications, deny Plaintiffs' characterization of those communications, and deny all remaining allegations in this paragraph.

76. In response to paragraph 76, Defendants state that the quoted communications, within their full context, speak for themselves and deny this paragraph to the extent inconsistent with those communications, deny Plaintiffs' characterization of those communications, and deny all remaining allegations in this paragraph.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants admit the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. In response to paragraph 81, Defendants state that the quoted communications, within their full context, speak for themselves and deny this paragraph to the extent inconsistent with those communications, deny Plaintiffs' characterization of those communications, and deny all remaining allegations in this paragraph.

82. Defendants deny the allegations in paragraph 82.

83. Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 83.

84. Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, in light of the Supreme Court's decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025), Defendants do not contest that they are subject to personal jurisdiction pursuant to the PSJVTA solely with respect to the ATA claims in this action, but not with respect to the remaining claims in this action, and further state that the referenced laws speak for themselves, deny any factual allegations inconsistent with them, and deny any allegations that relate to Defendants.

85. In response to paragraph 85, Defendants deny that the PA has a facility located on East 65th Street in New York City. Defendants admit that, after January 4, 2020, the PLO has continued to maintain Palestine's Mission to the United Nations, which is physically located on East 65th Street in New York City. Defendants deny that the PA has maintained a facility in New York City.

86. Defendants admit that the registered owner of 115 East 65th Street in New York City is the Permanent Observer Mission of Palestine to the United Nations, but otherwise deny the allegations in paragraph 86.

87. Defendants admit the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the PLO was founded in 1964 and otherwise deny all allegations in paragraph 91.

92. In response to paragraph 92, Defendants state, upon information and belief, that paragraph 92 appears to accurately quote selected excerpts contained in 22 U.S.C. § 5201, but deny the characterizations of those excerpts and otherwise deny all allegations in paragraph 92.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 93.

94. Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the PFLP is the second-largest member-faction of the PLO but otherwise deny the allegations in paragraph 94.

95. Defendants deny all allegations in paragraph 95 that relate to Defendants, and otherwise lack sufficient knowledge or information to admit or deny the allegations in paragraph 95 and therefore deny the same.

96. Defendants deny the allegations in paragraph 96.

97. Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 97 and therefore deny the same.

98. Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 98 and therefore deny the same.

99. In response to paragraph 99, Defendants state, upon information and belief, that the PFLP has been designated as an SDT since 1995, as an FTO since 1997, and as an SDGT since 2001. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations in paragraph 99 and therefore deny the same.

100. Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced laws speak for themselves and deny any allegations that relate to Defendants.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 101.

102. Defendants deny the allegations in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

104. Defendants deny the allegations in paragraph 104.

105. Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that Yasser Arafat was the Chairman of the PLO

from 1969 to 2004 and the President of the PA from 1994 to 2004, but otherwise deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

110. Defendants deny the allegations in paragraph 110.

111. Paragraph 111 contains legal conclusions to which no response is required, including, without limitation, the phrase "[d]uring the period relevant hereto." To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f); accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 111 of the Complaint that assume, relate to, or depend on such unspecified allegations and therefore deny the same. Defendants further deny any factual allegations contained in paragraph 111 of the Complaint that relate to Defendants.

112. Defendants deny the allegations in paragraph 112.

113. Defendants deny the allegations in paragraph 113.

114. Defendants deny the allegations in paragraph 114.

115. Defendants deny the allegations in paragraph 115.

116. In response to paragraph 116, Defendants state that hundreds of prisoners were released in 1999 pursuant to a memorandum with Israel. Defendants otherwise deny all allegations in paragraph 116.

117. In response to paragraph 117, Defendants state that certain benefits were provided to certain individuals upon release from Israeli prison as part of a rehabilitation program, but otherwise deny the allegations in paragraph 117.

118. In response to paragraph 118, Defendants state that they paid certain living expenses for members of the PLO's leadership, but otherwise deny the allegations in paragraph 118.

119. In response to paragraph 119, Defendants state that Hassan Abdel Rahman served as Chief Representative of Defendants in the United States between 2000 and 2002 and that Mr. Rahman appeared on various news outlets, and that this paragraph purports to quote excerpts from two interviews. Defendants further state that Mr. Rahman's statements, within the full context, speak for themselves and deny this paragraph to the extent inconsistent with those statements, deny Plaintiffs' characterization of Mr. Rahman's statements, and deny all remaining allegations in this paragraph.

120. In response to paragraph 120, Defendants state that Hassan Abdel Rahman appeared on various news outlets, and that this paragraph purports to quote excerpts from two interviews. Defendants further state that Mr. Rahman's statements, within the full context, speak for themselves and deny this paragraph to the extent inconsistent with those statements, deny Plaintiffs' characterization of Mr. Rahman's statements, and deny all remaining allegations in this paragraph.

121. In response to paragraph 121, Defendants state that, upon information and belief, Marwan Barghouti published an opinion piece in the *Washington Post* in January 2002 entitled "Want Security? End the Occupation," but otherwise deny the allegations in Paragraph 121.

122. Defendants deny the allegations in paragraph 122.

123. Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 123 and therefore deny the same.

124. Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 124 and therefore deny the same.

125. Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 125 and therefore deny the same.

126. In response to paragraph 126, Defendants state, on information and belief, that Keren Shatsky and Rachel Thaler died and that others were injured as a result of a bombing that occurred on or about February 16, 2022 at a pizzeria in the Israeli settlement of Karnei Shomron, which is located in the West Bank, but otherwise lack sufficient knowledge or information to admit or deny the remaining factual allegations in paragraph 126 and therefore deny the same.

127. Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 127 and therefore deny the same.

128. Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 128 and therefore deny the same.

129. Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 129 and therefore deny the same.

130. In response to paragraph 130, Defendants state that Ra’ed Nazal was a Captain in the PA’s National Security apparatus but otherwise deny the allegations in paragraph 130.

131. Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 131 and therefore deny the same.

132. In response to paragraph 132, Defendants state that Nazal was released from an Israeli prison in September 1999 pursuant to an agreement between Israel and the PLO but otherwise deny the allegations in paragraph 132.

133. In response to paragraph 133, Defendants state that the PA hired Nazal as a Captain in Preventative Security pursuant to its policy of absorbing and rehabilitating Palestinians with military backgrounds who had been imprisoned by the Israelis but otherwise deny the allegations in paragraph 133.

134. Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 134 and therefore deny the same.

135. In response to paragraph 135, Defendants state that the PA paid the rent for the PFLP office in Qalqilya from June 2001 through May 2002, and that pursuant to a rehabilitation program, Nazal was given an entry level officer position and a salary in Preventative Security with the PA but never reported to work, never received a uniform, and never was available to receive any assignment as part of an effort to control anti-Israeli violence by bringing suspected and/or convicted militants inside the security or police forces where there would be a better chance of reforming their behavior, but otherwise deny all allegations in paragraph 135.

136. Defendants deny the allegations in paragraph 136.

137. Defendants deny the allegations in paragraph 137.

138. Defendants deny the allegations in paragraph 138.

139. Defendants deny the allegations in paragraph 139.

140. Defendants lack sufficient knowledge or information to admit or deny the factual allegations in paragraph 140 and therefore deny the same.

141. Defendants deny the allegations in paragraph 141.

142. Defendants deny the allegations in paragraph 142.

143. Defendants deny the allegations in paragraph 143.

144. Defendants deny the allegations in paragraph 144.

145. Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-144 of the Complaint.

146. Paragraph 146 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 146.

147. Paragraph 147 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 147.

148. Paragraph 148 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 148.

149. Paragraph 149 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 149.

150. In response to paragraph 150, Defendants state that they performed various acts outside the territorial jurisdiction of the United States, but do not admit to any acts alleged in the Complaint unless expressly admitted herein, and further deny that any acts implicate liability.

151. Paragraph 151 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 151.

152. Paragraph 152 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 152.

153. In response to paragraph 153, Defendants admit, on information and belief, that Keren Shatsky died as a result of a bombing that occurred on or about February 16, 2022 at a pizzeria in the Israeli settlement of Karnei Shomron, which is located in the West Bank.

Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 153 relating to Plaintiffs Shabtai Scott Shatsky, Jo Anne Shatsky, Tzippora Shatsky Schwarz, Yoseph Shatsky, Sara Shatsky Tzimmerman, Miriam Shatsky, and David Raphael Shatsky and therefore deny the same. Defendants deny any remaining factual allegations in paragraph 153 that relate to Defendants.

154. In response to paragraph 154, Defendants admit, on information and belief, that Rachel Thaler died as a result of a bombing that occurred on or about February 16, 2022 at a pizzeria in the Israeli settlement of Karnei Shomron, which is located in the West Bank. Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 154 relating to Plaintiffs Ginette Lando Thaler, Michael Thaler, Leor Thaler, Zvi Thaler, and Isaac Thaler and therefore deny the same. Defendants deny any remaining factual allegations in paragraph 154 that relate to Defendants.

155. Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 155 and therefore deny the same.

156. Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 156 and therefore deny the same.

157. Paragraph 157 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 157.

158. Paragraph 158 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 158.

159. Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-158 of the Complaint.

160. Paragraph 160 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 160.

161. Paragraph 161 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 161.

162. Paragraph 162 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 162.

163. In response to paragraph 163, Defendants admit, upon information and belief, that the PFLP was designated as a foreign terrorist organization under section 219 of the Immigration and Nationality Act (8 U.S.C. § 1189) in 1997 but otherwise deny the allegations in paragraph 163.

164. Paragraph 164 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 164.

165. Defendants deny the allegations in paragraph 165.

166. Paragraph 166 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 166.

167. Paragraph 167 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 167.

168. Paragraph 168 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 168.

169. Paragraph 169 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 169.

170. Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-169 of the Complaint.

171. Paragraph 171 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced law speaks for itself and deny any allegations that relate to Defendants.

172. Paragraph 172 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced law speaks for itself and deny any allegations that relate to Defendants.

173. Paragraph 173 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced law speaks for itself and deny any allegations that relate to Defendants.

174. Paragraph 174 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced law speaks for itself and deny any allegations that relate to Defendants.

175. Paragraph 175 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced laws speak for themselves and deny any allegations that relate to Defendants.

176. Paragraph 176 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that relevant Israeli court decisions speak for themselves and deny any allegations that relate to Defendants.

177. Paragraph 177 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 177.

178. Paragraph 178 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 178.

179. Paragraph 179 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 179.

180. Paragraph 180 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 180.

181. Paragraph 181 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 181.

182. Paragraph 182 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 182.

183. Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-182 of the Complaint.

184. Paragraph 184 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in paragraph 184 that relate to Defendants.

185. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 185 that pertain to the domicile of Plaintiffs Michael Thaler and Isaac Thaler and therefore deny the same. Defendants otherwise deny all allegations in paragraph 185.

186. Paragraph 186 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 186.

187. Paragraph 187 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 187.

188. Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-187 of the Complaint.

189. Defendants deny the allegations in paragraph 189.

190. Defendants deny the allegations in paragraph 190.

191. Paragraph 191 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced laws speak for themselves and deny any allegations that relate to Defendants.

192. Paragraph 192 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced laws speak for themselves and deny any allegations that relate to Defendants.

193. Paragraph 193 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 193.

194. Paragraph 194 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 194.

195. Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-194 of the Complaint.

196. Defendants deny the allegations in paragraph 196.

197. Defendants deny the allegations in paragraph 197.

198. Paragraph 198 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced laws speak for themselves and deny any allegations that relate to Defendants.

199. Paragraph 199 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced law speaks for itself and deny any allegations that relate to Defendants.

200. Paragraph 200 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 200.

201. Paragraph 201 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 201.

202. Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-201 of the Complaint.

203. Defendants deny the allegations in paragraph 203.

204. Defendants deny the allegations in paragraph 204.

205. Defendants deny the allegations in paragraph 205.

206. Paragraph 206 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 206.

207. Paragraph 207 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 207.

208. Paragraph 208 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the referenced laws speak for themselves and deny any allegations that relate to Defendants.

209. Paragraph 209 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 209.

210. Paragraph 210 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 210.

211. The allegations in paragraph 211 do not constitute allegations to which a response is required. To the extent a response is required, Defendants deny the allegations in paragraph 211.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and/or supplemental jurisdiction over Count Three (Negligence Under the Law of the State of Israel), Count Four (Intentional or Negligent Infliction of Emotional Distress Under Florida Law), Count Five (Civil Conspiracy Under Florida Law and

the Law of the State of Israel), Count Six (Aiding and Abetting Under Florida Law and the Law of the State of Israel), and Count Seven (Vicarious Liability/Respondeat Superior Under Florida Law and the Law of the State of Israel).

**SECOND AFFIRMATIVE DEFENSE**

Defendants lack the capacity to be sued in this Court with respect to Count Three (Negligence Under the Law of the State of Israel), Count Four (Intentional or Negligent Infliction of Emotional Distress Under Florida Law), Count Five (Civil Conspiracy Under Florida Law and the Law of the State of Israel), Count Six (Aiding and Abetting Under Florida Law and the Law of the State of Israel), and Count Seven (Vicarious Liability/Respondeat Superior Under Florida Law and the Law of the State of Israel).

**THIRD AFFIRMATIVE DEFENSE**

To the extent Plaintiffs have suffered any legally-cognizable harm or damages under the legal theories alleged in the Complaint, which Defendants deny, such harm or damages are the proximate result of actions or omissions of third parties for which Defendants were not and are not legally responsible and which also constitute superseding or intervening causes.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs have suffered any legally-cognizable harm or damages under the legal theories alleged in the Complaint, which Defendants deny, Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate their damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs’ claims are barred in whole or in part under the applicable statute of limitations and/or the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs’ claims are barred by accord and satisfaction and/or release.

**SEVENTH AFFIRMATIVE DEFENSE**

Any recovery by Plaintiffs must be offset or reduced by amounts already recovered for the same alleged harms, including but not limited to any damages recovered in connection with *Shatsky v. Syrian Arab Republic,* Case No. 08-cv-00496-RJL (D.D.C.).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by *res judicata*, the Full Faith and Credit Clause of the United States Constitution, and/or estoppel from obtaining various forms of relief sought in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing, capacity, or authority to assert them.

**TENTH AFFIRMATIVE DEFENSE**

Damages claimed by Plaintiffs are speculative and/or are not legally cognizable.

* * *

WHEREFORE, Defendants respectfully request that the Court enter an order: (a) granting judgment in favor of Defendants and against Plaintiffs; (b) dismissing Plaintiffs' claims with prejudice; (c) denying with prejudice all relief requested by Plaintiffs; (d) awarding Defendants the costs and expenses, including reasonable attorneys' fees, that they have incurred as a result hereof; and (e) awarding Defendants such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: August 21, 2026

/s/ Gassan A. Baloul
Gassan A. Baloul
gassan.baloul@squirepb.com
Mitchell R. Berger
mitchell.berger@squirepb.com
Amy Brown Doolittle (*pro hac vice*)

amy.doolittle@squirepb.com
Joseph Alonzo
joseph.alonzo@squirepb.com
Meghan Quinn (*pro hac vice*)
meghan.quinn@squirepb.com
Alex Hyman
alex.hyman@squirepb.com
Bryan Czako (*pro hac vice*)
bryan.czako@squirepb.com
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Attorneys for Defendants*